## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

Civil Action No.1:12-cv-02941-JLK-KLM

CRAIG TELKE, Individually and on Behalf of All Others Similarly Situated,

      Plaintiff,

v.

NEW FRONTIER MEDIA, INC.,
ALAN ISAACMAN,
MELISSA HUBBARD,
HIRAM J. WOO,
WALTER TIMOSHENKO,
LFP BROADCASTING, LLC and
FLYNT BROADCAST, INC.,

      Defendants.

---

### NEW FRONTIER MEDIA, INC., ALAN ISAACMAN, MELISSA HUBBARD, HIRAM J. WOO, AND WALTER TIMOSHENKO'S ANSWER

---

Defendants New Frontier Media, Inc. ("New Frontier"), Alan Isaacman, Melissa Hubbard, Hiram J. Woo, and Walter Timoshenko ("Individual Defendants," and, collectively with New Frontier, "Defendants"), by and through undersigned counsel, hereby answer Plaintiff's Complaint and state the following with reference to the terms used therein:

1.      To the extent that Paragraph 1 of Plaintiff's Complaint makes allegations requiring a response, Defendants deny those allegations.

2.      Defendants admit the allegations of Paragraph 2.

3.      Defendants admit that on October 15, 2012, New Frontier announced that it had entered into a definitive agreement to be acquired by Defendant LFP Broadcasting LLC and affirmatively alleges that the announcement speaks for itself. Defendants deny that the summary

of the announcement alleged in paragraph 3 is correct with respect to all particulars of the announcement.

4.      Defendants deny the allegations in paragraph 4.

5.      Defendants deny the allegations of paragraph 5, but admit that New Frontier received unsolicited buyout offers, engaged in certain litigation, and terminated Mr. Weiner, and that Mr. Isaacman was appointed Chairman of the Board and Chairman of the Special Committee of the Board that reviewed New Frontier's strategic alternatives.

6.      Defendants admit LFP Broadcasting LLC is an affiliate of L.F.P., Inc. and that Larry Flynt is the founder and head of L.F.P., Inc.  Defendants further admit that Mr. Isaacman represented Mr. Flynt in 1988.  Defendants deny all other allegations of Paragraph 6.

7.      Defendants admit that New Frontier filed a Schedule 14D-9 (" Schedule D-9") on October 29, 2012 with the Securities and Exchange Commission ("SEC") in connection with the Proposed Transaction.  Defendants deny all other allegations of Paragraph 7.

8.      Defendants admit that New Frontier entered into a merger agreement dated October 15, 2012, but allege that the terms of the merger agreement speak for themselves. Defendants deny that the description of certain provisions of the merger agreement is accurate or complete and to the extent a response is otherwise required to the allegations of Paragraph 8, those allegations are denied.

9.      Defendants deny the allegations of Paragraph 9.

10.      Defendants admit that the Court has subject matter jurisdiction over the claims relating to Sections 14(d) and 14(e) of the Securities Exchange Act of 1934.  Defendants deny the remaining allegations of Paragraph 10.

11.     Defendants have insufficient knowledge to either admit or deny the allegations of Paragraph 11 and therefore deny them.

12.     Defendants admit that venue is proper.  Defendants deny all other allegations of Paragraph 12.

13.     Defendants admit that Plaintiff owned shares of New Frontier as of the filing of the Complaint.  Defendants have insufficient information to either admit or deny the remaining allegations of paragraph 13 and therefore deny them.

14.     Defendants admit the allegations of Paragraph 14 were at one time accurate, however Defendants deny those allegations because of intervening transactions/events.

15.     Defendants admit the allegations of Paragraph 15 were at one time accurate, however Defendants deny those allegations because of intervening transactions/events.

16.     Defendants admit the allegations of Paragraph 16 were at one time accurate, however Defendants deny those allegations because of intervening transactions/events.

17.     Defendants admit the allegations of Paragraph 17 were at one time accurate, however Defendants deny those allegations because of intervening transactions/events.

18.     Defendants admit the allegations of Paragraph 18 were at one time accurate, however Defendants deny those allegations because of intervening transactions/events.

19.     Paragraph 19 does not make allegations requiring a response from Defendants.

20.     Paragraph 20 does not make allegations requiring a response from Defendants.  If a response should be required, Defendants have insufficient information to either admit or deny the allegations of the paragraph and therefore deny them.

21.     Paragraph 21 does not make allegations requiring a response from Defendants. If a response should be required, Defendants have insufficient information to either admit or deny the allegations of the paragraph and therefore deny them.

22.     Paragraph 22 asserts legal conclusions which do not require a response from Defendants.  If a response should be required, the Individual Defendants admit that they had the legal obligations imposed by applicable law upon them as directors of New Frontier.

23.     Paragraph 23 asserts legal conclusions which do not require a response from Defendants.  If a response should be required, the Individual Defendants admit that they were subject to certain legal obligations as directors of New Frontier, but deny that the allegations of paragraph 23 are complete or accurate descriptions of those obligations with respect to the Proposed Transaction.

24.     Paragraph 24 asserts legal conclusions which do not require a response from Defendants.  If a response should be required, the Individual Defendants admit that they were subject to certain legal obligations as directors of New Frontier, but deny that the allegations of paragraph 24 are complete or accurate descriptions of those obligations with respect to the Proposed Transaction.

25.     Defendants deny the allegations of paragraph 25.

26.     The first sentence of paragraph 26 asserts legal conclusions which do not require a response from Defendants.  If a response should be required, the Individual Defendants admit that they were subject to certain legal obligations as directors of New Frontier, but deny that the allegations of the paragraph are complete or accurate descriptions of those obligations with respect to the Proposed Transaction.  Defendants deny the remaining allegations of paragraph 26.

27.     Plaintiff's Complaint speaks for itself; as such, Plaintiff's description of his Complaint requires no response from Defendants.  To the extent paragraph 27 makes substantive allegations requiring a response, Defendants deny those allegations.  Defendants specifically deny that Plaintiff's Complaint can be maintained as a class action and deny that Plaintiff is an appropriate class representative.

28.     Defendants admit that New Frontier's transfer agent maintains records of the holders of its common stock and that they may be contacted by mail.  Defendants admit that the number of New Frontier's shares outstanding as of the date of the merger is set forth in the merger agreement. Defendants deny the remaining allegations of paragraph 28.  Defendants specifically deny that Plaintiff's Complaint can be maintained as a class action.

29.     Defendants deny the allegations of paragraph 29 and specifically deny that Plaintiff's Complaint can be maintained as a class action.

30.     Defendants deny the allegations of paragraph 30 and specifically deny that Plaintiff's Complaint can be maintained as a class action.

31.     Defendants deny the allegations of paragraph 31 and specifically deny that Plaintiff's Complaint can be maintained as a class action.

32.     Defendants deny the allegations of paragraph 32 and specifically deny that Plaintiff's Complaint can be maintained as a class action.

33.     Defendants admit the allegations of Paragraph 33 were at one time accurate, however Defendants deny those allegations because of intervening transactions/events.

34.     With respect to paragraph 34, Defendants admit that New Frontier suffered from the economic downturn of 2008.  Defendants deny that $1.03 per share was the "low" value of New Frontier's shares; in fact, New Frontier's shares traded lower than $1.03 in 2012.

Defendants deny the remaining allegations of the paragraph although admit that on March 2, 2012, the closing price of New Frontier's shares was $1.19 per share.

35.     Defendants have insufficient knowledge to admit or deny the allegations of the first sentence of paragraph 35.  Defendants admit that it received two unsolicited acquisition proposals, but deny the remaining allegations of the paragraph.

36.     To the extent that heading "B" makes substantive allegations which require a response, Defendants deny those allegations.  Defendants admit that New Frontier announced entering into a merger agreement with LFP Broadcasting and allege that the agreement speaks for itself.  Defendants deny that the summary of the merger agreement is accurate in its particulars and specifically deny that a tender offer commenced as of October 15, 2012. Defendants deny the remaining allegations of paragraph 36.

37.     Defendants deny the allegations of paragraph 37.

38.     With respect to paragraph 38, Defendants admit that Avondale prepared a "premium paid analysis", but deny the remaining allegations of the paragraph.

39.     Defendants admit only that the Yahoo Finance webpage for New Frontier at one time displayed a one-year price target of $4, but denies the remaining allegations of paragraph 39.

40.     Defendants admit that the Denver Post published an article about the Proposed Transaction.  Defendants deny the remaining allegations of paragraph 40.

41.     Defendants lack sufficient knowledge to admit or deny the allegations of paragraph 41 and therefore deny them.

42.     Defendants deny the allegations of paragraph 42.

43.     To the extent that heading "C" makes substantive allegations which require a response, Defendants deny those allegations.  Defendants deny the allegations of paragraph 43.

44.     Defendants allege that the Schedule D-9 speaks for itself.  Defendants admit that Alan Isaacman was for a period of time Larry Flynt's attorney.  Defendants deny the remaining allegations of paragraph 44.

45.     Defendants deny the allegations of paragraph 45.

46.     Defendants admit that the Schedule D-9 describes events occurring on January 30, 2012, and February 7, 2012.  Defendants deny the allegations of paragraph 46 to the extent inconsistent with the description of those events set forth in the Schedule D-9.

47.     Defendants admit the formation of the Special Committee as described in the Schedule D-9, but deny the allegations of paragraph 47 to the extent inconsistent therewith. Defendants admit that the members of the Special Committee were Isaacman, Hubbard, Woo, Timoshenko and Nicholas.  Defendants deny the remaining allegations of paragraph 47.

48.     Defendants admit that on March 9, 2012, Longkloof submitted an unsolicited, non-binding, conditional acquisition proposal indicating its interest in pursuing the acquisition of all of the outstanding Shares not already beneficially owned by Longkloof for $1.35 per Share in cash, subject to due diligence and other conditions and at the same time indicated it was considering a proxy contest.  Defendants deny the remaining allegations of paragraph 48.

49.     Defendants admit that on March 22, 2012, Manwin submitted an unsolicited, non-binding, conditional acquisition proposal to New Frontier.  Defendants admit that LFP Broadcasting's verbal expression of interest occurred on April 18, 2012, rather than the alleged April 16th date.  Otherwise, Defendants admit the allegations of paragraph 49.

50.     Defendants deny that the allegations of paragraph 50 state all the reasons for the alteration of the composition of the Special Committee.   Defendants admit the remaining allegations of paragraph 50.

51.     Defendants admit that on May 3, 2012, the Special Committee determined to recommend to New Frontier's full board to conduct a "targeted auction" or "mini auction" with respect to a selected group of buyers and possibly a group of private equity buyers, but deny the remaining allegations of paragraph 51.

52.     Defendants deny the allegations of paragraph 52.

53.     Defendants admit that on May 31, 2012, New Frontier filed a lawsuit against Longkloof and others, but allege that the complaint speaks for itself.  Defendants further admit that on June 11, 2012, Longkloof filed counterclaims against the company which speak for themselves.  Defendants deny the remaining allegations of paragraph 53.

54.     Defendants admit that Mr. Woo was added to the Special Committee, deny that he was "reclaiming" a place on Special Committee, and admit the remaining allegations of paragraph 54.

55.     Defendants admit that on July 11, 2012, New Frontier entered into a settlement agreement with Longkloof and others, the terms of which speak for themselves.  Defendants deny that the description of the agreement is complete or accurate and deny the remaining allegations of paragraph 55.

56.     Defendants admit that, as set forth in the Schedule D-9, on August 22, 2012, the Special Committee was of the view that Longkloof and LFP Broadcasting were the only two viable bidders and that the language quoted is contained within the Schedule D-9.  Defendants deny the remaining allegations of paragraph 56.

57.     Defendants admit that Weiner was terminated and Nicholas resigned as a board member for reasons disclosed in New Frontier's public 8-K and amended 8-K filings. Defendants deny the remaining allegations of paragraph 57.

58.     Defendants state that Nicholas letter described in paragraph 58—which was publicly disclosed in New Frontier's SEC filings—speaks for itself.  Although Defendants admit that Nicholas wrote the publicly-disclosed letter, Defendants deny the remaining allegations of paragraph 58.

59.     Defendants deny the allegations of paragraph 59.

60.     To the extent heading "D" makes substantive allegations which require a response, Defendants deny those allegations.  Defendants deny the allegations of paragraph 60.

61.     Defendants allege that the Merger Agreement provisions described in paragraph 61 speak for themselves and deny the remaining allegations of the paragraph.

62.     Defendants allege that the Merger Agreement provisions described in paragraph 62 speak for themselves and deny all other allegations of paragraph 62.

63.     Defendants allege that the Merger Agreement provisions described in paragraph 63 speak for themselves and deny all other allegations of paragraph 63.

64.     Defendants allege that the Merger Agreement provisions described in paragraph 64 speak for themselves and deny all other allegations of paragraph 64.

65.     Defendants deny the allegations of paragraph 65.

66.     To the extent heading "E" makes substantive allegations which require a response, Defendants deny those allegations.  Defendants admit that New Frontier filed the Schedule D-9 with the SEC on October 29, 2012.  Defendants deny all other allegations of paragraph 66.

67.     Defendants admit that the Schedule D-9 recommends shareholders tender their shares but deny the remaining allegations of paragraph 67.

68.     Defendants allege that the Schedule D-9 speaks for itself and deny the remaining allegations of paragraph 68.

69.     Defendants allege that the Schedule D-9 speaks for itself and deny the remaining allegations of paragraph 69.

70.     Defendants allege that the Schedule D-9 speaks for itself and deny the remaining allegations of paragraph 70.

71.     Defendants allege that the Schedule D-9 speaks for itself and deny the remaining allegations of paragraph 71.

72.     Defendants admit that Plaintiff seeks injunctive relief, but deny that Plaintiff will suffer any injury, irreparable or otherwise, absent judicial intervention.

73.     To the extent the heading prior to paragraph 73 makes any allegations requiring a response, Defendants deny those allegations.  Defendants deny the allegations of paragraph 73.

74.     Defendants deny the allegations of paragraph 74.

75.     In response to paragraph 75, Defendants incorporate their responses to the referenced paragraphs of the Complaint. The allegations of this claim are against the Individual Defendants. Therefore, no response from Defendant New Frontier appears to be required.

76.     Paragraph 76 does not make allegations requiring a response.

77.     The Individual Defendants deny the allegations of paragraph 77.

78.     The Individual Defendants admit that Section 14(e) of the Securities Exchange Act is quoted correctly, but deny that any further response to Paragraph 78 is required.

79.     The Individual Defendants deny the allegations of paragraph 79.

80.     The Individual Defendants deny the allegations of paragraph 80.

81.     In response to paragraph 81, Defendants incorporate their responses to the referenced paragraphs of the Complaint. The allegations of this claim are against the Individual Defendants. Therefore, no response from Defendant New Frontier appears to be required.

82.     The Individual Defendants deny the allegations of paragraph 82.

83.     Paragraph 83 sets forth legal conclusions to which no response is required, except that the Individual Defendants admit that the Proposed Transaction will result and/or has resulted in a change in control of New Frontier.

84.     The Individual Defendants deny the allegations of paragraph 84.

85.     The Individual Defendants deny the allegations of paragraph 85.

86.     The Individual Defendants deny the allegations of paragraph 86.

87.     The Individual Defendants deny the allegations of paragraph 87.

88.     In response to paragraph 88, Defendants incorporate their responses to the referenced paragraphs of the Complaint. The allegations of this claim are against the Individual Defendants. Therefore, no response from Defendant New Frontier appears to be required.

89.     Paragraph 89 sets forth legal conclusions to which no response is required.

90.     The Individual Defendants deny the allegations of paragraph 90 and incorporate their previous responses to the referenced paragraphs of the complaint.

91.     The Individual Defendants deny the allegations of paragraph 91.

92.     The Individual Defendants deny the allegations of paragraph 92.

93.     In response to paragraph 93, Defendants incorporate their responses to the referenced paragraphs of the complaint. The allegations of this claim are against New Frontier,

LFP Broadcasting and Merger Sub. Therefore, no response from the Individual Defendants appears to be required

94.      Defendant New Frontier denies the allegations of paragraph 94.

95.      Defendant New Frontier denies the allegations of paragraph 95.

96.      Defendant New Frontier denies the allegations of paragraph 96.

## AFFIRMATIVE DEFENSES

Defendants set forth the following affirmative defenses:

1.      Plaintiff fails to state a claim upon which relief can be granted.

2.      The relief Plaintiff seeks is barred at least in part by the doctrine of the law of the case, as the Court ruled on November 27, 2012 that Plaintiff was not entitled to a preliminary injunction.

3.      Plaintiff's claims are barred in whole or in part by the doctrines of estoppel, waiver, ratification, and/or laches due to Plaintiff's failure to object to the Proposed Transaction in a timely fashion.

4.      Plaintiff's claims are barred in whole or in part by Defendants' good faith reliance on the advice of counsel.

5.      Plaintiff's claims are barred in whole or in part because of Plaintiff's abuse of process.

6.      Plaintiff's claims are barred in whole or part by the dissenters' rights and remedy of appraisal under Colorado Revised Statutes §§ 7-113-101 *et seq*., which is Plaintiff's exclusive remedy with respect to the Proposed Transaction.

7.      If Plaintiff fails to perfect his dissenters' rights and appraisal remedy, he has failed to mitigate his damages.

8.      Plaintiff has failed to plead his claims with the requisite particularity and in compliance with applicable law governing securities fraud actions, including the Private Securities Litigation Reform Act, 15 U.S.C. § 78u-4(b)(1) and (2).

DATED:   December 3, 2012.

Respectfully submitted,

s/   Stuart N. Bennett
Stuart N. Bennett
Aaron D. Goldhamer
**JONES AND KELLER, P.C.**
1999 Broadway, Suite 3150
Denver, CO 80202
Telephone:          (303) 573-1600
Fax:                     (303) 573-8133
E-mail:               sbennett@joneskeller.com
                            agoldhamer@joneskeller.com
Attorneys for Defendants New Frontier Media, Inc.,
Alan Isaacman, Melissa Hubbard, Hiram J. Woo and
Walter Timoshenko

## CERTIFICATE OF SERVICE

I hereby certify that on December 3, 2012, I electronically filed the foregoing with the

Clerk of Court using the CM/ECF system which will send notification of such filing to the

following e-mail addresses:

| | | |
|---|---|---|
| *Attorneys for Plaintiff* | jeff@dyerberens.com<br>darby@dyerberens.com<br><br><br>shopkins@zlk.com | Jeffrey A. Berens<br>Darby K. Kennedy<br>DYER & BERENS LLP<br>303 East 17th Avenue, Suite 300<br>Denver, CO   80203<br><br>Shannon L. Hopkins<br>LEVI & KORSINSKY LLP<br>30 Broad Street, 24th Floor<br>New York, NY   10004 |
| *Attorneys for Defendants LFP Broadcasting LLC & Flynt Broadcast, Inc.* | David.Steefel@huschblackwell.com | David S. Steefel<br>HUSCH BLACKWELL LLP<br>1700 Lincoln Street, Suite 4700<br>Denver, CO   80203 |

And I hereby certify that I have mailed or served the document or paper to the following

non CM/ECF participants in the manner indicated by the non-participant's name:    NONE

s/   Stuart N. Bennett
Stuart N. Bennett
Aaron D. Goldhamer
Attorneys for Defendants New Frontier Media, Inc.,
Alan Isaacman, Melissa Hubbard, Hiram J. Woo and
Walter Timoshenko
**JONES AND KELLER, P.C.**
1999 Broadway, Suite 3150
Denver, CO 80202
Telephone:        303-573-1600
Fax:                  303-573-8133
E-mail:             sbennett@joneskeller.com
                          agoldhamer@joneskeller.com