**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 1:12-cv-02941-JLK

CRAIG TELKE, Individually and on Behalf of All Others Similarly Situated,

     Plaintiff,

v.

NEW FRONTIER MEDIA, INC.,
ALAN ISAACMAN,
MELISSA HUBBARD,
HIRAM J. WOO, and
WALTER TIMOSHENKO,

     Defendants.

_____

**PLAINTIFF'S MOTION FOR LEAVE TO FILE FIRST AMENDED
COMPLAINT**

_____

## PRELIMINARY STATEMENT

Pursuant to Federal Rule of Civil Procedure 15(a) and (d), Plaintiff, Craig Telke ("Plaintiff") by his attorneys, respectfully submits this Motion for Leave to File First Amended Complaint to: (1) add as a party, plaintiff William Douglas Moreland, a substantial former shareholder of New Frontier Media, Inc. ("New Frontier" or the "Company") who held approximately 1,140,462 shares of New Frontier common stock prior to the Merger (defined below); and (2) to assert additional material facts and events which were uncovered and/or occurred after Plaintiff filed his initial complaint on November 8, 2012, which directly support Plaintiff's claims.

Plaintiff has only filed one complaint in this Action. Defendants[1] have not moved to dismiss Plaintiff's complaint and, thus, Plaintiff has not had the opportunity to test the legal sufficiency of his claims. The instant request is Plaintiff's *first* request to amend his complaint. Prior to filing this Motion, Plaintiff met and conferred with counsel for the Defendants to obtain their consent to amend. Defendants refused to give consent, citing various arguments directly related to the merits of Plaintiff's claims. Plaintiff respectfully submits that issues regarding the legal sufficiency of his claims are more appropriately addressed on a motion to dismiss. Indeed, courts routinely grant such requests to amend a complaint where, as here, the plaintiff "ought to be afforded an opportunity to test his

---

[1] The "Defendants" are: New Frontier, Alan Isaacman, Melissa Hubbard, Hiram J. Woo and Walter Timeoshenko.

claim on the merits." *Cross Continent Dev. LLC v. Town of Akron*, No. 09-cv-02413-WYD-KMT, 2011 WL 3360673, at \*1 (D. Colo. Aug. 4, 2011).

For these reasons, Plaintiff respectfully requests that the Court grant this Motion.[2]

## FACTUAL BACKGROUND AND PROCEDURAL POSTURE

Prior to the Merger, New Frontier was a leader in transactional television as well as general motion picture entertainment. The Company delivered transactional adult-themed pay-per-view networks to cable and satellite operators across the United States. Additionally, the Company provided content to video-on-demand (VOD) platforms on cable and satellite.

On October 15, 2012, New Frontier announced that the Company had entered into a merger agreement (the "Merger Agreement") with LFP Broadcasting, LLC ("LFP Broadcasting"), a Delaware corporation that offers adult entertainment through HUSTLER TV, pursuant to which LFP Broadcasting would commence a tender offer to acquire all of the outstanding shares of New Frontier for $2.02 per share in cash along with one contingent right per share to receive up to an additional $0.06 dependent on the degree to which New Frontier's available cash balance at the closing of the tender offer exceeded $11,514,000 (the "Merger").

LFP Broadcasting commenced the tender offer on October 29, 2012 and simultaneously filed a Schedule 14D-9 Recommendation Statement with the U.S.

---

[2] The proposed amended complaint is annexed hereto as Exhibit 1.

Securities and Exchange (the "Recommendation Statement") soliciting New Frontier shareholders to tender their shares.  The Recommendation Statement failed to provide the Company's shareholders with material information concerning the financial and procedural fairness of the Merger.

On November 8, 2012, Plaintiff commenced this action on behalf of New Frontier's former public stockholders against four (4) of the former members of New Frontier's Board of Directors (the "Individual Defendants") for their breaches of fiduciary duties arising out of their sale of the Company to LFP Broadcasting by means of an unfair process for an unfair price and pursuant to a materially misleading Recommendation Statement.   Plaintiff also asserted an individual claim against Defendants for their violations of Sections 14(d)(4) and 14(e) of the Securities Exchange Act of 1934 (the "Exchange Act").

Plaintiff filed a Motion for Preliminary Injunction and Request for Expedited Proceedings on November 19, 2012 seeking to enjoin the Merger until Defendants corrected the disclosure deficiencies, which the Court denied.

The tender offer expired on November 27, 2012.  Approximately 83% of New Frontier's outstanding shares were tendered by shareholders based upon a materially incomplete and misleading Recommendation Statement.  On November 28, 2012, LFP Broadcasting exercised its Top-Up Option to acquire the remaining shares necessary to complete a short-form merger, and completed the Merger that day.

Plaintiff seeks to amend his complaint to add an additional plaintiff, Mr. Moreland, who held more than one million shares prior to being unfairly cashed out of his interest in the Company.  Mr. Moreland is believed to have been the largest individual shareholder of New Frontier common stock prior to the Merger.  Plaintiff also seeks to amend his complaint to allege new material facts learned and events that have occurred since Plaintiff filed his initial complaint (described in more detail in Plaintiff's proposed amended complaint).   These new factual allegations go directly to the underlying misconduct alleged in this Action, including, *inter alia*:  (1) the Individual Defendants' actions to further their own self interest at the expense of shareholders' interests by engaging in a process designed to favor a sale of the Company to defendant Isaacman's close personal friend, Larry Flynt, who owns LFP Broadcasting; (2) the Individual Defendants' attempts to conceal the alleged wrongdoing by terminating the employment of other Board members that objected; (3) the gross inadequacy of the merger consideration; and (4) the Individual Defendants' solicitation of shareholders to tender their shares pursuant to a materially incomplete and misleading Recommendation Statement.

To allow Plaintiff's claims to go unanswered would leave the Company's former shareholders wholly unprotected and constitute a gross miscarriage of justice.

- 4 -

## ARGUMENT

Pursuant to Federal Rule of Civil Procedure 15(a), "[t]he court should freely give leave [to amend the pleadings] when justice so requires." *Cross Continent*, 2011 WL 3360673, at \*1 (quoting Fed. R. Civ. P. 15(a) (citing *York v. Cherry Creek Sch. Dist.*, No. 5, 232 F.R.D. 648, 649 (D. Colo. 2005); *Aspen Orthopaedics & Sports Medicine, LLC v. Aspen Valley Hosp. Dist.*, 353 F.3d 832, 842 (10th Cir. 2003)); *Kleinert v. Salazar*, No. 11-cv-02428-AP, 2012 U.S. Dist. LEXIS 114122, at \*2-3 (D. Colo. Aug. 14, 2012), Hon. J. Kane.  In addition, Fed. R. Civ. P. 15(d) permits the filing of a supplemental complaint setting forth transactions that have occurred since the filing of the original complaint.

Whether leave to amend should be granted is within the discretion of the court. *Cross Continent*, 2011 WL 3360673, at \*2.  The Supreme Court guides that the Federal Rules of Civil Procedure reject the approach that pleading is a game of skill in which one misstep by counsel may be decisive to the outcome and accept the principle that the purpose of pleading is to facilitate a proper decision on the merits. *Conley v. Gibson*, 355 U.S. 41, 48 (1957).  Courts have routinely held that where, as here, "the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits." *Cross Continent*, 2011 WL 3360673, at \*1; *see also Carefree/Scott Fetzer Co. Lippert Components, Inc.*, No. 11-cv-03019-WJM-KMT, 2012 WL 2412044, at \*3 (D. Colo. June 26, 2012) (granting leave to amend).

This is Plaintiff's first request to amend his complaint in order to add an additional plaintiff and allege additional material facts and circumstances, as well as new events that have occurred subsequent to the filing of his initial complaint. These additional facts directly support the Individual Defendants' alleged breaches of fiduciary duty and go to the heart of Plaintiff's breach of fiduciary duty and Exchange Act claims. Moreover, Defendants have not moved to dismiss the complaint in this Action and the Court has not yet adjudicated the merits of Plaintiff's claims. Plaintiff's request to amend is not untimely, nor is it being made in bad faith or with any dilatory motive and, thus, will not unduly prejudice the defendants. Accordingly, Plaintiff should be afforded leave to amend his complaint.

## CONCLUSION

For the reasons set forth above, Plaintiff respectfully request that the Court: (i) enter the accompanying Order for leave to amend the complaint; (ii) accept the proposed Amended Class Action Complaint for Breach of Fiduciary Duty and Violations of the Federal Securities Laws, attached hereto as Exhibit 1; and (iii) grant any further relief as this Court may deem appropriate.

DATED:  May 15, 2013               Respectfully submitted,

DYER & BERENS LLP
ROBERT J. DYER III
JEFFREY A. BERENS


/s/ JEFFREY A. BERENS
JEFFREY A. BERENS

303 East 17th Avenue, Suite 810
Denver, CO  80203
Tel:  303-861-1764
Fax: 303-395-0393
bob@dyerberens.com
jeff@dyerberens.com

LEVI & KORSINSKY, LLP
SHANNON L. HOPKINS
JOY KARUGU
30 Broad Street, 24th Floor
New York, NY  10004
Tel: 212-363-7500
Fax: 212-363-7171
shopkins@zlk.com
jkarugu@zlk.com

CRANE DUNHAM PLLC
STEPHEN J. CRANE
JASON T. LEEHAN
2121 Fifth Avenue
Seattle, WA 98121
Tel: 206-292-9090
Fax: 206-292-9736
scrane@cranedunham.com
jleehan@cranedunham.com

*Counsel for Plaintiff*

## **CERTIFICATE OF SERVICE**

I hereby certify that on May 15, 2013, I electronically filed the foregoing **PLAINTIFF'S MOTION FOR LEAVE TO FILE FIRST AMENDED COMPLAINT** with the Clerk of Court using the CM/ECF system, which will send notification of such filing to the e-mail addresses denoted on the Court's Electronic Mail Notice List.

<div style="margin-left:50%">

s/ Jeffrey A. Berens
Jeffrey A. Berens
Attorney for Plaintiff
DYER & BERENS LLP
303 East 17th Avenue, Suite 810
Denver, CO  80203
Telephone: (303) 861-1764
FAX: (303) 395-0393
Email: jeff@dyerberens.com

</div>