IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.1:12-cv-02941-JLK-KLM

CRAIG TELKE, Individually and on Behalf of All Others Similarly Situated,

    Plaintiff,

v.

NEW FRONTIER MEDIA, INC.,
ALAN ISAACMAN,
MELISSA HUBBARD,
HIRAM J. WOO, and
WALTER TIMOSHENKO,

    Defendants.

_____

**DEFENDANTS' RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION FOR LEAVE TO FILE FIRST AMENDED COMPLAINT**
_____

Defendants New Frontier Media, Inc. ("New Frontier"), Alan Isaacman, Melissa Hubbard, Hiram J. Woo, and Walter Timoshenko ("Director Defendants," and, collectively with New Frontier, "Defendants"), by and through undersigned counsel, hereby respond to Plaintiff's Motion for Leave to File First Amended Complaint ("Motion") and state the following in opposition thereto:

## I. INTRODUCTION

Plaintiff's proposed Amended Complaint (attached as Exhibit 1 to the Motion and henceforth "Proposed Complaint") asserts that the Director Defendants approved a transaction—the acquisition of New Frontier by LFP Broadcasting, LLC ("LFP") and its wholly-owned subsidiary Flynt Broadcasting, Inc. (henceforth the "Merger Transaction")—in alleged violation of their fiduciary duties. At its core, the Proposed Complaint is about the price that New Frontier

shareholders received for their stock in the Merger Transaction and Plaintiff's dissatisfaction with that price.

The Proposed Complaint seeks to assert one federal securities claim on behalf of two individuals and asks the Court to exercise pendent jurisdiction over three class action claims based on state law. The Court should deny the Motion and decline to exercise supplemental jurisdiction over the state claims pursuant to 28 U.S.C. § 1367(c) because the three state class action claims will predominate over the single, individually-asserted federal claim. Furthermore, prior to this case being filed, three state class action complaints were filed in Colorado state court. All three of these state class actions purport to represent the identical class of New Frontier shareholders on the same state law claims asserted in this case. Those three class actions remain pending as one consolidated case.

In this proceeding, Plaintiff wholly failed to demonstrate he was entitled to injunctive relief. In the absence of such relief, leave to file the Proposed Complaint should be denied as futile. Plaintiff's exclusive remedy for his displeasure with the amount of shareholder compensation received in the Merger Transaction was to dissent from the Merger Transaction and demand an appraisal of his shares. Both Plaintiff and the proposed additional named plaintiff in the Proposed Complaint (William Douglas Moreland, henceforth "Moreland") were informed of their opportunity to dissent and seek appraisal. Both failed to do so. Having failed to avail themselves of their exclusive appraisal remedy, Plaintiffs' claims in both the current Complaint and the Proposed Complaint will be subject to dismissal. Therefore, the Court should deny Plaintiff's Motion for leave to amend due to the futility of the Proposed Amendment.

## II.   BACKGROUND

1. New Frontier—prior to its acquisition in the Merger Transaction—was a Colorado corporation and its stock was publicly traded on the NASDAQ market under the symbol "NOOF" at all times relevant to this action.

2. Between October 14, 2011 (when New Frontier's stock closed at $1.15 per share) and October 15, 2012 (when New Frontier's stock closed at $1.30 per share), New Frontier's stock traded as low as $0.84 per share (on December 27, 2011) and as high as $1.74 per share (on May 30, 2012).

3. On October 15, 2012, New Frontier announced that it had entered into a contract to be acquired by LFP for approximately $2.02 per share ("Merger Agreement"). *See* Proposed Complaint at ¶ 3.

4. On October 16, 2012, New Frontier's stock closed at $2.00 per share, over a 50% increase over its close the day prior to the announcement.

5. Plaintiff filed his Complaint on November 8, 2012. Plaintiff's Complaint sought injunctive relief and Plaintiff filed a motion seeking same. The Court heard and denied that motion on November 27, 2012.

6. On November 28, 2012—the day after the Court denied Plaintiff's motion for an injunction—the Merger Transaction closed. *See* Proposed Complaint at ¶ 5.

7. On November 28, 2012, New Frontier shareholders—including Plaintiff and Moreland—were mailed notices of their dissenters' rights pursuant to Colorado Revised Statutes

§ 7-113-203 (henceforth "Dissenters' Notice"). *See* Affidavit of Michael Klein,[1] attached hereto as <u>Exhibit A</u> (henceforth "Klein Aff."), at ¶ 4.

8. The Dissenters' Notice set December 31, 2012, as the date by which Plaintiff and Moreland had to return their payment demands under Colorado's dissenter and appraisal statutes. Klein Aff. at ¶ 6.

9. Neither Plaintiff nor Moreland exercised their dissenter's rights by December 31, 2012. Klein Aff. at ¶ 7. Likewise, neither Plaintiff nor Moreland have tried to exercise those rights after December 31, 2012. Klein Aff. at ¶ 7.

10. New Frontier shareholders ultimately received $2.06 per share due to New Frontier's adequate cash reserves, which triggered a higher price per share under the Merger Agreement.

11. In the Proposed Complaint, Plaintiff and Moreland allege that the Merger Transaction was "for a grossly inadequate price." *See* Proposed Complaint at ¶ 10. This allegation of inadequate price is repeated throughout the Proposed Complaint. *See id.* at ¶¶ 12, 77, 79, 82, 87-99, 106.

12. The Proposed Complaint examines the Merger Agreement terms and ultimately asserts that those terms prevented shareholder realization of "the true inherent value of the Company" and precluded a deal which "maximized shareholder value…." Proposed Complaint at ¶ 106.

13. The Proposed Complaint alleges that because of the Director Defendants' breaches of fiduciary duty, Plaintiff and Moreland have "suffered irreparable injury in that they

---

[1] Mr. Klein was unable to secure a notary to notarize his signature at the time he signed the affidavit. A notarized copy will be substituted as soon as Mr. Klein returns from business travels and is able have his signature properly notarized.

{JK00486969.2}　　　　　　　　　　　　　　　4

have not and will not receive their fair portion of the value of New Frontier's assets and will be prevented from benefitting from a value-maximizing transaction." Proposed Complaint at ¶ 131.

14. New Frontier and the Directors asserted Plaintiff's failure to object to the Merger Transaction and Plaintiff's failure to exercise his dissenter's rights as affirmative defenses to this action. *See* Answer at Affirmative Defenses numbers 3 and 6.

15. On October 26, 2012, Elwood White filed a Class Action Complaint in Boulder County District Court against New Frontier and the Director Defendants. *See* White Complaint attached hereto as <u>Exhibit B</u>. That case was assigned Case No. 2012CV1011.

16. On November 3, 2012, Dennis Palkon filed a Verified Shareholder Complaint in Boulder County District Court against New Frontier and the Director Defendants. *See* Palkon Complaint attached hereto as <u>Exhibit C</u>. That case was assigned Case No. 2012CV030034.

17. On November 7, 2012, Gopal Chakravarthy filed a Class Action Complaint in Boulder County District Court against New Frontier and the Director Defendants. *See* Chakravarthy Complaint attached hereto as <u>Exhibit D</u>. That case was assigned Case No. 2012CV030051.

18. This case was filed November 8, 2012.

19. The above three state court class action complaints are purportedly brought on behalf of New Frontier's former shareholders and assert virtually identical factual allegations and class claims as both the current operative Complaint in this case as well as the Proposed Complaint. On May 14, 2013, Judge Maria E. Berkenkotter—who had presided over Case No. 2012CV030034—ordered that the three above state court class actions be consolidated into Case No. 2012CV030051. That consolidated action remains pending.

### III.   ARGUMENT

A.   **The Court should decline to exercise pendent jurisdiction over the state law class action claims.**

Pursuant to 28 U.S.C. § 1367(c), the Court should decline Plaintiff and Moreland's invitation to exercise pendent jurisdiction over the state law class action claims. The state-law class action claims will "substantially predominate" over the single federal securities claim that Plaintiff and Moreland propose to bring individually. 28 U.S.C. § 1367(c)(2). Plaintiff asserts that the proposed class numbers in the "thousands[.]" Proposed Complaint at ¶ 116. As such, "these state-law claims would predominate in a purely numerical sense—should Plaintiffs prevail, the universe of [individuals] to whom relief would be awarded would be far larger" than simply Plaintiff and Moreland. *See Marquis v. Tecumseh Products Co.*, 206 F.R.D. 132, 164 (E.D. Mich. 2002). Under these circumstances, the *Marquis* court observed the following:

> Only a handful of individuals will be pursuing federal claims in this case, while Plaintiffs assert that their state-law class will number in the hundreds. This strikes the Court as **a very large tail wagging a very small dog**.

*Id.* at 165 (emphasis added). This case presents an even greater disparity than *Marquis*, as the Court is invited to exercise pendent jurisdiction over claims on behalf of thousands of proposed class members by virtue of a single federal claim brought by two proposed plaintiffs—one of whom has around $600 worth of stock at stake in this case (*see* Proposed Complaint at ¶ 20). The Court should decline that invitation.

"[A] district court's decision to defer proceedings because of concurrent state litigation is generally committed to the discretion of that court." *Will v. Calvert Fire Ins. Co.*, 437 U.S. 655, 665 (1978). Although Defendants recognize that this Court has in some cases accepted the

invitation to exercise supplemental jurisdiction pursuant to 28 U.S.C. § 1367, this Court has likewise observed that where only "piecemeal" federal claims are present, "it makes little sense to grant jurisdiction to what in actuality is a matter for the state court." *First Interstate Bank of Denver, N.A. v. Fed. Deposit Ins. Corp.*, 671 F. Supp. 17, 19 (D. Colo. 1987). Moreover, this Court has observed that "[t]here is no need for the federal court to resolve a matter which is grounded in state law issues currently pending in state court." *In re Spade*, 269 B.R. 225, 229 (D. Colo. 2001).

In light of the duplicative nature of the pending consolidated state court proceedings, several factors are relevant to whether the Court should exercise its power to refrain from hearing this case:

> 1) whether either court has assumed jurisdiction over property; 2) whether the federal forum is inconvenient; 3) the avoidance of piecemeal litigation; 4) the order in which the courts obtained jurisdiction and the progress of the two cases; 5) which forum's substantive law governs the merits of the litigation; and 6) the adequacy of the state forum to protect the rights of the parties.

*Mohr v. Margolis, Ainsworth & Kinlaw Consulting, Inc.*, 434 F. Supp. 2d 1051, 1062 (D. Kan. 2006) (citations omitted). "[N]o single factor is determinative and weight to any one factor will vary from case to case." *Id.* (citations omitted). Weighing these factors in this case tips the scales in favor of dismissing the state claims and staying the federal claim until the resolution of the pending consolidated state class actions.

Any settlement of the consolidated state court case will almost certainly involve shareholder waiver of any federal claims—and such a release would be binding on putative class members who are potential class members in this action, *see Matsushita Elec. Indus. Co., Ltd. v. Epstein,* 516 U.S. 367, 372-86 (1996) (Delaware settlement judgment entitled to full faith and credit, notwithstanding its release of claims within the exclusive jurisdiction of the federal

courts). As such, the sole federal claim in this case could quickly become moot, such that its litigation at this point appears to be piecemeal. This Court obtained jurisdiction over this case after the state courts obtained jurisdiction over their cases. The substantive law of the state of Colorado will govern the vast majority of this dispute. The Colorado courts are a perfectly adequate forum. As the remaining *Mohr* factors listed above do not apply in this case, the Court would be amply justified in refusing to exercise jurisdiction at this time or ever.

### B. The Proposed Complaint boils down to Plaintiff and Moreland's dissatisfaction with the price they received for their stock.

The Proposed Complaint turns on the allegation of inadequate value received for New Frontier shares in the Merger Transaction. Plaintiff and Moreland repeat this core allegation in the Proposed Complaint, alleging the following:

- The Merger Transaction was "for a grossly inadequate price." Proposed Complaint at ¶ 10;

- The Merger Transaction resulted in New Frontier shareholders receiving "grossly inadequate consideration." *Id.* at ¶ 12

- The Director Defendants breached their fiduciary duties by agreeing to Merger terms that provided for "grossly inadequate consideration." *Id.* at ¶ 77;

- The "Merger consideration is grossly unfair…." *Id.* at ¶ 79;

- The "Merger fails to adequately compensate New Frontier's shareholders…." *Id.* at ¶ 82.

Moreover, an entire section of the Proposed Complaint contains multiple paragraphs appearing under a heading which reads "**The Inadequate Merger Price**…." *Id.* at ¶¶ 87-99 (emphasis in original). The next section of the Proposed Complaint (¶¶ 100-106) examines the Merger Agreement terms and ultimately asserts that those terms prevented shareholder realization of "the true inherent value of the Company" and precluded a deal which "maximized shareholder

value…." *Id.* at ¶ 106; *see also id.* ¶ 131 (alleging loss of a "fair portion of the value of New Frontier's assets" in the absence of "a value-maximizing transaction"). The Motion strikes the same chord, complaining of the "gross inadequacy of the merger consideration…." Motion at 4.

As noted above, Plaintiff failed to demonstrate his entitlement to injunctive relief prior to the Merger's consummation. As the Merger Transaction has now been consummated, further attempts to obtain injunctive relief to prevent the Merger Transaction would appear unjustifiable. The Proposed Complaint seeks "rescission of the Merger Agreement and/or money damages." Proposed Complaint at ¶ 16; *see also id.* at page 56 (seeking "recessionary [sic] damages"). However, Plaintiff and Moreland make no attempt to explain how the undoing of a complex and now six-month old merger of two companies could feasibly be accomplished. Indeed, rescission of the Merger Transaction would not only hopelessly complicate current business affairs of the merged entities and their business partners, but would involve clawing back the consideration paid to New Frontier's shareholders. Thankfully, this is unnecessary, as federal securities laws do not require "the court to unscramble a corporate transaction merely because a violation occurred." *Mills v. Elec. Auto-Lite Co.*, 396 U.S. 375, 386 (1970) (citation and internal quotation marks omitted).

Where, as here, rescission is impracticable, the appropriate measure of damages is "the fair value of [the owned] interest as of the time of the [allegedly improper] merger." *Andrews v. Blue*, 489 F.2d 367, 376 (10th Cir. 1973) (citation omitted); *see also Mills*, 396 U.S. at 389 ("If commingling of the assets and operations of the merged companies makes it impossible to establish direct injury from the merger, relief might be predicated on a determination of the fairness of the terms of the merger at the time it was approved."). Therefore, the Proposed Complaint is realistically simply for money damages due to some hypothetical price that Plaintiff

alleges could have been obtained. This is precisely what Plaintiff and Moreland could have received had they dissented and pursued the appraisal process.

      **C.    The exclusive means by which Plaintiff and Moreland should have addressed their dissatisfaction with their stock price was through the dissent and appraisal process.**

The Merger Transaction entitled Plaintiff and Moreland to exercise their dissent and appraisal rights pursuant to Colorado law. Plaintiff and Moreland were properly informed of those rights. Those dissent and appraisal rights are the exclusive means by which they could have sought relief for the Directors' alleged misdeeds; the narrow exception to the "exclusivity" provision in Colorado law does not apply. Having failed to exercise their exclusive remedy of dissent and appraisal, Plaintiff and Moreland's Proposed Complaint is futile and the Motion must be denied.

      **1.    The Merger Transaction entitled Plaintiff and Moreland to exercise their dissent and appraisal rights pursuant to Colorado law and they were properly informed of their dissent and appraisal rights.**

A corporation's shareholder is "entitled to dissent and obtain payment of the fair value of the shareholder's shares" when the corporation is merged. *See* C.R.S. § 7-113-102(1). The Merger Transaction in this case triggers those dissenters' rights. Plaintiff and Moreland were given due notice of those rights, as New Frontier sent them their Dissenters' Notice in compliance with Colorado law. *Compare* Klein Aff. at Exh. A-1 *with* C.R.S. § 7-113-203.

      **2.    Dissent and appraisal rights are the exclusive means by which Plaintiff could have sought relief for the Directors' alleged misdeeds.**

The dissent and appraisal statute provides the sole means—subject to limited exceptions—by which shareholders entitled to those rights can bring claims challenging the corporate action:

> A shareholder entitled to dissent and obtain payment for the shareholder's shares under this article **may not challenge the corporate action creating**

> **such entitlement** unless the action is unlawful or fraudulent with respect to the shareholder or the corporation.

C.R.S. § 7-113-102(4) (emphasis added).  The Colorado Supreme Court referred to the above portion of the statute as "the 'exclusivity provision'" in *Szaloczi v. John R. Behrmann Revocable Trust*, 90 P.3d 835, 840 (Colo. 2004).  This provision is not limited to actions solely against the corporate entity, as the "exclusivity provision covers actions against the corporation, officers, and directors."  *Id.* at 843.

### 3. The exception to the "exclusivity" provision in the dissent and appraisal statutes does not apply in this case.

By its terms, the "exclusivity provision" in C.R.S. § 7-113-102(4) does not apply if the corporate action creating the shareholder's entitlement to dissent and appraisal remedies is "unlawful or fraudulent with respect to the shareholder or the corporation."  Colorado courts look to the "nature of the complaint" to determine whether this exception to the exclusivity provision applies.  *Szaloczi*, 90 P.3d at 842.  Where the complaint's "nature" is that the shareholder "would have been paid more money for the value of its shares if the officers and directors had not breached their fiduciary duty[,]" or the complaint "'boils down to nothing more than a complaint about stock price[,]'" then the exception to the exclusivity provision does not apply.  *Id.* (*quoting Grace Brothers, Ltd. v. Farley Industries, Inc.*, 264 Ga. 817, 821 (1995)).

In interpreting the scope of the exception to the exclusivity provision, *Szaloczi* turned to New York law in light of comments included within the Revised Model Business Corporation Act of 1984, which Colorado adopted in enacting the dissent and appraisal statute.  90 P.3d at 840.  In ultimately determining that the aggrieved shareholder in that case could not bring an action independent of the dissent and appraisal procedures, *Szaloczi* explored the situations where the exclusivity provision would not apply:

> [To avoid the exclusivity provision, the] dissenting shareholder must seek some form of equitable relief; it is not sufficient to plead a cause of action over which equity has jurisdiction.
>
> Moreover, dissenting shareholders cannot obtain relief in the form of compensatory damages. Rather, any monetary recovery, if available at all, can only be ancillary to a grant of some form of equitable relief from the corporate action.

90 P.3d at 840 (citations and quotation marks omitted).

Other courts have similarly so found. For instance, in *Walter J. Schloss Associates v. Arkwin Indus., Inc.*, 460 N.E.2d 1090, 1091 (N.Y. 1984), the New York Court of Appeals reversed a decision of the Supreme Court, Appellate Division for the reasons stated in the dissenting opinion in the appellate division. *Id.,* (the dissenting opinion is reported at 90 A.D.2d 149, 153–162 (N.Y. App. 1982) ("*Schloss* Opinion"). The *Schloss* Opinion stated that the exception to the exclusivity provision is only applicable where the complaint makes "a request for equitable relief which, in fact, must be the **primary** relief sought." 90 A.D.2d at 159 (emphasis added). The Second Circuit has reached the same conclusion. *See Burke v. Jacoby*, 981 F.2d 1372, 1380 (2nd Cir. 1992) (interpreting New York law and affirming dismissal of dissenting shareholder's complaint because shareholder did not seek appraisal and complaint made no attempt to obtain traditional equitable relief but only requested compensatory and punitive damages). North Carolina courts reach a similar result. *Osher v. Ridinger*, 589 S.E.2d 905, 907 (N.C. App. 2004) ("This court has consistently concluded that where plaintiffs' complaints are essentially about the price received in a merger and the method by which the price was set, that plaintiffs have not sufficiently alleged an 'unlawful' or 'fraudulent' transaction.") (citations omitted). Connecticut courts have similarly held that the exclusivity of the appraisal remedy is not affected by a shareholder's failure to exercise that remedy. *Chalverus v. Bershad*, 2010 WL 3448051 at **1-2 (Conn. Super. Ct. Aug. 6, 2010) (granting

motion to strike complaint for failure to state a claim because "plaintiffs' exclusive remedy is the exercise of appraisal rights, which the plaintiffs have not exercised"). Pennsylvania's highest court also recently so found:

> It is also well established…that mere inadequacy in price is not sufficient to implicate the exception [to the exclusivity of the dissent and appraisal remedies]. *See generally* 15 FLETCHER CYC. CORP. § 7165 ("Allegations of fraud should be scrutinized to make sure the conflict is not merely one concerning valuation, which is properly handled in an appraisal proceeding."); James D. Cox and Thomas Lee Hazen, 4 TREATISE ON THE LAW OF CORPORATIONS § 22.27 (3d ed. 2011) ("The courts are fairly consistent in refusing to allow an exception to the appraisal statute when the sole complaint is that the merger does not offer a fair price for the dissent's shares."). Plainly, appraisal is intended as the usual remedy in the absence of exceptional circumstances.

*Mitchell Partners, L.P. v. Irex Corp.*, 53 A.3d 39, 47-48 (Pa. 2012).

Plaintiff's attempt to obtain injunctive relief failed. Neither Plaintiff nor Moreland seek equitable relief that differs from the relief which was available under the dissent and appraisal statutes. The relief sought in the Proposed Complaint appears to be purely monetary at this point. This monetary relief is the Proposed Complaint's *raison d'être* and is not "ancillary to a grant of some form of equitable relief from the corporate action[,]" and is therefore barred by the exclusivity provision. *Szaloczi*, 90 P.3d at 840. Although the Proposed Complaint labels the relief sought as "rescission," this label is of no moment, as such relief at this point is "merely a request for damages in another form." *Burke*, 981 F.2d at 1381 (2nd Cir. 1992) (*citing* the *Schloss* Opinion). Plaintiff had dissent and appraisal rights available and his choice not to exercise his rights does not change the exclusivity of those remedies. *See* §§ III.C.1-2, *supra*; § III.C.4, *infra*.

Plaintiff has not alleged anything "fraudulent" with respect to the Merger Agreement that would bring this case within the exception to the exclusivity provision of C.R.S. § 7-113-102(4).

The Proposed Complaint does not assert claims for fraud or allege anything "unlawful" about the Merger Transaction, as it is essentially about the price shareholders received.

Neither the Complaint nor the Proposed Complaint allege facts which bring them within the exception to the exclusivity provision. Although the Complaint contains a myriad of allegations concerning the Director Defendants' alleged desire to hide their purported behavior from scrutiny by steering the sale of New Frontier to LFP, the allegations all stem from the same underlying gripe: New Frontier's shareholders allegedly would have obtained more money for their shares had New Frontier been sold to some party other than LFP or on some other terms. Plaintiff and Moreland had every opportunity to dissent and seek appraisal of their shares. Dissent and appraisal were the exclusive avenues to express their dissatisfaction with the value they were to receive for their shares. That Plaintiff and Moreland both failed to exercise those rights does not make the exclusivity provision any less exclusive.

> 4. **Having failed to exercise their exclusive remedy of dissent and appraisal, the Court should deny the Motion because the proposed amendments are futile.**

As the Court has rightly recognized, leave to file an amended complaint should be denied where that amendment would be futile. *In re Maynard civil rights litigation*, No. 09-CV-2052-JLK-MEH, 2012 WL 3039731 (D. Colo. July 25, 2012). Because the exclusivity provision bars the Proposed Complaint, the Motion should be denied as the proposed amendments are futile.

Plaintiff's failure to exercise his dissent and appraisal rights does not change the fact that his Complaint is barred by the exclusivity provision. As noted above, Colorado looks to New York law when interpreting the exclusivity provision. *Szaloczi*, 90 P.3d at 840. New York courts have found no sympathy for a Plaintiff who should have exercised his dissent and appraisal rights but failed to do so: "The Court of Appeals has squarely held that **where the appraisal proceeding is available, and merely not exercised, the exclusivity rule applies**."

*Norte & Co. v. New York & Harlem R. Co.*, 222 A.D.2d 357, 358 (N.Y. App. 1995) (*citing Schloss Assocs. v. Arkwin Indus.,* 460 N.E.2d 1090) (emphasis added). *See also Schloss* Opinion, 90 A.D. 2d at 161 n. 5 ("It should be emphasized that the exclusivity rule as interpreted by [*Breed v. Barton*, 429 N.E.2d 128 (N.Y. 1981)] did not limit its applicability to cases such as *Breed* where the right of appraisal had been exercised. It extended it to cases, such as the one at bar, where the right was apparently not exercised but clearly available.").

The dissent and appraisal procedures offered Plaintiff and Moreland an efficient and adequate remedy for their dissatisfaction with the price received for New Frontier's shares in the Merger Transaction, but neither Plaintiff nor Moreland availed themselves of that remedy. Having missed that boat, Plaintiff and Moreland cannot now exercise a remedy which was never available to them in the first place. The Motion should be denied because the proposed amendments are futile.

## IV.   CONCLUSION

Limiting shareholders who are unhappy with the price they receive for their shares to appraisal actions may forestall "vexatious lawsuits by those whose goal is simply to receive more money for their stock." *Stepak v. Schey*, 553 N.E.2d 1072, 1075 (Ohio 1990). This is precisely such a lawsuit. Neither Plaintiff's Complaint nor the Proposed Complaint come within the limited exceptions to the exclusivity provision. Plaintiff and Moreland's failure to exercise their statutory dissent and appraisal rights does not change this conclusion and the proposed amendments are futile. Further, the same substantive class claims are presently pending in state court and there is no sound reason for this Court to exercise pendent jurisdiction over claims which may be adjudicated in the Colorado state courts. For these reasons the Court should deny the Motion to Amend.

DATED: June 10, 2013.

        Respectfully submitted,


        *s/ Stuart N. Bennett*
        Stuart N. Bennett
        Aaron D. Goldhamer
        **JONES AND KELLER, P.C.**
        1999 Broadway, Suite 3150
        Denver, CO 80202
        Telephone: (303) 573-1600
        Fax: (303) 573-8133
        E-mail: sbennett@joneskeller.com
        agoldhamer@joneskeller.com
        Attorneys for Defendants New Frontier Media, Inc., Alan Isaacman, Melissa Hubbard, Hiram J. Woo and Walter Timoshenko

**CERTIFICATE OF SERVICE**

I hereby certify that on June 10, 2013, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following e-mail addresses:

| | | |
|---|---|---|
| *Attorneys for Plaintiff* | jeff@dyerberens.com<br>darby@dyerberens.com<br><br><br>shopkins@zlk.com | Jeffrey A. Berens<br>Darby K. Kennedy<br>DYER & BERENS LLP<br>303 East 17th Avenue, Suite 300<br>Denver, CO   80203<br><br>Shannon L. Hopkins<br>LEVI & KORSINSKY LLP<br>30 Broad Street, 24th Floor<br>New York, NY   10004 |

And I hereby certify that I have mailed or served the document or paper to the following non CM/ECF participants in the manner indicated by the non-participant's name:   NONE

*s/    Stuart N. Bennett*
Stuart N. Bennett
Aaron D. Goldhamer
Attorneys for Defendants New Frontier Media, Inc.,
Alan Isaacman, Melissa Hubbard, Hiram J. Woo and
Walter Timoshenko
**JONES AND KELLER, P.C.**
1999 Broadway, Suite 3150
Denver, CO 80202
Telephone:         303-573-1600
Fax:                    303-573-8133
E-mail:               sbennett@joneskeller.com
                          agoldhamer@joneskeller.com