**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 1:12-cv-02941-JLK

CRAIG TELKE, Individually and on Behalf of All Others Similarly Situated,

      Plaintiff,

v.

NEW FRONTIER MEDIA, INC.,
ALAN ISAACMAN,
MELISSA HUBBARD,
HIRAM J. WOO, and
WALTER TIMOSHENKO,

      Defendants.

_____

**PLAINTIFF'S REPLY IN SUPPORT OF
MOTION FOR LEAVE TO FILE FIRST AMENDED COMPLAINT**
_____

# TABLE OF CONTENTS

**Contents**

I.  INTRODUCTION ..................................................................................................... 1

II.  Background of the Litigation and Procedural Posture ................................................ 3

    A.  Plaintiff Telke's Federal Action............................................................................. 3

    B.  The Colorado State Actions ................................................................................. 5

III.  ARGUMENT ....................................................................................................... 8

    A.  Defendants' Attempt To Litigate The Merits Of Plaintiffs' Claims On This
Motion Is Improper And Should Be Rejected ...................................................... 8

    B.  Plaintiffs Have Alleged Viable Breach Of Fiduciary Duty Claims And, Thus,
Amendment Is Not Futile .................................................................................... 9

    C.  This Court Is The Proper Forum To Adjudicate Plaintiffs' Federal And State
Law Claims.......................................................................................................... 15

IV.  CONCLUSION ..................................................................................................... 21

Plaintiff respectfully submits this reply in support of his Motion for Leave to File First Amended Complaint (Doc. #24) ("Motion") and in response to Defendants' Opposition to the Motion (Doc. #25) ("Defs.' Opp.").

## I.   INTRODUCTION

Plaintiff Craig Telke ("Plaintiff Telke") filed a complaint commencing this class action on November 8, 2012 (Doc. #1) (the "Complaint") asserting claims for breach of fiduciary duty and violations of the federal securities laws in connection with LFP Broadcasting, LLC's ("LFP Broadcasting") acquisition of New Frontier Media, Inc. ("New Frontier" or the "Company") for $2.02 per share (the "Merger").  This is Plaintiff's *first* request to amend his complaint in order to add an additional party, plaintiff William Douglas Moreland ("Moreland"), who is believed to have been the largest individual shareholder of New Frontier common stock prior to the Merger (collectively, "Plaintiffs"), and to assert additional facts learned since the filing of Plaintiff Telke's initial Complaint.

Defendants oppose Plaintiff's request based on two unavailing arguments directed mainly at the merits of Plaintiff's proposed Amended Complaint (defined below).  As an initial matter, it is improper for Defendants to challenge the legal sufficiency of the proposed amendment on a motion for leave to amend.  Plaintiffs should be afforded the right to test the merits of their claims on a fully-briefed motion to dismiss.  Moreover, not allowing even one amendment is contrary to the liberal policy of Federal Rule of Civil Procedure 15(a), which requires that leave to amend be freely granted.

Regardless, Defendants' arguments are without merit. *First*, Defendants incorrectly contend that amendment would be futile because, pursuant to Colorado's Dissenters' Rights statute, Plaintiffs' only remedy post-merger is appraisal. Colorado, however, recognizes an exception to the Dissenters' Rights statute, which specifically provides that, as here, a shareholder may assert claims seeking equitable relief for unlawful conduct, such as breach of fiduciary duty. *Second*, Defendants urge the Court not to exercise supplemental jurisdiction over Plaintiffs' state law claims because there is purportedly duplicative litigation pending in Colorado state court and Plaintiffs' state law claims will predominate over their federal claims.

In a class action such as this, however, the question before the Court on class certification (which is not now ripe for the Court's consideration) is not whether more shareholders may be impacted by one particular claim over another. Rather, it is whether "questions of law or fact" common to the class predominate over any questions affecting only individual members. Fed. R. Civ. P. 23(b). Moreover, Plaintiffs' state and federal law claims arise out of the same transaction and are predicated on the same facts and circumstances brought against the same defendants and are likely to either succeed or fail together. Accordingly, any purported individual issues will not predominate over the questions of law and fact common to the class.

For these reasons, discussed further below, Plaintiff Telke respectfully requests that the Court grant his Motion.

## II.    BACKGROUND OF THE LITIGATION AND PROCEDURAL POSTURE

On October 15, 2012, New Frontier announced that the Company had entered into a merger agreement with LFP Broadcasting and thereafter commenced a tender offer to acquire all of the outstanding shares of New Frontier for $2.02 per share in cash along with one contingent right per share to receive up to an additional $0.06 per share depending upon the extent to which New Frontier's available cash balance at the closing of the tender offer exceeded $11,514,000 (the "Merger").

In connection with commencing the tender offer, on October 29, 2012, New Frontier filed its 14D-9 Recommendation Statement with the U.S. Securities and Exchange Commission ("Recommendation Statement"), which Plaintiffs allege was materially misleading and failed to provide the Company's shareholders with critical information necessary to make an informed decision on whether to tender their shares.

The tender offer was set to, and did, expire on November 27, 2012 and the transaction closed on November 28, 2012.

### A. Plaintiff Telke's Federal Action

The initial Complaint filed by Plaintiff Telke alleged claims against the New Frontier board of directors (the "Board") for breach of fiduciary duty arising out of the Board's unlawful self-dealing and sale of the Company to its preferred bidder, LFP Broadcasting, owned by Larry Flynt, defendant Alan Isaacman's ("Isaacman") close personal friend, in order to avoid further shareholder attacks and liability for its members' perpetual self-dealing.  Plaintiff also asserted claims for breach of fiduciary duty and

violations of the federal securities laws against the Board in connection with the Board's failure to provide shareholders with material information necessary to make an informed decision on whether to tender their shares. Plaintiff's Complaint sought equitable relief in the form of injunction, rescission and additional disclosures.

Given the short time until the tender offer expiration on November 27, 2012, Plaintiff moved to enjoin the Merger until Defendants cured the alleged disclosure deficiencies in the Recommendation Statement so that shareholders could make an informed decision. The Court denied Plaintiff's motion on November 27, 2012 (Doc. #18) and the Merger closed on November 28, 2012.

The New Frontier Defendants answered the Complaint on December 3, 2012 (Doc. #19). Plaintiff Telke and proposed plaintiff Moreland thereafter worked diligently to research and draft a proposed amended complaint (the "Amended Complaint") to allege additional facts and circumstances that occurred and/or were uncovered since Plaintiff Telke filed his Complaint.

Plaintiff Telke, through his counsel, reached out to counsel for Defendants in April 2013 to ascertain whether Defendants would consent to an amendment of the Complaint. This is Plaintiff's *first* request to amend his Complaint. Defendants' counsel agreed to review the amendment before making a decision. On May 6, 2013, counsel for Plaintiff Telke provided a draft of the Amended Complaint to Defendants, who responded on May 10, 2013 that Defendants would not consent to the amendment. Plaintiffs subsequently

drafted a motion for leave to amend, which was filed on May 15, 2013 (Doc. #24) and is now pending before the Court.

## B. The Colorado State Actions

After the Merger was announced on October 15, 2012, three actions were filed in Colorado State court between October 26, 2012 and November 7, 2012 (the "State Actions") by three different shareholders (the "State Plaintiffs") asserting similar breach of fiduciary duty claims against the New Frontier Board arising out of the Merger.[1] Plaintiff in the last-filed action moved for expedited proceedings on November 8, 2012 and subsequently amended that motion on November 19, 2012, after the court issued an order striking the original motion for failure to meet and confer with the defendants. *See* Affidavit of Shannon L. Hopkins in Support of Plaintiff's Motion for Leave to File First Amended Complaint ("Hopkins Aff."), Ex. 1, attached hereto. The state court did not rule on the amended motion until January 11, 2013, well after the Merger closed on November 28, 2012. *Id.* In making its ruling, the state court denied the motion on the merits and explained: "Asserting the request is 'in anticipation of filing a motion for preliminary injunction' is quite different than a motion for expedited discovery filed in conjunction with a Motion for Preliminary Injunction." *See* Hopkins Aff., Ex. 2.

---

[1] *See White v. New Frontier Media, Inc., et. al.*, Case No. 2012CV1011 (Oct. 26, 2012); *Palkon v. New Frontier Media, Inc., et. al.*, Case No. 2012CV30034 (Nov. 3, 2012); and *Chakravarthy v. Isaacman et, al.*, Case No. 2012CV30051 (Nov. 7, 2012). The *Chakravarthy* complaint also asserted derivative claims on behalf of the Company.

Since moving for expedited discovery in early November 2012, the State Plaintiffs have remained dormant for more than seven months. They have not sought to amend their complaints or obtain discovery. To the contrary, they have acted to *delay* the prosecution of their actions. For example, on February 15, 2013, the parties moved the court to extend the time to serve C.R.C.P. 26(a)(1) disclosures. *See* Hopkins Aff., Ex. 1. To Plaintiffs' knowledge, no such disclosures have been served.

On May 13, 2013, the next business day after Defendants informed Plaintiff Telke's counsel by email that the New Frontier Defendants would not consent to his request to amend the Complaint, the State Plaintiffs filed a motion for consolidation and appointment of co-lead and liaison counsel. Hopkins Aff., Ex. 1. The Honorable Maria E. Berkenkotter granted the State Plaintiffs' motion for consolidation, but denied their request to appoint co-lead and liaison counsel citing proposed co-lead counsel's failure to take any action to obtain admission in Colorado in order to prosecute the State Actions, despite having filed their complaints seven months earlier. Hopkins Aff., Ex. 3. The State court further noted that proposed co-lead counsel did not inform it of the specific duties of proposed co-lead and liaison counsel and ordered the State Plaintiffs to re-file their request:

> The Court denies the Motion to Appoint Lead Counsel as it does not appear from the Motion that any of the attorneys in the firms identified as potential lead counsel are admitted to practice law in Colorado or have sought or obtained pro hac vice admission in this case. Leave is granted to re-file the request to appoint lead counsel and liaison counsel once pro hac vice

> admission has been granted. . . Additionally, any proposed order . . . should
> specifically outline the specific duties of each.

Hopkins Aff., Ex. 3.  To Plaintiffs' knowledge, the State Plaintiffs still have not complied

with the procedures for obtaining admission in Colorado.

Moreover, Plaintiffs submit that the proposed Amended Complaint is superior to

the operative complaint in the consolidated State Action.  Specifically, unlike the

proposed Amended Complaint, the complaint in the consolidated State Action is devoid

of any allegations regarding the Board's self-dealing and entrenchment, in which it paid

its members increasingly excessive compensation over the last several years or any

allegations regarding the financial advisor's flawed fairness opinion upon which the

Board relied in approving the Merger.  Instead, it mostly quotes at length various public

documents with little analysis.  *See* Hopkins Aff., Ex. 4.

These facts demonstrate that New Frontier's shareholders' interests are better

protected by allowing Plaintiff Telke and proposed plaintiff Moreland to continue

zealously prosecuting their claims on behalf of themselves and the putative class of New

Frontier's former public shareholders.

## III.   ARGUMENT

### A. Defendants' Attempt To Litigate The Merits Of Plaintiffs' Claims On This Motion Is Improper And Should Be Rejected

In "language unique in its liberality," Federal Rule of Civil Procedure 15(a) requires that leave to amend be freely granted. *Northwest Cent. Pipeline Corp. v. Mesa Petroleum Co.*, 643 F. Supp. 280, 281 (D. Colo. 1986).[2] Accordingly, this Court has consistently found that "Plaintiffs are entitled to amend their pleadings once ***as a matter of course.***" *Kleinert v. Salazar*, Civ. No. 11–cv–02428–AP, 2012 WL 3471632, at *1 (D. Colo. Aug. 14, 2012) (emphasis added).[3]

Due to the liberality of Rule 15(a), Colorado district courts have expressly frowned upon any adjudication of the merits of a claim on a motion for leave to amend, as Defendants are attempting to do here. *Carefree/Scott Fetzer Co. v. Lippert Components, Inc.*, No. 11–cv–03019–WJM–KMT, 2012 U.S. Dist. LEXIS 88090 (D. Colo. June 26, 2012). Indeed, it is well-settled in Colorado that "[i]n the absence of any apparent or declared reason - such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of the amendment, etc. - the leave sought should, as the rules require, be 'freely given.'"

---

[2]     *See also, e.g.*, *Aspen Orthopaedics & Sports Medicine, LLC v. Aspen Valley Hosp. Dist.*, 353 F.3d 832, 842 (10th Cir. 2003); *Foman v. Davis*, 371 U.S. 178, 182 (1962).
[3]     *See also Bailey v. Marsh*, 655 F. Supp. 1250 (D. Colo. 1987); *Northwest Cent. Pipeline Corp. v. Mesa Petroleum Co.*, 643 F. Supp. 280 (D. Colo. 1986); *Ohanessian v. Pusey*, Civ. No. 09–cv–01113, 2010 WL 728549 (D. Colo. Feb. 25, 2010).

*Id.* at \*2-\*3.  This is because to adjudicate the merits of a claim on a motion for leave to amend "seems to place the cart before the horse" and "[r]ather than force a Rule 12(b)(6) motion into a Rule 15(a) opposition brief, the defendants may be better served by waiting to assert Rule 12 motions until the  operative complaint is in place."  *Gen. Steel Domestic Sales, LLC v. Steelwise, LLC*, No. Civil Action No. 07–cv–01145–DME–KMT, 2008 WL 2520423, at \*4 (D. Colo. July 20, 2008).

This is Plaintiff Telke's *first* request to amend his Complaint and proposed plaintiff Moreland has not yet commenced an action.  There is no bad faith or undue delay, nor have Defendants challenged Plaintiff's request to amend on such grounds. Thus, the Court should reject Defendants' wholly improper invitation to adjudicate the merits of this action at this stage of the litigation and grant this Motion.

**B. Plaintiffs Have Alleged Viable Breach Of Fiduciary Duty Claims And, Thus, Amendment Is Not Futile**

In the proposed Amended Complaint, Plaintiffs allege that New Frontier's Board members breached their fiduciary duties to shareholders by:  (i) engaging in self-dealing through related-party transactions and entrenching themselves in their lucrative Board positions; (ii) rushing into a sale of the Company to the Board's favored bidder for inadequate consideration based on a flawed fairness opinion, in order to avoid further shareholder activist attacks and liability for wasting corporate assets on their exorbitant

director fees; and (iii) failing to disclose to shareholders material information necessary to make an informed decision on whether to tender their shares.[4]

Under the Colorado Dissenters' Rights statute, also known as the appraisal remedy, "[a] shareholder, whether or not entitled to vote, is entitled to dissent and obtain payment of the fair value of the shareholder's shares in the event of any of the following corporate actions:  (a) Consummation of a plan of merger . . . ."  C.R.S. § 7-113-102(1)(a).  While Colorado courts have interpreted the Dissenters' Rights statute as limiting a shareholder's remedy to pursue post-merger claims to the appraisal remedy, Colorado, like most jurisdictions, recognizes an exception to the appraisal remedy (the "Exclusivity Exception") where, as here the plaintiff alleges fraudulent and/or unlawful conduct and is not merely attacking the stock price:

> A shareholder entitled to dissent and obtain payment for the shareholder's shares under this article may not challenge the corporate action creating such entitlement ***unless the action is unlawful or fraudulent with respect to the shareholder or the corporation***.

C.R.S. § 7-113-102(4) (emphasis added).

The Colorado Supreme Court squarely addressed the Exclusivity Exception in *Szaloczi v. Jon R. Behrmann Revocable Trust*, 90 P.3d 835 (2004).  In *Szaloczi*, the plaintiff challenged a corporate merger alleging the defendants breached their fiduciary duties by structuring a sale of the company for their own personal benefit, seeking compensatory damages.  *Id.* at 837-38.  In holding that appraisal was the plaintiff's sole

---

[4]    Since the Merger closed on November 28, 2012, Plaintiffs are no longer seeking to enjoin the Merger.

remedy, the court explained that, "having elected the statutory appraisal remedy and not having sought *equitable* relief from the corporate action, the [plaintiff] has trigg[er]ed the exclusivity provision." *Id.* at 842 (emphasis added).   The court further noted that the plaintiff's complaint "does not seek to rescind the sale" or any other form of equitable relief (*Id.*) and that in order to invoke the Exclusivity Exception, "it is not enough to plead a cause of action over which equity has jurisdiction; the dissenting shareholder *must request equitable relief*."   *Id.* at 842 n.9 (emphasis added).

Moreover, it is well settled in the Tenth Circuit and under Delaware law, which Colorado courts often look to in deciding matters of Colorado corporate law,[5] that a plaintiff may pursue claims post-merger under an exclusivity exception where, as here, the plaintiff has alleged claims for breach of fiduciary duty and unfair dealing in connection with a merger.  *See, e.g.*, *Weinberger v. UOP*, 457 A.2d 701, 714 (Del. 1983) ("the appraisal remedy . . . may not be adequate in certain cases, particularly where fraud, misrepresentation, self-dealing, deliberate waste of corporate assets, or gross and palpable overreaching are involved."); *McMinn v. MBF Operating Acquisition Corp.*, 142 N.M. 160, 164-74 (N.M. 2007) (finding the Delaware approach instructive and holding that "the New Mexico appraisal remedy was not intended to replace common law actions

---

[5]     *See, e.g., Pueblo Bancorporation v. Lindoe, Inc.*, 63 P. 3d 353, 365 (Colo. 2003) (turning to Delaware law to construe Colorado corporate statute).   While Delaware law does not expressly have an exclusivity provision, Delaware courts have read such an exception into the statute.   *Delaware Open MRI Radiology Assocs. v. Kessler*, 898 A.2d 290 (Del. Ch. 2006) (pursuant to *Weinberger* and its progeny, "[i]t is not unusual [in Delaware] for the same merger to be challenged in a statutory appraisal action and in a separate breach of fiduciary duty damage action).

for breach of fiduciary duty."); *Bingham Consolidation Co. v. Groesbeck*, 105 P.3d 365, 373 (Utah Ct. App. 2004) (noting "courts generally agree that 'the appraisal remedy . . . may not be adequate in certain cases, particularly where fraud, misrepresentation, self-dealing, deliberate waste of corporate assets, or gross and palpable overreaching are involved.'…Thus, a claim of breach of fiduciary duty should be considered outside of the appraisal proceeding.") (internal citations omitted).

Moreover, other states with similar dissenters' rights provisions have repeatedly recognized the exclusivity exception and allowed claims predicated on breach of fiduciary duty or unfair dealing pursuant to a merger under substantially similar circumstances to proceed. *See, e.g.*, *Gannon v. Baker*, 807 S.W.2d 793 (Tex. App. Houston 1st Dist. 1991) ("While appraisal is generally the exclusive remedy to a dissenting shareholder, it is not the exclusive remedy available when there is fraud in the transaction"), *rev'd and remanded on other grounds*; *Mitchell Partners, L.P. v. Irex Corp.*, 656 F.3d 201 (3d Cir. 2011) ("Notwithstanding the use of the word 'exclusive' in the statute, the appraisal remedy may not be exclusive of all other action," and "we predict that the Supreme Court of Pennsylvania would permit a post-merger suit for damages based on the majority shareholders' breach of their fiduciary duties," including disclosure violations . . . ."); *Popp Telcom v. American Sharecom, Inc.*, 210 F.3d 928 (8th Cir. 2000) (noting that under Minnesota's exclusivity provision in its appraisal statute, "a successful fraud action may entitle the claimant to more than fair value under

Minnesota's consequential damages provision of the out-of-pocket rule.  Hence, one could …bring a fraud claim, and recover fair value plus consequential damages.").  *See also Krieger v. Gast*, 122 F. Supp. 2d 836, 844 (W.D. Mich. 2000) (noting that "there is [no] significant difference between the scope of the appraisal remedy under Delaware law and the law of other states, because most states, even those whose statutes expressly provide that the appraisal remedy is exclusive, recognize an exception at least for fraud, and in many cases 'unlawful' action.").[6]

Plaintiffs' proposed Amended Complaint seeks equitable relief in the form of rescission or rescissory damages[7] and additional disclosures for Defendants' alleged

---

[6]     *See also, e.g.*, *Sieg Co. v. Kelly*, 568 N.W.2d 794, 802 (Iowa 1997) (Claims of fraud, self-dealing or breach of fiduciary duty "are separate and distinct" and "[t]he narrow remedy provided by an appraisal action does not encompass [them]."); *Mullen v. Academy Life Ins. Co.*, 705 F.2d 971, 973 (8th Cir. 1983) (noting that a developing body of case law and commentary suggests that "majority stockholders owe minority stockholders a fiduciary duty which is independent of statute and which may be enforced in an action other than a statutory [appraisal] proceeding"); *IRA for Benefit of Oppenheimer v. Brenner Cos.*, 107 N.C. App. 16, 419 S.E.2d 354, 357 (N.C. Ct. App. 1992) ("[A] statutory appraisal is not a dissenting shareholder's exclusive remedy when the shareholder has presented claims of breach of fiduciary duty, fraud, self-dealing, securities violations, or similar claims based on allegations other than solely the inadequacy of the stock price."); *Twenty Seven Trust v. Reality Growth Investors*, 533 F. Supp. 1028, 1036 (D. Md. 1982) (citations omitted) ("The prevailing view among state courts . . . is that the statutory appraisal proceeding is not the dissenters' exclusive remedy in cases of fraud, illegal purposes or other wrongful conduct by the majority or controlling shareholder."); *Fleming v. International Pizza Supply Corp.*, 676 N.E.2d 1051, 1055 (Ind. 1997) ("If a transaction is 'unlawful' or 'fraudulent,' the [appraisal] remedy is not the exclusive remedy.").

[7]     It is well-settled that rescissory damages are a form of equitable relief.  *See, e.g.*, *Szaloczi*, 90 P. 3d at 841-42 ("Only in an equitable action can [the plaintiff] possibly obtain rescission or rescissory damages.") (quoting *Nagy v. Bistricer*, 770 A.2d 43, 56 (Del. Ch. 2000)). *See also Earthinfo v. Hydrosphere Resource*, 900 P. 2d 113, 119 (Colo. 1995) (in discussing the determination of rescission damages, "[s]ince rescission is an equitable remedy, it is within the trial court's sound discretion to determine the method for accomplishing a return to the *status quo ante* based upon the facts as determined by the trier of fact.").

breaches of fiduciary duty and unlawful self-dealing and, thus, the Exclusivity Exception applies here and amendment is not futile.

In addition, many jurisdictions, including Delaware, have recognized that the Exclusivity Exception applies where, as here, the Defendants failed to provide shareholders with material information necessary to make an informed decision on a corporate matter requiring their approval. *Turner v. Bernstein*, 776 A.2d 530, 532 (Del. Ch. 2000); *Nagy*, 770 A.2d at 59-60; *see also Gannon*, 807 S.W. 2d at 797 (finding that disclosure violations fell under the Texas appraisal statute's exception to the exclusivity provision, as "[t]he allegations that Baker failed to disclose material information and engaged in self-dealing in distributing the corporate assets are allegations of fraud in the transaction."); *Mitchell Partners*, 656 F.3d  at 214 (finding breach of fiduciary duty claims, including, *inter alia,* disclosure violations, to fall under the exclusivity exception).

Here, Plaintiffs allege that shareholders were forced to decide whether to tender their shares based upon a materially misleading and incomplete Recommendation Statement.  Whether the exception to the appraisal remedy extends to disclosure violations appears to be an issue of first impression in Colorado and Plaintiffs should be entitled to present their argument to the Court.

Nevertheless, Defendants contend that the proposed Amended Complaint would be futile because Plaintiffs' sole remedy is appraisal.  *See* Defs.' Opp. at 8-10.

Recognizing the weakness of their argument, Defendants disingenuously try to rewrite the proposed Amended Complaint from one asserting unlawful breach of fiduciary duty and self-dealing claims to one solely about stock price. In doing so, they cite a handful of instances (taken out of context), in which Plaintiffs allege the Merger consideration was "unfair" or "inadequate." Defs.' Opp. at 8. Defendants, of course, omit the context of the paragraphs from which these quotes were taken, which allege in great detail Plaintiffs' allegations of how the Board allegedly breached its fiduciary duties. Defendants are not permitted to rewrite the Amended Complaint to make their meritless arguments.[8]

## C. This Court Is The Proper Forum To Adjudicate Plaintiffs' Federal And State Law Claims

As a general rule, "federal courts should exercise the jurisdiction they are granted." *Mohr v. Margolis, Ainsworth & Kinlaw Consulting, Inc.*, 434 F. Supp. 2d

---

[8] The cases Defendants rely upon in support of their erroneous argument that Plaintiffs' only remedy is appraisal (Defs.' Opp. at 11-15) are wholly distinguishable and involve law from other states, instances where shareholders never sought equitable relief or wholly irrelevant claims. *See, e.g., Norte & Co. et. al. v. New York and Harlem Railroad Co., et. al.*, 635 N.Y.S. 2d 629 (NY 1995) (plaintiffs precluded from invoking exclusivity exception because claims were derivative); *Szaloczi*, 90 P.3d 835 (while recognizing exclusivity exception, finding shareholder could not assert breach of fiduciary duty claims because he had already received payment for the fair value of his shares and otherwise failed to seek *equitable* relief); *Osher v. Ridinger*, 589 S.E.2d 905 (N.C. App. 2004) (discussing Delaware law but finding court was bound by strict North Carolina statute); *Chalverus v. Bershad*, No. CV094044848S, 2010 WL 3448051 (Conn. Super. Aug. 6, 2010) (Connecticut statute, unlike Colorado, does not recognize an exception to the exclusivity provision); *Burke v. Jacoby*, 981 F.2d 1372, 1381 (2d Cir. 1992) (In denying breach of fiduciary duty claims post-merger, finding "Burke made no attempt to obtain traditionally equitable relief such as a rescission of the merger."); *Walter Schloss Associates v. Arkwin Industries, Inc.*, 460 N.E.2d 1090 (N.Y. App. 1984) (same).

1051, 1062 (D. Kan. 2006).  In only limited circumstances should they defer to duplicative state court proceedings.  *Id.*  "Doubts should be resolved in favor of exercising jurisdiction." *Id.* (citing *Waddell & Reed Financial, Inc. v. Torchmark Corp.*, 180 F. Supp. 2d 1235, 1241 (D. Kan. 2001)).

While recognizing that federal courts routinely exercise supplemental jurisdiction over, overlapping pendant state law claims (Defs.' Opp. at 7), Defendants nevertheless urge the Court not to do so here because there is purportedly duplicative litigation pending in Colorado State court and Plaintiffs' state law claims predominate over their federal Exchange Act claims.  *Id.* at 6-7.

In a class action such as this, however, the question before the Court on class certification -- which is not ripe for the Court's consideration at this juncture before any discovery has even been taken[9]-- is not whether more shareholders may be impacted by one particular claim over another.  Rather, it is whether "questions of law or fact"

---

[9]      *See, e.g.*, *Francis v. Mead Johnson & Co.*, No. 10-cv-00701, 2010 WL 3733023, at *5 (D. Colo. Sept. 10, 2010) ("Although both parties discuss the merits of class certification, it is neither appropriate nor necessary to address those issues at this time") (internal citations omitted).  Indeed, the case Defendants cite in support of their argument, *Marquis v. Tecumseh Products Co.*, 206 F.R.D. 132, 164 (E.D. Mich. 2002), is, in fact, a decision on class certification.  *Marquis* involved individual claims under Title VII of the federal Civil Rights Act, as well as class state law tort claims.  *Id.*  There, unlike here, the court found there was "a significant disjunction in the legal standards governing Plaintiffs' federal and state-law claims" and, thus, there was "little (if anything) to be gained, in terms of judicial economy." *Id.* at 164. In contrast, the court indicated that if the elements of the state and federal claims "were substantially the same, it could then at least be said that the legal issues presented in a state-law class action would compliment, rather than predominate over the issues to be resolved under the individual Plaintiffs' Title VII claims." *Id.*

common to the class predominate over any questions affecting only individual members. Fed. R. Civ. P. 23(b).

Plaintiffs' state and federal law claims arise out of the same transaction and are predicated on the same facts and circumstances brought against the same Defendants. Thus, the state and federal claims are largely overlapping. Defendants, themselves concede as much. Defs.' Opp. at 7 (acknowledging Plaintiffs' state and federal law claims are "duplicative in nature"). Accordingly, any purported individual issues will not predominate over the questions of law and fact common to the class. *See Ansoumana v. Gristede's Operating Corp.*, 201 F.R.D. 81, 95 (S.D.N.Y. 2001) (In retaining jurisdiction over state law claims, finding "the state law claims are substantially similar to the federal law claims and it is likely that they will either succeed or fail together.").

To be sure, in order to show Defendants breached their fiduciary duty of candor, Plaintiffs need to demonstrate that the Recommendation Statement contained material misstatements and/or failed to disclose material information necessary for shareholders to make an informed decision on whether to tender their shares and that Defendants knew or utterly failed to inform themselves that their public statements were misleading. Plaintiffs would need to demonstrate the same facts to adequately allege a claim under Section 14(d) and (e) of the Securities and Exchange Act of 1934. Similarly, in order to demonstrate Defendants breached their fiduciary duties in connection with the process leading up to the sale of New Frontier, Plaintiffs would need to allege facts showing the

17

Defendants acted disloyally and/or in bad faith in approving the Merger – the same facts they would need to allege to state a claim under Section 14.

As demonstrated above, analyzing Rule 23 under the proper standard unequivocally demonstrates that individual issues would not predominate because the claims substantially overlap.  Moreover, Defendants cannot have it both ways, claiming on the one hand that the state law claims predominate, while on the other hand contending that the state and federal claims are largely duplicative.

Defendants' attempt to persuade the Court to not exercise supplemental jurisdiction pursuant to the U.S. Supreme Court's decision in *Colorado River Water Conserv. Dist. v. United States*, 424, U.S. 800 (1976) (the "Colorado River Doctrine")[10] is equally unavailing.  Applying the factors in *Colorado River* weighs *in favor* of this Court exercising supplemental jurisdiction.  *First*, the Court has exercised jurisdiction over this Action and has already adjudicated a substantive motion on Plaintiff Telke's attempt to enjoin the Merger.  The State Court, however, has not adjudicated even one substantive motion in any of the State Actions.  *Second*, this Court is the most convenient forum as it is the only Court that has the power and authority to adjudicate *both* the federal and state law claims.  Moreover, this Court is certainly capable of applying the law of its own state to the state law claims asserted here, as well as federal law.  *Third*, exercising supplemental jurisdiction will not result in piecemeal litigation and, in fact, quite the opposite.  Retaining jurisdiction over the state law claims will allow the court to

---

[10]      *See* Defs.' Opp. at 7.

rule on all claims that are "duplicative in nature" and overlapping at the same time, rather than staying some claims and dismissing others.  If anything, piecemeal litigation will result if the Court does not retain jurisdiction.  *Fourth*, while this Court may have obtained jurisdiction one day after the last of the three State Actions were filed, this Action has progressed further than the State Actions.  Both state and federal law govern the claims in dispute so this factor is neutral.  *Finally*, while the state court may be able to adequately protect the interests of the parties with respect to the state law claims, it has no jurisdiction over the federal claims and, thus, cannot protect the parties' interests with respect to those claims.  Moreover, given the lack of progress in the State Actions, Plaintiffs believe that their interests, as well as the interests of the putative class, are better served by allowing this Action to proceed in this Court.[11]

The only case Defendants rely upon in support of their contention that this Court should defer to the State Actions (Defs.' Opp. at 7-8), *Mohr*, actually supports Plaintiffs' position.  In *Mohr*, the defendant sought to have the plaintiff's federal action defer to an earlier-filed South Carolina state court action filed by the defendant because the claims were duplicative.  *Mohr*, 434 F. Supp. 2d at 1061.  The *Mohr* court found that the *Colorado River* factors weighed in favor of the Federal court retaining jurisdiction over

---

[11]     The cases Defendants cite are inapposite. Defs.' Opp. at 7.  Both cases involved actions where there was a live complaint.  Moreover, *First Interstate Bank of Denver, N.A. v. Federal Deposit Insurance Corp.* involved a claim in which the defendant was sued in its receivership capacity and, thus, the federal court had no jurisdiction. 671 F. Supp. 17, 19 (D. Colo. 1987).  *In re Robert A. SPADE* is a bankruptcy case involving a dispute as to where a debtor should assert its claims.  269 B.R. 225 (D. Colo. 2001).

the state law claims.  *Id.* at 1063.  In so holding, the court found that adjudicating both the state and federal claims would not result in piecemeal litigation because the court could adequately address both claims.  *Id.*  Moreover, the court found that even though the state action was filed first, there was "no indication" that the State Actions were moving any faster than the federal action and chastised the defendants for employing a "lethargic approach" to litigating their state action.  *Id.*  In rejecting the defendants' arguments for deferring jurisdiction to the state court, the *Mohr* court found particularly persuasive "the defendant's delay in pursuing its litigation in South Carolina."  *Id.*

Defendants here have employed a similar "lethargic" approach.  If they were truly concerned about piecemeal litigation, they could have moved to dismiss or stay this Action in favor of the State Actions months ago.  Yet, Defendants have done nothing since they served their answer on December 3, 2012, waiting months to assert any of these arguments, and only after Plaintiffs have put forth substantial time and effort researching and drafting the proposed Amended Complaint in order to prosecute their claims on behalf of themselves and the putative class.

For these reasons, as well as those discussed in Plaintiff's Motion, Plaintiff respectfully requests that this Court retain jurisdiction over this Action and accept the proposed Amended Complaint for filing.  If the Court is inclined to agree with Defendants' position, Plaintiff respectfully requests that the Court grant leave to amend to assert the federal claims on a class wide basis.

## IV.    CONCLUSION

For the reasons set forth above, Plaintiff respectfully requests that the Court grant

his Motion.

Dated: June 27, 2013                        DYER & BERENS LLP
                                            ROBERT J. DYER III
                                            JEFFREY A. BERENS
                                            DARBY K. KENNEDY

                                              /s/ DARBY K. KENNEDY
                                            303 East 17th Avenue, Suite 810
                                            Denver, CO 80203
                                            Tel: (303) 861-1764
                                            Fax: (303) 395-0393
                                            bob@dyerberens.com
                                            jeff@dyerberens.com
                                            darby@dyerberens.com

.                                           LEVI & KORSINSKY, LLP
                                            SHANNON L. HOPKINS
                                            30 Broad Street, 24th Floor
                                            New York, NY  10004
                                            Tel: 212-363-7500
                                            Fax: 212-363-7171
                                            shopkins@zlk.com

                                            CRANE DUNHAM PLLC
                                            STEPHEN J. CRANE
                                            JASON T. LEEHAN
                                            2121 Fifth Avenue
                                            Seattle, WA 98121
                                            Tel: 206-292-9090
                                            Fax: 206-292-9736
                                            scrane@cranedunham.com
                                            jleehan@cranedunham.com

                                            *Counsel for Plaintiff*

21

## CERTIFICATE OF SERVICE

I hereby certify that on June 27, 2013, I electronically filed the foregoing **PLAINTIFF'S REPLY IN SUPPORT OF MOTION FOR LEAVE TO FILE FIRST AMENDED COMPLAINT** with the Clerk of Court using the CM/ECF system, which will send notification of such filing to the e-mail addresses denoted on the Court's Electronic Mail Notice List.

<div style="margin-left: 50%;">

s/ Darby K. Kennedy
Darby K. Kennedy
Attorney for Plaintiff
DYER & BERENS LLP
303 East 17th Avenue, Suite 810
Denver, CO  80203
Telephone: (303) 861-1764
FAX: (303) 395-0393
Email: darby@dyerberens.com

</div>