**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**

Civil Action No.1:12-cv-02941-JLK-KLM

CRAIG TELKE, and
WILLIAM DOUGLAS MORELAND,
Individually and on Behalf of All Others Similarly Situated,

       Plaintiffs,

v.

NEW FRONTIER MEDIA, INC.,
ALAN ISAACMAN,
MELISSA HUBBARD,
HIRAM J. WOO, and
WALTER TIMOSHENKO,

       Defendants.

---

**NEW FRONTIER MEDIA, INC., ALAN ISAACMAN, MELISSA HUBBARD, HIRAM J. WOO, AND WALTER TIMOSHENKO'S ANSWER TO AMENDED CLASS ACTION COMPLAINT FOR BREACH OF FIDUCIARY DUTY AND VIOLATIONS OF THE FEDERAL SECURITIES LAWS**

---

       Defendants New Frontier Media, Inc. ("New Frontier"), Alan Isaacman, Melissa Hubbard, Hiram J. Woo, and Walter Timoshenko ("Individual Defendants," and, collectively with New Frontier, "Defendants"), by and through their undersigned counsel, hereby answer Plaintiffs' Amended Class Action Complaint for Breach of Fiduciary Duty and Violations of the Federal Securities Laws ("Amended Complaint") and state the following with reference to the terms used therein:

       1.      To the extent Paragraph 1 of the Amended Complaint makes any allegations to which Defendants must respond, Defendants deny those allegations.

2.      Defendants admit the allegations of Paragraph 2 which describe New Frontier's business prior to the Merger (as defined by the Amended Complaint). Defendants deny, the implication, if any, that the nature and extent of New Frontier's business changed subsequent to the Merger.

3.      Defendants admit that on October 15, 2012, New Frontier announced in a written press release that it had entered into a definitive agreement to be acquired by LFP Broadcasting LLC and affirmatively alleges that the announcement speaks for itself.  Defendants deny that the summary of the announcement alleged in Paragraph 3 is correct with respect to all particulars of the announcement and specifically denies all allegations of Paragraph 3 that are inconsistent with the written press release.

4.      Defendants deny the allegations of Paragraph 4.

5.      Defendants admit that the tender offer expired on November 27, 2012 and that LFP gave notice of its intent to exercise its Top-Up Option on November 28, 2012, but deny the remaining allegations of Paragraph 5.

6.      With respect to the allegations of Paragraph 6, Defendants admit that directors have received compensation in fully disclosed amounts for services as directors, for services on committees of the board and as chairs of board committees.  Admit that in total for all such services Chairman of the Board Isaacman received $110,000 for fiscal year 2012.  Further admit that the law firm of Isaacman, Kaufman & Painter has received compensation for services provided to New Frontier, but Defendants deny the remaining allegations of Paragraph 6.

7.      Defendants deny the allegations of Paragraph 7.

8.      Defendants deny the allegations of Paragraph 8, but admit that New Frontier received unsolicited proposals and demands from Longkloof expressing an interest in acquiring

the Company and indicating an interest in nominating four individuals for election to the Company's board of directors.

9.     Defendants deny the allegations of Paragraph 9, but admit that on May 31, 2012, New Frontier commenced certain litigation against Longkloof and others acting in concert with it for, among other things, violations of the federal securities laws and regulations.

10.     Defendants deny the allegations of Paragraph 10, but admit that New Frontier did not receive a higher bid for the Company than the bid from LFP which the Company's shareholders accepted by tendering their shares to LFP.

11.     With respect to the allegations of Paragraph 11, Defendants admit that Mr. Weiner's employment was terminated but deny all other allegations of the Paragraph.

12.     Defendants admit that Mr. Isaacman was chairman of the Company's board of directors but deny all other allegations of Paragraph 12.

13.     Defendants admit that a several-year-old internet website reported that there was a $4.00 target price at some time, but Defendants deny all remaining allegations of Paragraph 13.

14.     With respect to the allegations of Paragraph 14, Defendants deny the allegations of the paragraph and state that the summary of the terms of the Merger Agreement is incomplete and inaccurate.

15.     With respect to the allegations of Paragraph 15, Defendants admit that New Frontier filed a 14D-9 Recommendation Statement with the SEC but deny all remaining allegations of the paragraph.

16.     Defendants deny the allegations of Paragraph 16.

17.     Defendants admit that the Court has subject matter jurisdiction over the claims relating to Sections 14(d) and 14(e) of the Securities Exchange Act of 1934.  Defendants deny the remaining allegations of Paragraph 17.

18.     Defendants have insufficient knowledge to either admit or deny the allegations of Paragraph 18 and therefore deny them.

19.     Defendants admit that venue is proper, but deny all remaining allegations of Paragraph 19.

20.     Defendants admit, upon information and belief, that Plaintiff Telke at one time owned 300 shares of New Frontier.  Defendants deny the remaining allegations of Paragraph 20.

21.     Defendants admit that Plaintiff Moreland at one time owned shares of New Frontier, but lack sufficient knowledge or information to either or admit or deny the allegations as to his family's ownership of the Company's shares and therefore denies them.  Defendants deny the remaining allegations of Paragraph 21.

22.     Defendants admit the allegations of Paragraph 22.

23.     Defendants admit the allegations of Paragraph 23.

24.     Defendants admit the allegations of Paragraph 24.

25.     Defendants admit that Mr. Woo was a director of the Company from 2003 until the Merger closed, but deny the remaining allegations of Paragraph 25.

26.     Defendants admit the allegations of Paragraph 27.

27.     Paragraph 27 does not make allegations requiring a response from Defendants.  If a response should be required, upon information and belief, Defendants admit that LFP Broadcasting has offices at the referenced address in Beverly Hills, California and that LFP Broadcasting or its affiliated companies markets the Hustler brand of through media properties

and licensing agreements, including Hustler TV.  Defendants deny that LFP Broadcasting is a Delaware corporation and have insufficient information to either admit or deny the remaining allegations of the paragraph and therefore deny them.

28.     Paragraph 28 asserts legal conclusions which do not require a response from Defendants.  If a response should be required, the Individual Defendants admit that they had the legal obligations imposed by applicable law upon them as directors of New Frontier.

29.     Paragraph 29 asserts legal conclusions which do not require a response from Defendants.  If a response should be required, the Individual Defendants admit that they were subject to certain legal obligations as directors of New Frontier, but deny that the allegations of Paragraph 29 and subparagraphs (a) through (d) are complete or accurate descriptions of those obligations that were applicable with respect to the Merger.

30.     Paragraph 30 asserts legal conclusions which do not require a response from Defendants.  If a response should be required, the Individual Defendants admit that they were subject to certain legal obligations as directors of New Frontier, but deny that the allegations of Paragraph 30 and subparagraphs (a) through (c) are complete or accurate descriptions of those obligations that were applicable with respect to the Merger.

31.     Defendants deny the allegations of Paragraph 31.

32.     The first sentence of Paragraph 32 asserts legal conclusions which do not require a response from Defendants.  If a response should be required, the Individual Defendants admit that they were subject to certain legal obligations as directors of New Frontier, but deny that the allegations of the paragraph are complete or accurate descriptions of those obligations that were applicable with respect to the Merger.  Defendants deny the remaining allegations of Paragraph 32.

33.     Defendants admit the allegations of Paragraph 33.

34.     Defendants admit the allegations of Paragraph 34.

35.     Defendants admit the allegations of Paragraph 35.

36.     Defendants admit the allegations of Paragraph 36.

37.     Defendants admit the allegations of Paragraph 37.

38.     To the extent header "B." before Paragraph 38 makes substantive allegations which require a response from Defendants, those allegations are denied.  Defendants state that New Frontier's public filings speak for themselves and otherwise deny the allegations of Paragraph 38.

39.     Defendants admit that New Frontier was governed by rules governing publicly-traded companies, state that the publicly-available amounts of Board member compensation speak for themselves, and otherwise deny the allegations of Paragraph 39.

40.     Defendants admit that New Frontier established the referenced committees of the board of directors, but otherwise deny the allegations of Paragraph 40.

41.     Defendant Timoshenko admits he met with Rothstein, denies that Paragraph 41 accurately or completely describes their conversations, and Defendants otherwise deny the allegations of Paragraph 41.

42.     Defendants admit that a Special Committee was formed for specific purposes, state that the Recommendation Statement and the publicly-available amounts of Board member compensation speak for themselves, but otherwise deny the allegations of Paragraph 42.

43.     Defendants admit that Nicholas transmitted two letters that were critical of the Special Committee and other committees of the Board's actions and to which the Company's

Case No. 1:12-cv-02941-JLK   Document 31   filed 09/19/13   USDC Colorado   pg 7 of 21

Board responded, all of which have been made publicly available. Defendants deny that Nicholas' accusations were truthful, and further deny all remaining allegations of Paragraph 43.

44.     Defendants admit that a Compliance Committee was formed with the approval of the Board of Directors but deny the remaining allegations of Paragraph 44.

45.     Defendants admit that the law firm of Isaacman, Kaufman & Painter received payment for services rendered to New Frontier but otherwise deny the allegations of Paragraph 45.

46.     Defendants deny the allegations of Paragraph 46.

47.     To the extent heading "C" before Paragraph 47 makes substantive allegations to which Defendants must respond, Defendants deny those allegations. Defendants state that the Recommendation Statement speaks for itself, admit that Rothstein, Weiner, and Isaacman met and admit that Rothstein telephoned the Board, but deny that the description of those meetings and calls is complete or accurate and otherwise deny the allegations of Paragraph 47.

48.     Defendants admit that Mr. Park provided services to New Frontier and informed the Board that Longkloof intended to make an offer to acquire all the shares of the Company and was considering proposing changes to the Board's composition, but deny the remaining allegations of Paragraph 48.

49.     Defendants admit a Special Committee was formed on February 7, 2012, comprised of the referenced members but otherwise deny the allegations of Paragraph 49.

50.     Defendants admit that Longkloof sent a letter to the Board on February 15, 2012, which speaks for itself, and otherwise deny the allegations of Paragraph 50.

51.     Defendants admit that Longkloof sent another letter to the Board on March 9, 2012, which speaks for itself, and otherwise deny the allegations of Paragraph 51.

52.     Defendants deny the allegations of Paragraph 52.

53.     Defendants deny the allegations of Paragraph 53.

54.     Defendants deny the allegations of Paragraph 54.

55.     Defendants admit that the Board received two unsolicited acquisition proposals referenced in Paragraph 55, but deny that the descriptions thereof are accurate and complete and otherwise deny the remaining allegations of Paragraph 55.

56.     Defendants admit that Mr. Nicholas and Mr. Woo were removed from the Special Committee, admit that Mr. Woo was reinstated, and otherwise deny the allegations of Paragraph 56.

57.     Defendants admit that Longkloof delivered a letter to New Frontier on April 26, 2012 purporting to nominate a slate of four individuals for election to the Board at the Company's 2012 annual meeting of shareholders that would, if elected, have replaced all members of the Board other than Weiner and Nicholas, state that the letter speaks for itself, deny that the description of the letter is complete or accurate, and upon information and belief deny the remaining allegations of Paragraph 57.

58.     To the extent heading "D." before Paragraph 58 makes substantive allegations against Defendants requiring a response, Defendants deny those allegations.  Defendants admit only that the Special Committee determined to recommend to the Board that the referenced action be undertaken, including a "targeted auction" or "mini auction" on behalf of the Company's shareholders, but otherwise deny the allegations of Paragraph 58.

59.     Defendants deny the allegations of Paragraph 59.

60.     In response to the allegations of Paragraph 60, Defendants state that the Recommendation Statement speaks for itself and otherwise deny the allegations of the paragraph.

61.     Defendants deny the allegations of Paragraph 61, except admit that Ed Norton played the role of Isaacman and Harrelson the role of Flynt in the referenced movie.

62.     Defendants admit that Avondale contacted Bidders C and D, that the two bidders signed confidentiality agreements with the Company but neither resulted in a meaningful offer, but otherwise deny remaining allegations of Paragraph 62.

63.     Defendants admit that Longkloof sent a letter to the Board on May 23, 2012 to increase its proposed purchase price for all the outstanding shares of the Company not owned by Longkloof to $1.75, state that it speaks for itself, deny that the description of the letter is complete or accurate, and otherwise deny the allegations of Paragraph 63.

64.     Defendants admit that on May 24, 2012, Avondale sent first round bid process letters to the referenced interested parties, but deny that the description of the bid process letters is accurate or complete and state that the bid process letters speak for themselves, and otherwise deny the remaining allegations of Paragraph 64.

65.     Defendants admit that on May 31, 2012, New Frontier filed a lawsuit against Longkloof and others, but state that the complaint speaks for itself.  Defendants deny the remaining allegations of Paragraph 65.

66.     Defendants admit that the Special Committee determined to commence a lawsuit without conferring with Nicholas or Weiner against Longkloof and others acting illegally in concert with it and that the Board, including Nicholas and Weiner, subsequently ratified the filing of the lawsuit, but otherwise deny the remaining allegations of Paragraph 66.

67.     Defendants deny the allegations of Paragraph 67.

68.     Defendants deny the allegations of Paragraph 68.

69.     Defendants admit receiving the referenced indications of interest from LFP, Longkloof and Bidder C, but otherwise deny the allegations of Paragraph 69.

70.     Defendants admit that Longkloof filed counter-claims, which speak for themselves, and otherwise deny the allegations of Paragraph 70.

71.     Defendants admit that Mr. Woo was reinstated to the Special Committee, state the Recommendation Statement speaks for itself, and otherwise deny the allegations of Paragraph 71.

72.     In response to Paragraph 72, Defendants admit the Company entered into a settlement agreement with Longkloof and other associated parties, state that the settlement agreement speaks for itself and otherwise deny that the paragraph fully or accurately describes the agreement.

73.     Defendants admit that the Special Committee was of the view that Longkloof and LFP were the only viable bidders with which to pursue a transaction but deny that Paragraph 73 fully or accurately describes the committee's views.  Defendants deny the remaining allegations of Paragraph 73.

74.     Defendants admit that Mr. Weiner was terminated and that Mr. Nicholas was removed from the Special Committee.  Defendants deny the remaining allegations of Paragraph 74.

75.     Defendants admit that Mr. Nicholas sent a letter on October 8, 2012, and state that the letter speaks for itself.  Defendants deny the remaining allegations of Paragraph 75.

76.     Defendants admit that Mr. Weiner sent a letter on October 10, 2012, and state that the letter speaks for itself.  Defendants deny the remaining allegations of Paragraph 76.

77.     Defendants deny the allegations of Paragraph 77.

78.     To the extent header "E." before Paragraph 78 makes substantive allegations which require a response from Defendants, those allegations are denied.  Defendants admit that New Frontier issued a press release on October 15, 2012, announcing the execution of the Merger Agreement with LFP, which speaks for itself.  Further, Defendants admit that certain of the terms with LFP included a tender offer of $2.02 with an additional contingent payment of up to $0.06 per share depending upon New Frontier's cash balances as of the closing.  Defendants deny the remaining allegations of Paragraph 78.

79.     Defendants deny the allegations of Paragraph 79.

80.     Defendants state that New Frontier's development agreement speaks for itself and deny that Paragraph 80 completely or accurately describes that agreement.

81.     With respect to Paragraph 81, Defendants admit that Avondale prepared a "premium paid analysis", and that a several-year-old internet webpage for New Frontier at one time displayed a price target of $4, but deny the remaining allegations.

82.     Defendants deny the allegations of Paragraph 82.

83.     Defendants admit that the Denver Post published an article about the Merger.  Defendants deny the remaining allegations of Paragraph 83.

84.     Defendants admit that both *Seeking Alpha* and *Business Insider* published material about the Merger, but otherwise deny the allegations of Paragraph 84.

85.     Defendants admit that *Business Insider* published material about the Merger, but otherwise deny the allegations of Paragraph 85.

86.     Defendants deny the allegations of Paragraph 86.

87.     To the extent header "F." before Paragraph 87 makes substantive allegations which require a response from Defendants, those allegations are denied.  Defendants admit that Avondale concluded the $2.02 per share price was "fair", but deny the remaining allegations of Paragraph 87.

88.     To the extent header "1." before Paragraph 88 makes substantive allegations which require a response from Defendants, those allegations are denied.  Defendants admit that Avondale used EBIT multiples in its analyses, but deny the remaining allegations of Paragraph 88.

89.     Defendants admit the definitions of EBITDA and EBIT, state that New Frontier's accounting records speak for themselves and otherwise deny the allegations of Paragraph 89.

90.     Defendants deny the allegations of Paragraph 90.

91.     Defendants admit that Avondale selected EBIT multiples of 5x and 7x in the *Discounted Cash Flow Analysis*, but deny the remaining allegations of Paragraph 91.

92.     Defendants admit  the allegations of Paragraph 92, except the allegations of the last sentence thereof, which Defendants deny.

93.     With respect to Paragraph 93, Defendants admit that Avondale performed a *Comparable Companies Analysis* which examined New Frontier's LTM 2012 and 2013 EBIT multiples and that certain information for selected comparable companies was not entirely available, but deny the remaining allegations of the paragraph.

94.     Defendants deny the allegations of Paragraph 94.

95.     Defendants deny the allegations of Paragraph 95.

96.     To the extent header "2." before Paragraph 96 makes substantive allegations which require a response from Defendants, those allegations are denied.  Defendants deny the allegations of Paragraph 96.

97.     With respect to the final sentence of Paragraph 97, Defendants admit that New Frontier was current with respect to its financial reporting and had no debt.  Defendants are without sufficient information to admit or deny the remaining allegations of Paragraph 97 and therefore deny them.

98.     Defendants admit that New Frontier's LTM and 2012 EPS figures were negative as was New Frontier's LTM EBIT, but deny the remaining allegations of Paragraph 98.

99.     Defendants deny the allegations of Paragraph 99.

100.     To the extent header "G." before Paragraph 100 makes substantive allegations which require a response from Defendants, those allegations are denied.  Defendants deny the allegations of Paragraph 100.

101.     In response to the allegations in Paragraph 101, Defendants state that the Merger Agreement terms speak for themselves and deny all other allegations of Paragraph 101.

102.     In response to the allegations in Paragraph 102, Defendants state that the Merger Agreement terms speak for themselves and deny all other allegations of Paragraph 102.

103.     In response to the allegations in Paragraph 103, Defendants state that the Merger Agreement terms speak for themselves and deny all other allegations of Paragraph 103.

104.     In response to the allegations in Paragraph 104, Defendants admit  upon closing of the tender offer, approximately 83.1% of the Company's outstanding shares had been tendered and pursuant to the Merger Agreement, LFP Broadcasting exercised its Top-Up Option to acquire sufficient shares to reach 90% of the Company's outstanding stock necessary to effect a

short-form merger under Colorado law.   Defendants state that the Merger Agreement terms speak for themselves and deny all other allegations of Paragraph 104.

105.    Defendants deny the allegations of Paragraph 105.

106.    Defendants deny the allegations of Paragraph 106.

107.    To the extent header "H." before Paragraph 107 makes substantive allegations which require a response from Defendants, those allegations are denied.   Defendants state that the Recommendation Statement speaks for itself and deny the allegations of Paragraph 107.

108.    Defendants deny the allegations of Paragraph 108.

109.    To the extent header "1." before Paragraph 109 makes substantive allegations which require a response from Defendants, those allegations are denied.   Defendants state that the Recommendation Statement speaks for itself and otherwise deny the allegations of Paragraph 109.

110.    Paragraph 110 does not make allegations against Defendants which appear to require a response.   To the extent Paragraph 110 makes any allegations against Defendants, they are denied.

111.    To the extent header "2." before Paragraph 111 makes substantive allegations which require a response from Defendants, those allegations are denied.   Defendants state that the Recommendation Statement speaks for itself and otherwise deny any allegations of Paragraph 111, including subparagraphs (a) through (d).

112.    Defendants deny the allegations of Paragraph 112.

113.    To the extent header "3." before Paragraph 113 makes substantive allegations which require a response from Defendants, those allegations are denied.   Defendants state that

the Recommendation Statement speaks for itself and otherwise deny any allegations of Paragraph 113, including subparagraphs (a) through (r).

114.    Paragraph 114 does not make allegations against Defendants which appear to require a response.  Defendants deny that Plaintiffs are entitled to any relief, including rescission of the Merger or money damages.

115.    Plaintiffs' Amended Complaint speaks for itself; as such, Plaintiffs' description of their Amended Complaint requires no response from Defendants.  To the extent Paragraph 115 makes substantive allegations requiring a response, Defendants deny those allegations. Defendants specifically deny that Plaintiffs' Amended Complaint can be maintained as a class action and deny that Plaintiffs are appropriate class representatives.

116.    Defendants admit that New Frontier's transfer agent maintains records of the holders of its common stock and that they may in some instances be contacted by mail.  Deny that mail is an effective means of communicating with shareholders whose stock is held in street name at brokerage firms or other financial institutions, and deny that forms of notice from other actions are appropriate for use here.  Defendants admit that the number of New Frontier's shares outstanding as of the date of the merger is set forth in the Merger Agreement. Defendants deny the remaining allegations of Paragraph 116.   Defendants specifically deny that Plaintiffs' Amended Complaint can be maintained as a class action.

117.    Defendants deny the allegations of Paragraph 117 and specifically deny that Plaintiffs' Amended Complaint can be maintained as a class action.  Further deny that whether the putative class would be irreparably harmed (subparagraph (vi)) and whether the putative class is entitled to injunctive relief (subparagraph (viii)) are issues for determination in this case, as Plaintiffs' have already been denied that relief.

118.    Defendants deny the allegations of Paragraph 118 and specifically deny that Plaintiffs' Amended Complaint can be maintained as a class action or that the named Plaintiffs' are entitled to be designated as class representatives.

119.    Defendants deny the allegations of Paragraph 119 and specifically deny that Plaintiffs' Amended Complaint can be maintained as a class action.

120.    Defendants deny the allegations of Paragraph 120 and specifically deny that Plaintiffs' Amended Complaint can be maintained as a class action.  Defendants further state that Plaintiffs had an adequate, effective, and exclusive remedy under Colorado law to dissent and obtain an appraisal of the value of their shares, but they failed to exercise that remedy. Defendants affirmatively state that this action is an inferior and impermissible attempt to evade the exclusivity of the dissent and appraisal remedy that Plaintiffs have waived.

121.    In response to Paragraph 121, Defendants incorporate their responses to the referenced paragraphs of the Amended Complaint. The allegations of this claim are against the Individual Defendants. Therefore, no response from Defendant New Frontier appears to be required.

122.    Paragraph 122 does not make allegations requiring a response.

123.    The Individual Defendants deny the allegations of Paragraph 123.

124.    The Individual Defendants admit that Section 14(e) of the Securities Exchange Act is quoted correctly, but deny the remaining allegations of Paragraph 124.

125.    The Individual Defendants deny the allegations of paragraph 125.

126.    The Individual Defendants deny the allegations of paragraph 126.

127.    In response to Paragraph 127, Defendants incorporate their responses to the referenced paragraphs of the Amended Complaint. The allegations of this claim are against the

Individual Defendants.   Therefore, no response from Defendant New Frontier appears to be required.

128.   The Individual Defendants deny the allegations of Paragraph 128.

129.   Paragraph 129 sets forth legal conclusions to which no response is required, or if one is required, the Individual Defendants deny that the allegations are a correct statement of applicable legal standards; except the Individual Defendants admit that the Merger Agreement has resulted in a change in control of New Frontier.

130.   The Individual Defendants deny the allegations of Paragraph 130.

131.   The Individual Defendants deny the allegations of Paragraph 131.

132.   To the extent that Plaintiffs and the putative class voluntarily relinquished and waived their rights by failing to request appraisal of their shares, the Individual Defendants admit the allegations of Paragraph 132.   In all other respects, the Individual Defendants deny the allegations of Paragraph 132.

133.   In response to Paragraph 133, Defendants incorporate their responses to the referenced paragraphs of the Amended Complaint. The allegations of this claim are against the Individual Defendants.   Therefore, no response from Defendant New Frontier appears to be required.

134.   Paragraph 134 sets forth legal conclusions to which no response is required or if one is required, the Individual Defendants deny that the allegations set forth the applicable legal standards.

135.   The Individual Defendants deny the allegations of Paragraph 135 and incorporate their previous responses to the referenced paragraphs of the Amended Complaint.

136.   The Individual Defendants deny the allegations of Paragraph 136.

137.   To the extent that Plaintiffs and the putative class voluntarily relinquished and waived their rights by failing to request appraisal of their shares, the Individual Defendants admit the allegations of Paragraph 137.   The Individual Defendants otherwise deny the allegations of Paragraph 137.

138.   In response to Paragraph 138, Defendants incorporate their responses to the referenced paragraphs of the Amended Complaint. The allegations of this claim are against New Frontier. Therefore, no response from the Individual Defendants appears to be required

139.    Defendant New Frontier denies the allegations of paragraph 139.

140.   Defendant New Frontier denies the allegations of paragraph 140.

141.   To the extent that Plaintiffs and the putative class voluntarily relinquished and waived their rights by failing to request appraisal of their shares, New Frontier admits the allegations of Paragraph 141.   Defendant New Frontier otherwise denies the allegations of paragraph 141.

## AFFIRMATIVE DEFENSES

Defendants set forth the following affirmative defenses:

1.   Plaintiffs' Amended Complaint fails to state a claim upon which relief can be granted.

2.   Plaintiffs lack standing to bring their claims.

3.   The relief Plaintiffs seek is barred at least in part by the doctrine of the law of the case, as the Court ruled on November 27, 2012 that Plaintiff Telke was not entitled to a preliminary injunction.

4.      Plaintiffs' claims are barred in whole or in part by the doctrines of estoppel, waiver, ratification, and/or laches due to Plaintiffs' failure to object to the Merger Agreement in a timely fashion.

5.      Plaintiffs' claims are barred in whole or in part by Defendants' good faith reliance on the advice of counsel.

6.      Plaintiffs' claims are barred in whole or in part because of Plaintiffs' abuse of process.

7.      Plaintiffs' claims are barred in whole or part by the dissenters' rights and remedy of appraisal under Colorado Revised Statutes §§ 7-113-101 *et seq*., which was Plaintiffs' exclusive remedy with respect to the Merger.  Plaintiffs voluntarily relinquished and waived any rights by failing to exercise time their dissenters' rights and appraisal remedy.

8.      Because Plaintiffs failed to perfect their dissenters' rights and appraisal remedy, they have failed to mitigate their damages.

9.      Plaintiffs have failed to plead their claims with the requisite particularity and in compliance with applicable law governing securities fraud actions, including the Private Securities Litigation Reform Act, 15 U.S.C. § 78u-4(b)(1) and (2).

10.     Plaintiff Moreland's claims are barred in whole or in part due to his unclean hands with respect to the Merger and his or his family's trading activities in connection therewith, into which one or more regulatory bodies, including Financial Industry Regulatory Authority, Inc. ("FINRA"), conducted an investigation.

WHEREFORE, Defendants pray for judgment in their favor and against Plaintiffs, individually and as representatives of a putative class of all others similarly situated adjudging and decreeing that Plaintiffs' claims and all causes of action based thereon be dismissed with

prejudice in their entirety, that Plaintiffs take nothing by their Amended Complaint and that

Defendants be awarded their costs, expert witness fees, expenses, reasonable attorney fees and

such further or different relief as the Court determines they may be entitled.

DATED:   September 19, 2013.

Respectfully submitted,

_s/   Stuart N. Bennett_
Stuart N. Bennett
Aaron D. Goldhamer
**JONES AND KELLER, P.C.**
1999 Broadway, Suite 3150
Denver, CO 80202
Telephone:        (303) 573-1600
Fax:              (303) 573-8133
E-mail:           sbennett@joneskeller.com
                  agoldhamer@joneskeller.com

Attorneys for Defendants New Frontier Media, Inc.,
Alan Isaacman, Melissa Hubbard, Hiram J. Woo and
Walter Timoshenko

## CERTIFICATE OF SERVICE

I hereby certify that on September 19, 2013, I electronically filed the foregoing with the

Clerk of Court using the CM/ECF system which will send notification of such filing to the

following e-mail addresses:

| | | |
|---|---|---|
| *Attorneys for Plaintiff* | jeff@dyerberens.com<br>darby@dyerberens.com | Robert J. Dyer III<br>Jeffrey A. Berens<br>Darby K. Kennedy<br>DYER & BERENS LLP<br>303 East 17th Avenue, Suite 300<br>Denver, CO   80203 |
| | shopkins@zlk.com | Shannon L. Hopkins<br>LEVI & KORSINSKY LLP<br>30 Broad Street, 24th Floor<br>New York, NY    10004 |
| | scrane@cranedunham.com<br>jleehan@cranedunham.com | Stephen J. Crane<br>Jason T. Leehan<br>Crane Dunham PLLC<br>2121 Fifth Avenue<br>Seattle, WA 98121 |

And I hereby certify that I have mailed or served the document or paper to the following

non CM/ECF participants in the manner indicated by the non-participant's name:    NONE

s/   Stuart N. Bennett
Stuart N. Bennett
Aaron D. Goldhamer
Attorneys for Defendants New Frontier Media, Inc.,
Alan Isaacman, Melissa Hubbard, Hiram J. Woo and
Walter Timoshenko
**JONES AND KELLER, P.C.**
1999 Broadway, Suite 3150
Denver, CO 80202
Telephone:         303-573-1600
Fax:                   303-573-8133
E-mail:              sbennett@joneskeller.com
                         agoldhamer@joneskeller.com