

30 Broad Street, 24th Floor
New York, NY 10004
T: 212-363-7500
F: 212-363-7171
www.zlk.com

Shannon L. Hopkins
shopkins@zlk.com

February 12, 2014

**EMAIL**

Stuart N. Bennett
1999 Broadway, Suite 3150
Denver, CO  80202
*sbennett@joneskeller.com*

       Re:    *Telke v. New Frontier Media, Inc., et. al.*, Civ. No. 1:12-cv-02941-JLK

Dear Stu:

      I write to memorialize our telephonic meet and confer on February 7, 2014 regarding the scope and method that defendants used to search for relevant documents in connection with the above-referenced litigation ("Action").  I also write to express our concerns with the methods and criteria that defendants used to search for relevant and responsive documents in hopes that we can quickly and efficiently resolve these issues.

## I.    Relevant Period

      You indicated that you searched for relevant and responsive documents for the period January 1, 2012 through November 30, 2012.

## II.    Custodians Searched

      With respect to the custodians that you searched for documents relevant to this Action, you indicated that you searched the following individuals' emails for relevant documents:  Alan Isaacman, Melissa Hubbard, Hiram J. Woo and Walter Timoshenko (the "Board Members") and Michael Weiner, Scott Piper, Grant Williams and Marci Callipari (the "Executive Officers," and, collectively, the "Custodians").

## III.    Scope of Document Search for Executive Officers

      With respect to the scope and methods you used to search the Executive Officers' emails for relevant documents, you stated that you searched each Executive Officer's work computer for responsive emails sent or received from their New Frontier Media, Inc. ("NOOF") email address using a list of predetermined search terms created by the defendants.  You also searched the local hard drives on their computers, NOOF's servers and NOOF's back-up storage.  You agreed to

Stuart N. Bennett
Page 2
February 12, 2014

provide us with the list of search terms used for these searches during the week of February 10, 2014.

There is the potential that the Executive Officers also used their personal computers and/or email accounts to communicate on matters relating to this Action. Accordingly, please confirm whether the Executive Officers did use their personal emails and/or computers and, if so, whether you have also searched them in connection with your discovery obligations in this Action. If you have searched their personal computers and/or emails, please also describe the method(s) and criteria that you used to search them.

## IV.   Scope of Document Search for Board Members

### A.   Electronic Mail Searches

You stated that Isaacman and Hubbard engaged an IT professional to search for relevant documents. With respect to the e-mail searches that were conducted on their NOOF and law firm email accounts, where applicable, you stated that no search terms were used to cull relevant documents. Rather, these Isaacman and Hubbard individuals provided you with all emails that they personally determined were somehow related to the Action. It is not clear, however, what criteria they used to determine which documents were relevant to this Action. For Isaacman, Hubbard and Woo, can you please provide clarification on what criteria and search terms were used to determine which documents to produce.

With respect to Mr. Timoshenko, you stated that he did not engage an IT professional to search his emails and, rather, conducted the searches himself. You further stated that Mr. Timoshenko did not, to your knowledge, use any search terms to cull relevant documents. Rather, Ms. Timoshenko provided you with all emails that he alone determined were relevant to the Action. You did not know how Mr. Timoshenko went about searching his email nor the criteria Mr. Timoshenko used to determine which documents were relevant to this Action. Please provide clarification on what criteria was used by Mr. Timoshenko to determine which documents to produce.

You stated that it is Mr. Woo's practice to print emails he receives and then immediately delete them. Thus, Mr. Woo only retains hard copies of all emails received. With respect to Mr. Woo's email printouts, you stated the Mr. Woo provided you with all emails related to this Action. It is not clear, however, what criteria Mr. Woo or you used to determine which documents were relevant to this Action. Please provide clarification as to: 1) what criteria was used to determine which documents to produce, 2) whether Mr. Woo, himself, searched through those hard copy emails or if someone else conducted the search, 3) whether it is Mr. Woo's practice to print all emails received or just emails related to the allegations of this Action, and 4) what Mr. Woo's practice is for purging or destroying such documents (e.g., how long he keeps the emails, the method of destruction, etc.…).

Stuart N. Bennett
Page 3
February 12, 2014

Given that Mr. Woo has admittedly destroyed evidence despite instructions from counsel at Holland & Hart not to do so in April 2012, we request that Mr. Woo's personal computer be imaged and restored in order for a proper search to be conducted if necessary

**B.      Isaacman's Personal E-mail Account**

During the meet and confer call, we asked whether Mr. Isaacman conducted business related to the allegations in this Action through his personal email. Please confirm whether he did and, if so, whether defendants will voluntarily agree to search Mr. Isaacman's personal email for responsive documents.

**C.      NOOF E-mail Accounts**

You stated that Mr. Isaacman communicated with respect to issues in this Action from both his NOOF email address and his law firm, Isaacman, Kaufman & Painter, P.C., email address, while Woo, Hubbard and Timoshenko all communicated only from their personal emails. You further stated that you were unsure of whether Woo, Hubbard and Timoshenko also had, and communicated from, a NOOF email account on matters regarding this Action. Thus, you searched only their personal email accounts for relevant documents. Please confirm whether Woo, Hubbard and Timoshenko also maintain a NOOF email account form which they may have communicated about allegations in this Action and, if so, whether defendants intend to search their NOOF email accounts.

**D.      Hard Drives of Computers Searched**

It is not clear whether the hard drives from the Board Members' personal and work computers were searched for documents relating to the Action. Please confirm whether they were or not. In addition, if the computer hard drives were searched, please advise what methods and criteria were used and where did you search (e.g., a "Documents" folder, etc...). If the computer hard drives were not searched, we will need to arrange for appropriate searches?

**V.      Electronic Devices Other Than Work, Home and Office Computers**

You stated that you searched home, office and work computers where applicable. However, you were not sure whether any of the Custodians used other electronic devices to communicate and/or conduct business relating to the Action, such as iPads, tablets or cellular phones. Please confirm whether any of the Custodians used any of these decides and, if so, whether defendants will agree to conduct the appropriate searches for relevant documents.

Stuart N. Bennett
Page 4
February 12, 2014

     I thank you for your time and attention to these issues and look forward to working through them cooperatively to expeditiously resolve them.

Sincerely,

Shannon L. Hopkins

cc:    Stephen J. Crane, Esq.
       Jason Leehan, Esq.
       Stephanie A. Bartone, Esq.