## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

Civil Action No. 1:12-cv-02941-JLK

CRAIG TELKE and
WILLIAM DOUGLAS MORELAND,
Individually and on Behalf of All Others Similarly Situated,

      Plaintiffs,

v.

NEW FRONTIER MEDIA, INC.,
ALAN ISAACMAN,
MELISSA HUBBARD,
HIRAM J. WOO, and
WALTER TIMOSHENKO,

      Defendants.

---

## PLAINTIFFS' FIRST SET OF INTERROGATORIES TO DEFENDANTS NEW FRONTIER MEDIA, INC., ALAN ISAACMAN, MELISSA HUBBARD, HIRAM J. WOO, AND WALTER TIMOSHENKO

---

Pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure, Plaintiffs Craig Telke and William Douglas Moreland ("Plaintiffs") hereby demand that defendants New Frontier Media, Inc., Alan Isaacman, Melissa Hubbard, Hiram J. Woo, and Walter Timoshenko ("Defendants") fully answer, in writing and under oath, the following interrogatories.  A true copy of the answers and any objections the Defendants may have to these interrogatories must be served on the undersigned counsel within 30 days.  The following interrogatories are to be read in accordance with the definitions and instructions below.

## DEFINITIONS

1.      "New Frontier" or the "Company" means New Frontier Media, Inc., any of its predecessors or predecessors in interest, successors or successors in interest, divisions, parents,

affiliates, subsidiaries, and anyone acting or purporting to act on its behalf, including any of its respective directors, officers, managing agents, agents, employees, attorneys, accountants, or other representatives, intermediaries, or committees thereof.

2.      "Individual Defendants" means Alan Isaacman, Melissa Hubbard, Hiram J. Woo, and Walter Timoshenko.

3.      "LFP Broadcasting" means LFP Broadcasting, LLC, any of its predecessors or predecessors in interest, successors or successors in interest, divisions, parents, affiliates, subsidiaries, and anyone acting or purporting to act on its behalf, including any of its respective directors, officers, managing agents, agents, employees, attorneys, accountants, or other representatives, intermediaries, or committees thereof.

4.      "Avondale" means Avondale Partners LLC, any of its predecessors or predecessors in interest, successors or successors in interest, divisions, parents, affiliates, subsidiaries, and anyone acting or purporting to act on its behalf, including any of its respective directors, officers, managing agents, agents, employees, attorneys, accountants, or other representatives, intermediaries, or committees thereof.

5.      "Business Relationship" refers to any relationship, whether formal, informal, contractual or legal, concerning any employment, occupation, profession, ownership or equity interest for monetary gain, personal gain or livelihood.  "Business Relationship" shall also include, without limitation, any monetary, financial or labor investment.

6.      "Communication" means the transmittal of information (in the form of facts, ideas, inquiries, or otherwise) by any means, including, without limitation, executive summaries, memoranda and electronic mail.

7.      "Concerning" shall be construed in its broadest sense, and shall also mean, without limitation, relating to, referring to, reflecting, pertaining to, describing, evidencing, constituting, summarizing, arising out of, discussing, and comparing.

8.      "Document" shall be construed in its broadest sense and in accordance with the Federal Rules of Civil Procedure to include, without limitation, any writings, emails, records, drawings, graphs, charts, files, photographs, sound recordings, images, and other data or data compilations (including Electronic data) that have been recorded, stored, or transmitted in any medium from which information can be obtained either directly or, if necessary, after translation by the responding party into a reasonably usable form.   A draft or non-identical copy is a separate document within the meaning of this term.

9.      "Financial Advisor" includes, without limitation, any financial institution, financial advisor, financial analyst, stockbroker, investment advisor, investment banker, accountant, expert, and any other person or entity that provided analysis or a fairness opinion concerning the Merger or any other Offers, including Avondale and Grant Thornton.

10.     "Identify" when used to refer to a natural person, shall mean to set forth that person's: (i) full name and title, if any; (ii) present or last known address; (iii) present or last known business and home telephone number(s); and (iv) present or last known employer.

11.     "Identify" when used to refer to a document, shall mean: (i) the date of each document; (ii) the type of each such document (*i.e.*, correspondence, memorandum, business record, etc.); (iii) the identity of the author(s) or preparer(s) of each such document; and (iv) the present location of each such document or copies thereof.

12.     "Isaacman, Kaufman & Painter" means Isaacman, Kaufman & Painter, P.C. any of its predecessors or predecessors in interest, successors or successors in interest, divisions,

partners, affiliates, subsidiaries, and anyone acting to purporting to act on its behalf, including any of its respective directors, officers, managing agents, agents, employees, attorneys, accountants, or other representatives, intermediaries, or committees thereof.

13.     "Longkloof" means Longkloof Limited, any of its predecessors or predecessors in interest, successors or successors in interest, divisions, partners, affiliates, subsidiaries, and anyone acting to purporting to act on its behalf, including any of its respective directors, officers, managing agents, agents, employees, attorneys, accountants, or other representatives, intermediaries, or committees thereof.

14.     "Merger" means the transaction announced on October 15, 2012, pursuant to which LFP Broadcasting commenced a tender offer to acquire all of the outstanding shares of New Frontier for $2.02 per share in cash along with one contingent right per share to receive up to an additional $0.06, dependent on the degree to which New Frontier's available cash balance at the closing of the tender offer exceeded $11,514,000.

15.     "Offer" means any proposal or expression of interest concerning any acquisition, merger, consolidation, share exchange, business combination, sale of assets, or other similar transaction or series of related transactions involving New Frontier or any subsidiary of New Frontier or any offer to purchase, tender offer, exchange offer or any similar transaction or series of related transactions made by any person involving 5% or more of the outstanding shares of any class of New Frontier securities, and/or the sale of all or substantially all of New Frontier's assets.

16.     "Person" or "persons" means and refers to natural persons, proprietorships, corporations, partnerships, trusts, joint ventures, groups, associations, organizations, and governmental agencies and other agencies.

17.      "SEC" means the United States Securities and Exchange Commission.

18.      "SEC filings" means all documents filed or prepared for the purpose of filing with the SEC and any other state or federal regulatory agency, including, but not limited to, Forms 8-K, 10-K, 10-Q, Schedules TO-T, 13-D, 14A, 14D-1, and 14D-9 and any drafts thereof or amendments thereto.

19.      "Telephone records" includes, without limitation, telephone directories, rolodexes, messages, telephone logs, recordings of telephone conversations, and telephone bills (local and long distance).

20.      "You" and "your" refer to the entity and/or person responding to these Requests.

21.      The following rules of construction apply to all discovery requests:

      a.      The terms "any," "all," or "each" shall be construed as any and all and each;

      b.      The connectives "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside of its scope;

      c.      The use of the singular form of any word includes the plural and vice versa;

      d.      The masculine includes the feminine and neutral genders; and

      e.      The term "including" shall be construed as "including, but not limited to".

## **INSTRUCTIONS**

For purposes of these interrogatories, the following instructions shall apply:

1.     Provide a complete response (or, as the case may be, objections) for each interrogatory.

2.     Each interrogatory shall be construed independently and without reference to any other previous interrogatory for the purposes of limitation or exclusion.

3.     The answer to each interrogatory shall include such knowledge of the Defendants that is within Defendants' possession, custody, or control, specifically including such information as to which Defendants could provide facts only upon information and belief. The answer shall include knowledge including, but not limited to, knowledge and documents in the possession, custody, or control of Defendants' investigators, accountants, consultants, employees, attorneys, agents, or other persons acting or purporting to act on your behalf.

4.     Where facts set forth in the answer or portion thereof are supplied upon information and belief, rather than actual knowledge, the answer should so state, and specifically describe or identify the source or sources of such information and belief.

5.     If you cannot answer an interrogatory in full, after exercising due diligence to secure the information requested, so state and answer to the fullest extent possible, specifying your inability to answer the remainder and stating whatever information or knowledge you have concerning the unanswered portion.

6.     Where identification of a meeting is required, the following shall be separately stated as to each meeting: date; place at which it occurred; identity of the persons involved; substance of the subjects discussed; and name and present address of every other person who, though not present or involved, possesses information concerning the existence or nature of said meeting.

7.      Where identification of a telephone conversation is required, the following shall be separately stated as to each conversation: date; identity and location of the originator of the call; identity and location of the recipient of the call; identity and location of all other persons who participated in the call; substance of the subjects discussed; and identity of any other persons, who, though not participating in the call, possess information concerning the existence or nature of said telephone conversation.

8.      If you rely on any documents as a basis for answering any interrogatory that have not previously been produced in this litigation, you should produce those documents.  If you rely on documents that have already been produced, you should identify those documents by Bates number.

9.      If you object to any interrogatory, please state with specificity the grounds for each objection.

10.      If you assert a claim of privilege or immunity with respect to this interrogatory, provide the basis.

11.      In responding to the interrogatories, the answer should be preceded by the interrogatory to which it is responsive and should be organized in such a way as to respond fully to the interrogatory as it is set forth herein.

12.      Each interrogatory is deemed to be continuing in nature, calling for a further response at such time as additional information or documents become known or reasonably available to respondents.

13.      Plaintiffs reserve the right to supplement and/or amend the interrogatories set forth below.

## RELEVANT TIME PERIOD

Unless otherwise stated, the interrogatories herein refer to events during the period January 1, 2012 through the present ("Relevant Time Period"), and to events and information concerning in whole or in part such period, or concerning events or circumstances during such period, even though dated, prepared, generated, used, or received prior or subsequent to that period.

## INTERROGATORIES

**Interrogatory No. 1**

Identify each person, business unit, department, or division at New Frontier (or other person or entity acting or purporting to act on the Company's behalf) involved in or who participated in discussions concerning any potential Offer, business combination or strategic alternative for the Company, including but not limited to the Merger. For each identified, state their role and responsibilities.

**Interrogatory No. 2**

Identify each potential acquirer that you communicated with concerning a potential acquisition, business combination, joint venture or investment in New Frontier.

**Interrogatory No. 3**

Identify each telephone conversation and/or meeting you had with any potential acquirer of, or investor in, the Company and the substance of such meeting.

**Interrogatory No. 4**

Describe the basis for your conclusion that the $2.02 per share Merger price was "fair" to the Company's stockholders and maximized stockholder value.

**Interrogatory No. 5**

Describe all Business Relationships or personal relationships between New Frontier or

8

the Individual Defendants and the following, including whether any compensation or payment has changed hands and, if so, when and the amount:

    a.  the Individual Defendants;

    b.  LFP Broadcasting;

    c.  Larry Flynt;

    d.  any potential acquirer of New Frontier; and

    e.  any Financial Advisor for New Frontier, including Avondale.

**Interrogatory No. 6**

State the basis for your termination of Michael Weiner as Chief Executive Officer and Chairman of New Frontier in 2012.

**Interrogatory No. 7**

Describe the basis for your decision to commence a lawsuit against Longkloof in May 2012 and for not seeking full Board approval prior to bringing the lawsuit.

**Interrogatory No. 8**

Describe how the New Frontier Board's compensation was determined and the total amount of compensation received by each Individual Defendant from 2010 through 2012.

**Interrogatory No. 9**

Describe the nature of all services provided to New Frontier and/or any Individual Defendant and/or LFP Broadcasting and/or Larry Flynt by Isaacman, Kaufman & Painter and the corresponding dates of service and fees for services rendered.

**Interrogatory No. 10**

Identify each person, business unit, department, or division at New Frontier (or other person or entity acting or purporting to act on the Company's behalf) involved in or who

participated in the Company's public statements and/or filings with the SEC concerning the Merger.

**Interrogatory No. 11**

Identify all documents that Individual Defendants provided to or received from any governmental, regulatory, or self-regulatory authority concerning any investigation by any other governmental, regulatory, or self-regulatory authority into the facts asserted in Plaintiffs' Complaint.

**Interrogatory No. 12**

Identify each person, business unit, department, or division at New Frontier (or other person or entity acting or purporting to act on behalf of the Company) who advised New Frontier and/or the Defendants that the Company was or could have been worth more than $2.06 per share during the Relevant Time Period.

**Interrogatory No. 13**

Identify all electronic devices and servers that New Frontier and the Individual Defendants owned, used and/or had possession of during the Relevant Time Period, and where such electronic devices are presently located.

Dated: March 3, 2014                                    **DYER & BERENS LLP**

By: /s/ Jeffrey A. Berens
    Jeffrey A. Berens
    Darby K. Kennedy
    303 East 17th Avenue, Suite 810
    Denver, CO 80203
    Tel: (303) 861-1764
    Fax: (303) 395-0393
    jeff@dyerberens.com
    darby@dyerberens.com

LEVI & KORSINSKY, LLP
Shannon L. Hopkins, Esq.
Stephanie A. Bartone, Esq.
30 Broad Street, 24th Floor
New York, New York 10004
Tel: (212) 363-7500
Fax: (212) 363-7171
shopkins@zlk.com
sbartone@zlk.com

CRANE DUNHAM PLLC
Stephen J. Crane, Esq.
Jason Leehan, Esq.
2121 Fifth Avenue
Seattle, Washington 98121
Tel:  (206) 292-9090
Fax: (206) 292-9736
scrane@cranedunham.com
jleehan@cranedunham.com

*Counsel for Plaintiffs*

4839-6370-4601, v.  1

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on March 3, 2014, I served true and correct copies of the foregoing

**PLAINTIFFS' FIRST SET OF INTERROGATORIES TO DEFENDANTS NEW FRONTIER MEDIA, INC., ALAN ISAACMAN, MELISSA HUBBARD, HIRAM J. WOO, AND WALTER TIMOSHENKO** on Defendants' counsel by causing copies to be sent by first-class U.S. mail, postage prepaid, and by electronic mail:

> Stuart N. Bennett
> Aaron D. Goldhamer
> JONES AND KELLER, P.C.
> 1999 Broadway, Suite 3150
> Denver, CO  80202
> sbennett@joneskeller.com
> agoldhamer@joneskeller.com

> _/s/ Jeffrey A. Berens_____
> Jeffrey A. Berens