**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 1:12-cv-02941-JLK

CRAIG TELKE and
WILLIAM DOUGLAS MORELAND,
Individually and on Behalf of All Others Similarly Situated,

      Plaintiffs,

v.

NEW FRONTIER MEDIA, INC.,
ALAN ISAACMAN,
MELISSA HUBBARD,
HIRAM J. WOO, and
WALTER TIMOSHENKO,

      Defendants.

---

**DEFENDANTS' RESPONSE TO PLAINTIFFS' FIRST REQUEST FOR THE
PRODUCTION OF DOCUMENTS**

---

      Defendants New Frontier Media, Inc., ("New Frontier"), Alan Isaacman, Melissa Hubbard, Hiram J. Woo, and Walter Timoshenko ("Individual Defendants" and with New Frontier, "Defendants") hereby object and respond to the Plaintiffs' First Request for the Production of Documents served on March 3, 2014, including the instructions and definitions therein and respectfully state as follows:

<u>**GENERAL OBJECTIONS TO THE REQUESTS**</u>

      The following General Objections, which are incorporated into each of the specific Responses below as if fully set forth therein and are not waived, or in any way limited by, the Specific Objections and Responses, are set forth here to avoid the duplication and repetition of restating them for each individual response. These General Objections apply to the Plaintiffs' First Set of Interrogatories and First Requests for Production of Documents to Defendants which are referred

1

to herein generically as "Requests". Certain General Objections may be specifically repeated in individual responses for purposes of emphasis.

In the event any information falling within one of more of these objections is disclosed in any response, the disclosure is inadvertent and is not a waiver of the objection. Any response indicating that information and/or documents of a certain type will be produced is not a representation that any such information and/or documents exist or that Defendants have knowledge of the subject matter set forth in the Interrogatory.

The objections and responses herein are based on Defendants' present knowledge, information, and belief, and Defendants reserve the right to amend, revise, correct, supplement, and clarify any of the objections or responses herein.

Notwithstanding, and without waiving, the objections set forth herein, Defendants are prepared to meet and confer in good faith regarding the Requests and the responses and objections herein to resolve any matters in dispute with respect thereto. In particular, where an objection is made on the ground that a specific Request is vague or ambiguous, Defendants will meet and confer regarding the meaning and scope of the Request, and where an objection is made on the ground that a specific Request is overbroad or unduly burdensome or seeks information or documents that are neither relevant to the claims or defenses of any party to this matter nor reasonably calculated to lead to the discovery of admissible evidence, Defendants are willing to meet and confer regarding reasonable limitations on the scope of the Request.

A.      Defendants object to the Requests, including the "Definitions" and "Instructions" contained therein, to the extent they purport to impose upon Defendants any duty to respond other than, or beyond, that required by the Federal Rules of Civil Procedure.

B.      Defendants object to the Requests, including the "Definitions" and "Instructions" contained therein, to the extent they seek communications, identification of documents or any other

discovery that is protected by the attorney-client privilege, the accountant-client privilege, the joint defense privilege, the work product doctrine or any other applicable privilege or immunity.

C.      Defendants object to the Requests, including the "Definitions" and "Instructions" contained therein, to the extent they purport to impose upon Defendants a duty to produce information and/or documents that are not in Defendants' possession, custody and control, on the grounds that they are overly broad, unduly burdensome and oppressive. In particular, Defendants object on these grounds to the proposed Definitions of various entities that incorporate terms such as "predecessors or predecessors in interest, successors or successors in interest, divisions, parents, affiliates, subsidiaries, and anyone acting or purporting to act on its behalf, including any of its respective directors, officers, managing agents, agents, employees, attorneys, accountants or other representatives, intermediaries or committees thereof."  Attempting to respond to Requests with such a broad definition of an entity imposes a burden upon Defendants with which it would be virtually impossible to comply.

D.      Defendants object to the Requests, including the "Definitions" and "Instructions" contained therein, to the extent they seek information and/or documents that are in the public domain and/or are in Plaintiffs' possession and are, therefore, equally accessible to Plaintiffs.  In particular, this objection applies to the Requests that seek public press releases, documents filed with the Securities and Exchange Commission during the corporate transactions at issue and publicly available court filings.

E.      Defendants object to the Requests, including the "Definitions" and "Instructions" contained therein, to the extent they seek information and/or documents that, if disclosed, would violate third persons' privacy or confidentiality rights and which Defendants may be prohibited from disclosing pursuant to confidentiality or other agreements.  This objection includes confidential documents entered into in connection with settlements with third parties and

documents disclosed or exchanged in the course of confidential arbitration proceedings.

F.      Defendants object to the Requests, including the "Definitions" and "Instructions" contained therein, to the extent they seek information and/or documents that are not relevant to the claims or defenses asserted by the parties and/or are not calculated to lead to the discovery of admissible evidence on the grounds that they are beyond the permissible scope of discovery under Fed. R. Civ. P. 26(b)(1) without further order of court upon a showing of good cause.

G.      Defendants object to the Requests, including the "Definitions" and "Instructions" contained therein, to the extent that they assume the existence of facts that do not exist and/or the occurrence of events that did not occur. Any response of Defendants to any individual numbered Request is not intended to be, and shall not be construed as, an admission that any factual predicate stated in the Request is accurate.

H.      Defendants object to the Requests, including the "Definitions" and "Instructions" contained therein, to the extent that they assume the accuracy of certain factual assumptions and/or legal conclusions. Any use of Plaintiffs' defined terms is for ease of reference only and is not intended to be, and shall not be construed as, an admission that Defendants accept or agree with Plaintiffs' definitions of such terms or anything assumed by the definitions of those terms.

I.      Defendants object to the Requests, including the "Definitions" and "Instructions" contained therein, to the extent the information sought is not reasonably accessible to Defendants, and thus the Requests are overly broad, unduly burdensome, oppressive and harassing. The burden and expense of accessing, reviewing and producing information and/or documents in response to a Request that is not reasonably accessible outweighs the possible relevance of the Request and is not likely to lead to the discovery of admissible evidence. This objection specifically applies to the instruction that seeks to impose upon Defendants the burden of responding not only as to their own knowledge, but also to the knowledge of their "investigators, accountants, consultants, employees,

attorneys, agents, or other persons acting or purporting to act" on their behalf.

J.      Defendants' responses are made without waiving and subject to: (1) the right to object on any grounds, including, but not limited to, competency, relevancy, materiality, privilege, or admissibility as evidence, for any purpose in any subsequent proceeding in this action or any other action; and (2) the right to object, on any ground, to other discovery requests involving or relating to the subject matter of the Requests.

K.      Defendants' review of documents and investigation of the facts at issue in this litigation is ongoing and Defendants reserve the right to supplement their responses to the Requests at any point, but Defendants undertake no obligation to do so beyond that required by Fed. R. Civ. P. 26(e)(1)(A), or as otherwise ordered by the Court.

L.      Defendants object to the Requests as overly broad and unduly burdensome to the extent that they seek "any" or "all" information and/or documents relating to a given subject matter.  Defendants will not search the files of all their professional advisers, accountants, consultants, employees, attorneys, or agents in response to the Requests. Defendants have identified custodians who were likely to have information and/or documents relevant to this action and have made a reasonable, good faith search of the accessible hardcopy and electronic files and locations that Defendants believe could contain information and/or documents responsive to the Requests.  Defendants will provide non-privileged information and/or documents located during that search in accordance with these General Objections and the Specific Objections set forth below.

M.      Defendants object to the Requests insofar as they purport to seek confidential or proprietary commercial or other business or personal information.  Subject to and without waiving this objection or any other objections, Defendants will provide confidential or proprietary commercial or other business or personal information only pursuant to the Court's protective order.

N.     Defendants object to the Requests to the extent they purport to impose an obligation to produce transient or dynamic data, such as metadata, RAM, cookies or data on dynamic databases, because such data is not relevant to the action and efforts to produce such data would require an undue burden, impose extreme hardship, and result in the expenditure of unnecessary time and resources.

O.     Defendants object to the Requests to the extent they purport to require production of electronically stored information ("ESI") that is not stored on its active systems, but is stored on systems, backup tapes, disaster recovery devices and other media that are no longer part of its normal business operations.  Such ESI is not reasonably accessible and likely is duplicative of ESI available from other more readily available sources.  Because of the cost associated with accessing these data sources, the Defendants object to searching them in response to the Requests.

P.     Defendants object to the Requests that fail to specify an applicable time period as overly broad, unduly burdensome and oppressive.   The burden and expense of accessing, reviewing and producing information and/or documents in response to a Request without a reasonable applicable time period outweighs any possible relevance of such Request and is not likely to lead to the discovery of admissible evidence.   In addition, Defendants object to the proposed Definition of Relevant Time Period to the extent it seeks to impose a burden to produce documents after the closing of the Merger on November 28, 2012.  Post transaction information and documentation is overly burdensome and oppressive and unlikely to lead to the discovery of admissible evidence.

<u>RESPONSES TO REQUESTED DOCUMENTS</u>

Defendants respond and further object to the individual requests for documents as set forth below.

**REQUEST NO. 1:**

New Frontier's Articles of Incorporation and Bylaws, including, without limitation, all amendments or changes thereto.

**RESPONSE:**

Subject to the General Objections, the requested documents will be produced.

**REQUEST NO. 2:**

All minutes (with exhibits/attachments) of and notes of or for meetings of the Board of Directors of New Frontier or any committee or subcommittee thereof (including but not limited to the Compliance Committee, Special Committee, Audit Committee, Compensation Committee, Nominations Committee and Executive Committee) discussing any Offer, proposed business combination or strategic alternative concerning New Frontier (including but limited to the Merger).

**RESPONSE:**

Subject to the General Objections, non-privileged documents or non-privileged portions of responsive documents will be produced.

**REQUEST NO. 3:**

Each Merger Agreement contemplated by New Frontier, including all related exhibits and schedules, and all drafts thereof.

**OBJECTION:**

In addition to the General Objections, Defendants further object to this Request on the grounds that the Request is vague and ambiguous. Defendants cannot reasonably interpret what is meant by the term "each Merger Agreement contemplated by New Frontier" when the term Merger Agreement is defined to mean the specific agreement between New Frontier Media, Inc. and LFP Broadcasting LLC and Flynt Broadcasting, Inc. dated October 15, 2012.

**RESPONSE:**

Subject to the foregoing general and specific objections, the Merger Agreement and non-privileged drafts thereof will be produced.

**REQUEST NO. 4:**

All documents and communications concerning the Merger or any other Offers or efforts which could have resulted in an Offer, business combination, or strategic alternative relating to New Frontier, including, without limitation:

a.      all internal communications of New Frontier;

b.      all documents and communications between any of the Individual Defendants;

c.      all documents and communications between New Frontier and LFP Broadcasting and/or its affiliates;

d.      all documents and communications between New Frontier and any potential acquirer, including Manwin, Longkloof and/or Adam Rothstein, Bidder C, Bidder D, Ten Broadcasting and Hustler;

e.      all non-public documents provided to potential purchasers of New Frontier concerning a potential sale or acquisition of New Frontier;

f.      all communications between New Frontier and any financial institution, accounting firm, auditing firm, investment banking firm or advisor, including Avondale and Grant Thornton; and

g.      all communications sent to, or prepared to be sent to, any person on behalf of New Frontier.

**OBJECTION:**

In addition to the General Objections, in particular paragraphs "B", "C", "D", and "I",

8

Defendants further object on the grounds that the multiple-part request is vague, ambiguous, overly broad, burdensome and oppressive.  Defendants will interpret each of the 7 lettered subparts to be qualified and limited in their entirety by the subject matter of the introductory paragraph, *i.e.,* information relating to "the Merger or any other Offers . . . ."  Defendants cannot reasonably determine and cannot speculate as to what Plaintiffs mean by "efforts which could have resulted in an Offer, business combination, or strategic alternative relating to New Frontier . . . ."  Defendants further object to searching for records of "all internal communications of New Frontier."  New Frontier has searched for and will produce records from the executives who had responsibilities relating to the transactions at issue.  While other employees may have had communications about the prospect of a transaction, they would have had no actual knowledge of anything beyond official public announcements.  To search for communications based upon rumor or speculation by employees having no official role in the prospective transactions would be unduly burdensome and not likely to lead to relevant or useful information. Further, Defendants object on the grounds of the attorney-client privilege as to communications between New Frontier, its attorneys and persons hired to assist its attorneys with respect to the Merger including its investment bankers, public relations consultants, proxy solicitors and other agents in a confidential relationship with New Frontier.  Finally, Defendants object on the grounds of the accountant-client privilege as to communications between its accountants and auditors and New Frontier.

**RESPONSE:**

Subject to the foregoing general and specific objections, responsive non-privileged documents or portions thereof will be produced.

**REQUEST NO. 5:**

All documents and communications concerning the engagement or retention of any financial institution, accounting firm, auditing firm or investment banking firm to provide services

9

relating to any Offer, proposed business combination or strategic alternative concerning New Frontier or of any efforts which could result in an Offer, other strategic alternatives or services concerning the valuation of New Frontier, including but not limited to Avondale and Grant Thornton.

**OBJECTION:**

This request is duplicative of Request No. 4(f) and Defendants therefore object on the same grounds as their objections to No. 4(f).

**RESPONSE:**

Subject to the foregoing general and specific objections, responsive non-privileged documents will be produced.

**REQUEST NO. 6:**

All personnel files, expense reports or logs, diaries, notebooks, notes, date books, calendars, appointment books, address books or Telephone Records maintained by or for the Individual Defendants or by or for any New Frontier officer or executive concerning any Offer (including but not limited to the Merger).

**OBJECTION:**

In addition to the general objections, Defendants further object on the grounds this request is vague and ambiguous. It is not clear whether "concerning any Offer" is intended to modify all of the other documents requested and if so how, for example, a personnel file can "concern any Offer." Further if "concerning any Offer" does not modify the requested information, then the request is overbroad, unduly burdensome and exceeds the scope of permissible discovery under Fed. R. Civ. P. 26(b)(1).

**RESPONSE:**

Subject to the foregoing general and specific objections, Defendants will produce non-

privileged documents reflecting appointments, conference calls and meetings concerning any "Offer."

**REQUEST NO. 7:**

All documents and communications concerning any financial due diligence conducted relating to any Offer (including but not limited to the Merger) or any other strategic alternatives.

**OBJECTION:**

In addition to the general objections, Defendants further object on the grounds that this request appears to be duplicative of Request No. 4 and therefore Defendants object on the same grounds as their objections to No. 4.

**RESPONSE:**

Subject to the foregoing general and specific objections, responsive, non-privileged documents will be produced.

**REQUEST NO. 8:**

All appraisals, analyses, opinions, reviews, Financial Statements or other documents concerning the financial results, value, market value, fair value, or inherent value of the stock or any of the assets or businesses of New Frontier.

**RESPONSE:**

Subject to the general objections, responsive, non-privileged documents will be produced.

**REQUEST NO. 9:**

All financial projections, forecasts, budgets, business plans, and plans of future operations concerning New Frontier and drafts thereof.

**RESPONSE:**

Subject to the general objections, responsive, non-privileged documents will be

produced.

**REQUEST NO. 10:**

All documents and communications concerning assumptions underlying any analyses, opinions, or projections of New Frontier reviewed, analyzed, considered, or evaluated in connection with any Offer, proposed business combination or strategic alternative.

**RESPONSE:**

Subject to the general objections, responsive, non-privileged documents will be produced.

**REQUEST NO. 11:**

All documents and communications between New Frontier and any Financial Advisor, financial institution, accounting firm, auditing firm, investment banking firm or advisor, including Avondale and Grant Thornton, concerning any Offer, proposed business combination or strategic alternative concerning New Frontier (including but not limited to the Merger).

**RESPONSE:**

This request appears duplicative of Request No. 4 and therefore, subject to the general objections and in particular paragraph "B" and the objections to Request No. 4, non-privileged, responsive documents will be produced.

**REQUEST NO. 12:**

All documents and communications from Grant Thornton regarding the valuation of New Frontier and any Offer, including but not limited to the Merger.

**RESPONSE:**

Subject to the general objections and in particular paragraph "B", thereof, non-privileged, responsive documents will be produced.

**REQUEST NO. 13:**

All documents and communications concerning any past, present, prospective, potential, actual, or contemplated Business Relationship or personal relationship between New Frontier and/or the Individual Defendants and LFP Broadcasting and/or Larry Flynt, and any of their respective officers, directors, affiliates, or subsidiaries, including, without limitation, any management agreements, consulting agreements, retention agreements, or any other agreements, arrangements, or understandings, without regard to the Relevant Time Period.

**OBJECTION:**

In addition to the general objections, Defendants object on the grounds that the request is vague, ambiguous, overly broad and unduly burdensome.  The request appears to seek information relating to innumerable different possible relationships, personal and business between New Frontier and the Individual Defendants; New Frontier and LFP Broadcasting or any subsidiary or affiliate; New Frontier and Larry Flynt; the Individual Defendants and LFP Broadcasting or any subsidiary of affiliate; and lastly the Individual Defendants and Larry Flynt.  All of these relationships are sought without regard to timeframe or relevance.  Further, as is widely known, Individual Defendant Alan Isaacman was Mr. Flynt's personal and business lawyer for many years, but that relationship ended more than 13 years ago.  For Mr. Isaacman to search for and produce records relating to an attorney-client relationship that ended that long ago is unduly burdensome. Moreover, most, if not all, of Mr. Isaacman's communications with Mr. Flynt would be privileged as attorney-client communications and it would unduly burdensome to search for and compile a privilege log of ancient records relating to a representation that ended more than 13 years ago.

**RESPONSE:**

Subject to the foregoing general and specific objections, documents reflecting any business relationship between New Frontier Media and LFP Broadcasting during the year 2012

13

and any consulting agreement, retention agreement or employment agreement between the Individual Defendants and LFP Broadcasting or its affiliated companies relating to any post-merger business relationship will be produced.

**REQUEST NO. 14:**

All documents concerning any past, present, prospective, potential, actual, or contemplated Business Relationship or personal relationship between Longkloof and/or Adam Rothstein and New Frontier and/or the Individual Defendants.

**RESPONSE:**

Subject to the general objections, responsive, non-privileged documents will be produced.

**REQUEST NO. 15:**

All documents and communications concerning any past, present, prospective, potential, actual, or contemplated Business Relationship or personal relationship between New Frontier and/or the Individual Defendants and any Financial Advisor, and any of their respective principals, officers, directors, affiliates or subsidiaries including, without limitation, management agreements, consulting agreements, retention agreements, or any other agreements, arrangements, or understandings, without regard to the Relevant Time Period.

**RESPONSE:**

Subject to the general objections, including without limitation paragraph "H" thereof and subject to further objection to the lack of a reasonable designation of a relevant time frame, responsive, non-privileged documents will be produced.

**REQUEST NO. 16:**

All documents and communications concerning any past, present, prospective, potential,

actual, or contemplated Business Relationship between New Frontier and any Individual Defendant, or between any of the Individual Defendants, including, without limitation, any management agreement, partnership agreement, consulting agreement or any other agreement. (This Request is made without regard to the Relevant Time Period limitation set forth above.)

**OBJECTION:**

In addition to the general objections, Defendants further object on the grounds that the Request is vague and ambiguous, not reasonably limited as to time and seeks information beyond the scope of discovery under Fed. R. Civ. P. 26(b)(1).  As Plaintiffs are well aware, the Individual Defendants have had a Business Relationship according to Plaintiffs' definition with New Frontier as its directors and shareholders for many years.  Every document relating to the Individual Defendants' stock ownership, or service as members of its board of directors or subcommittees thereof is not relevant to the claims and defenses of the parties and is beyond the scope of discovery permitted by Fed. R. Civ. P. 26(b)(1).  Further, Individual Defendant Alan Isaacman's law firm has for many years provided legal services to New Frontier.  Documents relating to such services are not relevant to the claims and defenses of the parties and are not discoverable under Fed. R. Civ. P. 26(b)(1).

**RESPONSE:**

Subject to the foregoing general and specific objections, responsive documents relating to the Individual Defendants' board service during calendar year 2012 will be produced.

**REQUEST NO. 17:**

All documents and communications concerning any past, present, prospective, actual, potential, or contemplated business affiliations and personal relationships, without regard to the Relevant Time Period, between any of the Individual Defendants and LFP Broadcasting and Larry Flynt (including as to contemplated or prospective future employment or participation), or

between any of the Individual Defendants and New Frontier, including, without limitation, common board memberships or common membership in any business organization.

**RESPONSE:**

This request appears to be duplicative of Request No. 13 and therefore Defendants incorporate by reference their objections and response to Request No. 13.

**REQUEST NO. 18:**

All documents and communications with LFP Broadcasting or Larry Flynt concerning any Offer, business combination or acquisition of New Frontier.

**RESPONSE:**

This request appears to be duplicative of Request No. 4 and therefore Defendants incorporate by reference their objections and response to Request No. 4.

**REQUEST NO. 19:**

All confidentiality and standstill agreements entered as a result of discussions concerning any Offer, including, without limitation, the Merger.

**RESPONSE:**

Subject to the general objections and in particular paragraph "E" thereof, responsive, non-privileged documents will be produced.

**REQUEST NO. 20:**

All documents and communications concerning any opinion from any Financial Advisor or investment banking firm concerning the fairness of the Merger.

**RESPONSE:**

Subject to the general objections, responsive, non-privileged documents will be produced.

**REQUEST NO. 21:**

All documents and communications concerning any actual or proposed consideration to

be paid to New Frontier shareholders as a result of the consummation of any Offer, proposed business combination, or strategic alternative (including, without limitation, the Merger).

**RESPONSE:**

This request appears to be duplicative of Request No. 4, and therefore Defendants incorporate by reference their objections and response to Request No. 4.

**REQUEST NO. 22:**

Documents sufficient to identify the Individual Defendants vested or unvested options to purchase New Frontier stock, restricted New Frontier stock, and other stock awards respectively owned by the Individual Defendants.

**RESPONSE:**

Subject to the general objections, responsive, non-privileged documents will be produced.

**REQUEST NO. 23:**

Documents sufficient to identify all of the individual directors, officers and managerial-level employees of New Frontier, their duties and responsibilities, their respective dates of service and if any such persons have resigned or been terminated or removed, all documents and communications concerning such resignation, termination or removal and the reasons therefore.

**OBJECTION:**

In addition to the general objections, and in particular paragraph "P" thereof, Defendants further object on the grounds that the request seeks personnel information relating to a large number of employees beyond those who had any responsibility for the Merger, prospective sale of the Company or significant business transactions.  As such the request is unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence and is beyond the scope of permissible discovery under Fed. R. Civ. P. 26(b)(1).

17

**RESPONSE:**

Subject to the general and specific objections set forth above, responsive, non-privileged documents will be produced relating to terminations of principal executives prior to the effective date of the Merger.

**REQUEST NO. 24:**

All documents and communications concerning the termination of Michael Weiner's employment, including but not limited to those concerning the Compliance Committee's investigation.

**RESPONSE:**

Subject to the general objections and in particular paragraph "B" thereof, responsive, non-privileged documents will be produced.

**REQUEST NO. 25:**

All documents and communications concerning Isaacman's selection as successor to Michael Weiner as Chairman of the New Frontier Board.

**RESPONSE:**

Subject to the general objections, responsive, non-privileged documents will be produced.

**REQUEST NO. 26:**

All documents and communications relating to David Nicholas's resignation from the Company.

**RESPONSE:**

Subject to the general objections, responsive, non-privileged documents will be produced.

**REQUEST NO. 27:**

All documents and communications concerning the creation of the Compliance Committee, including its purpose, authority and member compensation.

**RESPONSE:**

Subject to the general objections, response, non-privileged documents will be produced.

**REQUEST NO. 28:**

All documents and communications between the Compliance Committee and itself or outside parties concerning any investigations the Compliance Committee conducted concerning the strategic process and the termination of Weiner.

**RESPONSE:**

Subject to the general objections and in particular paragraph "B" thereof, responsive, non-privileged documents will be produced.

**REQUEST NO. 29:**

All documents and communications concerning the Special Committee and its creation, authority, member compensation, change in member composition and meeting minutes.

**RESPONSE:**

Subject to the general objections, responsive, non-privileged documents will be produced.

**REQUEST NO. 30:**

All documents and communications between the Special Committee and itself or outside parties, including but not limited to financial advisors, potential parties, auditors, concerning the strategic alternatives process.

**RESPONSE:**

This request is duplicative of Request No. 4 and therefore Defendants incorporate by reference their objections and response to Request No. 4.

**REQUEST NO. 31:**

All documents and communications concerning New Frontier's plans to expand operations outside of the United States.

19

**OBJECTION:**

In addition to the general objections, Defendants further object on the grounds that the request is vague and ambiguous because the term "operations" is not defined.  If by "operations", the request seeks information about plans to expand sales of the Company's products and services outside the United States, the request is unduly burdensome.  The Company's employees attempted to expand sales internationally beginning sometime in 2010.  To search for and identify all documents relating to such efforts would be unduly burdensome and oppressive.

**RESPONSE:**

Subject to the general and specific objections, responsive, non-privileged documents will be produced for the calendar year 2012.

**REQUEST NO. 32:**

All documents and communications concerning New Frontier's consideration of plans to launch new products, including but not limited to "over the top" technology and plans to expand into South America. This request includes but is not limited to, budgets, forecasts and market evaluations or studies.

**OBJECTION:**

In addition to the general objections, see the specific objection to Request No. 31.  The Company had an entire team dedicated to the launch of new products and expansion into South America and to search for and locate records to such efforts would be unduly burdensome and oppressive.

**RESPONSE:**

Subject to the general and specific objections set forth above, responsive, non-privileged documents will be produced to the extent contained within the virtual data room made available to prospective bidders for the Company.

**REQUEST NO. 33:**

All documents and communications concerning the retention of, and relationship with, Damien J. Park and/or Hedge Fund Solutions, including but not limited to engagement letters, services provided and compensation paid.

**RESPONSE:**

Subject to the general objections, responsive, non-privileged documents will be produced.

**REQUEST NO. 34:**

All documents and communications between New Frontier and Damien J. Park and/or Hedge Fund Solutions concerning any Offer, strategic alternative or business combination concerning New Frontier, including but limited to the Merger.

**OBJECTION:**

In addition to the general objections, Defendants object to the terms "relationship with Damien Park and/or Hedge Fund Solutions" on the grounds that the terms are vague and ambiguous.  Hedge Fund Solutions commenced a now-dismissed lawsuit against the Company that might be construed as coming within the meaning of "relationship".

**RESPONSE:**

Subject to the general and specific objections set forth above, Defendants respond that this request is duplicative of Request No. 4, and therefore Defendants incorporate by reference their objections and response to Request No. 4.

**REQUEST NO. 35:**

All documents and communications concerning the decision to file suit against Longkloof, the lawsuit filed against Longkloof, the Board's ratification of its decision to commence suit and the resolution of the lawsuit.

**RESPONSE:**

Subject to the general objections and in particular paragraphs "B" and "D" thereof, responsive, non-privileged documents will be produced.

**REQUEST NO. 36:**

All documents and communications concerning the Board's consideration of exempting Longkloof from the Company's Rights Plan.

**RESPONSE:**

This request is duplicative of Request No. 4, and therefore Defendants incorporate by reference their objections and response to Request No. 4.

**REQUEST NO. 37:**

All documents and communications concerning the New Frontier Board's decision to create subcommittees to the Board, including the purpose of the committee, the membership, fees to be paid, duration, required meetings and authority. (This Request is made without regard to the Relevant Time Period.)

**OBJECTION:**

In addition to the general objections, Defendants further object on the grounds that the Request is not reasonably limited to a relevant time-frame and seeks information beyond the scope of discovery permitted by Fed. R. Civ. P. 26(b)(1).  Certain committees of the board of directors are required by governing rules and regulations, such as the audit, compensation and nomination committees.  When, how and duration of such committees is not relevant to the claims and defenses of the parties.

**RESPONSE:**

Subject to the general and specific objections, responsive, non-privileged documents relating to the formation of the committees at issue in this case, *i.e.,* the special, compliance and

executive committees during calendar year 2012 will be produced.

**REQUEST NO. 38:**

Any communications or documents received from shareholders of New Frontier regarding director compensation, director election, the lawsuit against Longkloof, the strategic alternatives process, or the decision to enter into the Merger. (This Request is made without regard to the Relevant Time Period.)

**RESPONSE:**

Subject to the general objections and in particular paragraph "P" thereof, responsive, non-privileged documents will be produced.

**REQUEST NO. 39:**

All documents relating to legal services provided by Isaacman, Kaufman & Painter to the Company, to LFP Broadcasting and/or Larry Flynt or any associated fees and costs. (This Request is made without regard to the Relevant Time Period.)

**OBJECTION:**

In addition to the general objections, Defendants object on the grounds that the information sought is not relevant to the parties' claims and defenses and is unduly burdensome and oppressive. As Plaintiffs are aware Mr. Isaacman represented Mr. Flynt for many years but not at all in the last decade. Isaacman, Kaufman & Painter represented New Frontier for many years in a variety of legal matters.  Information regarding such representations is not relevant to the parties' claims and defenses in this matter and is therefore not discoverable.

**RESPONSE:**

Subject to the foregoing general and specific objections, responsive, non-privileged documents will be produced relating to the amounts of reimbursement of legal fees paid by New Frontier to Isaacman, Kaufman and Painter for the calendar year 2012.

**REQUEST NO. 40:**

All documents concerning each of the Individual Defendants' purchases, sales, gifts, grants, options, or ownership, either directly, indirectly or beneficially, of New Frontier or LFP Broadcasting securities of any type or class, including, without limitation: (1) stock held by the Individual Defendants; and (2) options held by the Individual Defendants, their grant date, vesting date, exercise date, expiration date, price and amount or proceeds to be realized from cancellation or cash-out due to any Offer (including, without limitation, the Merger Agreement). (This Request is made without regard to the Relevant Time Period limitation set forth above.)

**OBJECTION:**

In addition to the general objections, Defendants further object on the grounds that the request is burdensome and oppressive.  It is not limited to a reasonable time-frame and seeks information that is not relevant to the claims and defenses of the parties and is therefore not discoverable under Fed. R. Civ. P. 26(b)(1).

**RESPONSE:**

Subject to the foregoing general and specific objections, responsive, non-privileged documents relating to stock and stock options held by the Individual Defendants in New Frontier during calendar year 2012 will be produced.

**REQUEST NO. 41:**

All documents concerning the Individual Defendants' or any New Frontier officer's compensation, employment, severance, retention bonus, non-competition agreement, change-of-control payments or agreements, or consulting agreements, or other corporate perquisites, including, without limitation, executed and all draft copies of any such agreements. (This Request is made without regard to the Relevant Time Period limitation set forth above.)

**OBJECTION:**

In addition to the general objections, Defendants further object on the grounds that the request is burdensome and oppressive.  It is not limited to a reasonable time-frame and seeks information that is not relevant to the claims and defenses of the parties and is therefore not discoverable under Fed. R. Civ. P. 26(b)(1).

**RESPONSE:**

Subject to the foregoing general and specific objections, responsive, non-privileged documents relating to the Individual Defendants and New Frontier's principal officers terms of employment in effect during calendar year 2012 will be produced.

**REQUEST NO. 42:**

All documents and communications concerning the actual, intended, proposed, potential, anticipated, or agreed-upon capital structure of the surviving entity or entities, upon or following consummation of the Merger.

**RESPONSE:**

This request is duplicative of Request No. 3 and therefore Defendants incorporate their objections and response to Request No. 3.

**REQUEST NO. 43:**

All documents and communications concerning the actual, intended, proposed, potential, anticipated, agreed-upon, or contemplated composition of the directors and officers of the surviving entity or entities upon or following consummation of the Merger Agreement, including but not limited to any proposals or offers for employment or directorships at LFP Broadcasting or any of its subsidiaries and affiliates.

**OBJECTION:**

In addition to the general objections, Defendants further object on the grounds that the

request is vague and ambiguous.  Under the terms of the Merger, New Frontier was merged into a subsidiary of LFP Broadcasting with New Frontier as the surviving entity.  New Frontier thus became a subsidiary and affiliate of LFP Broadcasting.  Given this relationship, the request is ambiguous in seeking information concerning employment relationships with LFP Broadcasting and its affiliates, one of which is New Frontier.  Obviously, New Frontier's employees remained employees of the Company.  Defendants are therefore unable to determine what information is being sought and cannot respond without speculating as to the meaning of the request.

**RESPONSE:**

In addition to the foregoing objection, Defendants respond that this request is duplicative of Request No. 4(c) among others and therefore Defendants incorporate by reference their objections and response to Request No. 4.

**REQUEST NO. 44:**

All documents concerning loans made by New Frontier or LFP Broadcasting to any of New Frontier's officers or to any of the Individual Defendants or any agreements by which any of New Frontier's officers or the Individual Defendants borrowed money or received any incentives or any gifts from New Frontier or LFP Broadcasting or Larry Flynt. (This Request is made without regard to the Relevant Time Period limitation set forth above.)

**OBJECTION:**

In addition to the general objections, Defendants further object on the grounds that the request is burdensome and oppressive.  It is not limited to a reasonable time-frame and seeks information that is not relevant to the claims and defenses of the parties and is therefore not discoverable under Fed. R. Civ. P. 26(b)(1).

**RESPONSE:**

Subject to the foregoing general and specific objections, responsive, non-privileged

26

documents relating to any such loans during calendar year 2012 will be produced.

**REQUEST NO. 45:**

All documents and communications concerning any stockholder agreements, support agreements, and/or voting agreements between LFP Broadcasting and any stockholders of New Frontier.

**RESPONSE:**

Subject to the general objections, any responsive, non-privileged documents will be produced.

**REQUEST NO. 46:**

All documents and communications concerning any actual or proposed changes in the terms of the Merger Agreement or the right or option to terminate, amend or modify the terms of the Merger Agreement.

**RESPONSE:**

This Request is duplicative of Request No. 4(c), among others, and therefore Defendants incorporate their objections and response to Request No. 4.

**REQUEST NO. 47:**

All documents and transcripts related to the Arbitration proceedings concerning Michael Weiner's termination, including but not limited to the testimony of the Individual Defendants, corporate representative of Avondale, and others given at the Arbitration proceedings.

**OBJECTION:**

In addition to the general objections, in particular paragraph "E" thereof, Defendants object on the grounds that the request is non-specific, overbroad and burdensome.  The issues in a private arbitration between New Frontier Media and Mr. Weiner are not relevant to the claims or defenses of the parties and are therefore not discoverable under Fed. R. Civ. P. 26(b)(1).

**REQUEST NO. 48:**

All documents concerning any communications with the SEC, including but not limited to SEC comment letters and responses thereto, and all other communications with the SEC regarding the materials to be filed in connection with any Offer (including the Merger Agreement), and/or any other strategic alternative.

**RESPONSE:**

Subject to the general objections, any responsive, non-privileged documents will be produced.

**REQUEST NO. 49:**

All documents concerning any policy, procedure or practice relating to the preservation or destruction of the documents or electronic data or types of documents or electronic data sought herein, and all documents and communications concerning any actual destruction of types of documents or electronic data sought herein.

**RESPONSE:**

Subject to the general objections, any responsive, non-privileged documents will be produced.

**REQUEST NO. 50:**

All documents concerning insurance policies or indemnification agreements that may provide coverage to any Individual Defendant or New Frontier, individually or collectively, for any claims or causes of action asserted in this action or that may provide reimbursement for payments made in defense of this action, including, without limitation, loss mitigation insurance or liability-sharing arrangements, including options to purchase such insurance or sharing arrangements, whether acquired before or after the initiation of the litigation.

**RESPONSE:**

Subject to the general objections, any responsive, non-privileged documents will be produced.

Dated: April 4, 2014.

*s/   Stuart N. Bennett*
Stuart N. Bennett
Aaron D. Goldhamer
**JONES AND KELLER, P.C.**
1999 Broadway, Suite 3150
Denver, CO 80202
Telephone:          (303) 573-1600
Fax:                     (303) 573-8133
E-mail:               sbennett@joneskeller.com
                            agoldhamer@joneskeller.com

*Attorneys for Defendants New Frontier Media, Inc., Alan Isaacman, Melissa Hubbard, Hiram J. Woo and Walter Timoshenko*

## CERTIFICATE OF SERVICE

I hereby certify that on *April 4, 2014*, I served true and correct copies of the foregoing **DEFENDANTS' RESPONSE TO PLAINTIFFS' FIRST REQUEST FOR THE PRODUCTION OF DOCUMENTS** on Plaintiffs' counsel by causing copies to be sent by first-class U.S. mail, postage prepaid, and by electronic mail:

Jeffrey A. Berens
Darby K. Kennedy
303 East 17th Avenue, Suite 810
Denver, CO 80203
Tel: (303) 861-1764
Fax: (303) 395-0393
jeff@dyerberens.com
darby@dyerberens.com


LEVI & KORSINSKY, LLP
Shannon L. Hopkins, Esq. Stephanie A. Bartone, Esq.
30 Broad Street, 24th Floor
New York, New York 10004 Tel: (212) 363-7500
Fax: (212) 363-7171
shopkins@zlk.com
sbartone@zlk.com


CRANE DUNHAM PLLC
Stephen J. Crane, Esq. Jason Leehan, Esq.
2121 Fifth Avenue
Seattle, Washington 98121
Tel:  (206) 292-9090
Fax: (206) 292-9736
scrane@cranedunham.com
jleehan@cranedunham.com

*s/ Tammy Harris*_____
Tammy Harris

30