

733 Summer Street, Suite 304
Stamford, CT 06901
T: 212-363-7500
F: 212-363-7171
www.zlk.com

Shannon L. Hopkins
shopkins@zlk.com

May 5, 2014

**VIA EMAIL AND REGULAR MAIL**

Stuart N. Bennett
Aaron D. Goldhamer
Jones and Keller, P.C.
1999 Broadway, Suite 3150
Denver, CO 80202

Re:   *Telke, et. al. v. New Frontier Media, Inc., et. al.*, Civ. No. 1:12-cv-02941-JKL

Dear Stu,

We write to memorialize our recent meet and confer call on Friday, April 18, 2014, pursuant to Fed. R. Civ. P. 37(a)(1) and Local rule 7.1(a), regarding the parties' discovery responses, and to follow-up with you on the status of your response to our February 12, 2014 letter.

As an initial matter, in Defendants' responses to Plaintiffs' First Set of Interrogatories and Plaintiffs' First Request for the Production of Documents, Defendants contend that the Relevant Time Period should end on November 28, 2012, the date the Merger closed. It is our view, however, that the date the Merger closed is an arbitrary date for which you have provided no support. Under the Federal Rules of Civil Procedure, Defendants have an obligation to provide responses to Plaintiff's Interrogatories up to the present and to produce all documents responsive to Plaintiffs' document requests. Accordingly, Defendants are improperly limiting their response to November 28, 2012. Moreover, courts have found that documents and information beyond the date of a merger are discoverable where, as here, they are relevant to assessing the price of the merger and whether rescissory damages are an appropriate remedy.[1]

Plaintiffs address their specific concerns with Defendants' responses below.

1. **Defendants' Objections and Responses to Plaintiffs' First Set of Interrogatories**

Interrogatory Nos. 2 and 3

In your responses to Interrogatories 2 and 3, you indicated that the only potential bidders that the Individual Defendants had direct contact with are Manwin, Ten Broadcasting, Longkloof and LFP. It is our understanding from our discussion that Bidder C referenced in the 14D-9 is Ten Broadcasting and that Defendants do not know the identity of Bidder D referenced in the 14D-9.

---

[1] *See, e.g., In re Best Lock Corp. Shareholder Litig.*, 2000 Del. Ch. LEXIS 175 (Del. Ch. Dec. 18, 2000); *In re John Q. Hammons Hotels Inc. S'holder Litig.*, 2009 Del. Ch. LEXIS 41 (Del. Ch. Mar. 25, 2009).

Stu Bennett Letter
May 5, 2014
Page 2 of 5

Moreover, with respect to Interrogatory No. 3, it is our understanding that Defendants inadvertently omitted their communications with Ten Broadcasting. Please supplement your response to this interrogatory.

Interrogatory Nos. 4, 6-8, and 18

With respect to your responses to Interrogatories 4, 6-8 and 18, it is our understanding that by incorporating certain pages of the 14D-9 and other documents into Defendants' responses, each defendant is adopting the text in the referenced documents as their full and complete certified response to these interrogatories.

Interrogatory No. 5

With respect to Interrogatory No. 5(b), Defendants state that "New Frontier had pre-existing business relationships with an affiliate of LFP Broadcasting, Inc., LFP, Inc.," but do not explain the nature of those relationships or whether any compensation was paid or received to or by New Frontier, as requested by Interrogatory No. 5. Please explain the nature of the relationships, whether compensation has been paid or received, the form of the compensation, when it was paid or received and the amount of the compensation.

Interrogatory No. 10

Interrogatory No. 10 asked for the identification of specific persons who participated in the preparation of New Frontier's public filings and press releases. We note that no such persons were identified for Alston & Bird, Perkins Coie or Grant Thornton.

Based on our meet and confer discussion, we understand that the specific individual at Grant Thornton who participated in New Frontier's public statements was J.J. Zhang. Please confirm whether there were any other individuals from Grant Thornton who also participated. We also understand that the individuals from Holland & Hart were: Stephanie Berberich, Jude Biggs, Scott Berden and Charles Cotty. Please also provide the individuals from Perkins Coie.

In addition, this response refers to "public relations consultants," plural. Please identify what other consultants participated in the preparation of the Company's public statements, other than Sard Verbinnen.

Interrogatory No. 12

With respect to Interrogatory No. 12, Defendants stated that they are unaware of anyone within New Frontier that expressed a view that $2.06 per share was inadequate. This Response, however, does not fully answer Interrogatory No. 12 to the extent it asks whether anyone acting on behalf of New Frontier, such as investment bankers or accountants, expressed such a view. Based upon our meet and confer discussion, it is our understanding that Defendants are

Stu Bennett Letter
May 5, 2014
Page 3 of 5

representing to Plaintiffs there is no person or entity outside of New Frontier acting on its behalf that expressed the view that $2.06 per share price was inadequate.

## 2. Defendants' Response to Plaintiffs' First Request for the Production of Documents

Request No. 4

In Defendants' response to Request No. 4, Defendants object on attorney-client privilege grounds as to "communications between New Frontier its attorneys and persons hired to assist its attorneys with respect to the Merger," including investment bankers. It is our understanding based on our meet and confer discussion that Defendants intend to withhold communications between New Frontier's attorneys (Marc Calipari, Alston & Bird and Perkins Coie) and such investment bankers and other consultants, but not with respect to investment banker communications with the Individual Defendants, management or Company employees. Plaintiffs, however, are entitled to such documents because they have "good cause" for needing them where they have alleged a cognizable injury as a result of Defendants' sale of the Company for an allegedly inadequate price and the information they seek is not available elsewhere.[2] Moreover, to the extent the attorney-client privilege does apply, Defendants have waived their privilege by asserting as an affirmative defense "good faith reliance on the advice of counsel."[3] The Colorado Supreme Court has held that "by placing in issue a confidential communication going directly to the claim or defense, a party impliedly waives the attorney-client privilege with respect to that communication." *Id.*

Further, it is our understanding that Defendants will not produce any documents or communications from New Frontier's auditors based upon their assertion of the accountant-client privilege. We believe Defendants are required to produce all relevant documents and communications based upon two grounds. First, as stated above, Plaintiffs have demonstrated "good cause" for needing such documents.[4] Second, no such privilege exists under federal law[5] and, thus, Defendant's assertion of the client-accountant privilege with respect to Plaintiffs' federal

---

[2] *See Gerrits v. Brannen Banks of Florida, Inc.*, 138 F.R.D. 574, (D. Colo. 1991); *Neusteter v. Dist. Court for the City and County of Denver*, 675 P.2d 1, 5 (Colo. 1984); *Garner v. Wolfinbarger*, 430 F.2d 1093 (5th Cir. 1970).

[3] *See, e.g., Seabron v. Am. Family Mut. Ins. Co.*, 2011 U.S. Dist. LEXIS 138345 (D. Colo. Dec. 1, 2011) (quoting *Moutnain States Tel. & Tel. Co. v. DiFede*, 780 P.2d 533, 543 (Colo. 1989)); *Frontier Ref. v. Gorman-Rupp Co.*, 136 F.3d 695 (10th Cir. Wyo. 1998); *Wellinger Family Trust 1998 v. Hartford Life & Accident Ins. Co.*, 2013 U.S. Dist. LEXIS 79019 (D. Colo. June 5, 2013) (quoting *United States v. Workman*, 138 F.3d 1261, 1263 (8th Cir. 1998). *See, e.g., Chevron Corp. v. Pennzoil Co.*, 974 F.2d 1156 (9th Cir 1992).

[4] *See, e.g., Neusteter v. Dist. Court In & For City & Cnty. of Denver*, 675 P.2d 1, 5-7 (Colo. 1984); *Pattie Lea, Inc. v. Dist. Court of City & Cnty. of Denver*, 161 Colo. 493, 498, 423 P.2d 27, 30 (1967); *Garner*, 430 F.2d 1093; *Valente v. Pepsico, Inc.*, 68 F.R.D. 361, 376 (D. Del. 1975); *Bailey v. Meister Brau, Inc.*, 55 F.R.D. 211, 213-14 (N.D. Ill. 1972); *In re Colocotronis Tanker Securities Litigation*, 449 F. Supp. 828, 833 (S.D.N.Y. 1978).

[5] *See Ptasynski v. Co2 Claims Coalition, LLC*, 2006 U.S. Dist. LEXIS 59694 at *4 (D. Colo. Aug. 23, 2006) (citing *United States v. Arthur Young and Co.*, 465 U.S. 805, 817 (1984); *United States v. Wainwright*, 413 F.2d 796, 803 (10th Cir. 1969)).

Stu Bennett Letter
May 5, 2014
Page 4 of 5

claims (which substantially overlap with the state law breach of fiduciary duty claims) is wholly improper.[6]

<u>Request Nos. 13, 15, 39, and 44</u>

Defendants have limited their responses to Request Nos. 13, 15, 39 and 44 to 2012. This time limitation is improper and in direct contradiction of applicable legal precedent. Plaintiffs request that Defendants produce responsive documents for the prior three years.[7]

Moreover, with respect to Request No. 15, Defendants have not stated for what time period they are going to produce responsive documents. As stated above, it is Plaintiffs' position that responsive documents for at least the three years preceding the merger should be produced.

<u>Request No. 16</u>

In Request No. 16, Plaintiffs requested documents concerning business relationships between: (i) New Frontier and the Individual Defendants; and (ii) among or between the Individual Defendants. Defendants responded only to the first part of this request. During our meet and confer discussion, we asked about the second category. It is our understanding that as to the second category, the only relationship that the Individual Defendants had with and among each other is as New Frontier board members and that they did not have any personal or other business relationships outside of their New Frontier board membership.

With respect to the time limit Defendants impose on this Request of only 2012, Plaintiffs disagree and believe Defendants are required to produce any such documents for at least the past three years.

Defendants have also asserted that the services provided by defendant Isaacman's law firm are "not relevant" and "not discoverable." Not having any understanding of the nature of such services, Plaintiffs do not agree and request that Defendants produce documents sufficient to show the nature of such services performed within the past three years.

---

[6] Defendants have asserted the same objections with Respect to Request Nos. 5, 7, 11, 12, 17, 18, 21, 30, 34, 43 and, thus, Plaintiffs assert the same objection to these requests.

[7] *See, e.g., Lane v. Cancer Treatment Ctrs. Of Am.*, 1994 Del. Ch. LEXIS 67 (Del. Ch. May 25, 1994) (found pre-merger discovery was relevant in assessing the financial health and value of Plaintiff shareholders shares, and therefore allowed discovery of information 3 years prior to merger date); *Van De Walle v. Unimation, Inc.*, 1984 Del. Ch. LEXIS 575 (Del. Ch. Oct. 15, 1984) (allowing discovery going back 5 years prior to merger and stating that "[s]ince the fair value of the stock is at issue here, earnings prospects will be one factor taken into account at trial. . . . The basis for a determination of earnings value will normally be the average earnings over the five-year period preceding the merger."); *Kaye v. Pantone, Inc.*, 19821 Del. Ch. LEXIS 607 (Del. Ch. Oct. 6, 1981); *In re Olivetti Underwood Corp.*, 246 A.2d 800 at *6 (Del. Ch. 1968) ("And average earnings over the five-year period immediately preceding the merger is ordinarily used as the basis for determining earnings value."); *Grossman v. First Pennsylvania Corp.*, 1992 U.S. Dist. LEXIS 2266 (E.D. Pa. Feb. 24, 1992) ("The class period is not always determinative of what is relevant for discovery.")

Stu Bennett Letter
May 5, 2014
Page 5 of 5

<u>Request No. 43</u>

In Request No. 43, Plaintiffs requested documents concerning anticipated, proposed or actual post-Merger employment of New Frontiers officers and directors. In addition to their objections, Defendants indicated in their Reponses that they needed clarification regarding this Request. Based upon our meet and confer discussion, it is our understanding that only Marc Calipari had discussions regarding a post-Merger employment position with the merged company and that Defendants would produce such documents.

<u>Request No. 47</u>

In their Response, Defendants have indicated they will not produce any of the deposition transcripts from the arbitration proceeding concerning Michael Weiner's wrongful termination arbitration claims. Based upon our meet and confer discussion, we understand that Defendants are willing to produce portions of the transcripts for which, in Defendants' judgment, Plaintiffs have identified specific relevant testimony. Courts, however, permit discovery of the full deposition transcripts from a related proceeding where, as here, they are relevant to the current proceeding.[8] Thus, it is Plaintiffs' position that they are entitled to the full transcript because Weiner's termination in the middle of the process leading up to the Merger is a direct issue in this action, in part because Plaintiffs allege that Weiner was viewed by the Individual Defendants as an impediment to a potential sale to LFP at less than fair value, and, thus, is relevant. Accordingly, we ask that you reconsider your position.

We appreciate your attention to the issues raised in this letter. If any of the below statements are incorrect or inconsistent with your recollection, please let us know. Could you also please let us know when Defendants will be responding to our February 12, 2014 letter.

Very truly yours,

/s/ Shannon L. Hopkins
Shannon L. Hopkins

cc: Stephanie A. Bartone
    Stephen J. Crane
    Jason Leehan
    Jeffrey A. Berens

4840-9934-8506, v. 1

---

[8] *See, e.g., Benton v. Bd. Of County Comm'rs*, 2007 U.S. Dist. LEXIS 98656 (D. Colo. July 16, 2007); *Apple Inc. v. Samsung Elecs. Co. Ltd.*, 2012 U.S. Dist. LEXIS 51884 (N.D. Cal. Apr. 12, 2012); *Kimberly-Clark Worldwide, Inc. v. First Quality Baby Products, LLC*, Slip Op. 2011-1157 (Fed. Cir. 2011) (Fed. R. Civ. P. 26(b)(1).