# Exhibit D

Response to Plaintiffs' Motion to Compel

| Merrill Corporation 12-24228-2  Wed Oct 17 00:12:55 2012 (V 2.4m-2-R041011CHE) | | Chksum: 235008  Cycle 2.0 |
| --- | --- | --- |
| 8-K | New Frontier Media, Inc. - : Director resignation | |
| 106406 | c:\jms\106406\12-24228-2\task5601245\24228-2-BA.pdf | EDGAR :Redline:OFF    Doc 1 Page 1 |

# UNITED STATES
# SECURITIES AND EXCHANGE COMMISSION
Washington, D.C. 20549

# FORM 8-K

**CURRENT REPORT**
Pursuant to Section 13 or 15(d) of the
Securities Exchange Act of 1934

October 10, 2012
Date of Report (Date of earliest event reported)

# New Frontier Media, Inc.
(Exact Name of Registrant as Specified in Charter)

| Colorado | 000-23697 | 84-1084061 |
| --- | --- | --- |
| (State or Other Jurisdiction of Incorporation) | (Commission File No.) | (IRS Employer Identification No.) |

6000 Spine Road, Suite 100, Boulder, CO 80301
(Address of principal executive offices)

(303) 444-0900
(Registrant's telephone number, including area code)

N/A
(Former name or former address, if changed since last report)

Check the appropriate box below if the Form 8-K filing is intended to simultaneously satisfy the filing obligation of the registrant under any of the following provisions:

☐ Written communication pursuant to Rule 425 under the Securities Act (17 CFR 230.425)

☐ Soliciting material pursuant to Rule 14a-12 under the Exchange Act (17 CFR 240.14a-12)

☐ Pre-commencement communications pursuant to Rule 14d-2(b) under the Exchange Act (17 CFR 240.14d-2(b))

☐ Pre-commencement communications pursuant to Rule 13e-4(c) under the Exchange Act (17 CFR 240.13e-4(c))

Confidential                                                                                                           NFM_0016774

| Merrill Corporation 12-24228-2  Wed Oct 17 00:12:55 2012 (V 2.4m-2-R041011CHE) | Chksum: 150547  Cycle 2.0 |
| 8-K   New Frontier Media, Inc. - : Director resignation | |
| 106406   c:\jms\106406\12-24228-2\task5601245\24228-2-BA.pdf | EDGAR :Redline:OFF   Doc 1  Page 2 |

**Item 5.02. Departure of Directors or Certain Officers; Election of Directors; Appointment of Certain Officers; Compensatory Arrangements of Certain Officers.**

(a) On October 10, 2012, Mr. Michael Weiner tendered his resignation as a director of New Frontier Media, Inc. (the "Company"), effective immediately. Mr. Weiner indicated that he was resigning as a result of a disagreement with decisions made by the other members of the Company's board of directors, all of whom are independent directors. Mr. Weiner's resignation follows his termination by the board of directors from the position of chief executive officer on September 15, 2012. A copy of Mr. Weiner's resignation letter is attached hereto as Exhibit 17.1.

On October 16, 2012, the Company responded to Mr. Weiner by means of the letter attached hereto as Exhibit 17.2. In accordance with the requirements of Item 5.02 of Form 8-K, the Company has provided Mr. Weiner a copy of the disclosures it is making in this report (including the Company letter referenced in the immediately preceding sentence) no later than the day of filing this report with the Securities and Exchange Commission. The Company has provided Mr. Weiner with the opportunity to furnish it as promptly as possible with a letter addressed to the Company stating whether he agrees with the statements made by the Company in response to this Item 5.02 and, if not, stating the respects in which he does not agree.

**Item 9.01   Financial Statements and Exhibits**

(d) Exhibits

| Exhibit No. | Exhibit Description |
| --- | --- |
| 17.1 | Letter from Michael Weiner dated October 10, 2012. |
| 17.2 | Letter from the Company to Michael Weiner dated October 16, 2012. |

Confidential                                                                 NFM_0016775

Merrill Corporation 12-24228-2  Wed Oct 17 00:12:55 2012 (V 2.4m-2-R041011CHE)          Chksum: 1041056  Cycle 2.0
8-K              New Frontier Media, Inc. - : Director resignation
106406           c:\jms\106406\12-24228-2\task5601245\24228-2-BA.pdf          EDGAR :Redline:OFF        Doc 1  Page 3

## SIGNATURES

Pursuant to the requirements of the Securities Exchange Act of 1934, the registrant has duly caused this report to be signed on its behalf by the undersigned hereunto duly authorized.

Date: October 16, 2012                             NEW FRONTIER MEDIA, INC.

                                                   By:    /s/ Marc Callipari
                                                   Name:  Marc Callipari
                                                   Title: Chief Legal Officer

3

Confidential

NFM_0016776

| Merrill Corporation 12-24228-2  Wed Oct 17 00:12:55 2012 (V 2.4m-2-R041011CHE) | Chksum: 417639  Cycle 2.0 |
| 8-K      New Frontier Media, Inc. - : Director resignation | |
| 106406   c:\jms\106406\12-24228-2\task5601245\24228-2-BA.pdf | EDGAR :Redline:OFF   Doc 1 Page 4 |

### Exhibit Index

| Exhibit No. | Exhibit Description |
| --- | --- |
| 17.1 | Letter from Michael Weiner dated October 10, 2012. |
| 17.2 | Letter from the Company to Michael Weiner dated October 16, 2012. |

4

Confidential

NFM_0016777

Merrill Corporation 12-24228-2  Tue Oct 16 21:21:07 2012 (V 2.4m-2-R041016CHE)    Chksum: 0  Cycle 2.0
EX-17.1     New Frontier Media, Inc. - : Director resignation
105577      c:\jms\105577\12-24228-2\task5600928\24228-2-KE.pdf    EDGAR :Redline:OFF    Doc 2 Header

DOC 2 Header

Confidential

NFM_0016778

Merrill Corporation 12-24228-2  Tue Oct 16 21:21:07 2012 (V 2.4m-2-R041016CHE)     Chksum: 220384   Cycle 2.0
EX-17.1              New Frontier Media, Inc. - : Director resignation
105577         c:\jms\105577\12-24228-2\task5600928\24228-2-KE.pdf        EDGAR :Redline:OFF    Doc 2  Page 1

Exhibit 17.1

## Michael Weiner

October 10, 2012

Board of Directors
New Frontier Media, Inc.
6000 Spine Road, Suite 100
Boulder, Colorado 80301

Re:  **Director Resignation**

Ladies and Gentlemen:

As a result of the extremely troubling actions taken by a majority of the members of the Board of Directors - consisting of Alan Isaacman, Melissa Hubbard, Walter Timoshenko and Hiram J. Woo - in connection with my termination as CEO, the strategic review process and related matters, I hereby resign as a director effective immediately.

I intend to commence legal proceedings against the Company to enforce my rights, including those rights that arise under my employment agreement. While I am compelled to arbitrate my claims under my employment agreement in order to protect my personal interests and reputation, I believe shareholders should be aware of the circumstances surrounding my termination including actions taken by the current directors that I believe were not in the best interests of shareholders. Specifically, I believe the current directors' decision to terminate me as CEO and not to re-nominate me or David Nicholas for election as a director at the upcoming annual meeting of shareholders was, in my opinion, intended to stifle opposition and criticism from other directors and to entrench the members of the Special Committee on the Board.

During the past few months, I have raised significant concerns with the independence and conduct of the Special Committee, which is now comprised only of the current directors. The Special Committee was formed to review strategic alternatives after receipt of an acquisition proposal from Longkloof, the Company's largest stockholder, holding approximately 16% of the Company's outstanding shares. Instead of negotiating with Longkloof to receive a higher offer price than Longkloof's revised bid of $1.75 per share, the Special Committee filed an expensive lawsuit against Longkloof without a full vote of the Board and without first consulting with me. I have consistently expressed to the current directors my belief that the lawsuit was ill-advised from both a strategic and economic standpoint and the allegations in the lawsuit about me were baseless.

Confidential                                                                                              NFM_0016779

Merrill Corporation 12-24228-2  Tue Oct 16 21:21:07 2012 (V 2.4m-2-R041016CHE)         Chksum: 1044690  Cycle 2.0
EX-17.1              New Frontier Media, Inc. - : Director resignation
105577        c:\jms\105577\12-24228-2\task5600928\24228-2-KE.pdf         EDGAR :Redline:OFF    Doc 2  Page 2

- Was the Special Committee properly authorized by the full Board to commence the litigation?

- How much money has the Company spent on the lawsuit? Did the expense of the lawsuit make the Company a less attractive acquisition candidate?

- Did the Special Committee first consider whether the litigation would be a waste of corporate assets, especially if a higher and better offer from Longkloof was obtainable?

- Was the decision to sue Longkloof an attempt at self-preservation on the part of the Special Committee?

- Did the Special Committee consult counsel on any legal ramifications of depriving the right of shareholders to nominate directors?

The Special Committee erroneously asserted that I expressed a favorable view towards Longkloof's initial acquisition proposal and acted in an "unusually friendly" manner towards representatives of Longkloof, the Company's largest shareholder. This was not the case and I was always open, and remain open, to fully considering any proposal that maximizes the value of the Company and that would provide immediate liquidity to shareholders. Nevertheless, the Special Committee shut me out of the strategic review process based on self-serving claims that I was not trustworthy. I find this remarkable since I have worked with members of the Special Committee for over a decade both as a director and executive officer and no one had ever raised any concerns about my trustworthiness until after the Company received Longkloof's proposal.

Despite numerous requests, the Special Committee refused to provide me with meaningful information regarding its timetable and goals for the process and other aspects of the process, making it extremely difficult for me to run the business. I was also kept in the dark on the Longkloof litigation, making it impossible for me to properly address pressing inquiries from employees, shareholders, distributors and customers regarding this matter.

- Did the Special Committee consider whether my insights into the Company and its industry would have benefited the strategic review process and potentially lead to the receipt of higher bids?

Confidential

NFM_0016780

Merrill Corporation 12-24228-2  Tue Oct 16 21:21:07 2012 (V 2.4m-2-R041016CHE)        Chksum: 521886   Cycle 2.0
EX-17.1           New Frontier Media, Inc. - : Director resignation
105577       c:\jms\105577\12-24228-2\task5600928\24228-2-KE.pdf        EDGAR :Redline:OFF      Doc 2  Page 3

- Did the Special Committee consider whether my insights would have assisted Avondale Partners with its valuation analysis of the Company?

- How can shareholders be assured that the activities of the Special Committee are actually benefiting shareholders?

- What is the status of the strategic review process? Shareholders have the right to know!

On September 29, 2012, David Nicholas resigned as a director of the Company as a result of disagreements with the current directors and concerns similar to mine regarding the Special Committee, the strategic review process and my termination as CEO. With my termination, the Special Committee has in my view effectively eliminated any and all opposition to its policies and practices by other directors and any semblance of a truly independent body to oversee the strategic review process. In my view, the lack of independence of the Special Committee and the current directors' failure to nominate any new, unaffiliated director nominees for election at the upcoming annual meeting should raise glaring red flags with respect to the strategic review process and any acquisition proposal that may be recommended by the Board in the coming weeks.

- Did the Special Committee treat all bidders equally and conduct a fair and exhaustive review process?

- Does any member of the Special Committee have a personal or business relationship with any representatives of the bidders?

- Why has the Special Committee not concluded the strategic review process?

- Does the current composition of the Special Committee and the circumstances surrounding the resignation of me and David Nicholas create any legal exposure for the Company in connection with any proposed acquisition?

I co-founded New Frontier in 1997 and since then have always conducted myself and my affairs, both as a director and executive officer, appropriately, responsibly and in accordance with my fiduciary duties to shareholders. It is extremely disappointing that despite my longstanding devotion and contribution to the Company, the current directors have chosen to wrongfully terminate my

Confidential

NFM_0016781

Merrill Corporation 12-24228-2  Tue Oct 16 21:21:07 2012 (V 2.4m-2-R041016CHE)   Chksum: 798061   Cycle 2.0
EX-17.1   New Frontier Media, Inc. - : Director resignation
105577   c:\jms\105577\12-24228-2\task5600928\24228-2-KE.pdf   EDGAR :Redline:OFF   Doc 2  Page 4

employment in order to, in my opinion, pursue interests that I believe are contrary to those of the shareholders. I am hopeful that my resignation and the concerns I have raised herein will help ensure that the current directors redirect their focus on preserving what value is left in the Company under the watchful eyes of shareholders. I also intend to vigorously pursue my legal claims against the Company (following my wrongful termination) to prove my actions have always been in the best interests of shareholders. I cannot say the same for the current members of the Board.

Sincerely,

/s/ Michael Weiner
Michael Weiner

Confidential

NFM_0016782

| Merrill Corporation 12-24228-2  Wed Oct 17 00:53:55 2012 (V 2.4m-2-R041011CHE) | Chksum: 0  Cycle 2.0 |
| EX-17.2  New Frontier Media, Inc. - : Director resignation | |
| 106406  c:\jms\106406\12-24228-2\task5601328\24228-2-KG.pdf | EDGAR :Redline:OFF    Doc 3 Header |

DOC 3 Header

Confidential

NFM_0016783

Merrill Corporation 12-24228-2  Wed Oct 17 00:53:55 2012 (V 2.4m-2-R041011CHE)          Chksum: 787513   Cycle 2.0
EX-17.2          New Frontier Media, Inc. - : Director resignation
106406           c:\jms\106406\12-24228-2\task5601328\24228-2-KG.pdf          EDGAR :Redline:OFF     Doc 3  Page 1

**Exhibit 17.2**

October 16, 2012

Mr. Michael Weiner
C/o Meghan Martinez
Barkley Martinez, P.C.
720 S. Colorado Blvd, Suite 530-S
Denver, Co 80246

Dear Michael:

We received your letter dated October 10, 2012 regarding your resignation from the Board of Directors of New Frontier Media, Inc.

As we announced yesterday, we successfully concluded our strategic review process and have signed a definitive agreement to be acquired by LFP Broadcasting, LLC, an affiliate of L.F.P., Inc., the company founded and headed up by Larry Flynt, for $2.02 per common share in cash up front, or approximately $33 million, plus a contingent cash payment right for each common share. The acquisition price represents approximately a 79% premium to New Frontier's closing stock price on March 8, 2012, the day before the Company received a publicly-announced $1.35 per share unsolicited acquisition proposal from the investor group led by Longkloof Limited.

With today's announcement of a transaction that will provide our shareholders with a substantial premium for their shares, there can be no doubt as to how committed the members of the Special Committee have been to acting in the best interests of *all* shareholders. Clearly, it would have been preferable and in the best interests of our shareholders if the Special Committee had been allowed to conduct its diligent process without the numerous undue distractions that it has had to endure. Within a month of the Special Committee being formed, the Company received two publicly-announced unsolicited offers and was threatened with a proxy contest by the Longkloof group that would have allowed them to acquire control of the Company without being required to pay our shareholders a control premium for their shares. The threatened proxy contest, in addition to being highly disruptive to the Special Committee's process, caused the Company to incur significant expenses to ensure that the interests of our shareholders were protected and the integrity of the Special Committee's process was safeguarded.

Rather than abandoning our strategic review process in the face of these numerous and difficult challenges, the Special Committee persevered in ensuring that a fair process was maintained that provided a level playing field for all potential bidders. Ultimately, the Special Committee was successful in negotiating a settlement agreement with the Longkloof group that resulted in the termination of their proxy contest and the related litigation and their commitment that, through the end of the year and subject to the terms of the settlement agreement, they would only pursue an acquisition of the Company through a consensual transaction. The settlement agreement negotiated by the Special Committee facilitated our strategic review process by ensuring that the interest of potential bidders in the Company would no longer be "chilled" by a threatened proxy contest and the related litigation.

Given how strongly you opposed our efforts to seek a resolution of the proxy contest and your failure to take any action to protect our shareholders from the possible consequences of a proxy contest that sought control of the Company (and would have kept you and David Nicholas on the Board while it replaced all the other members of the Board), it is not surprising that you have been unwilling to acknowledge the extent to which the Special Committee's efforts to preserve the integrity of its process has benefitted our

Confidential                                                                                                  NFM_0016784

| Merrill Corporation 12-24228-2  Wed Oct 17 00:53:55 2012 (V 2.4m-2-R041011CHE) | Chksum: 870625   Cycle 2.0 |
| --- | --- |
| EX-17.2          New Frontier Media, Inc. - : Director resignation | |
| 106406         c:\jms\106406\12-24228-2\task5601328\24228-2-KG.pdf | EDGAR :Redline:OFF    Doc 3  Page 2 |

shareholders. Nevertheless, we think today's announcement speaks for itself in making clear how our shareholders have benefitted from our diligent efforts to preserve and maintain a level playing field and fair process for all bidders.

It is unfortunate that during your time as Chairman of the Board and CEO of New Frontier you chose to attack and interfere with the efforts of the Special Committee to maximize value for all our shareholders. While you have criticized the length of time our process has taken, you fail to acknowledge the numerous distractions that the Special Committee has had to contend with in managing its process and the culpability of those, including yourself, that have caused or contributed to these distractions. It is probably not a coincidence that, almost exactly a month after your employment as CEO was terminated and you were no longer in a position to cause as many unnecessary distractions for the Special Committee, we were able to successfully complete our process and enter into the definitive acquisition agreement that we announced yesterday.

Based on your letter, you seem committed to continuing to distract our Board and deprive our shareholders of the opportunity to receive maximum value for their shares. As yesterday's announcement indicates, our transaction with LFP Broadcasting provides our shareholders with liquidity for their shares at a substantial premium plus potential additional consideration tied to the Company's cash balances at the closing of the tender offer. The frivolous and baseless litigation that you indicate in your resignation letter you are planning against the Company can only be seen as attempting to disrupt this value-maximizing transaction and will only serve to deprive our shareholders of some of the potential upside that they stand to receive for their shares.

Given how your past disruptive and distracting actions have already resulted in a process that was longer than it needed to be, we hope you would not take any further actions to prevent our shareholders from being able to receive maximum value for their shares as expeditiously as possible.

Sincerely,

The Board of Directors of New Frontier Media, Inc.

**Important Information About the Tender Offer**

This communication is not a recommendation, an offer to purchase or a solicitation of an offer to sell shares of common stock of New Frontier Media, Inc., a Colorado corporation ("New Frontier Media"). The solicitation and the offer to buy shares of New Frontier Media common stock will be made only pursuant to an offer to purchase and related materials that are filed with the Securities and Exchange Commission. Flynt Broadcast, Inc., a Colorado corporation and a wholly owned subsidiary of LFP Broadcasting, LLC ("Merger Sub"), has not commenced the tender offer for shares of New Frontier Media common stock described in this communication.

Upon commencement of the tender offer, LFP Broadcasting and Merger Sub will file with the Securities and Exchange Commission a tender offer statement on Schedule TO and related

2

Confidential                                                                                                   NFM_0016785

| | | |
|---|---|---|
| Merrill Corporation 12-24228-2  Wed Oct 17 00:53:55 2012 (V 2.4m-2-R041011CHE) | | Chksum: 776137   Cycle 2.0 |
| EX-17.2   New Frontier Media, Inc. - : Director resignation | | |
| 106406   c:\jms\106406\12-24228-2\task5601328\24228-2-KG.pdf | EDGAR :Redline:OFF | Doc 3  Page 3 |

exhibits, including the offer to purchase, letter of transmittal and other related documents. Following commencement of the tender offer, New Frontier Media will file with the Securities and Exchange Commission a solicitation/recommendation statement on Schedule 14D-9. Shareholders should read the offer to purchase and solicitation/recommendation statement and the tender offer statement on Schedule TO and related exhibits when such documents are filed and become available, as they will contain important information about the tender offer.

Shareholders can obtain these documents when they are filed and become available free of charge from the Securities and Exchange Commission's website at www.sec.gov. In addition, shareholders will be able to obtain a free copy of these documents (when they become available) from New Frontier Media by contacting Marc Callipari, Chief Legal Officer, New Frontier Media, Inc., 6000 Spine Road, Suite 100, Boulder, Colorado 80301, (303) 444-0900; mcallipari@noof.com.

In connection with the proposed transactions contemplated by the definitive agreement between LFP Broadcasting and New Frontier Media, New Frontier Media and its directors, executive officers and other employees may be deemed to be participants in any solicitation of New Frontier Media shareholders in connection with such proposed transactions. Information about New Frontier Media's directors and executive officers is available in New Frontier Media's proxy statement for its 2012 annual meeting of shareholders, as filed with the SEC on September 21, 2012 and will be available in New Frontier Media's solicitation/recommendation statement on Schedule 14D-9.

Confidential

NFM_0016786