# <u>Exhibit G</u>

Response to Plaintiffs' Motion to Compel

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

Civil Action No. 1:12-cv-02941-JLK

CRAIG TELKE, and
WILLIAM DOUGLAS MORELAND,
Individually and on Behalf of All Others Similarly Situated,

      Plaintiffs,

v.

NEW FRONTIER MEDIA, INC.,
ALAN ISAACMAN,
MELISSA HUBBARD,
HIRAM J. WOO, and
WALTER TIMOSHENKO,

      Defendants.

### PLAINTIFF CRAIG TELKE'S RESPONSES AND OBJECTIONS TO
### DEFENDANTS' FIRST SET OF WRITTEN DISCOVERY REQUESTS

Pursuant to Rules 26, 33 and 34 of the Federal Rules of Civil Procedure and Rule 37.1 of the Local Rules of the United States District Court for the District of Colorado, Plaintiff Craig Telke ("Plaintiff"), by and through his counsel, hereby responds and objects (the "Response") to the First Set of Written Discovery Requests that Defendants New Frontier Media, Inc., Alan Isaacman, Melissa Hubbard, Hiram J. Woo, and Walter Timoshenko ("Defendants") directed to Plaintiffs, including the first request for the production of documents (the "Requests") and the first set of interrogatories (the "Interrogatories").

Plaintiff reserves his rights to move to quash or to seek a protective order on the grounds set forth in the Objections or on any other basis at some future time.

## GENERAL OBJECTIONS

The following General Objections apply to each of the Requests and Interrogatories propounded by Defendants and shall have the same force and effect as if set forth in full in the specific response to each of the separately numbered Requests and Interrogatories. The production of documents by Plaintiff in response to any specific Request or Interrogatory is not, and shall not be construed as, an admission of the propriety of the specific Request or Interrogatory.

1.      Plaintiff objects to the Requests and Interrogatories, including the Definitions and Instructions, to the extent that they seek to impose obligations beyond those required by the Federal Rules of Civil Procedure, the Local Rules of the United States District Court for the District of Colorado, and other applicable law.

2.      Plaintiff objects to the Requests and Interrogatories, including the Definitions and Instructions, to the extent they are vague, ambiguous, overly broad, or unduly burdensome; seek information or documents that are neither relevant to any claim or defense in this litigation nor reasonably calculated to lead to discovery of admissible evidence; or do not conform with applicable law.

3.      Plaintiff objects to the Requests and Interrogatories including, the Definitions and Instructions, to the extent that they call for the production of documents or information the production of which would impose an undue burden or expense on Plaintiff, or attempt to shift the burden of compiling and analyzing information from Defendants to Plaintiff.

4.      Plaintiff objects to the Requests and Interrogatories, including the Definitions and Instructions, to the extent they seek information or documents that are not in Plaintiff's possession, custody or control.

2

5.     Plaintiff objects to the Requests and Interrogatories, including the Definitions and Instructions, to the extent that they seek information or documents that are in Defendants' possession, custody or control.

6.     Plaintiff objects to the Requests and Interrogatories, including the Definitions and Instructions, to the extent that they seek information or documents that are publicly available and/or uniquely or equally available to Defendants.

7.     Plaintiff objects to the Requests and Interrogatories, including the Definitions and Instructions, to the extent that they seek information or documents, including drafts, that are subject to the attorney-client privilege, the work product doctrine, or any other applicable privilege, protection or immunity from disclosure.  Privileged or protected documents responsive to a particular Request or Interrogatory will not be produced.  Plaintiff does not waive, and intends to preserve, any applicable privilege, protection, or immunity from disclosure.  In the event that any privileged or protected information or documents are produced by Plaintiff, such production is inadvertent and will not constitute a waiver of any privilege, protection or immunity from disclosure.  Pursuant to the Stipulated Protective Order entered by the Court on January 31, 2014, Plaintiff reserves the right to demand the return of all copies of any such inadvertently produced documents.

8.     Plaintiff objects to the Requests and Interrogatories, including the Definitions and Instructions, to the extent they seek documents or information relating to, concerning, or reflecting confidential information.  To the extent such documents exist within Plaintiff's possession, custody or control and are responsive, Plaintiff will produce such documents pursuant to the Stipulated Protective Order entered by the Court on January 31, 2014.

3

9.     Plaintiff objects to the Requests and Interrogatories, including the Definitions and Instructions, to the extent they seek disclosure of documents or information where such disclosure would violate any constitutional, statutory, or common law right of privacy of Colorado, or any other state or the United States, or any confidentiality agreement between any of the Plaintiff and any other entity or person.

10.     Plaintiff objects to the Requests and Interrogatories, including the Definitions and Instructions, to the extent they seek disclosure of Plaintiff's personal financial information.

11.     Plaintiff objects to the Requests and Interrogatories, including the Definitions and Instructions, to the extent they seek disclosure of information that is contentious and premature at this stage of the litigation.

12.     Plaintiff objects to the Requests and Interrogatories, including the Definitions and Instructions, to the extent they impose obligations on Plaintiff that conflict with the Case Management Order entered by the Court on January 31, 2014 ("Case Management Order").

13.     Plaintiff objects to the terms "Plaintiffs," "you" or "yours" as being vague, ambiguous, overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence to the extent it includes persons or entities other than Plaintiffs themselves.

14.     Plaintiff objects to the terms "New Frontier" or "the Company" insofar as they seek to exclude New Frontier's present or former parents, subsidiaries, divisions, subdivisions, practice groups, departments, affiliates, predecessors, successors, joint ventures, officers, directors, partners, principals, employees, representatives, professional staff members, attorneys, agents, and all other persons acting or purporting to act on its behalf.

15.     Plaintiff objects to the definition of "identify" as vague, ambiguous, overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence to the extent its use would impose obligations beyond those required by the Federal Rules of Civil Procedures and the Local Rules of the United States District Court for the District of Colorado.

16.     Plaintiff objects to Instruction 2 on the grounds that this Instruction is unduly burdensome and purports to impose obligations and requires procedures beyond those set forth in the Federal Rules of Civil Procedure and seeks the discovery of information that constitutes attorney work product, contains or pertains to attorney-client communications, or that is otherwise privileged or protected from disclosure.

17.     Plaintiff objects to Instructions 30-32 on the grounds that these Instructions are unduly burdensome and purport to impose obligations and requires procedures beyond those set forth in the Federal Rules of Civil Procedure.

18.     Plaintiff objects insofar as the Requests for Production are without a relevant time period. In providing these Responses, Plaintiff will use the time period set forth in Instruction 28 to the Interrogatories.

19.     Each of the General Objections is incorporated below in each objection to a specific Request, as if fully set forth therein.

20.     In providing these Responses, Plaintiff does not in any way waive or intend to waive:

       a. the right to raise all questions of authenticity, foundation, relevancy, materiality, privilege, and admissibility as evidence for any purpose of information identified

in response to the Requests or Interrogatories that may arise in any subsequent proceeding in, or the trial of, this or any other action;

b. the right to object to the use of the Responses in any subsequent proceeding in, or the trial of, this or any other action on any grounds;

c. the right to object to the introduction into evidence of any or all of these Responses; or

d. the right to object on any ground at any time to other document requests involving the subject matter thereof.

21.    Plaintiff reserves the right to amend, supplement or correct these Responses if and when they discover other or additional documents or grounds for further responses and objections.

22.    Plaintiff reserves the right to make any use of, or to introduce at hearing or trial, documents responsive to the Requests and Interrogatories discovered subsequent to the date of its production, including, without limitation, any documents obtained in discovery herein.

## SPECIFIC RESPONSES AND OBJECTIONS TO INTERROGATORIES

### Interrogatory No. 1

Identify all persons known by you to have any information to support the factual allegations of the Amended Complaint and as to each such person describe in detail all facts that each such individual possesses.

### Response to Interrogatory No. 1

Plaintiff objects to this Interrogatory on the grounds set forth in his General Objections, which are incorporated herein. Plaintiff also objects to the phrase "in detail" as overly broad and unduly burdensome and as vague and ambiguous as to what is meant by "in detail." In addition, Plaintiff objects to this Interrogatory because discovery has not begun and Plaintiff has not received, nor had the opportunity to review, all documents that Defendants intend to produce, nor

deposed relevant witnesses in connection with this litigation. This Interrogatory is further objectionable to the extent that it asks Plaintiff to speculate as to the knowledge of another person or entity. This Interrogatory is also objectionable insofar as it seeks responses that constitute attorney work product, contains or pertains to attorney-client communications, or that are otherwise privileged or protected from disclosure.

Subject to and without waiving any of the foregoing General Objections and Specific Objections, Plaintiff states that he is aware of the following individuals who are "known" to have information that support the allegations in the Amended Complaint: Alan Isaacman; Melissa Hubbard; Hiram J. Woo; Walter Timoshenko; Michael Weiner; David Nicholas; Grant Williams; Marc Callipari; Adam Rothstein and Emma Lawrence of Longkloof Limited; Michael H. Klein; Damien J. Park; Karsten Lampka of Avondale Partners, LLC; Stuart Duncan and Larry Paget of Ten Broadcasting, Inc.; Steven Gans; Scott Berden of Holland & Hart, LLP; Keith Gottfried of Alston & Bird, LLP; Scott Richter; Craig Telke and Douglas Moreland.

Plaintiff also refers Defendants to the documents produced pursuant to Request No. 1, which speak for themselves.

**Interrogatory No. 2**

Without limiting the generality of the foregoing interrogatory, as to each paragraph of the Amended Complaint, identify each person who has knowledge of the factual allegations therein and describe in detail all facts that each such individual possesses. By way of example and not limitation, identify all persons with knowledge that the fees paid to defendant Isaacman and his law firm described in the Amended Complaint at ¶ 6, were "highly objectionable to Weiner, Nicholas, as well as the Company's shareholders" as alleged in the Amended Complaint at ¶ 7. By way of a further example, identify all persons with knowledge that the "Board's decision to sue Longkloof…was met with substantial criticism from shareholders" as alleged in the Amended Complaint at ¶ 10.

**Response to Interrogatory No. 2**

Plaintiff objects to this Interrogatory on the grounds set forth in his General Objections, which are incorporated herein. Plaintiff also objects to the phrase "in detail" and the term "knowledge" as overly broad and unduly burdensome and as vague and ambiguous as to what is meant by "in detail" and "knowledge." In addition, Plaintiff objects to this Interrogatory as a duplicative of Interrogatory No. 1. This Interrogatory is also objectionable as a premature contention interrogatory. Plaintiff further objects to this Interrogatory because discovery has not begun and Plaintiff has not received, nor had the opportunity to review, all documents that Defendants intend to produce, nor deposed relevant witnesses in connection with this litigation. Plaintiff also objects to this Interrogatory to the extent that it asks Plaintiff to speculate as to the knowledge of another person or entity. This Interrogatory is also objectionable insofar as it seeks responses that constitute attorney work product, contains or pertains to attorney-client communications, or that are otherwise privileged or protected from disclosure.

Subject to and without waiving any of the foregoing General Objections and Specific Objections, Plaintiff refers Defendants to the documents produced pursuant to Request No. 1, which speak for themselves, and to Exhibit 1 to these Responses.

**Interrogatory No. 3**

Identify all persons, companies or other entities of which you are aware that were "potential suitors for the Company" that were deterred from submitting an offer higher than LFP Broadcasting by the litigation the Company commenced against Longkloof as alleged in the Amended Complaint at ¶ 10.

**Response to Interrogatory No. 3**

Plaintiff objects to this Interrogatory on the grounds set forth in his General Objections, which are incorporated herein. Plaintiff also objects to this Interrogatory as a premature contention interrogatory. In addition, Plaintiff objects to this Interrogatory because discovery has not begun

8

and Plaintiff has not received, nor had the opportunity to review, all documents that Defendants intend to produce, nor deposed relevant witnesses in connection with this litigation. This Interrogatory is also objectionable insofar as it seeks responses that constitute attorney work product, contains or pertains to attorney-client communications, or that are otherwise privileged or protected from disclosure.

**Interrogatory No. 4**

Identify all persons and describe all facts of which you are aware that the LFP Broadcasting offer of $2.02 and contingent payment was a "grossly inadequate" price as alleged in the Amended Complaint at ¶10 and elsewhere in the Amended Complaint.

**Response to Interrogatory No. 4**

Plaintiff objects to this Interrogatory on the grounds set forth in his General Objections, which are incorporated herein. In addition, Plaintiff objects to this Interrogatory as a duplicative of Interrogatories No. 1 and 2. Plaintiff also objects to this Interrogatory as a premature contention interrogatory. Plaintiff further objects to this Interrogatory because discovery has not begun and Plaintiff has not received, nor had the opportunity to review, all documents that Defendants intend to produce, nor deposed relevant witnesses in connection with this litigation. This Interrogatory is also objectionable insofar as it seeks disclosure of Plaintiff's experts and their analysis in contradiction of the Case Management Order before any discovery has begun or been exchanged. This interrogatory is further objectionable insofar as it seeks responses that constitute attorney work product, contains or pertains to attorney-client communications, or that are otherwise privileged or protected from disclosure.

Subject to and without waiving any of the foregoing General Objections and Specific Objections, Plaintiff states that the following facts support Plaintiff's allegations that the $2.02 merger price per share is inadequate.

9

- According to Michael Weiner, the Special Committee to the Board instructed Avondale Partners, LLC to not speak with Michael Weiner who, as Chief Executive Officer and founder of the Company, was critical to analyzing potential offers because of his knowledge of the Company and the industry for more than a decade;

- Avondale's financial analyses supporting its opinion that the Merger price was fair are flawed because:

    (i)    Avondale inappropriately used EBIT multiples (which included non-cash depreciation and amortization expenses), rather than EBITDA and revenue multiples, in its *Discounted Cash Flow Analysis*, *Precedent Transactions Analysis*, and *Comparable Companies Analysis*, resulting in an artificially lower valuation for New Frontier;

    (ii)   Avondale inappropriately selected a low range of terminal EBIT multiples of 5x to 7x in its *Discounted Cash Flow Analysis*, which is far below Avondale's own observations of market-derived EBIT multiples and lies below the lowest LTM EBIT multiple observed among the 35 acquisitions it examined, and reflect a fraction of the 17.9x median;

    (iii)  Avondale improperly selected a multiple range of 5x to 7x, which was far below the 10.7x LTM median from the comparable public companies it examined, the lowest of which reflected a 5.9x LTM multiple;

    (iv)   Avondale's *Precedent Transactions Analysis* did not yield meaningful results because Avondale used NOOF's LTM EBIT multiple, which was negative as a result of, among other reasons, including depreciation and amortization expense;

    (v)    Avondale inappropriately relied on companies (FriendFinder, Outdoor Channel, Private Media, Rick's Cabaret and LodgeNet) in its *Comparable Companies Analysis*, for which there were no EBIT multiplies available;

    (vi)   Avondale inappropriately selected in its *Comparable Companies Analysis*, companies with low multiples that were not comparable to New Frontier because of, among other reasons, they were not in compliance with debt covenants and/or financial reporting requirements where New Frontier had no debt and was in compliance;

    (vii)  Four of the six pricing multiples Avondale examined in its *Comparable Companies Analysis* were unusable when applied to New Frontier because the Company's EBIT was negative for the LTM period and 2012 projected EBIT was temporarily depressed;

    (viii) Avondale used an abnormally high discount rate range of 20% to 30%, as compared to even the highest weighted-average cost of capital for New Frontier's selected peer group as reported by Bloomberg, LP, of 11.8%;

    (ix)   Avondale did not apply a reasonable control premium in its valuation;

    (x)    Avondale did not consider synergies in its analyses; and

    (xi)   Avondale's analyses did not consider the impact of the Company's value as a result of its plans to expand into over-the-top technology and into South America.

- Wall Street analysts had set a price target for New Frontier as high as $4.00 per share.

## Interrogatory No. 5

Identify all persons, companies or entities of which you are aware that were ready, willing and able to enter into a transaction in calendar year 2012 for the purchase or acquisition of NOOF at a price in excess of LFP Broadcasting's offer and describe in detail all facts that such persons or entities were interested in such a transaction.

## Response to Interrogatory No. 5

Plaintiff objects to this Interrogatory on the grounds set forth in his General Objections, which are incorporated herein.  Plaintiff also objects to the terms "ready", "willing", and "able" as overly broad and unduly burdensome and as vague and ambiguous as to what is meant by each term.  Plaintiff also objects to this Interrogatory as a premature contention interrogatory.  In addition, Plaintiff objects to this Interrogatory because discovery has not begun and Plaintiff has not received, nor had the opportunity to review, all documents that Defendants intend to produce, nor deposed relevant witnesses in connection with this litigation.  This interrogatory is further objectionable insofar as it seeks responses that constitute attorney work product, contains or pertains to attorney-client communications, or that are otherwise privileged or protected from disclosure.

## Interrogatory No. 6

Identify all oral or written communications you have had with any person, company or entity concerning the purchase, acquisition or other transaction involving NOOF securities or the Company and describe in detail all such communications and identify any document that memorializes the communication.

## Response to Interrogatory No. 6

Plaintiff objects to this Interrogatory on the grounds set forth in his General Objections, which are incorporated herein.  Plaintiff also objects to the terms "other transaction" and "securities" as overly broad and unduly burdensome and as vague and ambiguous as to what is meant by "other transaction" and "securities."  The Interrogatory is further objectionable insofar

11

as it seeks responses that constitute attorney work product, contains or pertains to attorney-client communications, or that are otherwise privileged or protected from disclosure.

Subject to and without waiving any of the foregoing General Objections and Specific Objections, Plaintiff states that he has had no communications and refers Defendants to the documents produced pursuant to Requests No. 1, 11 and 13 which speak for themselves.

**Interrogatory No. 7**

Identify all oral or written communications you have had with Michael Weiner, David Nicholas or any other person concerning the purchase, acquisition or other transaction in NOOF securities or the Company at any time since January 2011 to the present and identify any document that memorializes the communication.

**Response to Interrogatory No. 7**

Plaintiff objects to this Interrogatory on the grounds set forth in his General Objections, which are incorporated herein. Plaintiff also objects to the terms "other transaction" and "securities" as overly broad and unduly burdensome and as vague and ambiguous as to what is meant by "other transaction" and "securities." In addition, Plaintiff objects to this Interrogatory as overly broad, vague, and unduly burdensome to the extent it seeks information beyond the Relevant Period of January 1, 2012 through the present. Plaintiff further objects to this Interrogatory as duplicative of Interrogatory No. 6. This Interrogatory is further objectionable insofar as it seeks responses that constitute attorney work product, contains or pertains to attorney-client communications, or that are otherwise privileged or protected from disclosure.

Subject to and without waiving any of the foregoing General Objections and Specific Objections, Plaintiff Telke states that he has had no such communications and refers Defendants to the documents produced pursuant to Requests No. 1, 11 and 13 which speak for themselves.

12

**Interrogatory No. 8**

Identify all oral or written communications you have had with Michael Weiner, David Nicholas, Ken Boenish, Ira Bahr, Mark Kreloof, Marc Callipari, Scott Piper, William Douglas Moreland, Craig Telke, Dennis Palkon, Gopal Chakravarthy, Elwood White or other present or former employees, directors, officers or shareholders of NOOF concerning the allegations of the Amended Complaint.

**Response to Interrogatory No. 8**

Plaintiff objects to this Interrogatory on the grounds set forth in his General Objections, which are incorporated herein. Plaintiff also objects to this Interrogatory as duplicative of Interrogatories No. 6 and 7. Subject to and without waiving any of the foregoing General Objections and Specific Objections, Plaintiff Telke states that he has had no such communications. Plaintiff Telke further states that his counsel met with David Nicolaus on November 13, 2013 in New York, New York and with David Nicolaus and Michael Weiner on January 30, 2014 in Denver, Colorado. Plaintiff Telke further refers Defendants to documents produced pursuant to Request No. 1.

**Interrogatory No. 9**

Identify all oral or written communications you have had with any suitor, bidder, prospective bidder or other person or entity concerning the purchase, acquisition or other transaction in NOOF securities or with respect to the Company. Without limiting the generality of the foregoing, identify all oral or written communications you have had with any of the following or their representatives: Longkloof, Manwin, Marcel Golding, Adam Rothstein, Hosken Consolidated Investments, Mile End Limited, Eric Doctorow, Mahomed Khalik Ismail Sherrif, Willem Deon Nel, Barbara Wall, Sabido Investments, Stuart Duncan, Charles Prast, Fabiasn Thylmann, Stephen Gans, Marc Greenberg, Robert Sanchez, Damian Park, Richard Stride, Louise Bashford, Emma Lawrence, Mark E. Chesen, Matthew P. Karlson or April Horace.

**Response to Interrogatory No. 9**

Plaintiff objects to this Interrogatory on the grounds set forth in his General Objections, which are incorporated herein. In addition, Plaintiff objects to the terms "other transaction", "suitor", "bidder", and "securities" as overly broad and unduly burdensome and as vague and

13

ambiguous as to what is meant by each of these terms. Plaintiff also objects to this Interrogatory as duplicative of Interrogatories No. 6, 7 and 8.

Subject to and without waiving any of the foregoing General Objections and Specific Objections, Plaintiff Telke states that he has had no such communications and refers Defendants to the documents produced pursuant to Requests No. 1, 11 and 13 which speak for themselves.

**Interrogatory No. 10**

Identify all persons of whom you are aware that have knowledge, opinions, or facts concerning the value of the Company and describe in detail all such knowledge, opinions or facts known by each such person and identify any documents, including any financial model or projection, referring, relating or evidencing such knowledge or opinion.

**Response to Interrogatory No. 10**

Plaintiff objects to this Interrogatory on the grounds set forth in his General Objections, which are incorporated herein. In addition, Plaintiff objects to this Interrogatory as duplicative of Interrogatories No. 1, 2, 4 and 8. Plaintiff also objects to the phrase "in detail" as overly broad and unduly burdensome and as vague and ambiguous as to what is meant by "in detail." Plaintiff further objects to this Interrogatory as premature because discovery has not begun and Plaintiff has not received, nor had the opportunity to review, all documents that Defendants intend to produce, nor deposed relevant witnesses in connection with this litigation. This Interrogatory is also objectionable insofar as it seeks disclosure of Plaintiff's experts and their analysis in violation of the Case Management Order. Plaintiff further objects to this Interrogatory insofar as it seeks responses that constitute attorney work product, contains or pertains to attorney-client communications, or that are otherwise privileged or protected from disclosure.

Subject to and without waiving any of the foregoing General Objections and Specific Objections, Plaintiff states that he is aware of the following who have "knowledge, opinions, or facts concerning the value of the Company:" Alan Isaacman; Melissa Hubbard; Hiram J. Woo;

14

Walter Timoshenko; Michael Weiner; David Nicholas; Grant Williams; Marc Callipari; Adam

Rothstein and Emma Lawrence of Longkloof Limited; Michael H. Klein; Damien J. Park; Karsten

Lampka of Avondale Partners, LLC; Stuart Duncan and Larry Paget of Ten Broadcasting, Inc.;

Steven Gans; Scott Berden of Holland & Hart, LLP; Keith Gottfried of Alston & Bird, LLP.

## Interrogatory No. 11

Identify all facts of which you are aware that demonstrate that any statement made in the 14D-9 provided materially misleading information to shareholders as alleged in the Amended Complaint at ¶ 15. As to each such statement, describe in detail that manner in which the statement should have been made in order to make it not misleading.

## Response to Interrogatory No. 11

Plaintiff objects to this Interrogatory on the grounds set forth in his General Objections,

which are incorporated herein. Plaintiff also objects to this Interrogatory as a premature contention

interrogatory. In addition, Plaintiff objects to this Interrogatory as duplicative of Interrogatories

No. 1, 2, and 8. Plaintiff also objects to this Interrogatory because discovery has not begun and

Plaintiff has not received, nor had the opportunity to review, all documents that Defendants intend

to produce, nor deposed relevant witnesses in connection with this litigation. This Interrogatory

is also objectionable insofar as it calls for a legal conclusion and prematurely seeks disclosure of

Plaintiff's experts and their analysis in violation of the Case Management Order.

Subject to and without waiving any of the foregoing General Objections and Specific

Objections, Plaintiff refers Defendants to Exhibit 2, attached hereto.

## Interrogatory No. 12

Identify all facts of which you are aware that demonstrate that the 14D-9 omitted to provide shareholders with materially information as alleged in the Amended Complaint at ¶ 15. As to each such misleading statement or omitted information describe in detail all facts that should have been disclosed in order the make the statements made not misleading.

**Response to Interrogatory No. 12**

     Plaintiff objects to this Interrogatory on the grounds set forth in his General Objections, which are incorporated herein. Plaintiff also objects to this Interrogatory as a premature contention interrogatory. In addition, Plaintiff objects to this Interrogatory because discovery has not begun and Plaintiff has not received, nor had the opportunity to review, all documents that Defendants intend to produce, nor deposed relevant witnesses in connection with this litigation. This Interrogatory is also objectionable insofar as it calls for a legal conclusion and prematurely seeks disclosure of Plaintiff's experts and their analysis in violation of the Case Management Order.

     Subject to and without waiving any of the foregoing General Objections and Specific Objections, Plaintiff refers Defendants to Exhibit 2, attached hereto.

**Interrogatory No. 13**

     Identify all facts of which you are aware that demonstrate you took any action that you would not have otherwise taken as a result of any misleading statement or omission made in the 14D-9 and describe in detail how you would have acted differently had the misleading statement or omission not been made.

**Response to Interrogatory No. 13**

     Plaintiff objects to this Interrogatory on the grounds set forth in his General Objections, which are incorporated herein. Plaintiff further objects to this Interrogatory as overly broad, vague, unduly burdensome and ambiguous as to what is meant by the undefined term "action." In addition, Plaintiff objects to this Interrogatory because discovery has not begun and Plaintiff has not received, nor had the opportunity to review, all documents that Defendants intend to produce, nor deposed relevant witnesses in connection with this litigation. Plaintiff also objects to this Interrogatory to the extent it asks him to speculate on information of which he is not aware. This Interrogatory is further objectionable insofar as it seeks responses that constitute attorney work

16

product, contains or pertains to attorney-client communications, or that are otherwise privileged

or protected from disclosure

**Interrogatory No. 14**

Describe in detail all steps you took to object to the Merger as defined in the Amended Complaint at ¶ 3, including without limitation whether you received notice of your dissenters rights under Colorado law and whether you attempted in any fashion to exercise your dissenters' rights and appraisal remedy in accordance with Colorado law.

**Response to Interrogatory No. 14**

Plaintiff objects to this Interrogatory on the grounds set forth in his General Objections,

which are incorporated herein. Plaintiff further objects to this Interrogatory as overly broad, vague,

unduly burdensome and ambiguous as to what is meant by the undefined phrase "in any fashion."

The Interrogatory is further objectionable insofar as it seeks responses that constitute attorney work

product, contains or pertains to attorney-client communications, or that are otherwise privileged

or protected from disclosure.

Subject to and without waiving any of the foregoing General Objections and Specific

Objections, and to the extent Plaintiff understands this Interrogatory, Plaintiff states that he made

a timely objection to the Merger by commencing the instant, above-captioned Action and by not

tendering his shares in the Tender Offer or Merger. Plaintiff further states that he did receive

notice of his dissenters' rights but did not exercise them.

**Interrogatory No. 15**

Describe in detail all facts of which you are aware that the "deal protection devices" alleged in the Amended Complaint at ¶ 14 precluded other bidders from making a successful competing offer, including without limitation all facts that demonstrate that the "deal protection devices" differ in any material respect from other such devices usually and customarily included in merger and acquisition agreements drafted by experienced and reputable lawyers engaged in the securities industry.

**Response to Interrogatory No. 15**

Plaintiff objects to this Interrogatory on the grounds set forth in his General Objections, which are incorporated herein. Plaintiff further objects to this Interrogatory as overly broad, vague, unduly burdensome and ambiguous as to what is meant by the undefined terms "material", "customarily", "experienced and reputable" and "securities industry." Plaintiff also objects to this Interrogatory to the extent that it calls for a legal conclusion and as a premature contention interrogatory that violates the Court's Case Management Order. In addition, Plaintiff objects to this Interrogatory because discovery has not begun and Plaintiff has not received, nor had the opportunity to review, all documents that Defendants intend to produce, nor deposed relevant witnesses in connection with this litigation. This Interrogatory is also objectionable insofar as it seeks a response to a legal conclusion and otherwise seeks responses that constitute attorney work product, contains or pertains to attorney-client communications, or that are otherwise privileged or protected from disclosure.

**Interrogatory No. 16**

Identify all facts of which you are aware that demonstrate the attorneys retained by the Company and the Individual Defendants were not experienced, capable and reputable attorneys upon whose advice the Company and the Individual Defendants were entitled to rely in fulfilling their duties to the Company and/or its shareholders, including without limitation all facts that were either known or should have been known by the Individual Defendants that they should not rely upon their attorney's advice.

**Response to Interrogatory No. 16**

Plaintiff objects to this Interrogatory on the grounds set forth in his General Objections, which are incorporated herein. Plaintiff further objects to this Interrogatory as overly broad, vague, unduly burdensome and ambiguous as to what is meant by the undefined terms "experienced" and "reputable." In addition, Plaintiff objects to this Interrogatory to the extent it calls for a legal conclusion and because discovery has not begun and Plaintiff had not received, nor had the

18

opportunity to review, all documents that Defendants intend to produce, nor deposed relevant witnesses in connection with this litigation.

## Interrogatory No. 17

Identify all facts of which you are aware that demonstrate that the investment bankers retained by the Company and the Individual Defendants were not experienced, capable and reputable bankers upon whose advice the Company and the Individual Defendants were entitled to rely in fulfilling their duties to the Company and/or its shareholders, including without limitation all facts that were either known or should have been known by the Individual Defendants that they should not rely upon their investment banker's advice.

## Response to Interrogatory No. 17

Plaintiff objects to this Interrogatory on the grounds set forth in his General Objections, which are incorporated herein. Plaintiff further objects to this Interrogatory as overly broad, vague, unduly burdensome and ambiguous as to what is meant by the undefined terms "experienced" and "reputable." In addition, Plaintiff objects to this Interrogatory because discovery has not begun and Plaintiff has not received, nor had the opportunity to review, all documents that Defendants intend to produce, nor deposed relevant witnesses in connection with this litigation. This Interrogatory is also objectionable insofar as it calls for a legal conclusion and seeks disclosure of Plaintiff's experts and their analyses in violation of the Case Management Order.

Subject to and without waiving any of the foregoing General Objections and Specific Objections, Plaintiff refers Defendants to his response to Interrogatory No. 4 discussing facts that the Individual Defendants knew or should have known that demonstrate the Board's reliance (if any) on Avondale Partners, LLC's fairness opinion in approving the Merger, was unreasonable and unjustified.

## Interrogatory No. 18

Identify all facts of which you are aware that the Individual Defendants secured any personal benefit or preferential treatment from the Merger at the expense of or different from the benefits received by the Company's shareholders.

19

**Response to Interrogatory No. 18**

Plaintiff objects to this Interrogatory on the grounds set forth in his General Objections, which are incorporated herein. Plaintiff further objects to this Interrogatory as overly broad, vague, unduly burdensome and ambiguous as to what is meant by the undefined terms "secured." Plaintiff also objects to this Interrogatory as a premature contention interrogatory that violates the Court's Case Management Order. In addition, Plaintiff objects to this Interrogatory because discovery has not begun and Plaintiff has not received, nor had the opportunity to review, all documents that Defendants intend to produce, nor deposed relevant witnesses in connection with this litigation.

Subject to and without waiving any of the foregoing General Objections and Specific Objections, and to the extent Plaintiff understands the Interrogatory, Plaintiff states that the Individual Defendants secured director fees of $5,000 per month for serving on a purportedly independent Special Committee charged with overseeing the Merger process and that Alan Isaacman received $10,000 per month for serving as chairman of the Special Committee. These director fees were not a benefit that was equally shared by New Frontier's public shareholders in the Merger. Plaintiff further states that the Individual Defendants formed a Compliance Committee in July 2012 to receive additional director fees in connection with the Merger that were not equally shared by New Frontier's public shareholders. The Compliance Committee's role overlapped with other existing Board committees.

**Interrogatory No. 19**

Identify all facts of which you are aware that the LFP Broadcasting offer was not the best value reasonably available to shareholders in connection with an acquisition of the Company in 2012.

**Response to Interrogatory No. 19**

Plaintiff objects to this Interrogatory on the grounds set forth in his General Objections, which are incorporated herein. Plaintiff also objects to this Interrogatory as a premature contention interrogatory in violation of the Court's Case Management Order. In addition, Plaintiff objects to this Interrogatory as duplicative of Interrogatory No. 17. This Interrogatory is also objectionable because discovery has not begun and Plaintiff has not received, nor had the opportunity to review, all documents that Defendants intend to produce, nor deposed relevant witnesses in connection with this litigation. Plaintiff further objects to this Interrogatory insofar as it seeks disclosure of Plaintiff's experts and their analyses in contradiction of the Case Management Order. This Interrogatory is further objectionable insofar as it seeks responses that constitute attorney work product, contains or pertains to attorney-client communications, or that are otherwise privileged or protected from disclosure.

**Interrogatory No. 20**

Identify all facts of which you are aware that you suffered some harm, injury or breach of duty that differed from the alleged harm, injury or breach of duty suffered by shareholders of the Company generally.

**Response to Interrogatory No. 20**

Plaintiff objects to this Interrogatory on the grounds set forth in his General Objections, which are incorporated herein. Plaintiff further objects to this Interrogatory as overly broad, vague, unduly burdensome and ambiguous as to what is meant by the undefined terms "harm," and "injury" and to the extent it seeks a response that is a legal conclusion. In addition, Plaintiff objects to this Interrogatory insofar as it calls for a legal conclusion and/or seeks disclosure of Plaintiff's experts and their analyses in contradiction of the Case Management Order. Plaintiff further objects to this Interrogatory because discovery has not begun and Plaintiff has not received, nor had the

21

opportunity to review, all documents that Defendants intend to produce, nor deposed relevant witnesses in connection with this litigation. This Interrogatory is also objectionable insofar as it seeks responses that constitute attorney work product, contains or pertains to attorney-client communications, or that are otherwise privileged or protected from disclosure.

Subject to and without waiving any of the foregoing General Objections and Specific Objections, and to the extent Plaintiff understands the Interrogatory, Plaintiff states that as far as he is aware, he suffered similar injuries to those suffered by New Frontier's public shareholders.

**Interrogatory No. 21**

Identify all facts of which you are aware that the Individual Defendants preferred themselves over the interests of the Company's shareholders in recommending the Merger in accordance with the 14D-9.

**Response to Interrogatory No. 21**

Plaintiff objects to this Interrogatory on the grounds set forth in his General Objections, which are incorporated herein. In addition, Plaintiff objects to this Interrogatory as duplicative of Interrogatory No. 18. Plaintiff also objects to this Interrogatory as a premature contention interrogatory in violation of the Court's Case Management Order. In addition, Plaintiff objects to this Interrogatory because discovery has not begun and Plaintiff has not received, nor had the opportunity to review, all documents that Defendants intend to produce, nor deposed relevant witnesses in connection with this litigation. Plaintiff further object to this Interrogatory as vague and ambiguous as to what is meant by "in accordance with the 14D-9."

Subject to and without waiving any of the foregoing General Objections and Specific Objections, and to the extent Plaintiff understands the Interrogatory, Plaintiff refers Defendants to his Response to Interrogatory No. 18.

22

**Interrogatory No. 22**

Identify all facts of which you are aware that the Individual Defendants enriched themselves over the Company's shareholders in recommending the Merger in accordance with the 14D-9.

**Response to Interrogatory No. 22**

Plaintiff objects to this Interrogatory on the grounds set forth in his General Objections, which are incorporated herein. In addition, Plaintiff objects to this Interrogatory as duplicative of Interrogatory Nos. 18 and 21. Plaintiff further objects to this Interrogatory as overly broad, vague, unduly burdensome and ambiguous as to what is meant by the undefined terms "enriched" and "in accordance with the 14D-9." Plaintiff also object to this Interrogatory as a premature contention interrogatory in violation of the Court's Case Management Order. In addition, Plaintiff object to this Interrogatory because discovery has not begun and Plaintiff has not received, nor had the opportunity to review, all documents that Defendants intend to produce, nor deposed relevant witnesses in connection with this litigation.

Subject to and without waiving any of the foregoing General Objections and Specific Objections, Plaintiff refers Defendants to his Response to Interrogatories 18 and 21.

**Interrogatory No. 23**

Identify all facts of which you are aware that the Individual Defendants knew that the 14D-9 contained misrepresentations of material facts or omissions of material facts concerning the Merger and in particular that the Individual Defendants knew that the price offered by LFP Broadcasting was unfair to shareholders.

**Response to Interrogatory No. 23**

Plaintiff objects to this Interrogatory on the grounds set forth in his General Objections, which are incorporated herein. Plaintiff also objects to this Interrogatory as a premature contention interrogatory in violation of the Court's Case Management Order. In addition, Plaintiff objects to this Interrogatory because discovery has not begun and Plaintiff has not received, nor had the

opportunity to review, all documents that Defendants intend to produce, nor deposed relevant witnesses in connection with this litigation. Plaintiff further objects to this Interrogatory insofar as it calls for a legal conclusion and/or seeks disclosure of Plaintiff's experts and their analyses in contradiction of the Case Management Order.

## Interrogatory No. 24

Identify all facts of which you are aware that the Individual Defendants did not act independently in the course of the process that resulted in the Merger.

## Response to Interrogatory No. 24

Plaintiff objects to this Interrogatory on the grounds set forth in his General Objections, which are incorporated herein. In addition, Plaintiff objects to this Interrogatory as duplicative of Interrogatory Nos. 18 and 21. Plaintiff also objects to this Interrogatory as a premature contention interrogatory in violation of the Court's Case Management Order. Plaintiff further objects to this Interrogatory because discovery has not yet begun and Plaintiff has not received, nor had the opportunity to review, all documents that Defendants intend to produce, nor deposed relevant witnesses in connection with this litigation.

Subject to and without waiving any of the foregoing General Objections and Specific Objections, Plaintiff refers Defendants to his Response to Interrogatories 18 and 21. Plaintiff also states that the following additional facts demonstrate that the Individual Defendants did not act independently in connection with the Merger:

- On or about April 23, 2012, the Individual Defendants determined to remove David Nicholas, the individual with the most industry experience, from the Special Committee.

- The Special Committee instructed Avondale Partners to not speak with Michael Weiner, New Frontier's then founder, Chief Executive Officer and director, or David Nicholas, despite that they were the most knowledgeable about the Company and the industry.

24

- Alan Isaacman had a material conflict of interest with LFP Broadcasting as a result of his more than 30 year close, personal relationship with Larry Flynt, LFP's founder and owner.

- On or about May 31, 2013, the Individual Defendants commenced a lawsuit against the Company's then highest bidder, Longkloof, without full Board approval.

- The Board spent approximately $700,000 in legal fees in connection with the suit against Longkloof.

- The Special Committee did not provide "periodic updates" to "help ensure an independent and unbiased process" as was required.

- The Special Committee members lacked independence for, among other reasons, their receipt of excessive director fees and personal and business relationships with potential bidders.

**Interrogatory No. 25**

Identify all facts of which you are aware that the Individual Defendants had a divided loyalties or a conflict of interest in the course of the process that resulted in the Merger.

**Response to Interrogatory No. 25**

Plaintiff objects to this Interrogatory on the grounds set forth in his General Objections, which are incorporated herein. In addition, Plaintiff objects to this Interrogatory as duplicative of Interrogatory Nos. 18, 21, 22 and 24. Plaintiff also objects to this Interrogatory as a premature contention interrogatory in violation of the Court's Case Management Order. In addition, Plaintiff objects to this Interrogatory because discovery has not yet begun and Plaintiff has not received, nor had the opportunity to review, all documents that Defendants intend to produce, nor deposed relevant witnesses in connection with this litigation.

Subject to and without waiving any of the foregoing General Objections and Specific Objections, Plaintiff refers Defendants to his Responses to Interrogatories No. 18, 21, 22 and 24.

## SPECIFIC RESPONSES AND OBJECTIONS TO REQUESTS FOR DOCUMENTS

### Request for Production No. 1

Produce all documents and communications that Plaintiff identified, referred to or relied upon in providing answers to the above Interrogatories.

### Response to Request for Production No. 1

Plaintiff objects to this Request on the grounds set forth in the General Objections which are incorporated herein. In addition, Plaintiff objects to this Request insofar as Defendants are already in possession of such documents and information or they are publicly available to Defendants. Plaintiff further objects to the Request insofar as it seeks production of documents that constitute attorney work product, contains or pertains to attorney-client communications, or that are otherwise privileged or protected from disclosure.

Subject to and without waiving any of the foregoing General Objections and Specific Objections, Plaintiff will produce all non-privileged documents in his possession, custody or control responsive to Request No. 1.

### Request for Production No. 2

Produce all documents and communications supporting Plaintiff's assertion in the proposed revised scheduling order that New Frontier was worth $5.80 to $9.00 per share.

### Response to Request for Production No. 2

Plaintiff objects to this Request on the grounds set forth in the General Objections which are incorporated herein. In addition, Plaintiff objects to this Request insofar as it requires expert analyses and/or calls for a legal conclusion. Plaintiff further objects to this Request insofar as Defendants are already in possession of such documents and information or they are publicly available to Defendants. This Request is also Objectionable insofar as it seeks production of

documents that constitute attorney work product, contains or pertains to attorney-client communications, or that are otherwise privileged or protected from disclosure.

**Request for Production No. 3**

Produce all documents and communications which show that a bidder was willing to pay $5.80 to $9.00 per share for New Frontier's stock.

**Response to Request for Production No. 3**

Plaintiff objects to this Request No. 3 on the grounds set forth in the General Objections which are incorporated herein. In addition, Plaintiff objects to this Request as overly broad, vague, unduly burdensome, and ambiguous as to what is meant by the undefined term "willing." Plaintiff further objects to the Request as insofar as it requires expert analyses and/or calls for a legal conclusion. This Request is also Objectionable insofar as it seeks information and documents that Defendants are already in possession of or that are publicly available to Defendants. This Request is also Objectionable insofar as it seeks production of documents that constitute attorney work product, contains or pertains to attorney-client communications, or that are otherwise privileged or protected from disclosure.

**Request for Production No. 4**

Produce all documents and communications which support the allegations of paragraph 13 of the Amended Complaint.

**Response to Request for Production No. 4**

Plaintiff objects to this Request on the grounds set forth in the General Objections which are incorporated herein. In addition, Plaintiff objects to the Request as a disguised premature contention interrogatory. Plaintiff further objects to this Interrogatory insofar as it requires expert opinion prior to the parties engaging in expert discovery, in violation of the Case Management Order and otherwise calls for a legal conclusion. Plaintiff also objects to this Request insofar as

Defendants are already in possession of such documents and information or they are publicly available to Defendants. This request is also Objectionable insofar as it seeks production of documents that constitute attorney work product, contains or pertains to attorney-client communications, or that are otherwise privileged or protected from disclosure.

**Request for Production No. 5**

Produce all documents and communications which show that a bidder was willing to pay between $3.00 and $3.49 per share for New Frontier's stock.

**Response to Request for Production No. 5**

Plaintiff objects to this Request on the grounds set forth in the General Objections which are incorporated herein. Plaintiff also objects to the Request as overly broad, vague, unduly burdensome, and ambiguous as to what is meant by the undefined term "willing." In addition, Plaintiff objects to the Request as a disguised premature contention interrogatory. Plaintiff further objects to this Interrogatory insofar as it requires expert opinion prior to the parties engaging in expert discovery, in violation of the Case Management Order and otherwise calls for a legal conclusion. Plaintiff also objects to this Request insofar as Defendants are already in possession of such documents and information or they are publicly available to Defendants. This request is also Objectionable insofar as it seeks production of documents that constitute attorney work product, contains or pertains to attorney-client communications, or that are otherwise privileged or protected from disclosure.

**Request for Production No. 6**

Produce all documents and communications which show that LFP Broadcasting's offer of $2.02 per share, plus contingent payment, was a "grossly inadequate" price as alleged in the Amended Complaint at ¶ 10 and elsewhere.

**Response to Request for Production No. 6**

Plaintiff objects to this Request on the grounds set forth in the General Objections which are incorporated herein. In addition, Plaintiff objects to the Request as a disguised premature contention interrogatory. Plaintiff also objects to this Request because discovery has not yet begun and Plaintiff has not received, nor had the opportunity to review, all documents that Defendants intend to produce, nor deposed relevant witnesses in connection with this litigation. Plaintiff further objects to this Interrogatory insofar as it calls for a legal conclusion and/or requires expert opinion prior to the parties engaging in expert discovery, in violation of the Case Management Order. Plaintiff also objects to this Request insofar as Defendants are already in possession of such documents and information or they are publicly available to Defendants. This request is also Objectionable insofar as it seeks production of documents that constitute attorney work product, contains or pertains to attorney-client communications, or that are otherwise privileged or protected from disclosure.

**Request for Production No. 7**

Produce all documents and communications which show that a better offer than LFP Broadcasting's offer was reasonably available to shareholders in connection with an acquisition of New Frontier in 2012.

**Response to Request for Production No. 7**

Plaintiff objects to this Request on the grounds set forth in the General Objections which are incorporated herein. Plaintiff also objects to the Request as overly broad, vague, unduly burdensome and ambiguous as to the undefined terms "better offer" and "reasonably available." In addition, Plaintiff object to this Request as duplicative of Request Nos. 3 and 5. Plaintiff further objects to the Request insofar as it calls for a legal conclusion. The Request is also objectionable because discovery has not yet begun and Plaintiff has not received, nor had the opportunity to

29

review, all documents that Defendants intend to produce, nor deposed relevant witnesses in connection with this litigation. Plaintiff further objects to this Request insofar as Defendants are already in possession of such documents and information or they are publicly available to Defendants.

**Request for Production No. 8**

Produce all documents and communications which support the allegation at the Amended Complaint at ¶ 73 that it was "strikingly clear that the only party the Isaacman-led Special Committee was interested in transacting with was LFP Broadcasting, which...would allow the Board to avoid any further inquiry into their gross mismanagement of the Company over the last few years."

**Response to Request for Production No. 8**

Plaintiff objects to this Request on the grounds set forth in the General Objections which are incorporated herein. In addition, Plaintiff objects to this Request as a disguised premature contention interrogatory. The Request is also objectionable because discovery has not yet begun and Plaintiff has not received, nor had the opportunity to review, all documents that Defendants intend to produce, nor deposed relevant witnesses in connection with this litigation. Plaintiff further objects to this Request insofar as Defendants are already in possession of such documents and information or they are publicly available to Defendants.

Subject to and without waiving any of the foregoing General Objections and Specific Objections, and to the extent Plaintiff understands the Request, Plaintiff will produce all non-privileged documents in his possession, custody or control responsive to Request No. 8.

**Request for Production No. 9**

Produce all documents and communications which support the allegation at the Amended Complaint at ¶ 78 that New Frontier had "recent strong performance" and was positioned "for robust growth".

30

**Response to Request for Production No. 9**

Plaintiff objects to this Request on the grounds set forth in the General Objections which are incorporated herein. In addition, Plaintiff objects to the Request as a disguised premature contention interrogatory. The Request is also objectionable because discovery has not yet begun and Plaintiff has not received, nor had the opportunity to review, all documents that Defendants intend to produce, nor deposed relevant witnesses in connection with this litigation. Plaintiff also object to this Request insofar as Defendants are already in possession of such documents and information or they are publicly available to Defendants.

Subject to and without waiving any of the foregoing General Objections and Specific Objections, and to the extent Plaintiff understands the Request, Plaintiff will produce all non-privileged documents in his possession, custody or control responsive to Request No. 9.

**Request for Production No. 10**

Produce all documents and communications which support the allegations at the Amended Complaint at ¶¶ 83 through 86 that the Merger presented "significant synergies".

**Response to Request for Production No. 10**

Plaintiff objects to this Request on the grounds set forth in the General Objections which are incorporated herein. In addition, Plaintiff objects to the Request as a disguised premature contention interrogatory. The Request is also objectionable because discovery has not yet begun and Plaintiff has not received, nor had the opportunity to review, all documents that Defendants intend to produce, nor deposed relevant witnesses in connection with this litigation. Plaintiff also objects to this Request insofar as Defendants are already in possession of such documents and information or they are publicly available to Defendants. This request is also Objectionable insofar as it seeks production of documents that constitute attorney work product, contains or pertains to attorney-client communications, or that are otherwise privileged or protected from disclosure.

31

Subject to and without waiving any of the foregoing General Objections and Specific Objections, and to the extent Plaintiff understands the Request, Plaintiff will produce all non-privileged documents in his possession, custody or control responsive to Request No. 10.

**Request for Production No. 11**

Produce all documents and communications which support the allegation at the Amended Complaint at ¶ 90 that "Avondale should have used Revenue and EBITDA multiples" and that those calculations "are also more-widely used in fairness opinion analyses."

**Response to Request for Production No. 11**

Plaintiff objects to this Request on the grounds set forth in the General Objections which are incorporated herein. In addition, Plaintiff objects to the Request as a disguised premature contention interrogatory. Plaintiff further objects to this Interrogatory insofar as it requires expert opinion prior to the parties engaging in expert discovery, in violation of the Case Management Order. The Request is also objectionable because discovery has not yet begun and Plaintiff has not received, nor had the opportunity to review, all documents that Defendants intend to produce, nor deposed relevant witnesses in connection with this litigation. Plaintiff also objects to this Request insofar as Defendants are already in possession of such documents and information or they are publicly available to Defendants.

**Request for Production No. 12**

Produce all documents and communications which support the allegations in the Amended Complaint at ¶¶ 107-108.

**Response to Request for Production No. 12**

Plaintiff objects to this Request on the grounds set forth in the General Objections which are incorporated herein. In addition, Plaintiff objects to the Request as a disguised premature contention interrogatory. Plaintiff further objects to this Interrogatory insofar as it requires expert opinion prior to the parties engaging in expert discovery, in violation of the Case Management

32

Order. The Request is also objectionable because discovery has not yet begun and Plaintiff has not received, nor had the opportunity to review, all documents that Defendants intend to produce, nor deposed relevant witnesses in connection with this litigation. Plaintiff also objects to this Request insofar as Defendants are already in possession of such documents and information or they are publicly available to Defendants.

## Request for Production No. 13

Produce all documents and communications that support Plaintiff's claims for damages or losses as described in the Complaint and answers to the above Interrogatories.

## Response to Request for Production No. 13

Plaintiff objects to this Request on the grounds set forth in the General Objections which are incorporated herein. In addition, Plaintiff objects to the Request as overly broad, vague, unduly burdensome, and ambiguous as to the undefined terms "damages" and "losses." Plaintiff also objects insofar as the Request is duplicative of Request No. 1. Plaintiff further objects to the Request as premature insofar as it calls for a legal conclusion and/or requires expert opinion prior to the parties engaging in expert discovery, in violation of the Case Management Order. Plaintiff also objects to this Request insofar as it seeks production of documents that constitute attorney work product, contains or pertains to attorney-client communications, or that are otherwise privileged or protected from disclosure.

## Request for Production No. 14

Produce all documents and communications which show that Plaintiff made a demand on New Frontier to pursue any of the claims asserted in the Amended Complaint or that any such demand would have been futile.

## Response to Request for Production No. 14

Plaintiff objects to this Request on the grounds set forth in the General Objections which are incorporated herein. Plaintiff further objects to this Request insofar as it calls for a legal

conclusion. Plaintiff also objects to this Request insofar as it seeks production of documents that constitute attorney work product, contains or pertains to attorney-client communications, or that are otherwise privileged or protected from disclosure.

Subject to and without waiving any of the foregoing General Objections and Specific Objections, Plaintiff states that he has no documents responsive to Request No. 14.

**Request for Production No. 15**

Produce all documents and communications which show that Defendants prevented, stymied, or precluded Plaintiffs' exercise of statutory appraisal rights.

**Response to Request for Production No. 15**

Plaintiff objects to this Request on the grounds set forth in the General Objections which are incorporated herein. Plaintiff further objects to this Request insofar as it calls for a legal conclusion. Plaintiff also objects to this Request insofar as it seeks production of documents that constitute attorney work product, contains or pertains to attorney-client communications, or that are otherwise privileged or protected from disclosure.

Subject to and without waiving any of the foregoing General Objections and Specific Objections, Plaintiff states that he has no documents responsive to this Request.

**Request for Production No. 16**

Produce all documents and communications which show that Plaintiff complains of an injury in the Amended Complaint that is unique from the injury suffered by any other stockholder of New Frontier due to the allegations in the Amended Complaint.

**Response to Request for Production No. 16**

Plaintiff objects to this Request on the grounds set forth in the General Objections which are incorporated herein. In addition, Plaintiff objects to the Request as overly broad, vague, unduly burdensome, and ambiguous as to what is meant by the undefined term "injury." Plaintiff further objects to this Request insofar as Defendants are already in possession of such documents and

34

information or they are publicly available to Defendants.  Plaintiff also objects to this Request insofar as it seeks production of documents that constitute attorney work product, contains or pertains to attorney-client communications, or that are otherwise privileged or protected from disclosure.

Subject to and without waiving any of the foregoing General Objections and Specific Objections, Plaintiff states that he has no documents responsive to this Request.

**Request for Production No. 17**

Produce all documents and communications related to the dissenter's rights notice issued by New Frontier with respect to the Merger.

**Response to Request for Production No. 17**

Plaintiff objects to this Request on the grounds set forth in the General Objections which are incorporated herein.  Plaintiff further objects to this Request insofar as Defendants are already in possession of such documents and information or they are publicly available to Defendants. Plaintiff also objects to this Request insofar as it seeks production of documents that constitute attorney work product, contains or pertains to attorney-client communications, or that are otherwise privileged or protected from disclosure.

Subject to and without waiving any of the foregoing General Objections and Specific Objections, Plaintiff states that he has no documents responsive to this Request.

**Request for Production No. 18**

Produce all documents and communications related to the allegations and claims as set forth in the Complaint.

**Response to Request for Production No. 18**

Plaintiff objects to this Request on the grounds set forth in the General Objections which are incorporated herein.  In addition, Plaintiff objects to the Request as a disguised premature

contention interrogatory. Plaintiff further objects to the Request as duplicative of Request Nos. 2, 4, 6, 8, 9, 10, 11, 12, and 13. In addition, Plaintiff objects to this Request insofar as it requires expert analysis and/or calls for a legal conclusion. Plaintiff further objects to this Request insofar as Defendants are already in possession of such documents and information or they are publicly available to Defendants. The Request is also objectionable insofar as it seeks production of documents that constitute attorney work product, contains or pertains to attorney-client communications, or that are otherwise privileged or protected from disclosure.

Subject to and without waiving any of the foregoing General Objections and Specific Objections, Plaintiff will produce all non-privileged documents in his possession, custody or control responsive to Request No. 18.

**Request for Production No. 19**

Produce all documents and communications which show that Plaintiff relied on the Recommendation Statement in deciding whether to tender or not tender his stock.

**Response to Request for Production No. 19**

Plaintiff objects to this Request on the grounds set forth in the General Objections which are incorporated herein. In addition, Plaintiff objects to the Request as a disguised premature contention interrogatory. Plaintiff also objects to this Request insofar as it requires expert analysis and/or calls for a legal conclusion. This Request is also objectionably insofar as it seeks production of documents that constitute attorney work product, contains or pertains to attorney-client communications, or that are otherwise privileged or protected from disclosure.

Subject to and without waiving any of the foregoing General Objections and Specific Objections, Plaintiff states that he has no documents responsive to this Request.

**Request for Production No. 20**

Produce all documents and communications which show that Defendants made misstatements of fact, rather than forward-looking opinions and judgments, in any public filing or statement upon which Plaintiff relied in any way.

**Response to Request for Production No. 20**

Plaintiff objects to this Request on the grounds set forth in the General Objections which are incorporated herein. In addition, Plaintiff objects to the Request as a disguised premature contention interrogatory. Plaintiff also objects to this Request as vague and ambiguous as to what is meant by the undefined terms "forward-looking" and "judgments." Plaintiff further objects to this Request insofar as it requires expert analysis and/or calls for a legal conclusion. The Request is also objectionable because discovery has not yet begun and Plaintiff has not received, nor had the opportunity to review, all documents that Defendants intend to produce, nor deposed relevant witnesses in connection with this litigation. Plaintiff further objects to this Request insofar as it seeks production of documents that constitute attorney work product, contains or pertains to attorney-client communications, or that are otherwise privileged or protected from disclosure

**Request for Production No. 21**

Produce all documents and communications related to FINRA's investigation of your and your family's trading activity in New Frontier's shares, including any documents you provided to FINRA.

**Response to Request for Production No. 21**

Plaintiff objects to this Request on the grounds set forth in the General Objections which are incorporated herein. In addition, Plaintiff objects to the Request as overly broad, vague, and unduly burdensome, and not relevant or reasonably calculated to lead to the discovery of admissible evidence as the Request seeks information concerning an investigation completely unrelated to this matter. Plaintiff also objects to this Request as overly broad and unduly

37

burdensome insofar as Defendants are already in possession of such documents and information or it is publicly available to Defendants. Plaintiff further object to this Request insofar as it seeks production of documents that constitute attorney work product, contains or pertains to attorney-client communications, or that are otherwise privileged or protected from disclosure.

Subject to and without waiving any of the foregoing General Objections and Specific Objections, Plaintiff Telke states that he has no documents responsive to this Request.

**Request for Production No. 22**

Produce all communications between Plaintiff and (i) Michael Weiner; (ii) David Nicholas; (iii) Rothstein; and (iv) Longkloof.

**Response to Request for Production No. 22**

Plaintiff objects to this Request on the grounds set forth in the General Objections which are incorporated herein. In addition, Plaintiff objects to the Request as overly broad, vague, and unduly burdensome insofar as the Request seeks information relating to "all communications" without limitation as to subject matter.

Subject to and without waiving any of the foregoing General Objections and Specific Objections, Plaintiff Telke states that he has no documents responsive to this Request.

**Request for Production No. 23**

Produce all documents related to any other allegation concerning federal securities laws or breach of fiduciary duty that Plaintiff has made in any other case or proceeding.

**Response to Request for Production No. 23**

Plaintiff objects to this Request on the grounds set forth in the General Objections which are incorporated herein. In addition, Plaintiff objects to the Request as overly broad, vague, and unduly burdensome, and not relevant or reasonably calculated to lead to the discovery of admissible evidence as the Request seeks information concerning matters completely unrelated to

this Action. Plaintiff also objects to this Request as overly broad and unduly burdensome insofar as Defendants are already in possession of such documents and information or it is publicly available to Defendants. Plaintiff further objects to this Request insofar as it seeks production of documents that constitute attorney work product, contains or pertains to attorney-client communications, or that are otherwise privileged or protected from disclosure.

Subject to and without waiving any of the foregoing General Objections and Specific Objections, Plaintiff states that he has no documents responsive to this Request.

**Request for Production No. 24**

Produce all documents which show that the attorneys retained by New Frontier and the Individual Defendants were not experienced, capable and reputable attorneys upon whose advice New Frontier and the Individual Defendants were entitled to rely in fulfilling their duties to New Frontier and/or its shareholders or that show New Frontier and the Individual Defendants knew or should have known that they should not rely upon their attorney's advice.

**Response to Request for Production No. 24**

Plaintiff objects to this Request on the grounds set forth in the General Objections which are incorporated herein. Plaintiff further objects to this Interrogatory as overly broad, vague, unduly burdensome and ambiguous as to what is meant by the undefined terms "experienced", "capable" and "reputable." In addition, Plaintiff objects to this Request because discovery has not begun and Plaintiff has not received, nor had the opportunity to review, all documents that Defendants intend to produce, nor deposed relevant witnesses in connection with this litigation. Plaintiff further object to the Request insofar as it calls for a legal conclusion. This Request is also objectionable insofar as Defendants are already in possession of such documents and information or it is publicly available to Defendants.

Subject to and without waiving any of the foregoing General Objections and Specific Objections, Plaintiff states that he has no documents responsive to this Request.

**Request for Production No. 25**

Produce all documents which show that the investment bankers retained by New Frontier and/or the Individual Defendants were not experienced, capable and reputable investment bankers upon whose advice New Frontier and the Individual Defendants were entitled to rely in fulfilling their duties to New Frontier and/or its shareholders or that show New Frontier and the Individual Defendants knew or should have known that they should not rely upon their investment bankers' advice.

**Response to Request for Production No. 25**

Plaintiff objects to this Request on the grounds set forth in the General Objections which are incorporated herein. Plaintiff further objects to this Interrogatory as overly broad, vague, unduly burdensome and ambiguous as to what is meant by the undefined terms "experienced", "capable" and "reputable." In addition, Plaintiff object to this Request because discovery has not begun and Plaintiff has not received, nor had the opportunity to review, all documents that Defendants intend to produce, nor deposed relevant witnesses in connection with this litigation. Plaintiff further object to the Request insofar as it calls for a legal conclusion. This Request is also objectionable insofar as Defendants are already in possession of such documents and information or it is publicly available to Defendants.

Subject to and without waiving any of the foregoing General Objections and Specific Objections, Plaintiff states that he has no documents responsive to this Request.

DATED: April 1, 2014                    Respectfully submitted,

                                        DYER & BERENS LLP
                                        ROBERT J. DYER III
                                        JEFFREY A. BERENS


                                        /s/ JEFFREY A. BERENS
                                        JEFFREY A. BERENS

303 East 17th Avenue, Suite 810
Denver, CO  80203
Tel:  303-861-1764
Fax: 303-395-0393
bob@dyerberens.com
jeff@dyerberens.com

LEVI & KORSINSKY, LLP
SHANNON L. HOPKINS
STEPHANIE A. BARTONE
30 Broad Street, 24th Floor
New York, NY  10004
Tel: 212-363-7500
Fax: 212-363-7171
shopkins@zlk.com
sbartone@zlk.com

*Counsel for Plaintiff Craig Telke*

4829-7200-8217, v.  1

Plaintiff Craig Telke's Responses to Defendants' First Set of Written Discovery Requested to Plaintiff

Exhibit 1

| Complaint Paragraph | Persons Thought to Have Knowledge |
|---|---|
| 1 | Craig Telke, Douglas Moreland; Alan Isaacman; Melissa Hubbard; Hiram J. Woo; Walter Timoshenko; Michael Weiner; David Nicholas; Grant Williams; Marc Callipari; and Adam Rothstein and Emma Lawrence of Longkloof Limited. |
| 2 | Alan Isaacman; Melissa Hubbard; Hiram J. Woo; Walter Timoshenko; Michael Weiner; David Nicholas; Grant Williams; and Marc Callipari. |
| 3 | Alan Isaacman; Melissa Hubbard; Hiram J. Woo; Walter Timoshenko; Michael Weiner; David Nicholas, Grant Williams; Marc Callipari; Michael H. Klein; and Larry Flynt. |
| 4 | Alan Isaacman; Melissa Hubbard; Hiram J. Woo; Walter Timoshenko; Michael Weiner; David Nicholas, Grant Williams; and Marc Callipari. |
| 5 | Alan Isaacman; Melissa Hubbard; Hiram J. Woo; Walter Timoshenko; Grant Williams; Marc Callipari; Scott Berden of Holland & Hart, LLP; Keith Gottfried of Alston & Bird, LLP; Michael H. Klein; and Larry Flynt. |
| 6 | Alan Isaacman; Melissa Hubbard; Hiram J. Woo; Walter Timoshenko; Michael Weiner; David Nicholas; Grant Williams; and Marc Callipari. |
| 7 | Michael Weiner; David Nicholas; Adam Rothstein and Emma Lawrence of Longkloof Limited. |
| 8 | Michael Weiner; David Nicholas; Adam Rothstein and Emma Lawrence of Longkloof Limited. |
| 9 | Alan Isaacman; Melissa Hubbard; Hiram J. Woo; Walter Timoshenko; Michael Weiner; David Nicholas; Grant Williams; and Marc Callipari; Scott Berden of Holland & Hart, LLP; Keith Gottfried of Alston & Bird, LLP; Adam Rothstein and Emma Lawrence of Longkloof Limited. |
| 10 | Alan Isaacman; Melissa Hubbard; Hiram J. Woo; Walter Timoshenko; Michael Weiner; David Nicholas; Grant Williams; and Marc Callipari; Scott Berden of Holland & Hart, LLP; Keith Gottfried of Alston & Bird, LLP; and Adam Rothstein and Emma Lawrence of Longkloof Limited. |
| 11 | Alan Isaacman; Melissa Hubbard; Hiram J. Woo; Walter Timoshenko; Michael Weiner; David Nicholas; Grant Williams; and Marc Callipari; Scott Berden of Holland & Hart, LLP; and Keith Gottfried of Alston & Bird, LLP. |
| 12 | Alan Isaacman; Melissa Hubbard; Hiram J. Woo; Walter Timoshenko; Michael Weiner; David Nicholas; Grant Williams; and Marc Callipari; Scott Berden of Holland & Hart, LLP; Keith Gottfried of Alston & Bird, LLP; Michael H. Klein; and Larry Flynt. |
| 13 | Avondale Partners, LLC; Michael Weiner; and David Nicholas. |
| 14 | Alan Isaacman; Melissa Hubbard; Hiram J. Woo; Walter Timoshenko; Grant Williams; Marc Callipari; Scott Berden of Holland & Hart, LLP; and Keith Gottfried of Alston & Bird, LLP. |

Plaintiff Craig Telke's Responses to Defendants' First Set of Written Discovery Requested to Plaintiff

Exhibit 1

| Complaint Paragraph | Persons Thought to Have Knowledge |
|---|---|
| 15 | Alan Isaacman; Melissa Hubbard; Hiram J. Woo; Walter Timoshenko; Grant Williams; Marc Callipari; Scott Berden of Holland & Hart, LLP; Keith Gottfried of Alston & Bird, LLP; Craig Telke; Douglas Moreland. |
| 16 | N/A |
| 17 | N/A |
| 18 | N/A |
| 19 | N/A |
| 20 | Craig Telke. |
| 21 | Douglas Moreland. |
| 22 | Alan Isaacman; Melissa Hubbard; Hiram J. Woo; Walter Timoshenko; Michael Weiner; David Nicholas; Grant Williams; and Marc Callipari; Scott Berden of Holland & Hart, LLP; and Keith Gottfried of Alston & Bird, LLP. |
| 23 | Alan Isaacman; Melissa Hubbard; Hiram J. Woo; Walter Timoshenko; Michael Weiner; David Nicholas; Grant Williams; and Marc Callipari; Scott Berden of Holland & Hart, LLP; and Keith Gottfried of Alston & Bird, LLP. |
| 25 | Alan Isaacman; Melissa Hubbard; Hiram J. Woo; Walter Timoshenko; Michael Weiner; David Nicholas; Grant Williams; and Marc Callipari; Scott Berden of Holland & Hart, LLP; and Keith Gottfried of Alston & Bird, LLP. |
| 26 | Alan Isaacman; Melissa Hubbard; Hiram J. Woo; Walter Timoshenko; Michael Weiner; David Nicholas; Grant Williams; and Marc Callipari; Scott Berden of Holland & Hart, LLP; and Keith Gottfried of Alston & Bird, LLP. |
| 27 | Alan Isaacman; Melissa Hubbard; Hiram J. Woo; Walter Timoshenko; Michael Weiner; David Nicholas; Grant Williams; and Marc Callipari; Scott Berden of Holland & Hart, LLP; Keith Gottfried of Alston & Bird, LLP; Michael H. Klein; and Larry Flynt. |
| 28 | N/A |
| 29 | N/A |
| 30 | N/A |
| 31 | N/A |
| 32 | N/A |
| 33 | Alan Isaacman; Melissa Hubbard; Hiram J. Woo; Walter Timoshenko; Michael Weiner; David Nicholas; Grant Williams; and Marc Callipari. |
| 34 | Alan Isaacman; Melissa Hubbard; Hiram J. Woo; Walter Timoshenko; Michael Weiner; David Nicholas; Grant Williams; and Marc Callipari. |
| 35 | Alan Isaacman; Melissa Hubbard; Hiram J. Woo; Walter Timoshenko; Michael Weiner; David Nicholas; Grant Williams; and Marc Callipari. |
| 36 | Alan Isaacman; Melissa Hubbard; Hiram J. Woo; Walter Timoshenko; Michael Weiner; David Nicholas; Grant Williams; and Marc Callipari. |

Plaintiff Craig Telke's Responses to Defendants' First Set of Written Discovery Requested to Plaintiff

Exhibit 1

| Complaint Paragraph | Persons Thought to Have Knowledge |
|---|---|
| 37 | Alan Isaacman; Melissa Hubbard; Hiram J. Woo; Walter Timoshenko; Michael Weiner; David Nicholas; Grant Williams; and Marc Callipari. |
| 38 | Alan Isaacman; Melissa Hubbard; Hiram J. Woo; Walter Timoshenko; Michael Weiner; David Nicholas; Grant Williams; Marc Callipari; Adam Rothstein and Emma Lawrence of Longkloof Limited. |
| 39 | Alan Isaacman; Melissa Hubbard; Hiram J. Woo; Walter Timoshenko; Michael Weiner; David Nicholas; Grant Williams; and Marc Callipari. |
| 40 | Alan Isaacman; Melissa Hubbard; Hiram J. Woo; Walter Timoshenko; Michael Weiner; David Nicholas; Grant Williams; and Marc Callipari. |
| 41 | Walter Timoshenko and Adam Rothstein and Emma Lawrence of Longkloof Limited. |
| 42 | Alan Isaacman; Melissa Hubbard; Hiram J. Woo; Walter Timoshenko; Michael Weiner; David Nicholas; Grant Williams; and Marc Callipari. |
| 43 | Alan Isaacman; Melissa Hubbard; Hiram J. Woo; Walter Timoshenko; Michael Weiner; David Nicholas; Grant Williams; and Marc Callipari. |
| 44 | Alan Isaacman; Melissa Hubbard; Hiram J. Woo; Walter Timoshenko; Michael Weiner; David Nicholas; Grant Williams; and Marc Callipari. |
| 45 | Alan Isaacman; Melissa Hubbard; Hiram J. Woo; Walter Timoshenko; Michael Weiner; David Nicholas; Grant Williams; and Marc Callipari. |
| 46 | Michael Weiner; David Nicholas; and Adam Rothstein and Emma Lawrence of Longkloof Limited. |
| 47 | Alan Isaacman; Melissa Hubbard; Hiram J. Woo; Walter Timoshenko; Michael Weiner; David Nicholas; Grant Williams; Marc Callipari; and Emma Lawrence of Longkloof Limited. |
| 48 | Alan Isaacman; Melissa Hubbard; Hiram J. Woo; Walter Timoshenko; Michael Weiner; David Nicholas; Grant Williams; Marc Callipari; Emma Lawrence of Longkloof Limited; and Damien J. Park. |
| 49 | Alan Isaacman; Melissa Hubbard; Hiram J. Woo; Walter Timoshenko; Michael Weiner; David Nicholas; Grant Williams; and Marc Callipari. |
| 50 | Alan Isaacman; Melissa Hubbard; Hiram J. Woo; Walter Timoshenko; Michael Weiner; David Nicholas; Grant Williams; Marc Callipari; and Emma Lawrence of Longkloof Limited. |
| 51 | Alan Isaacman; Melissa Hubbard; Hiram J. Woo; Walter Timoshenko; Michael Weiner; David Nicholas; Grant Williams; Marc Callipari; and Emma Lawrence of Longkloof Limited. |
| 52 | Alan Isaacman; Melissa Hubbard; Hiram J. Woo; Walter Timoshenko; Michael Weiner; David Nicholas; Grant Williams; Marc Callipari; and Emma Lawrence of Longkloof Limited. |
| 53 | Michael Weiner; David Nicholas; and Adam Rothstein and Emma Lawrence of Longkloof Limited. |
| 54 | Alan Isaacman; Melissa Hubbard; Hiram J. Woo; Walter Timoshenko; Michael Weiner; David Nicholas; Grant Williams; Marc Callipari; and Emma Lawrence of Longkloof Limited. |

Plaintiff Craig Telke's Responses to Defendants' First Set of Written Discovery Requested to Plaintiff

Exhibit 1

| Complaint Paragraph | Persons Thought to Have Knowledge |
|---|---|
| 55 | Alan Isaacman; Melissa Hubbard; Hiram J. Woo; Walter Timoshenko; Michael Weiner; David Nicholas; Grant Williams; Marc Callipari; Michael H. Klein; Larry Flynt; and Manwin Holdings S.A.R.L. |
| 56 | Alan Isaacman; Melissa Hubbard; Hiram J. Woo; Walter Timoshenko; Michael Weiner; David Nicholas; Grant Williams; and Marc Callipari. |
| 57 | Alan Isaacman; Melissa Hubbard; Hiram J. Woo; Walter Timoshenko; Michael Weiner; David Nicholas; Grant Williams; Marc Callipari; and Emma Lawrence of Longkloof Limited. |
| 58 | Alan Isaacman; Melissa Hubbard; Hiram J. Woo; Walter Timoshenko; and Avondale Partners, LLC. |
| 59 | Michael Weiner and David Nicolaus. |
| 60 | Alan Isaacman; Melissa Hubbard; Hiram J. Woo; Walter Timoshenko; and Avondale Partners, LLC. |
| 61 | Alan Isaacman; Melissa Hubbard; Hiram J. Woo; Walter Timoshenko; Michael Weiner; David Nicholas; Grant Williams; Marc Callipari; and Avondale Partners, LLC. |
| 62 | Alan Isaacman; Melissa Hubbard; Hiram J. Woo; Walter Timoshenko; Michael Weiner; David Nicholas; Grant Williams; Marc Callipari; Avondale Partners, LLC; Stuart Duncan and Larry Paget of Ten Broadcasting, Inc. |
| 63 | Alan Isaacman; Melissa Hubbard; Hiram J. Woo; Walter Timoshenko; Grant Williams; Marc Callipari; and Emma Lawrence of Longkloof Limited. |
| 64 | Alan Isaacman; Melissa Hubbard; Hiram J. Woo; Walter Timoshenko; Avondale Partners, LLC, Manwin, Stuart Duncan and Larry Paget of Ten Broadcasting, Inc.; and Emma Lawrence of Longkloof Limited; Michael H. Klein; and Larry Flynt. |
| 65 | Alan Isaacman; Melissa Hubbard; Hiram J. Woo; Walter Timoshenko; Michael Weiner; David Nicholas; Grant Williams; Marc Callipari; and Emma Lawrence of Longkloof Limited. |
| 66 | Alan Isaacman; Melissa Hubbard; Hiram J. Woo; Walter Timoshenko; Michael Weiner; David Nicholas; Grant Williams; and Marc Callipari. |
| 67 | Michael Weiner and David Nicolaus. |
| 68 | Michael Weiner, David Nicolaus; Longkloof Limited; and Scott Richter. |
| 69 | Alan Isaacman; Melissa Hubbard; Hiram J. Woo; Walter Timoshenko; Avondale Partners, LLC, Manwin, Stuart Duncan and Larry Paget of Ten Broadcasting, Inc.; Adam Rothstein and Emma Lawrence of Longkloof Limited; Michael H. Klein; and Larry Flynt. |
| 70 | Alan Isaacman; Melissa Hubbard; Hiram J. Woo; Walter Timoshenko; and Emma Lawrence of Longkloof Limited. |
| 71 | Alan Isaacman; Melissa Hubbard; Hiram J. Woo; Walter Timoshenko; Michael Weiner; David Nicholas; Grant Williams; and Marc Callipari. |

Plaintiff Craig Telke's Responses to Defendants' First Set of Written Discovery Requested to Plaintiff

Exhibit 1

| Complaint Paragraph | Persons Thought to Have Knowledge |
|---|---|
| 72 | Alan Isaacman; Melissa Hubbard; Hiram J. Woo; Walter Timoshenko; Michael Weiner; David Nicholas; Grant Williams; Marc Callipari; and Emma Lawrence of Longkloof Limited. |
| 73 | Alan Isaacman; Melissa Hubbard; Hiram J. Woo; and Walter Timoshenko. |
| 74 | Alan Isaacman; Melissa Hubbard; Hiram J. Woo; Walter Timoshenko; Michael Weiner; David Nicholas; Grant Williams; and Marc Callipari. |
| 75 | Alan Isaacman; Melissa Hubbard; Hiram J. Woo; Walter Timoshenko; David Nicholas; Grant Williams; and Marc Callipari. |
| 76 | Alan Isaacman; Melissa Hubbard; Hiram J. Woo; Walter Timoshenko; Michael Weiner; Grant Williams; and Marc Callipari. |
| 77 | N/A. |
| 78 | N/A. |
| 79 | N/A. |
| 80 | Alan Isaacman; Melissa Hubbard; Hiram J. Woo; Walter Timoshenko; Michael Weiner; David Nicholas; Grant Williams; and Marc Callipari. |
| 81 | N/A. |
| 82 | N/A. |
| 83 | N/A. |
| 84 | Michael and Larry Flynt. |
| 85 | Michael Klein. |
| 86 | N/A. |
| 87 | N/A. |
| 88 | N/A. |
| 89 | N/A. |
| 90 | N/A. |
| 91 | N/A. |
| 92 | N/A. |
| 93 | N/A. |
| 94 | N/A. |
| 95 | N/A. |
| 96 | N/A. |
| 97 | N/A. |
| 98 | N/A. |
| 99 | N/A. |
| 100 | N/A |
| 101 | Alan Isaacman; Melissa Hubbard; Hiram J. Woo; Walter Timoshenko; Marc Callipari; Scott Berden of Holland & Hart, LLP; and Keith Gottfried of Alston & Bird, LLP. |
| 102 | Alan Isaacman; Melissa Hubbard; Hiram J. Woo; Walter Timoshenko; Marc Callipari; Scott Berden of Holland & Hart, LLP; and Keith Gottfried of Alston & Bird, LLP. |

Plaintiff Craig Telke's Responses to Defendants' First Set of Written Discovery Requested to Plaintiff

Exhibit 1

| Complaint Paragraph | Persons Thought to Have Knowledge |
|---|---|
| 103 | Alan Isaacman; Melissa Hubbard; Hiram J. Woo; Walter Timoshenko; Marc Callipari; Scott Berden of Holland & Hart, LLP; and Keith Gottfried of Alston & Bird, LLP. |
| 104 | Alan Isaacman; Melissa Hubbard; Hiram J. Woo; Walter Timoshenko; Marc Callipari; Scott Berden of Holland & Hart, LLP; and Keith Gottfried of Alston & Bird, LLP. |
| 105 | N/A |
| 106 | N/A |
| 107 | N/A |
| 108 | N/A |
| 109 | N/A |
| 110 | N/A |
| 111 | N/A |
| 112 | N/A |
| 113 | N/A |
| 114 | N/A |
| 115 | N/A |
| 116 | Alan Isaacman; Melissa Hubbard; Hiram J. Woo; Walter Timoshenko; Marc Callipari; Scott Berden of Holland & Hart, LLP; and Keith Gottfried of Alston & Bird, LLP. |
| 117 | N/A |
| 118 | N/A |
| 119 | N/A |
| 120 | N/A |
| 121 | N/A |
| 122 | N/A |
| 123 | N/A |
| 124 | N/A |
| 125 | N/A |
| 126 | N/A |
| 127 | N/A |
| 128 | N/A |
| 129 | N/A |
| 130 | N/A |
| 131 | N/A |
| 132 | N/A |
| 133 | N/A |
| 134 | N/A |
| 135 | N/A |
| 136 | N/A |
| 137 | N/A |
| 138 | N/A |

Plaintiff Craig Telke's Responses to Defendants' First Set of Written Discovery Requested to Plaintiff

Exhibit 1

| Complaint Paragraph | Persons Thought to Have Knowledge |
|---|---|
| 139 | N/A |
| 140 | N/A |
| 141 | N/A |

4843-0304-7450, v. 1

Plaintiff Craig Telke's Responses to Defendants' First Set of Written Discovery Requests to Plaintiffs

Exhibit 2

Response to Interrogatory Nos. 11 and 12

| Materially Misleading Statement in 14D-9 | Reasons the Statement is Materially Misleading |
|---|---|
| On page 48 of the 14D-9 Recommendation Statement that New Frontier filed with the SEC on October 29, 2012 ("14D-9") it states that Avondale was provided with both "Management I Forecast" and "Management II Forecast." | The 14D-9 fails to disclose the reason for which the Company provided two separate sets of financial projections to Avondale but not to potential bidders. |
| On page 48 of the 14D-9 it states that "Management III Forecast" was "provided to [LFP] (and other prospective bidders) on or about May 15, 2012 . . . ." | The 14D-9 fails to disclose the reason for which prospective bidders were given a third set of financial projections on May 16, 2012, different from what Avondale received and used in its financial analyses supporting its fairness opinion; and whether Avondale received and/or relied on the "Management III Forecast." |
| On page 48-55 of the 14D-9, New Frontier discloses management's financial projections for each of the three management cases. | The 14D-9 fails to disclose the assumptions underlying all three of management's financial forecasts. |
| On page 48-55 of the 14D-9, New Frontier discloses management's free cash flow financial projections for Management III Forecasts. | The 14D-9 fails to disclose management's free cash flows projections for fiscal years 2013 through 2017 for Management I Forecast and Management II Forecast. |
| On page 44 of the 14D-9, New Frontier discloses a summary of Avondale's *Discounted Cash Flow Analysis.* | The 14D-9 fails to disclose with respect to the *Discounted Cash Flow Analysis*: (i) the projected cash flows utilized in the analysis; (ii) the definition of cash flow utilized in the analysis; (iii) the reason for which Avondale utilized Management I and Management II Forecasts in the analysis, but declined to utilize Management III Forecast; (iv) the method by which the ranges of terminal value multiples and discount rates were determined; (v) how NOLs were accounted for; and (vi) how stock-based compensation was treated. |
| On pages 44-45 of the 14D-9, New Frontier discloses a summary of Avondale's *Precedent Transactions Analysis.* | The 14D-9 fails to disclose with respect to the *Precedent Transactions Analysis*: The criteria used to select the transactions utilized in the analysis; the LTM EBIT multiples observed |

1

Plaintiff Craig Telke's Responses to Defendants' First Set of Written Discovery Requests to Plaintiffs

Exhibit 2

Response to Interrogatory Nos. 11 and 12

| Materially Misleading Statement in 14D-9 | Reasons the Statement is Materially Misleading |
|---|---|
| | for each transaction utilized in the analysis; and the conclusions of the analysis. |
| On page 46 of the 14D-9, New Frontier discloses a summary of Avondale's *Comparable Company Analysis.* | The 14D-9 fails to disclose with respect to the *Comparable Company Analysis*: the criteria used to select the companies utilized in the analysis; and the multiples observed for each company utilized in the analysis. |
| On page 46 of the 14D-9, New Frontier discloses a summary of Avondale's *Comparable Company Analysis* and states that Avondale observed "EBIT" multiples for each comparable company that it examined. | The 14D-9 fails to disclose that there were no EBIT multiplies available for five purported comparable companies (FriendFinder, Outdoor Channel, Private Media, Rick's Cabaret and LodgeNet) and, thus, Avondale could not have looked at EBIT multiples for these five companies, contrary to the statement in the 14D-9. The 14D-9 also fails to disclose that, contrary to New Frontier's statements, these companies were not comparable to New Frontier because, among other reasons, they were not in compliance with their debt covenants and/or financial reporting requirements where New Frontier had no debt and was in compliance. |
| On pages 46-47 of the 14D-9, New Frontier discloses a summary of Avondale's *Premiums Paid Analysis.* | The 14D-9 fails to disclose with respect to the *Premiums Paid Analysis*: The transactions utilized in the analysis as well as the criteria used to select these transactions; the dates on which these transactions occurred; the reason(s) for which Avondale excluded transactions involving financial institutions and real estate investment trusts (REITs); and the premiums observed for each transaction utilized in the analysis. |
| On pages 40-47 of the 14D-9, New Frontier discloses a summary of Avondale's analyses supporting its fairness opinion. | The 14D-9 fails to disclose that Avondale's analyses did not consider the impact of the Company's value as a result of its plans to |

Plaintiff Craig Telke's Responses to Defendants' First Set of Written Discovery Requests to Plaintiffs

Exhibit 2

Response to Interrogatory Nos. 11 and 12

| Materially Misleading Statement in 14D-9 | Reasons the Statement is Materially Misleading |
|---|---|
| | expand into over-the-top technology and into South America. |
| On page 11 of the 14D-9, New Frontier discloses that "Michael Weiner, contacted an affiliate of Parent ("LFP") inquiring as to whether LFP would have an interest in exploring a potential transaction with the Company." | The 14D-9 fails to disclose the reason(s) for which Weiner contacted LFP Broadcasting on July 8, 2010, inquiring as to whether LFP Broadcasting would have an interest in a potential transaction with the Company, whether he was acting under the direction of the Board at this time, and whether the Company reached out to any other parties at this time to gauge interest in a potential transaction. |
| On page 11 of the 14D-9, New Frontier discloses that "[i]n July 2011, the Company had a number of discussions with LFP concerning a possible transaction but such discussions did not advance beyond an exploratory stage." | The 14D-9 fails to disclose the circumstances surrounding the Company's discussions with LFP Broadcasting in July 2011, including but not limited to, who initiated these discussions, and for what purpose. |
| On page 13 of the 14D-9, New Frontier discloses that "[g]iven that the Special Committee was then in the early stages of its process, at that point in time it was unclear what other potential bidders would be willing to offer." | The 14D-9 fails to disclose information regarding the Special Committee's sales process described as being in its early stages on February 22, 2012, including whether the Special Committee had identified and contacted any potential bidders at this stage. |
| On page 13 of the 14D-9, New Frontier discloses that Mr. Nicholas told Mr. Rothstein, "again," that "he could not speak with him again until after 'events are settled.'" | The 14D-9 fails to disclose the reason(s) for which on February 29, 2012 and March 1, 2012, Nicholas informed Longkloof's Adam Rothstein that he could not speak with him until "events are settled" and what events Nicholas was referring to. |
| On page 14 of the 14D-9, New Frontier discloses that on March 9, 2012, "Longkloof issued a press release to publicly announce its proposal. In its press release, Longkloof indicated that it was also considering a proxy contest at the Company's next annual meeting | The 14D-9 fails to disclose the reason(s) for which Longkloof wished to replace all members of the Board other than Weiner and Nicholas. |

3

Plaintiff Craig Telke's Responses to Defendants' First Set of Written Discovery Requests to Plaintiffs

Exhibit 2

Response to Interrogatory Nos. 11 and 12

| Materially Misleading Statement in 14D-9 | Reasons the Statement is Materially Misleading |
|---|---|
| of shareholders to replace all of the members of the Board other than Messrs. Weiner and Nicholas." | |
| On page 15 of the 14D-9, New Frontier discloses that the Special Committee "discussed various qualifications that it was seeking for an investment banking firm to serve as its financial advisor." | The 14D-9 fails to disclose the "various qualifications" the Special Committee was seeking for an investment banking firm, as discussed on March 26, 2012, as well as the reason for which the Special Committee decided to retain Avondale as its financial advisor on March 30, 2012. |
| On page 16 of the 14D-9, New Frontier discloses that "Avondale Partners had been engaged by the Special Committee to assist it in evaluating the company's strategic alternatives . . . ." | The 14D-9 fails to disclose the strategic alternatives evaluated by Avondale, from April 3, 2012 until the signing of the Merger Agreement. |
| On page 17 of the 14D-9, New Frontier discloses that "Avondale Partners also indicated that it had requested from the Company a list of all parties that over the past year had expressed an interest in some type of a strategic transaction or business combination with the Company." | The 14D-9 fails to disclose: (i) whether Avondale received the list of "all parties that over the past year had expressed an interest in some type of a strategic transaction or business combination with the Company" it requested from the Company on April 9, 2012, and if so, how many parties the list contained; (ii) how many of those parties were ultimately asked to participate in the sales process; (iii) the criteria used to determine which parties to solicit interest from; and (iv) details concerning the communications Avondale had with interested parties. |
| On page 17 of the 14D-9, New Frontier discloses that Avondale concluded on or about April 9, 2012, "to date, none of the in-bound calls from private equity firms were from parties with any serious and/or credible interest in pursuing an acquisition of the Company." | The 14D-9 fails to disclose the reason(s) for which Avondale believed on April 9, 2012, that "none of the in-bound calls from private equity firms were from parties with any serious and/or credible interest in pursuing an acquisition of the Company," as well as the criteria Avondale used to determine credible interest. |

4

Plaintiff Craig Telke's Responses to Defendants' First Set of Written Discovery Requests to Plaintiffs

Exhibit 2

Response to Interrogatory Nos. 11 and 12

| Materially Misleading Statement in 14D-9 | Reasons the Statement is Materially Misleading |
|---|---|
| On page 22 of the 14D-9, New Frontier discloses that "[o]n May 31, 2012, at the direction of the Special Committee . . . the Company filed a complaint in federal court in Colorado against Longkloof and certain affiliates and/or associated persons, including Messrs. Golding and Rothstein . . . ." | The 14D-9 fails to disclose the reason(s) the Board determined to commence a lawsuit against Longkloof on May 31, 2012. |
| On page 29 of the 14D-9, New Frontier discloses that on September 7, 2012, "LFP continued to express their concern over the Company's cash balance and indicated that . . . when it raised its proposed purchase price to $2.08 per Share it was with the understanding that the Company Net Available Cash net of Company Transaction Expenses at the closing of the Offer would be at least $12,500,000." | The 14D-9 fails to disclose the whether Longkloof, Manwin or Bidder C tied their indications of interest to the Company's Net Available Cash as did LFP Broadcasting. |
| On page 30 of the 14D-9, New Frontier discloses that "[o]n September 15, 2012, the Board met . . . , and, following discussion, terminated the employment of Mr. Weiner as Chief Executive Officer of the Company. At this same meeting, the Board appointed Mr. Isaacman to succeed Mr. Weiner as the Chairman of the Board." | The 14D-9 fails to disclose the reason(s) for which Weiner's employment was terminated on September 15, 2012, and Isaacman was selected to succeed Weiner as Chairman of the Board. |
| On pages 31 and 32 of the 14D-9, New Frontier discloses that "[o]n September 29, 2012, Mr. Nicholas tendered his resignation as a director of the Company, effective immediately" and "[o]n October 10, 2012, Mr. Weiner tendered his resignation as a director of the Company, effective immediately." | The 14D-9 fails to disclose the reason(s) for which Nicholas tendered his resignation as a director of the Company on September 29, 2012, and Weiner tendered his resignation as a director of the Company on October 10, 2102. |
| On page B-3 of the 14D-9, New Frontier discloses that "[i]n the ordinary course of its business, Avondale (as a market maker or otherwise) may trade or otherwise effect | The 14D-9 fails to disclose Information regarding the conflicts of Avondale, including whether or not Avondale has worked as a "market maker (or otherwise)" in New |

5

Plaintiff Craig Telke's Responses to Defendants' First Set of Written Discovery Requests to Plaintiffs

Exhibit 2

Response to Interrogatory Nos. 11 and 12

| Materially Misleading Statement in 14D-9 | Reasons the Statement is Materially Misleading |
|---|---|
| transactions in the equity securities of the Company, for our own account or for the accounts of our customers and, accordingly, may at any time hold a long or short position in such securities and write research about such securities." | Frontier and what "long or short position" in the Company Avondale may have held during the course of negotiations of the Merger. |
| On page 26 of the 14D-9, New Frontier discloses that "[o]n July 11, 2012, the Company entered into a settlement agreement with Longkloof . . . Longkloof also agreed, subject to the terms of the Longkloof Settlement Agreement, to comply with certain "standstill" restrictions through December 31, 2012." | The 14D-9 fails to disclose whether Longkloof was prevented from making an offer for the Company pursuant to the standstill agreement it signed in connection with the settlement of the lawsuit with the Company; and whether any potential bidders were parties to standstill agreements with the Company that prevented them from making an offer to acquire New Frontier at any time. |

4825-1234-2042, v. 1

6