# **Exhibit H**

Response to Plaintiffs' Motion to Compel

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

Civil Action No. 1:12-cv-02941-JLK

CRAIG TELKE, and
WILLIAM DOUGLAS MORELAND,
Individually and on Behalf of All Others Similarly Situated,

      Plaintiffs,

v.

NEW FRONTIER MEDIA, INC.,
ALAN ISAACMAN,
MELISSA HUBBARD,
HIRAM J. WOO, and
WALTER TIMOSHENKO,

      Defendants.

## PLAINTIFF WILLIAM DOUGLAS MORELAND'S RESPONSES AND OBJECTIONS
## TO
## DEFENDANTS' FIRST SET OF WRITTEN DISCOVERY REQUESTS

Pursuant to Rules 26, 33 and 34 of the Federal Rules of Civil Procedure and Rule 37.1 of the Local Rules of the United States District Court for the District of Colorado, Plaintiff William Douglas Moreland ("Plaintiff"), by and through his counsel, hereby responds and objects (the "Response") to the First Set of Written Discovery Requests that Defendants New Frontier Media, Inc., Alan Isaacman, Melissa Hubbard, Hiram J. Woo, and Walter Timoshenko ("Defendants") directed to Plaintiffs, including the first request for the production of documents (the "Requests") and the first set of interrogatories (the "Interrogatories").

Plaintiff reserves his rights to move to quash or to seek a protective order on the grounds set forth in the Objections or on any other basis at some future time.

## GENERAL OBJECTIONS

The following General Objections apply to each of the Requests and Interrogatories propounded by Defendants and shall have the same force and effect as if set forth in full in the specific response to each of the separately numbered Requests and Interrogatories. The production of documents by Plaintiff in response to any specific Request or Interrogatory is not, and shall not be construed as, an admission of the propriety of the specific Request or Interrogatory.

1.     Plaintiff objects to the Requests and Interrogatories, including the Definitions and Instructions, to the extent that they seek to impose obligations beyond those required by the Federal Rules of Civil Procedure, the Local Rules of the United States District Court for the District of Colorado, and other applicable law.

2.     Plaintiff objects to the Requests and Interrogatories, including the Definitions and Instructions, to the extent they are vague, ambiguous, overly broad, or unduly burdensome; seek information or documents that are neither relevant to any claim or defense in this litigation nor reasonably calculated to lead to discovery of admissible evidence; or do not conform with applicable law.

3.     Plaintiff objects to the Requests and Interrogatories including, the Definitions and Instructions, to the extent that they call for the production of documents or information the production of which would impose an undue burden or expense on Plaintiff, or attempt to shift the burden of compiling and analyzing information from Defendants to Plaintiff.

4.     Plaintiff objects to the Requests and Interrogatories, including the Definitions and Instructions, to the extent they seek information or documents that are not in Plaintiff's possession, custody or control.

2

5.      Plaintiff objects to the Requests and Interrogatories, including the Definitions and Instructions, to the extent that they seek information or documents that are in Defendants' possession, custody or control.

6.      Plaintiff objects to the Requests and Interrogatories, including the Definitions and Instructions, to the extent that they seek information or documents that are publicly available and/or uniquely or equally available to Defendants.

7.      Plaintiff objects to the Requests and Interrogatories, including the Definitions and Instructions, to the extent that they seek information or documents, including drafts, that are subject to the attorney-client privilege, the work product doctrine, or any other applicable privilege, protection or immunity from disclosure.  Privileged or protected documents responsive to a particular Request or Interrogatory will not be produced.  Plaintiff does not waive, and intends to preserve, any applicable privilege, protection, or immunity from disclosure.  In the event that any privileged or protected information or documents are produced by Plaintiff, such production is inadvertent and will not constitute a waiver of any privilege, protection or immunity from disclosure.  Pursuant to the Stipulated Protective Order entered by the Court on January 31, 2014, Plaintiff reserves the right to demand the return of all copies of any such inadvertently produced documents.

8.      Plaintiff objects to the Requests and Interrogatories, including the Definitions and Instructions, to the extent they seek documents or information relating to, concerning, or reflecting confidential information.  To the extent such documents exist within Plaintiff's possession, custody or control and are responsive, Plaintiff will produce such documents pursuant to the Stipulated Protective Order entered by the Court on January 31, 2014.

9.      Plaintiff objects to the Requests and Interrogatories, including the Definitions and Instructions, to the extent they seek disclosure of documents or information where such disclosure would violate any constitutional, statutory, or common law right of privacy of Colorado, or any other state or the United States, or any confidentiality agreement between any of the Plaintiff and any other entity or person.

10.     Plaintiff objects to the Requests and Interrogatories, including the Definitions and Instructions, to the extent they seek disclosure of Plaintiff's personal financial information.

11.     Plaintiff objects to the Requests and Interrogatories, including the Definitions and Instructions, to the extent they seek disclosure of information that is contentious and premature at this stage of the litigation.

12.     Plaintiff objects to the Requests and Interrogatories, including the Definitions and Instructions, to the extent they impose obligations on Plaintiff that conflict with the Case Management Order entered by the Court on January 31, 2014 ("Case Management Order").

13.     Plaintiff objects to the terms "Plaintiffs," "you" or "yours" as being vague, ambiguous, overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence to the extent it includes persons or entities other than Plaintiffs themselves.

14.     Plaintiff objects to the terms "New Frontier" or "the Company" insofar as they seek to exclude New Frontier's present or former parents, subsidiaries, divisions, subdivisions, practice groups, departments, affiliates, predecessors, successors, joint ventures, officers, directors, partners, principals, employees, representatives, professional   staff members, attorneys, agents, and all other persons acting or purporting to act on its behalf.

4

15.    Plaintiff objects to the definition of "identify" as vague, ambiguous, overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence to the extent its use would impose obligations beyond those required by the Federal Rules of Civil Procedures and the Local Rules of the United States District Court for the District of Colorado.

16.    Plaintiff objects to Instruction 2 on the grounds that this Instruction is unduly burdensome and purports to impose obligations and requires procedures beyond those set forth in the Federal Rules of Civil Procedure and seeks the discovery of information that constitutes attorney work product, contains or pertains to attorney-client communications, or that is otherwise privileged or protected from disclosure.

17.    Plaintiff objects to Instructions 30-32 on the grounds that these Instructions are unduly burdensome and purport to impose obligations and requires procedures beyond those set forth in the Federal Rules of Civil Procedure.

18.    Plaintiff objects insofar as the Requests for Production are without a relevant time period. In providing these Responses, Plaintiff will use the time period set forth in Instruction 28 to the Interrogatories.

19.    Each of the General Objections is incorporated below in each objection to a specific Request, as if fully set forth therein.

20.    In providing these Responses, Plaintiff does not in any way waive or intend to waive:

        a. the right to raise all questions of authenticity, foundation, relevancy, materiality, privilege, and admissibility as evidence for any purpose of information identified

5

in response to the Requests or Interrogatories that may arise in any subsequent proceeding in, or the trial of, this or any other action;

b.  the right to object to the use of the Responses in any subsequent proceeding in, or the trial of, this or any other action on any grounds;

c.  the right to object to the introduction into evidence of any or all of these Responses; or

d.  the right to object on any ground at any time to other document requests involving the subject matter thereof.

21.     Plaintiff reserves the right to amend, supplement or correct these Responses if and when they discover other or additional documents or grounds for further responses and objections.

22.     Plaintiff reserves the right to make any use of, or to introduce at hearing or trial, documents responsive to the Requests and Interrogatories discovered subsequent to the date of its production, including, without limitation, any documents obtained in discovery herein.

## SPECIFIC RESPONSES AND OBJECTIONS TO INTERROGATORIES

### Interrogatory No. 1

Identify all persons known by you to have any information to support the factual allegations of the Amended Complaint and as to each such person describe in detail all facts that each such individual possesses.

### Response to Interrogatory No. 1

Plaintiff objects to this Interrogatory on the grounds set forth in his General Objections, which are incorporated herein. Plaintiff also objects to the phrase "in detail" as overly broad and unduly burdensome and as vague and ambiguous as to what is meant by "in detail." In addition, Plaintiff objects to this Interrogatory because discovery has not begun and Plaintiff has not

received, nor had the opportunity to review, all documents that Defendants intend to produce, nor deposed relevant witnesses in connection with this litigation. This Interrogatory is further objectionable to the extent that it asks Plaintiff to speculate as to the knowledge of another person or entity. This Interrogatory is also objectionable insofar as it seeks responses that constitute attorney work product, contains or pertains to attorney-client communications, or that are otherwise privileged or protected from disclosure.

Subject to and without waiving any of the foregoing General Objections and Specific Objections, Plaintiff states that he is aware of the following individuals who are "known" to have information that support the allegations in the Amended Complaint:  Alan Isaacman; Melissa Hubbard; Hiram J. Woo; Walter Timoshenko; Michael Weiner; David Nicholas; Grant Williams; Marc Callipari; Adam Rothstein and Emma Lawrence of Longkloof Limited; Michael H. Klein; Damien J. Park; Karsten Lampka of Avondale Partners, LLC; Stuart Duncan and Larry Paget of Ten Broadcasting, Inc.; Steven Gans; Scott Berden of Holland & Hart, LLP; Keith Gottfried of Alston & Bird, LLP; Scott Richter; Craig Telke and Douglas Moreland.

Plaintiff also refers Defendants to the documents produced pursuant to Request No. 1, which speak for themselves.

**Interrogatory No. 2**

Without limiting the generality of the foregoing interrogatory, as to each paragraph of the Amended Complaint, identify each person who has knowledge of the factual allegations therein and describe in detail all facts that each such individual possesses. By way of example and not limitation, identify all persons with knowledge that the fees paid to defendant Isaacman and his law firm described in the Amended Complaint at ¶ 6, were "highly objectionable to Weiner, Nicholas, as well as the Company's shareholders" as alleged in the Amended Complaint at ¶ 7. By way of a further example, identify all persons with knowledge that the "Board's decision to sue Longkloof…was met with substantial criticism from shareholders" as alleged in the Amended Complaint at ¶ 10.

**Response to Interrogatory No. 2**

Plaintiff objects to this Interrogatory on the grounds set forth in his General Objections, which are incorporated herein.  Plaintiff also objects to the phrase "in detail" and the term "knowledge" as overly broad and unduly burdensome and as vague and ambiguous as to what is meant by "in detail" and "knowledge."  In addition, Plaintiff objects to this Interrogatory as a duplicative of Interrogatory No. 1.  This Interrogatory is also objectionable as a premature contention interrogatory.  Plaintiff further objects to this Interrogatory because discovery has not begun and Plaintiff has not received, nor had the opportunity to review, all documents that Defendants intend to produce, nor deposed relevant witnesses in connection with this litigation. Plaintiff also objects to this Interrogatory to the extent that it asks Plaintiff to speculate as to the knowledge of another person or entity.  This Interrogatory is also objectionable insofar as it seeks responses that constitute attorney work product, contains or pertains to attorney-client communications, or that are otherwise privileged or protected from disclosure.

Subject to and without waiving any of the foregoing General Objections and Specific Objections, Plaintiff refers Defendants to the documents produced pursuant to Request No. 1, which speak for themselves, and to Exhibit 1 to these Responses.

**Interrogatory No. 3**

Identify all persons, companies or other entities of which you are aware that were "potential suitors for the Company" that were deterred from submitting an offer higher than LFP Broadcasting by the litigation the Company commenced against Longkloof as alleged in the Amended Complaint at ¶ 10.

**Response to Interrogatory No. 3**

Plaintiff objects to this Interrogatory on the grounds set forth in his General Objections, which are incorporated herein.  Plaintiff also objects to this Interrogatory as a premature contention interrogatory.  In addition, Plaintiff objects to this Interrogatory because discovery

has not begun and Plaintiff has not received, nor had the opportunity to review, all documents that Defendants intend to produce, nor deposed relevant witnesses in connection with this litigation.  This Interrogatory is also objectionable insofar as it seeks responses that constitute attorney work product, contains or pertains to attorney-client communications, or that are otherwise privileged or protected from disclosure.

**Interrogatory No. 4**

Identify all persons and describe all facts of which you are aware that the LFP Broadcasting offer of $2.02 and contingent payment was a "grossly inadequate" price as alleged in the Amended Complaint at ¶10 and elsewhere in the Amended Complaint.

**Response to Interrogatory No. 4**

Plaintiff objects to this Interrogatory on the grounds set forth in his General Objections, which are incorporated herein.  In addition, Plaintiff objects to this Interrogatory as a duplicative of Interrogatories No. 1 and 2.  Plaintiff also objects to this Interrogatory as a premature contention interrogatory.  Plaintiff further objects to this Interrogatory because discovery has not begun and Plaintiff has not received, nor had the opportunity to review, all documents that Defendants intend to produce, nor deposed relevant witnesses in connection with this litigation. This Interrogatory is also objectionable insofar as it seeks disclosure of Plaintiff's experts and their analysis in contradiction of the Case Management Order before any discovery has begun or been exchanged.  This interrogatory is further objectionable insofar as it seeks responses that constitute attorney work product, contains or pertains to attorney-client communications, or that are otherwise privileged or protected from disclosure.

Subject to and without waiving any of the foregoing General Objections and Specific Objections, Plaintiff states that the following facts support Plaintiff's allegations that the $2.02 merger price per share is inadequate.

9

- According to Michael Weiner, the Special Committee to the Board instructed Avondale Partners, LLC to not speak with Michael Weiner who, as Chief Executive Officer and founder of the Company, was critical to analyzing potential offers because of his knowledge of the Company and the industry for more than a decade;

- Avondale's financial analyses supporting its opinion that the Merger price was fair are flawed because:

  (i)     Avondale inappropriately used EBIT multiples (which included non-cash depreciation and amortization expenses), rather than EBITDA and revenue multiples, in its *Discounted Cash Flow Analysis*, *Precedent Transactions Analysis*, and *Comparable Companies Analysis*, resulting in an artificially lower valuation for New Frontier;

  (ii)    Avondale inappropriately selected a low range of terminal EBIT multiples of 5x to 7x in its *Discounted Cash Flow Analysis*, which is far below Avondale's own observations of market-derived EBIT multiples and lies below the lowest LTM EBIT multiple observed among the 35 acquisitions it examined, and reflect a fraction of the 17.9x median;

  (iii)   Avondale improperly selected a multiple range of 5x to 7x, which was far below the 10.7x LTM median from the comparable public companies it examined, the lowest of which reflected a 5.9x LTM multiple;

  (iv)    Avondale's *Precedent Transactions Analysis* did not yield meaningful results because Avondale used NOOF's LTM EBIT multiple, which was negative as a result of, among other reasons, including depreciation and amortization expense;

  (v)     Avondale inappropriately relied on companies (FriendFinder, Outdoor Channel, Private Media, Rick's Cabaret and LodgeNet) in its *Comparable Companies Analysis*, for which there were no EBIT multiplies available;

  (vi)    Avondale inappropriately selected in its *Comparable Companies Analysis*, companies with low multiples that were not comparable to New Frontier because of, among other reasons, they were not in compliance with debt covenants and/or financial reporting requirements where New Frontier had no debt and was in compliance;

  (vii)   Four of the six pricing multiples Avondale examined in its *Comparable Companies Analysis* were unusable when applied to New Frontier because the Company's EBIT was negative for the LTM period and 2012 projected EBIT was temporarily depressed;

  (viii)  Avondale used an abnormally high discount rate range of 20% to 30%, as compared to even the highest weighted-average cost of capital for New Frontier's selected peer group as reported by Bloomberg, LP, of 11.8%;

  (ix)    Avondale did not apply a reasonable control premium in its valuation;

  (x)     Avondale did not consider synergies in its analyses; and

  (xi)    Avondale's analyses did not consider the impact of the Company's value as a result of its plans to expand into over-the-top technology and into South America.

- Wall Street analysts had set a price target for New Frontier as high as $4.00 per share.

## Interrogatory No. 5

Identify all persons, companies or entities of which you are aware that were ready, willing and able to enter into a transaction in calendar year 2012 for the purchase or acquisition of NOOF at a price in excess of LFP Broadcasting's offer and describe in detail all facts that such persons or entities were interested in such a transaction.

## Response to Interrogatory No. 5

Plaintiff objects to this Interrogatory on the grounds set forth in his General Objections, which are incorporated herein. Plaintiff also objects to the terms "ready", "willing", and "able" as overly broad and unduly burdensome and as vague and ambiguous as to what is meant by each term. Plaintiff also objects to this Interrogatory as a premature contention interrogatory. In addition, Plaintiff objects to this Interrogatory because discovery has not begun and Plaintiff has not received, nor had the opportunity to review, all documents that Defendants intend to produce, nor deposed relevant witnesses in connection with this litigation. This interrogatory is further objectionable insofar as it seeks responses that constitute attorney work product, contains or pertains to attorney-client communications, or that are otherwise privileged or protected from disclosure.

## Interrogatory No. 6

Identify all oral or written communications you have had with any person, company or entity concerning the purchase, acquisition or other transaction involving NOOF securities or the Company and describe in detail all such communications and identify any document that memorializes the communication.

## Response to Interrogatory No. 6

Plaintiff objects to this Interrogatory on the grounds set forth in his General Objections, which are incorporated herein. Plaintiff also objects to the terms "other transaction" and "securities" as overly broad and unduly burdensome and as vague and ambiguous as to what is meant by "other transaction" and "securities." The Interrogatory is further objectionable insofar

11

as it seeks responses that constitute attorney work product, contains or pertains to attorney-client communications, or that are otherwise privileged or protected from disclosure.

Subject to and without waiving any of the foregoing General Objections and Specific Objections, Plaintiff states that he has had communications with his stock brokers when he purchased shares for himself and his family members in the Company, and he had limited verbal communications with representatives of Longkloof about potentially participating in an offer to acquire the Company  and refers Defendants to the documents produced pursuant to Requests No. 1, 11 and 13 which speak for themselves.

### Interrogatory No. 7

Identify all oral or written communications you have had with Michael Weiner, David Nicholas or any other person concerning the purchase, acquisition or other transaction in NOOF securities or the Company at any time since January 2011 to the present and identify any document that memorializes the communication.

### Response to Interrogatory No. 7

Plaintiff objects to this Interrogatory on the grounds set forth in his General Objections, which are incorporated herein.  Plaintiff also objects to the terms "other transaction" and "securities" as overly broad and unduly burdensome and as vague and ambiguous as to what is meant by "other transaction" and "securities."  In addition, Plaintiff objects to this Interrogatory as overly broad, vague, and unduly burdensome to the extent it seeks information beyond the Relevant Period of January 1, 2012 through the present.  Plaintiff further objects to this Interrogatory as duplicative of Interrogatory No. 6.  This Interrogatory is further objectionable insofar as it seeks responses that constitute attorney work product, contains or pertains to attorney-client communications, or that are otherwise privileged or protected from disclosure.

Subject to and without waiving any of the foregoing General Objections and Specific Objections, Plaintiff again states that he had limited communications with representatives of

12

Longkloof concerning potential purchase of the Company, and refers Defendants to the documents produced pursuant to Requests No. 1, 11 and 13 which speak for themselves.

**Interrogatory No. 8**

Identify all oral or written communications you have had with Michael Weiner, David Nicholas, Ken Boenish, Ira Bahr, Mark Kreloof, Marc Callipari, Scott Piper, William Douglas Moreland, Craig Telke, Dennis Palkon, Gopal Chakravarthy, Elwood White or other present or former employees, directors, officers or shareholders of NOOF concerning the allegations of the Amended Complaint.

**Response to Interrogatory No. 8**

Plaintiff objects to this Interrogatory on the grounds set forth in his General Objections, which are incorporated herein. Plaintiff also objects to this Interrogatory as duplicative of Interrogatories No. 6 and 7. Subject to and without waiving any of the foregoing General Objections and Specific Objections, Plaintiff states that he has had no written communications with any of the named persons or categories of persons, and only had limited oral communications wth Michael Weiner concerning the allegations of the Amended Complaint. Plaintiff further states that his counsel met with David Nicolas on November 13, 2013 in New York, New York and with David Nicolas and Michael Weiner on January 30, 2014 in Denver, Colorado. Plaintiff further refers Defendants to documents produced pursuant to Request No. 1.

**Interrogatory No. 9**

Identify all oral or written communications you have had with any suitor, bidder, prospective bidder or other person or entity concerning the purchase, acquisition or other transaction in NOOF securities or with respect to the Company. Without limiting the generality of the foregoing, identify all oral or written communications you have had with any of the following or their representatives: Longkloof, Manwin, Marcel Golding, Adam Rothstein, Hosken Consolidated Investments, Mile End Limited, Eric Doctorow, Mahomed Khalik Ismail Sherrif, Willem Deon Nel, Barbara Wall, Sabido Investments, Stuart Duncan, Charles Prast, Fabiasn Thylmann, Stephen Gans, Marc Greenberg, Robert Sanchez, Damian Park, Richard Stride, Louise Bashford, Emma Lawrence, Mark E. Chesen, Matthew P. Karlson or April Horace.

**Response to Interrogatory No. 9**

Plaintiff objects to this Interrogatory on the grounds set forth in his General Objections, which are incorporated herein.  In addition, Plaintiff objects to the terms "other transaction", "suitor", "bidder", and "securities" as overly broad and unduly burdensome and as vague and ambiguous as to what is meant by each of these terms.  Plaintiff also objects to this Interrogatory as duplicative of Interrogatories No. 6, 7 and 8.

Subject to and without waiving any of the foregoing General Objections and Specific Objections, Plaintiff states that he has had no such communications with any of the named persons or companies except for Longkloof, and refers Defendants to the documents produced pursuant to Requests No. 1, 11 and 13 which speak for themselves.

**Interrogatory No. 10**

Identify all persons of whom you are aware that have knowledge, opinions, or facts concerning the value of the Company and describe in detail all such knowledge, opinions or facts known by each such person and identify any documents, including any financial model or projection, referring, relating or evidencing such knowledge or opinion.

**Response to Interrogatory No. 10**

Plaintiff objects to this Interrogatory on the grounds set forth in his General Objections, which are incorporated herein.  In addition, Plaintiff objects to this Interrogatory as duplicative of Interrogatories No. 1, 2, 4 and 8.  Plaintiff also objects to the phrase "in detail" as overly broad and unduly burdensome and as vague and ambiguous as to what is meant by "in detail." Plaintiff further objects to this Interrogatory as premature because discovery has not begun and Plaintiff has not received, nor had the opportunity to review, all documents that Defendants intend to produce, nor deposed relevant witnesses in connection with this litigation.   This Interrogatory is also objectionable insofar as it seeks disclosure of Plaintiff's experts and their analysis in violation of the Case Management Order.   Plaintiff further objects to this

14

Interrogatory insofar as it seeks responses that constitute attorney work product, contains or pertains to attorney-client communications, or that are otherwise privileged or protected from disclosure.

Subject to and without waiving any of the foregoing General Objections and Specific Objections, Plaintiff states that he is aware of the following who have "knowledge, opinions, or facts concerning the value of the Company:" Alan Isaacman; Melissa Hubbard; Hiram J. Woo; Walter Timoshenko; Michael Weiner; David Nicholas; Grant Williams; Marc Callipari; Adam Rothstein and Emma Lawrence of Longkloof Limited; Michael H. Klein; Damien J. Park; Karsten Lampka of Avondale Partners, LLC; Stuart Duncan and Larry Paget of Ten Broadcasting, Inc.; Steven Gans; Scott Berden of Holland & Hart, LLP; Keith Gottfried of Alston & Bird, LLP.

### Interrogatory No. 11

Identify all facts of which you are aware that demonstrate that any statement made in the 14D-9 provided materially misleading information to shareholders as alleged in the Amended Complaint at ¶ 15. As to each such statement, describe in detail that manner in which the statement should have been made in order to make it not misleading.

### Response to Interrogatory No. 11

Plaintiff objects to this Interrogatory on the grounds set forth in his General Objections, which are incorporated herein. Plaintiff also objects to this Interrogatory as a premature contention interrogatory. In addition, Plaintiff objects to this Interrogatory as duplicative of Interrogatories No. 1, 2, and 8. Plaintiff also objects to this Interrogatory because discovery has not begun and Plaintiff has not received, nor had the opportunity to review, all documents that Defendants intend to produce, nor deposed relevant witnesses in connection with this litigation. This Interrogatory is also objectionable insofar as it calls for a legal conclusion and prematurely

15

seeks disclosure of Plaintiff's experts and their analysis in violation of the Case Management

Order.

Subject to and without waiving any of the foregoing General Objections and Specific

Objections, Plaintiff refers Defendants to Exhibit 2, attached hereto.

**Interrogatory No. 12**

Identify all facts of which you are aware that demonstrate that the 14D-9 omitted to
provide shareholders with materially information as alleged in the Amended Complaint at ¶ 15.
As to each such misleading statement or omitted information describe in detail all facts that
should have been disclosed in order the make the statements made not misleading.

**Response to Interrogatory No. 12**

Plaintiff objects to this Interrogatory on the grounds set forth in his General Objections,

which are incorporated herein.  Plaintiff also objects to this Interrogatory as a premature

contention interrogatory.  In addition, Plaintiff objects to this Interrogatory because discovery

has not begun and Plaintiff has not received, nor had the opportunity to review, all documents

that Defendants intend to produce, nor deposed relevant witnesses in connection with this

litigation. This Interrogatory is also objectionable insofar as it calls for a legal conclusion and

prematurely seeks disclosure of Plaintiff's experts and their analysis in violation of the Case

Management Order.

Subject to and without waiving any of the foregoing General Objections and Specific

Objections, Plaintiff refers Defendants to Exhibit 2, attached hereto.

**Interrogatory No. 13**

Identify all facts of which you are aware that demonstrate you took any action that you
would not have otherwise taken as a result of any misleading statement or omission made in the
14D-9 and describe in detail how you would have acted differently had the misleading statement
or omission not been made.

**Response to Interrogatory No. 13**

Plaintiff objects to this Interrogatory on the grounds set forth in his General Objections, which are incorporated herein. Plaintiff further objects to this Interrogatory as overly broad, vague, unduly burdensome and ambiguous as to what is meant by the undefined term "action." In addition, Plaintiff objects to this Interrogatory because discovery has not begun and Plaintiff has not received, nor had the opportunity to review, all documents that Defendants intend to produce, nor deposed relevant witnesses in connection with this litigation. Plaintiff also objects to this Interrogatory to the extent it asks him to speculate on information of which he is not aware. This Interrogatory is further objectionable insofar as it seeks responses that constitute attorney work product, contains or pertains to attorney-client communications, or that are otherwise privileged or protected from disclosure

**Interrogatory No. 14**

Describe in detail all steps you took to object to the Merger as defined in the Amended Complaint at ¶ 3, including without limitation whether you received notice of your dissenters rights under Colorado law and whether you attempted in any fashion to exercise your dissenters' rights and appraisal remedy in accordance with Colorado law.

**Response to Interrogatory No. 14**

Plaintiff objects to this Interrogatory on the grounds set forth in his General Objections, which are incorporated herein. Plaintiff further objects to this Interrogatory as overly broad, vague, unduly burdensome and ambiguous as to what is meant by the undefined phrase "in any fashion." The Interrogatory is further objectionable insofar as it seeks responses that constitute attorney work product, contains or pertains to attorney-client communications, or that are otherwise privileged or protected from disclosure.

Subject to and without waiving any of the foregoing General Objections and Specific Objections, Plaintiff states that he submitted to the Company's board a letter dated November 15,

2012 setting forth his objections to the proposed sale and his claims against the Board (to which the Board responded by letter dated November 21, 2012), and that he submitted to the Company's board a letter dated December 28, 2012 reserving all of his legal rights and not waiving same with respect to his tendering of his shares in the Company. A copy of the foregoing correspondence will be produced by April 15, 2014.

Further, subject to and without waiving any of the foregoing General Objections and Specific Objections, and to the extent Plaintiff understands this Interrogatory, Plaintiff states that he made a timely objection to the Merger by commencing the instant, above-captioned Action Plaintiff further states that he did receive notice of his dissenters' rights but did not exercise them except as described above.

**Interrogatory No. 15**

Describe in detail all facts of which you are aware that the "deal protection devices" alleged in the Amended Complaint at ¶ 14 precluded other bidders from making a successful competing offer, including without limitation all facts that demonstrate that the "deal protection devices" differ in any material respect from other such devices usually and customarily included in merger and acquisition agreements drafted by experienced and reputable lawyers engaged in the securities industry.

**Response to Interrogatory No. 15**

Plaintiff objects to this Interrogatory on the grounds set forth in his General Objections, which are incorporated herein. Plaintiff further objects to this Interrogatory as overly broad, vague, unduly burdensome and ambiguous as to what is meant by the undefined terms "material", "customarily", "experienced and reputable" and "securities industry." Plaintiff also objects to this Interrogatory to the extent that it calls for a legal conclusion and as a premature contention interrogatory that violates the Court's Case Management Order. In addition, Plaintiff objects to this Interrogatory because discovery has not begun and Plaintiff has not received, nor had the opportunity to review, all documents that Defendants intend to produce, nor deposed

18

relevant witnesses in connection with this litigation. This Interrogatory is also objectionable insofar as it seeks a response to a legal conclusion and otherwise seeks responses that constitute attorney work product, contains or pertains to attorney-client communications, or that are otherwise privileged or protected from disclosure.

**Interrogatory No. 16**

Identify all facts of which you are aware that demonstrate the attorneys retained by the Company and the Individual Defendants were not experienced, capable and reputable attorneys upon whose advice the Company and the Individual Defendants were entitled to rely in fulfilling their duties to the Company and/or its shareholders, including without limitation all facts that were either known or should have been known by the Individual Defendants that they should not rely upon their attorney's advice.

**Response to Interrogatory No. 16**

Plaintiff objects to this Interrogatory on the grounds set forth in his General Objections, which are incorporated herein. Plaintiff further objects to this Interrogatory as overly broad, vague, unduly burdensome and ambiguous as to what is meant by the undefined terms "experienced" and "reputable." In addition, Plaintiff objects to this Interrogatory to the extent it calls for a legal conclusion and because discovery has not begun and Plaintiff had not received, nor had the opportunity to review, all documents that Defendants intend to produce, nor deposed relevant witnesses in connection with this litigation.

**Interrogatory No. 17**

Identify all facts of which you are aware that demonstrate that the investment bankers retained by the Company and the Individual Defendants were not experienced, capable and reputable bankers upon whose advice the Company and the Individual Defendants were entitled to rely in fulfilling their duties to the Company and/or its shareholders, including without limitation all facts that were either known or should have been known by the Individual Defendants that they should not rely upon their investment banker's advice.

**Response to Interrogatory No. 17**

Plaintiff objects to this Interrogatory on the grounds set forth in his General Objections, which are incorporated herein. Plaintiff further objects to this Interrogatory as overly broad, vague, unduly burdensome and ambiguous as to what is meant by the undefined terms "experienced" and "reputable." In addition, Plaintiff objects to this Interrogatory because discovery has not begun and Plaintiff has not received, nor had the opportunity to review, all documents that Defendants intend to produce, nor deposed relevant witnesses in connection with this litigation. This Interrogatory is also objectionable insofar as it calls for a legal conclusion and seeks disclosure of Plaintiff's experts and their analyses in violation of the Case Management Order.

Subject to and without waiving any of the foregoing General Objections and Specific Objections, Plaintiff refers Defendants to his response to Interrogatory No. 4 discussing facts that the Individual Defendants knew or should have known that demonstrate the Board's reliance (if any) on Avondale Partners, LLC's fairness opinion in approving the Merger, was unreasonable and unjustified.

**Interrogatory No. 18**

Identify all facts of which you are aware that the Individual Defendants secured any personal benefit or preferential treatment from the Merger at the expense of or different from the benefits received by the Company's shareholders.

**Response to Interrogatory No. 18**

Plaintiff objects to this Interrogatory on the grounds set forth in his General Objections, which are incorporated herein. Plaintiff further objects to this Interrogatory as overly broad, vague, unduly burdensome and ambiguous as to what is meant by the undefined terms "secured." Plaintiff also objects to this Interrogatory as a premature contention interrogatory that violates

20

the Court's Case Management Order. In addition, Plaintiff objects to this Interrogatory because discovery has not begun and Plaintiff has not received, nor had the opportunity to review, all documents that Defendants intend to produce, nor deposed relevant witnesses in connection with this litigation.

Subject to and without waiving any of the foregoing General Objections and Specific Objections, and to the extent Plaintiff understands the Interrogatory, Plaintiff states that the Individual Defendants secured director fees of $5,000 per month for serving on a purportedly independent Special Committee charged with overseeing the Merger process and that Alan Isaacman received $10,000 per month for serving as chairman of the Special Committee. These director fees were not a benefit that was equally shared by New Frontier's public shareholders in the Merger. Plaintiff further states that the Individual Defendants formed a Compliance Committee in July 2012 to receive additional director fees in connection with the Merger that were not equally shared by New Frontier's public shareholders. The Compliance Committee's role overlapped with other existing Board committees.

**Interrogatory No. 19**

Identify all facts of which you are aware that the LFP Broadcasting offer was not the best value reasonably available to shareholders in connection with an acquisition of the Company in 2012.

**Response to Interrogatory No. 19**

Plaintiff objects to this Interrogatory on the grounds set forth in his General Objections, which are incorporated herein. Plaintiff also objects to this Interrogatory as a premature contention interrogatory in violation of the Court's Case Management Order. In addition, Plaintiff objects to this Interrogatory as duplicative of Interrogatory No. 17. This Interrogatory is also objectionable because discovery has not begun and Plaintiff has not received, nor had the

opportunity to review, all documents that Defendants intend to produce, nor deposed relevant witnesses in connection with this litigation. Plaintiff further objects to this Interrogatory insofar as it seeks disclosure of Plaintiff's experts and their analyses in contradiction of the Case Management Order. This Interrogatory is further objectionable insofar as it seeks responses that constitute attorney work product, contains or pertains to attorney-client communications, or that are otherwise privileged or protected from disclosure.

**Interrogatory No. 20**

Identify all facts of which you are aware that you suffered some harm, injury or breach of duty that differed from the alleged harm, injury or breach of duty suffered by shareholders of the Company generally.

**Response to Interrogatory No. 20**

Plaintiff objects to this Interrogatory on the grounds set forth in his General Objections, which are incorporated herein. Plaintiff further objects to this Interrogatory as overly broad, vague, unduly burdensome and ambiguous as to what is meant by the undefined terms "harm," and "injury" and to the extent it seeks a response that is a legal conclusion. In addition, Plaintiff objects to this Interrogatory insofar as it calls for a legal conclusion and/or seeks disclosure of Plaintiff's experts and their analyses in contradiction of the Case Management Order. Plaintiff further objects to this Interrogatory because discovery has not begun and Plaintiff has not received, nor had the opportunity to review, all documents that Defendants intend to produce, nor deposed relevant witnesses in connection with this litigation. This Interrogatory is also objectionable insofar as it seeks responses that constitute attorney work product, contains or pertains to attorney-client communications, or that are otherwise privileged or protected from disclosure.

Subject to and without waiving any of the foregoing General Objections and Specific Objections, and to the extent Plaintiff understands the Interrogatory, Plaintiff states that as far as he is aware, he suffered similar injuries to those suffered by New Frontier's public shareholders.

**Interrogatory No. 21**

Identify all facts of which you are aware that the Individual Defendants preferred themselves over the interests of the Company's shareholders in recommending the Merger in accordance with the 14D-9.

**Response to Interrogatory No. 21**

Plaintiff objects to this Interrogatory on the grounds set forth in his General Objections, which are incorporated herein. In addition, Plaintiff objects to this Interrogatory as duplicative of Interrogatory No. 18. Plaintiff also objects to this Interrogatory as a premature contention interrogatory in violation of the Court's Case Management Order. In addition, Plaintiff objects to this Interrogatory because discovery has not begun and Plaintiff has not received, nor had the opportunity to review, all documents that Defendants intend to produce, nor deposed relevant witnesses in connection with this litigation. Plaintiff further object to this Interrogatory as vague and ambiguous as to what is meant by "in accordance with the 14D-9."

Subject to and without waiving any of the foregoing General Objections and Specific Objections, and to the extent Plaintiff understands the Interrogatory, Plaintiff refers Defendants to his Response to Interrogatory No. 18.

**Interrogatory No. 22**

Identify all facts of which you are aware that the Individual Defendants enriched themselves over the Company's shareholders in recommending the Merger in accordance with the 14D-9.

**Response to Interrogatory No. 22**

Plaintiff objects to this Interrogatory on the grounds set forth in his General Objections, which are incorporated herein. In addition, Plaintiff objects to this Interrogatory as duplicative of Interrogatory Nos. 18 and 21. Plaintiff further objects to this Interrogatory as overly broad, vague, unduly burdensome and ambiguous as to what is meant by the undefined terms "enriched" and "in accordance with the 14D-9." Plaintiff also object to this Interrogatory as a premature contention interrogatory in violation of the Court's Case Management Order. In addition, Plaintiff object to this Interrogatory because discovery has not begun and Plaintiff has not received, nor had the opportunity to review, all documents that Defendants intend to produce, nor deposed relevant witnesses in connection with this litigation.

Subject to and without waiving any of the foregoing General Objections and Specific Objections, Plaintiff refers Defendants to his Response to Interrogatories 18 and 21.

**Interrogatory No. 23**

Identify all facts of which you are aware that the Individual Defendants knew that the 14D-9 contained misrepresentations of material facts or omissions of material facts concerning the Merger and in particular that the Individual Defendants knew that the price offered by LFP Broadcasting was unfair to shareholders.

**Response to Interrogatory No. 23**

Plaintiff objects to this Interrogatory on the grounds set forth in his General Objections, which are incorporated herein. Plaintiff also objects to this Interrogatory as a premature contention interrogatory in violation of the Court's Case Management Order. In addition, Plaintiff objects to this Interrogatory because discovery has not begun and Plaintiff has not received, nor had the opportunity to review, all documents that Defendants intend to produce, nor deposed relevant witnesses in connection with this litigation. Plaintiff further objects to this