# <u>Exhibit H – part 2</u>

to Response to Motion to Compel

Interrogatory insofar as it calls for a legal conclusion and/or seeks disclosure of Plaintiff's experts and their analyses in contradiction of the Case Management Order.

**Interrogatory No. 24**

Identify all facts of which you are aware that the Individual Defendants did not act independently in the course of the process that resulted in the Merger.

**Response to Interrogatory No. 24**

Plaintiff objects to this Interrogatory on the grounds set forth in his General Objections, which are incorporated herein. In addition, Plaintiff objects to this Interrogatory as duplicative of Interrogatory Nos. 18 and 21. Plaintiff also objects to this Interrogatory as a premature contention interrogatory in violation of the Court's Case Management Order. Plaintiff further objects to this Interrogatory because discovery has not yet begun and Plaintiff has not received, nor had the opportunity to review, all documents that Defendants intend to produce, nor deposed relevant witnesses in connection with this litigation.

Subject to and without waiving any of the foregoing General Objections and Specific Objections, Plaintiff refers Defendants to his Response to Interrogatories 18 and 21. Plaintiff also states that the following additional facts demonstrate that the Individual Defendants did not act independently in connection with the Merger:

- On or about April 23, 2012, the Individual Defendants determined to remove David Nicholas, the individual with the most industry experience, from the Special Committee.

- The Special Committee instructed Avondale Partners to not speak with Michael Weiner, New Frontier's then founder, Chief Executive Officer and director, or David Nicholas, despite that they were the most knowledgeable about the Company and the industry.

- Alan Isaacman had a material conflict of interest with LFP Broadcasting as a result of his more than 30 year close, personal relationship with Larry Flynt, LFP's founder and owner.

25

- On or about May 31, 2013, the Individual Defendants commenced a lawsuit against the Company's then highest bidder, Longkloof, without full Board approval.

- The Board spent approximately $700,000 in legal fees in connection with the suit against Longkloof.

- The Special Committee did not provide "periodic updates" to "help ensure an independent and unbiased process" as was required.

- The Special Committee members lacked independence for, among other reasons, their receipt of excessive director fees and personal and business relationships with potential bidders.

**Interrogatory No. 25**

Identify all facts of which you are aware that the Individual Defendants had a divided loyalties or a conflict of interest in the course of the process that resulted in the Merger.

**Response to Interrogatory No. 25**

Plaintiff objects to this Interrogatory on the grounds set forth in his General Objections, which are incorporated herein. In addition, Plaintiff objects to this Interrogatory as duplicative of Interrogatory Nos. 18, 21, 22 and 24. Plaintiff also objects to this Interrogatory as a premature contention interrogatory in violation of the Court's Case Management Order. In addition, Plaintiff objects to this Interrogatory because discovery has not yet begun and Plaintiff has not received, nor had the opportunity to review, all documents that Defendants intend to produce, nor deposed relevant witnesses in connection with this litigation.

Subject to and without waiving any of the foregoing General Objections and Specific Objections, Plaintiff refers Defendants to his Responses to Interrogatories No. 18, 21, 22 and 24.

## SPECIFIC RESPONSES AND OBJECTIONS TO REQUESTS FOR DOCUMENTS

### Request for Production No. 1

Produce all documents and communications that Plaintiff identified, referred to or relied upon in providing answers to the above Interrogatories.

### Response to Request for Production No. 1

Plaintiff objects to this Request on the grounds set forth in the General Objections which are incorporated herein.  In addition, Plaintiff objects to this Request insofar as Defendants are already in possession of such documents and information or they are publicly available to Defendants.  Plaintiff further objects to the Request insofar as it seeks production of documents that constitute attorney work product, contains or pertains to attorney-client communications, or that are otherwise privileged or protected from disclosure.

Subject to and without waiving any of the foregoing General Objections and Specific Objections, Plaintiff will produce all non-privileged documents in his possession, custody or control responsive to Request No. 1.

### Request for Production No. 2

Produce all documents and communications supporting Plaintiff's assertion in the proposed revised scheduling order that New Frontier was worth $5.80 to $9.00 per share.

### Response to Request for Production No. 2

Plaintiff objects to this Request on the grounds set forth in the General Objections which are incorporated herein.  In addition, Plaintiff objects to this Request insofar as it requires expert analyses and/or calls for a legal conclusion.  Plaintiff further objects to this Request insofar as Defendants are already in possession of such documents and information or they are publicly available to Defendants.  This Request is also Objectionable insofar as it seeks production of

27

documents that constitute attorney work product, contains or pertains to attorney-client communications, or that are otherwise privileged or protected from disclosure.

**Request for Production No. 3**

Produce all documents and communications which show that a bidder was willing to pay $5.80 to $9.00 per share for New Frontier's stock.

**Response to Request for Production No. 3**

Plaintiff objects to this Request No. 3 on the grounds set forth in the General Objections which are incorporated herein. In addition, Plaintiff objects to this Request as overly broad, vague, unduly burdensome, and ambiguous as to what is meant by the undefined term "willing." Plaintiff further objects to the Request as insofar as it requires expert analyses and/or calls for a legal conclusion. This Request is also Objectionable insofar as it seeks information and documents that Defendants are already in possession of or that are publicly available to Defendants. This Request is also Objectionable insofar as it seeks production of documents that constitute attorney work product, contains or pertains to attorney-client communications, or that are otherwise privileged or protected from disclosure.

**Request for Production No. 4**

Produce all documents and communications which support the allegations of paragraph 13 of the Amended Complaint.

**Response to Request for Production No. 4**

Plaintiff objects to this Request on the grounds set forth in the General Objections which are incorporated herein. In addition, Plaintiff objects to the Request as a disguised premature contention interrogatory. Plaintiff further objects to this Interrogatory insofar as it requires expert opinion prior to the parties engaging in expert discovery, in violation of the Case Management Order and otherwise calls for a legal conclusion. Plaintiff also objects to this

Request insofar as Defendants are already in possession of such documents and information or they are publicly available to Defendants. This request is also Objectionable insofar as it seeks production of documents that constitute attorney work product, contains or pertains to attorney-client communications, or that are otherwise privileged or protected from disclosure.

**Request for Production No. 5**

Produce all documents and communications which show that a bidder was willing to pay between $3.00 and $3.49 per share for New Frontier's stock.

**Response to Request for Production No. 5**

Plaintiff objects to this Request on the grounds set forth in the General Objections which are incorporated herein. Plaintiff also objects to the Request as overly broad, vague, unduly burdensome, and ambiguous as to what is meant by the undefined term "willing." In addition, Plaintiff objects to the Request as a disguised premature contention interrogatory. Plaintiff further objects to this Interrogatory insofar as it requires expert opinion prior to the parties engaging in expert discovery, in violation of the Case Management Order and otherwise calls for a legal conclusion. Plaintiff also objects to this Request insofar as Defendants are already in possession of such documents and information or they are publicly available to Defendants. This request is also Objectionable insofar as it seeks production of documents that constitute attorney work product, contains or pertains to attorney-client communications, or that are otherwise privileged or protected from disclosure.

**Request for Production No. 6**

Produce all documents and communications which show that LFP Broadcasting's offer of $2.02 per share, plus contingent payment, was a "grossly inadequate" price as alleged in the Amended Complaint at ¶ 10 and elsewhere.

**Response to Request for Production No. 6**

Plaintiff objects to this Request on the grounds set forth in the General Objections which are incorporated herein. In addition, Plaintiff objects to the Request as a disguised premature contention interrogatory. Plaintiff also objects to this Request because discovery has not yet begun and Plaintiff has not received, nor had the opportunity to review, all documents that Defendants intend to produce, nor deposed relevant witnesses in connection with this litigation. Plaintiff further objects to this Interrogatory insofar as it calls for a legal conclusion and/or requires expert opinion prior to the parties engaging in expert discovery, in violation of the Case Management Order. Plaintiff also objects to this Request insofar as Defendants are already in possession of such documents and information or they are publicly available to Defendants. This request is also Objectionable insofar as it seeks production of documents that constitute attorney work product, contains or pertains to attorney-client communications, or that are otherwise privileged or protected from disclosure.

**Request for Production No. 7**

Produce all documents and communications which show that a better offer than LFP Broadcasting's offer was reasonably available to shareholders in connection with an acquisition of New Frontier in 2012.

**Response to Request for Production No. 7**

Plaintiff objects to this Request on the grounds set forth in the General Objections which are incorporated herein. Plaintiff also objects to the Request as overly broad, vague, unduly burdensome and ambiguous as to the undefined terms "better offer" and "reasonably available." In addition, Plaintiff object to this Request as duplicative of Request Nos. 3 and 5. Plaintiff further objects to the Request insofar as it calls for a legal conclusion. The Request is also objectionable because discovery has not yet begun and Plaintiff has not received, nor had the

opportunity to review, all documents that Defendants intend to produce, nor deposed relevant

witnesses in connection with this litigation.  Plaintiff further objects to this Request insofar as

Defendants are already in possession of such documents and information or they are publicly

available to Defendants.

### Request for Production No. 8

Produce all documents and communications which support the allegation at the Amended
Complaint at ¶ 73 that it was "strikingly clear that the only party the Isaacman-led Special
Committee was interested in transacting with was LFP Broadcasting, which…would allow the
Board to avoid any further inquiry into their gross mismanagement of the Company over the last
few years."

### Response to Request for Production No. 8

Plaintiff objects to this Request on the grounds set forth in the General Objections which

are incorporated herein.  In addition, Plaintiff objects to this Request as a disguised premature

contention interrogatory.  The Request is also objectionable because discovery has not yet begun

and Plaintiff has not received, nor had the opportunity to review, all documents that Defendants

intend to produce, nor deposed relevant witnesses in connection with this litigation.  Plaintiff

further objects to this Request insofar as Defendants are already in possession of such documents

and information or they are publicly available to Defendants.

Subject to and without waiving any of the foregoing General Objections and Specific

Objections, and to the extent Plaintiff understands the Request, Plaintiff will produce all non-

privileged documents in his possession, custody or control responsive to Request No. 8.

### Request for Production No. 9

Produce all documents and communications which support the allegation at the Amended
Complaint at ¶ 78 that New Frontier had "recent strong performance" and was positioned "for
robust growth".

**Response to Request for Production No. 9**

Plaintiff objects to this Request on the grounds set forth in the General Objections which are incorporated herein. In addition, Plaintiff objects to the Request as a disguised premature contention interrogatory. The Request is also objectionable because discovery has not yet begun and Plaintiff has not received, nor had the opportunity to review, all documents that Defendants intend to produce, nor deposed relevant witnesses in connection with this litigation. Plaintiff also object to this Request insofar as Defendants are already in possession of such documents and information or they are publicly available to Defendants.

Subject to and without waiving any of the foregoing General Objections and Specific Objections, and to the extent Plaintiff understands the Request, Plaintiff will produce all non-privileged documents in his possession, custody or control responsive to Request No. 9.

**Request for Production No. 10**

Produce all documents and communications which support the allegations at the Amended Complaint at ¶¶ 83 through 86 that the Merger presented "significant synergies".

**Response to Request for Production No. 10**

Plaintiff objects to this Request on the grounds set forth in the General Objections which are incorporated herein. In addition, Plaintiff objects to the Request as a disguised premature contention interrogatory. The Request is also objectionable because discovery has not yet begun and Plaintiff has not received, nor had the opportunity to review, all documents that Defendants intend to produce, nor deposed relevant witnesses in connection with this litigation. Plaintiff also objects to this Request insofar as Defendants are already in possession of such documents and information or they are publicly available to Defendants. This request is also Objectionable insofar as it seeks production of documents that constitute attorney work product, contains or

32

pertains to attorney-client communications, or that are otherwise privileged or protected from disclosure.

Subject to and without waiving any of the foregoing General Objections and Specific Objections, and to the extent Plaintiff understands the Request, Plaintiff will produce all non-privileged documents in his possession, custody or control responsive to Request No. 10.

**Request for Production No. 11**

Produce all documents and communications which support the allegation at the Amended Complaint at ¶ 90 that "Avondale should have used Revenue and EBITDA multiples" and that those calculations "are also more-widely used in fairness opinion analyses."

**Response to Request for Production No. 11**

Plaintiff objects to this Request on the grounds set forth in the General Objections which are incorporated herein. In addition, Plaintiff objects to the Request as a disguised premature contention interrogatory. Plaintiff further objects to this Interrogatory insofar as it requires expert opinion prior to the parties engaging in expert discovery, in violation of the Case Management Order. The Request is also objectionable because discovery has not yet begun and Plaintiff has not received, nor had the opportunity to review, all documents that Defendants intend to produce, nor deposed relevant witnesses in connection with this litigation. Plaintiff also objects to this Request insofar as Defendants are already in possession of such documents and information or they are publicly available to Defendants.

**Request for Production No. 12**

Produce all documents and communications which support the allegations in the Amended Complaint at ¶¶ 107-108.

**Response to Request for Production No. 12**

Plaintiff objects to this Request on the grounds set forth in the General Objections which are incorporated herein. In addition, Plaintiff objects to the Request as a disguised premature

contention interrogatory.   Plaintiff further objects to this Interrogatory insofar as it requires expert opinion prior to the parties engaging in expert discovery, in violation of the Case Management Order.  The Request is also objectionable because discovery has not yet begun and Plaintiff has not received, nor had the opportunity to review, all documents that Defendants intend to produce, nor deposed relevant witnesses in connection with this litigation.  Plaintiff also objects to this Request insofar as Defendants are already in possession of such documents and information or they are publicly available to Defendants.

**Request for Production No. 13**

Produce all documents and communications that support Plaintiff's claims for damages or losses as described in the Complaint and answers to the above Interrogatories.

**Response to Request for Production No. 13**

Plaintiff objects to this Request on the grounds set forth in the General Objections which are incorporated herein.  In addition, Plaintiff objects to the Request as overly broad, vague, unduly burdensome, and ambiguous as to the undefined terms "damages" and "losses."  Plaintiff also objects insofar as the Request is duplicative of Request No. 1.  Plaintiff further objects to the Request as premature insofar as it calls for a legal conclusion and/or requires expert opinion prior to the parties engaging in expert discovery, in violation of the Case Management Order. Plaintiff also objects to this Request insofar as it seeks production of documents that constitute attorney work product, contains or pertains to attorney-client communications, or that are otherwise privileged or protected from disclosure.

**Request for Production No. 14**

Produce all documents and communications which show that Plaintiff made a demand on New Frontier to pursue any of the claims asserted in the Amended Complaint or that any such demand would have been futile.

**Response to Request for Production No. 14**

Plaintiff objects to this Request on the grounds set forth in the General Objections which are incorporated herein. Plaintiff further objects to this Request insofar as it calls for a legal conclusion. Plaintiff also objects to this Request insofar as it seeks production of documents that constitute attorney work product, contains or pertains to attorney-client communications, or that are otherwise privileged or protected from disclosure.

Subject to and without waiving any of the foregoing General Objections and Specific Objections, Plaintiff states that he submitted to the Company's board a letter dated November 15, 2012 setting forth his objections to the proposed sale and his claims against the Board (to which the Board responded by letter dated November 21, 2012), and that he submitted to the Company's board a letter dated December 28, 2012 reserving all of his legal rights and not waiving same with respect to his tendering of his shares in the Company. A copy of the foregoing will be produced by April 15, 2014.

**Request for Production No. 15**

Produce all documents and communications which show that Defendants prevented, stymied, or precluded Plaintiffs' exercise of statutory appraisal rights.

**Response to Request for Production No. 15**

Plaintiff objects to this Request on the grounds set forth in the General Objections which are incorporated herein. Plaintiff further objects to this Request insofar as it calls for a legal conclusion. Plaintiff also objects to this Request insofar as it seeks production of documents that constitute attorney work product, contains or pertains to attorney-client communications, or that are otherwise privileged or protected from disclosure.

Subject to and without waiving any of the foregoing General Objections and Specific Objections, Plaintiff states that he has no documents responsive to this Request.

35

**Request for Production No. 16**

Produce all documents and communications which show that Plaintiff complains of an injury in the Amended Complaint that is unique from the injury suffered by any other stockholder of New Frontier due to the allegations in the Amended Complaint.

**Response to Request for Production No. 16**

Plaintiff objects to this Request on the grounds set forth in the General Objections which are incorporated herein. In addition, Plaintiff objects to the Request as overly broad, vague, unduly burdensome, and ambiguous as to what is meant by the undefined term "injury." Plaintiff further objects to this Request insofar as Defendants are already in possession of such documents and information or they are publicly available to Defendants. Plaintiff also objects to this Request insofar as it seeks production of documents that constitute attorney work product, contains or pertains to attorney-client communications, or that are otherwise privileged or protected from disclosure.

Subject to and without waiving any of the foregoing General Objections and Specific Objections, Plaintiff states that he has no documents responsive to this Request.

**Request for Production No. 17**

Produce all documents and communications related to the dissenter's rights notice issued by New Frontier with respect to the Merger.

**Response to Request for Production No. 17**

Plaintiff objects to this Request on the grounds set forth in the General Objections which are incorporated herein. Plaintiff further objects to this Request insofar as Defendants are already in possession of such documents and information or they are publicly available to Defendants. Plaintiff also objects to this Request insofar as it seeks production of documents that constitute attorney work product, contains or pertains to attorney-client communications, or that are otherwise privileged or protected from disclosure.

Subject to and without waiving any of the foregoing General Objections and Specific Objections, Plaintiff states that he has no documents responsive to this Request.

**Request for Production No. 18**

Produce all documents and communications related to the allegations and claims as set forth in the Complaint.

**Response to Request for Production No. 18**

Plaintiff objects to this Request on the grounds set forth in the General Objections which are incorporated herein.  In addition, Plaintiff objects to the Request as a disguised premature contention interrogatory.  Plaintiff further objects to the Request as duplicative of Request Nos. 2, 4, 6, 8, 9, 10, 11, 12, and 13.  In addition, Plaintiff objects to this Request insofar as it requires expert analysis and/or calls for a legal conclusion. Plaintiff further objects to this Request insofar as Defendants are already in possession of such documents and information or they are publicly available to Defendants.  The Request is also objectionable insofar as it seeks production of documents that constitute attorney work product, contains or pertains to attorney-client communications, or that are otherwise privileged or protected from disclosure.

Subject to and without waiving any of the foregoing General Objections and Specific Objections, Plaintiff will produce all non-privileged documents in his possession, custody or control responsive to Request No. 18.

**Request for Production No. 19**

Produce all documents and communications which show that Plaintiff relied on the Recommendation Statement in deciding whether to tender or not tender his stock.

**Response to Request for Production No. 19**

Plaintiff objects to this Request on the grounds set forth in the General Objections which are incorporated herein.  In addition, Plaintiff objects to the Request as a disguised premature

contention interrogatory. Plaintiff also objects to this Request insofar as it requires expert analysis and/or calls for a legal conclusion. This Request is also objectionably insofar as it seeks production of documents that constitute attorney work product, contains or pertains to attorney-client communications, or that are otherwise privileged or protected from disclosure.

Subject to and without waiving any of the foregoing General Objections and Specific Objections, Plaintiff states that he has no documents responsive to this Request.

**Request for Production No. 20**

Produce all documents and communications which show that Defendants made misstatements of fact, rather than forward-looking opinions and judgments, in any public filing or statement upon which Plaintiff relied in any way.

**Response to Request for Production No. 20**

Plaintiff objects to this Request on the grounds set forth in the General Objections which are incorporated herein. In addition, Plaintiff objects to the Request as a disguised premature contention interrogatory. Plaintiff also objects to this Request as vague and ambiguous as to what is meant by the undefined terms "forward-looking" and "judgments." Plaintiff further objects to this Request insofar as it requires expert analysis and/or calls for a legal conclusion. The Request is also objectionable because discovery has not yet begun and Plaintiff has not received, nor had the opportunity to review, all documents that Defendants intend to produce, nor deposed relevant witnesses in connection with this litigation. Plaintiff further objects to this Request insofar as it seeks production of documents that constitute attorney work product, contains or pertains to attorney-client communications, or that are otherwise privileged or protected from disclosure

**Request for Production No. 21**

Produce all documents and communications related to FINRA's investigation of your and your family's trading activity in New Frontier's shares, including any documents you provided to FINRA.

**Response to Request for Production No. 21**

Plaintiff objects to this Request on the grounds set forth in the General Objections which are incorporated herein. In addition, Plaintiff objects to the Request as overly broad, vague, and unduly burdensome, and not relevant or reasonably calculated to lead to the discovery of admissible evidence as the Request seeks information concerning an investigation completely unrelated to this matter. Plaintiff also objects to this Request as overly broad and unduly burdensome insofar as Defendants are already in possession of such documents and information or it is publicly available to Defendants. Plaintiff further object to this Request insofar as it seeks production of documents that constitute attorney work product, contains or pertains to attorney-client communications, or that are otherwise privileged or protected from disclosure.

Subject to and without waiving any of the foregoing General Objections and Specific Objections, Plaintiff states that he has no documents responsive to this Request, but if he discovers same he will seasonably supplement this response.

**Request for Production No. 22**

Produce all communications between Plaintiff and (i) Michael Weiner; (ii) David Nicholas; (iii) Rothstein; and (iv) Longkloof.

**Response to Request for Production No. 22**

Plaintiff objects to this Request on the grounds set forth in the General Objections which are incorporated herein. In addition, Plaintiff objects to the Request as overly broad, vague, and unduly burdensome insofar as the Request seeks information relating to "all communications" without limitation as to subject matter.

39

Subject to and without waiving any of the foregoing General Objections and Specific Objections, Plaintiff states that he does not have any documents responsive to this Request but that he will seasonably supplement this response if he discovers same.

**Request for Production No. 23**

Produce all documents related to any other allegation concerning federal securities laws or breach of fiduciary duty that Plaintiff has made in any other case or proceeding.

**Response to Request for Production No. 23**

Plaintiff objects to this Request on the grounds set forth in the General Objections which are incorporated herein. In addition, Plaintiff objects to the Request as overly broad, vague, and unduly burdensome, and not relevant or reasonably calculated to lead to the discovery of admissible evidence as the Request seeks information concerning matters completely unrelated to this Action. Plaintiff also objects to this Request as overly broad and unduly burdensome insofar as Defendants are already in possession of such documents and information or it is publicly available to Defendants. Plaintiff further objects to this Request insofar as it seeks production of documents that constitute attorney work product, contains or pertains to attorney-client communications, or that are otherwise privileged or protected from disclosure.

Subject to and without waiving any of the foregoing General Objections and Specific Objections, Plaintiff states that he has no documents responsive to this Request.

**Request for Production No. 24**

Produce all documents which show that the attorneys retained by New Frontier and the Individual Defendants were not experienced, capable and reputable attorneys upon whose advice New Frontier and the Individual Defendants were entitled to rely in fulfilling their duties to New Frontier and/or its shareholders or that show New Frontier and the Individual Defendants knew or should have known that they should not rely upon their attorney's advice.

**Response to Request for Production No. 24**

Plaintiff objects to this Request on the grounds set forth in the General Objections which are incorporated herein. Plaintiff further objects to this Interrogatory as overly broad, vague, unduly burdensome and ambiguous as to what is meant by the undefined terms "experienced", "capable" and "reputable." In addition, Plaintiff objects to this Request because discovery has not begun and Plaintiff has not received, nor had the opportunity to review, all documents that Defendants intend to produce, nor deposed relevant witnesses in connection with this litigation. Plaintiff further object to the Request insofar as it calls for a legal conclusion. This Request is also objectionable insofar as Defendants are already in possession of such documents and information or it is publicly available to Defendants.

Subject to and without waiving any of the foregoing General Objections and Specific Objections, Plaintiff states that he has no documents responsive to this Request.

**Request for Production No. 25**

Produce all documents which show that the investment bankers retained by New Frontier and/or the Individual Defendants were not experienced, capable and reputable investment bankers upon whose advice New Frontier and the Individual Defendants were entitled to rely in fulfilling their duties to New Frontier and/or its shareholders or that show New Frontier and the Individual Defendants knew or should have known that they should not rely upon their investment bankers' advice.

**Response to Request for Production No. 25**

Plaintiff objects to this Request on the grounds set forth in the General Objections which are incorporated herein. Plaintiff further objects to this Interrogatory as overly broad, vague, unduly burdensome and ambiguous as to what is meant by the undefined terms "experienced", "capable" and "reputable." In addition, Plaintiff object to this Request because discovery has not begun and Plaintiff has not received, nor had the opportunity to review, all documents that Defendants intend to produce, nor deposed relevant witnesses in connection with this litigation

41

Plaintiff further object to the Request insofar as it calls for a legal conclusion. This Request is also objectionable insofar as Defendants are already in possession of such documents and information or it is publicly available to Defendants.

Subject to and without waiving any of the foregoing General Objections and Specific Objections, Plaintiff states that he has no documents responsive to this Request.

DATED: April 1, 2014                    Respectfully submitted,

                                        DYER & BERENS LLP
                                        ROBERT J. DYER III
                                        JEFFREY A. BERENS


                                                /s/ JEFFREY A. BERENS
                                                JEFFREY A. BERENS

                                        303 East 17th Avenue, Suite 810
                                        Denver, CO 80203
                                        Tel: 303-861-1764
                                        Fax: 303-395-0393
                                        bob@dyerberens.com
                                        jeff@dyerberens.com

                                        CRANE DUNHAM PLLC
                                        STEPHEN J. CRANE

                                        2121 Fifth Avenue
                                        Seattle, WA 98121
                                        Tel: 206-292-9090
                                        Fax: 06-292-9736
                                        scrane@cranedunham.com


                                        *Counsel for Plaintiff William Douglas Moreland*

Plaintiff William Douglas Moreland's Responses to Defendants' First Set of Written Discovery Requested to Plaintiff

Exhibit 1

| Complaint Paragraph | Persons Thought to Have Knowledge |
|---|---|
| 1 | Craig Telke, Douglas Moreland; Alan Isaacman; Melissa Hubbard; Hiram J. Woo; Walter Timoshenko; Michael Weiner; David Nicholas; Grant Williams; Marc Callipari; and Adam Rothstein and Emma Lawrence of Longkloof Limited. |
| 2 | Alan Isaacman; Melissa Hubbard; Hiram J. Woo; Walter Timoshenko; Michael Weiner; David Nicholas; Grant Williams; and Marc Callipari. |
| 3 | Alan Isaacman; Melissa Hubbard; Hiram J. Woo; Walter Timoshenko; Michael Weiner; David Nicholas, Grant Williams; Marc Callipari; Michael H. Klein; and Larry Flynt. |
| 4 | Alan Isaacman; Melissa Hubbard; Hiram J. Woo; Walter Timoshenko; Michael Weiner; David Nicholas, Grant Williams; and Marc Callipari. |
| 5 | Alan Isaacman; Melissa Hubbard; Hiram J. Woo; Walter Timoshenko; Grant Williams; Marc Callipari; Scott Berden of Holland & Hart, LLP; Keith Gottfried of Alston & Bird, LLP; Michael H. Klein; and Larry Flynt. |
| 6 | Alan Isaacman; Melissa Hubbard; Hiram J. Woo; Walter Timoshenko; Michael Weiner; David Nicholas; Grant Williams; and Marc Callipari. |
| 7 | Michael Weiner; David Nicholas; Adam Rothstein and Emma Lawrence of Longkloof Limited. |
| 8 | Michael Weiner; David Nicholas; Adam Rothstein and Emma Lawrence of Longkloof Limited. |
| 9 | Alan Isaacman; Melissa Hubbard; Hiram J. Woo; Walter Timoshenko; Michael Weiner; David Nicholas; Grant Williams; and Marc Callipari; Scott Berden of Holland & Hart, LLP; Keith Gottfried of Alston & Bird, LLP; Adam Rothstein and Emma Lawrence of Longkloof Limited. |
| 10 | Alan Isaacman; Melissa Hubbard; Hiram J. Woo; Walter Timoshenko; Michael Weiner; David Nicholas; Grant Williams; and Marc Callipari; Scott Berden of Holland & Hart, LLP; Keith Gottfried of Alston & Bird, LLP; and Adam Rothstein and Emma Lawrence of Longkloof Limited. |
| 11 | Alan Isaacman; Melissa Hubbard; Hiram J. Woo; Walter Timoshenko; Michael Weiner; David Nicholas; Grant Williams; and Marc Callipari; Scott Berden of Holland & Hart, LLP; and Keith Gottfried of Alston & Bird, LLP. |
| 12 | Alan Isaacman; Melissa Hubbard; Hiram J. Woo; Walter Timoshenko; Michael Weiner; David Nicholas; Grant Williams; and Marc Callipari; Scott Berden of Holland & Hart, LLP; Keith Gottfried of Alston & Bird, LLP; Michael H. Klein; and Larry Flynt. |
| 13 | Avondale Partners, LLC; Michael Weiner; and David Nicholas. |
| 14 | Alan Isaacman; Melissa Hubbard; Hiram J. Woo; Walter Timoshenko; Grant Williams; Marc Callipari; Scott Berden of Holland & Hart, LLP; |

Plaintiff William Douglas Moreland's Responses to Defendants' First Set of Written Discovery Requested to Plaintiff

Exhibit 1

| Complaint Paragraph | Persons Thought to Have Knowledge |
|---|---|
| | and Keith Gottfried of Alston & Bird, LLP. |
| 15 | Alan Isaacman; Melissa Hubbard; Hiram J. Woo; Walter Timoshenko; Grant Williams; Marc Callipari; Scott Berden of Holland & Hart, LLP; Keith Gottfried of Alston & Bird, LLP; Craig Telke; Douglas Moreland. |
| 16 | N/A |
| 17 | N/A |
| 18 | N/A |
| 19 | N/A |
| 20 | Craig Telke. |
| 21 | Douglas Moreland. |
| 22 | Alan Isaacman; Melissa Hubbard; Hiram J. Woo; Walter Timoshenko; Michael Weiner; David Nicholas; Grant Williams; and Marc Callipari; Scott Berden of Holland & Hart, LLP; and Keith Gottfried of Alston & Bird, LLP. |
| 23 | Alan Isaacman; Melissa Hubbard; Hiram J. Woo; Walter Timoshenko; Michael Weiner; David Nicholas; Grant Williams; and Marc Callipari; Scott Berden of Holland & Hart, LLP; and Keith Gottfried of Alston & Bird, LLP. |
| 25 | Alan Isaacman; Melissa Hubbard; Hiram J. Woo; Walter Timoshenko; Michael Weiner; David Nicholas; Grant Williams; and Marc Callipari; Scott Berden of Holland & Hart, LLP; and Keith Gottfried of Alston & Bird, LLP. |
| 26 | Alan Isaacman; Melissa Hubbard; Hiram J. Woo; Walter Timoshenko; Michael Weiner; David Nicholas; Grant Williams; and Marc Callipari; Scott Berden of Holland & Hart, LLP; and Keith Gottfried of Alston & Bird, LLP. |
| 27 | Alan Isaacman; Melissa Hubbard; Hiram J. Woo; Walter Timoshenko; Michael Weiner; David Nicholas; Grant Williams; and Marc Callipari; Scott Berden of Holland & Hart, LLP; Keith Gottfried of Alston & Bird, LLP; Michael H. Klein; and Larry Flynt. |
| 28 | N/A |
| 29 | N/A |
| 30 | N/A |
| 31 | N/A |
| 32 | N/A |
| 33 | Alan Isaacman; Melissa Hubbard; Hiram J. Woo; Walter Timoshenko; Michael Weiner; David Nicholas; Grant Williams; and Marc Callipari. |
| 34 | Alan Isaacman; Melissa Hubbard; Hiram J. Woo; Walter Timoshenko; Michael Weiner; David Nicholas; Grant Williams; and Marc Callipari. |
| 35 | Alan Isaacman; Melissa Hubbard; Hiram J. Woo; Walter Timoshenko; Michael Weiner; David Nicholas; Grant Williams; and Marc Callipari. |

Plaintiff William Douglas Moreland's Responses to Defendants' First Set of Written Discovery Requested to Plaintiff

Exhibit 1

| Complaint Paragraph | Persons Thought to Have Knowledge |
|---|---|
| 36 | Alan Isaacman; Melissa Hubbard; Hiram J. Woo; Walter Timoshenko; Michael Weiner; David Nicholas; Grant Williams; and Marc Callipari. |
| 37 | Alan Isaacman; Melissa Hubbard; Hiram J. Woo; Walter Timoshenko; Michael Weiner; David Nicholas; Grant Williams; and Marc Callipari. |
| 38 | Alan Isaacman; Melissa Hubbard; Hiram J. Woo; Walter Timoshenko; Michael Weiner; David Nicholas; Grant Williams; Marc Callipari; Adam Rothstein and Emma Lawrence of Longkloof Limited. |
| 39 | Alan Isaacman; Melissa Hubbard; Hiram J. Woo; Walter Timoshenko; Michael Weiner; David Nicholas; Grant Williams; and Marc Callipari. |
| 40 | Alan Isaacman; Melissa Hubbard; Hiram J. Woo; Walter Timoshenko; Michael Weiner; David Nicholas; Grant Williams; and Marc Callipari. |
| 41 | Walter Timoshenko and Adam Rothstein and Emma Lawrence of Longkloof Limited. |
| 42 | Alan Isaacman; Melissa Hubbard; Hiram J. Woo; Walter Timoshenko; Michael Weiner; David Nicholas; Grant Williams; and Marc Callipari. |
| 43 | Alan Isaacman; Melissa Hubbard; Hiram J. Woo; Walter Timoshenko; Michael Weiner; David Nicholas; Grant Williams; and Marc Callipari. |
| 44 | Alan Isaacman; Melissa Hubbard; Hiram J. Woo; Walter Timoshenko; Michael Weiner; David Nicholas; Grant Williams; and Marc Callipari. |
| 45 | Alan Isaacman; Melissa Hubbard; Hiram J. Woo; Walter Timoshenko; Michael Weiner; David Nicholas; Grant Williams; and Marc Callipari. |
| 46 | Michael Weiner; David Nicholas; and Adam Rothstein and Emma Lawrence of Longkloof Limited. |
| 47 | Alan Isaacman; Melissa Hubbard; Hiram J. Woo; Walter Timoshenko; Michael Weiner; David Nicholas; Grant Williams; Marc Callipari; and Emma Lawrence of Longkloof Limited. |
| 48 | Alan Isaacman; Melissa Hubbard; Hiram J. Woo; Walter Timoshenko; Michael Weiner; David Nicholas; Grant Williams; Marc Callipari; Emma Lawrence of Longkloof Limited; and Damien J. Park. |
| 49 | Alan Isaacman; Melissa Hubbard; Hiram J. Woo; Walter Timoshenko; Michael Weiner; David Nicholas; Grant Williams; and Marc Callipari. |
| 50 | Alan Isaacman; Melissa Hubbard; Hiram J. Woo; Walter Timoshenko; Michael Weiner; David Nicholas; Grant Williams; Marc Callipari; and Emma Lawrence of Longkloof Limited. |
| 51 | Alan Isaacman; Melissa Hubbard; Hiram J. Woo; Walter Timoshenko; Michael Weiner; David Nicholas; Grant Williams; Marc Callipari; and Emma Lawrence of Longkloof Limited. |
| 52 | Alan Isaacman; Melissa Hubbard; Hiram J. Woo; Walter Timoshenko; Michael Weiner; David Nicholas; Grant Williams; Marc Callipari; and Emma Lawrence of Longkloof Limited. |
| 53 | Michael Weiner; David Nicholas; and Adam Rothstein and Emma Lawrence of Longkloof Limited. |

3

Plaintiff William Douglas Moreland's Responses to Defendants' First Set of Written Discovery Requested to
Plaintiff

Exhibit 1

| Complaint Paragraph | Persons Thought to Have Knowledge |
|---|---|
| 54 | Alan Isaacman; Melissa Hubbard; Hiram J. Woo; Walter Timoshenko; Michael Weiner; David Nicholas; Grant Williams; Marc Callipari; and Emma Lawrence of Longkloof Limited. |
| 55 | Alan Isaacman; Melissa Hubbard; Hiram J. Woo; Walter Timoshenko; Michael Weiner; David Nicholas; Grant Williams; Marc Callipari; Michael H. Klein; Larry Flynt; and Manwin Holdings S.A.R.L. |
| 56 | Alan Isaacman; Melissa Hubbard; Hiram J. Woo; Walter Timoshenko; Michael Weiner; David Nicholas; Grant Williams; and Marc Callipari. |
| 57 | Alan Isaacman; Melissa Hubbard; Hiram J. Woo; Walter Timoshenko; Michael Weiner; David Nicholas; Grant Williams; Marc Callipari; and Emma Lawrence of Longkloof Limited. |
| 58 | Alan Isaacman; Melissa Hubbard; Hiram J. Woo; Walter Timoshenko; and Avondale Partners, LLC. |
| 59 | Michael Weiner and David Nicolaus. |
| 60 | Alan Isaacman; Melissa Hubbard; Hiram J. Woo; Walter Timoshenko; and Avondale Partners, LLC. |
| 61 | Alan Isaacman; Melissa Hubbard; Hiram J. Woo; Walter Timoshenko; Michael Weiner; David Nicholas; Grant Williams; Marc Callipari; and Avondale Partners, LLC. |
| 62 | Alan Isaacman; Melissa Hubbard; Hiram J. Woo; Walter Timoshenko; Michael Weiner; David Nicholas; Grant Williams; Marc Callipari; Avondale Partners, LLC; Stuart Duncan and Larry Paget of Ten Broadcasting, Inc. |
| 63 | Alan Isaacman; Melissa Hubbard; Hiram J. Woo; Walter Timoshenko; Grant Williams; Marc Callipari; and Emma Lawrence of Longkloof Limited. |
| 64 | Alan Isaacman; Melissa Hubbard; Hiram J. Woo; Walter Timoshenko; Avondale Partners, LLC, Manwin, Stuart Duncan and Larry Paget of Ten Broadcasting, Inc.; and Emma Lawrence of Longkloof Limited; Michael H. Klein; and Larry Flynt. |
| 65 | Alan Isaacman; Melissa Hubbard; Hiram J. Woo; Walter Timoshenko; Michael Weiner; David Nicholas; Grant Williams; Marc Callipari; and Emma Lawrence of Longkloof Limited. |
| 66 | Alan Isaacman; Melissa Hubbard; Hiram J. Woo; Walter Timoshenko; Michael Weiner; David Nicholas; Grant Williams; and Marc Callipari. |
| 67 | Michael Weiner and David Nicolaus. |
| 68 | Michael Weiner, David Nicolaus; Longkloof Limited; and Scott Richter. |
| 69 | Alan Isaacman; Melissa Hubbard; Hiram J. Woo; Walter Timoshenko; Avondale Partners, LLC, Manwin, Stuart Duncan and Larry Paget of Ten Broadcasting, Inc.; Adam Rothstein and Emma Lawrence of Longkloof Limited; Michael H. Klein; and Larry Flynt. |

4

Plaintiff William Douglas Moreland's Responses to Defendants' First Set of Written Discovery Requested to Plaintiff

Exhibit 1

| Complaint Paragraph | Persons Thought to Have Knowledge |
|---|---|
| 70 | Alan Isaacman; Melissa Hubbard; Hiram J. Woo; Walter Timoshenko; and Emma Lawrence of Longkloof Limited. |
| 71 | Alan Isaacman; Melissa Hubbard; Hiram J. Woo; Walter Timoshenko; Michael Weiner; David Nicholas; Grant Williams; and Marc Callipari. |
| 72 | Alan Isaacman; Melissa Hubbard; Hiram J. Woo; Walter Timoshenko; Michael Weiner; David Nicholas; Grant Williams; Marc Callipari; and Emma Lawrence of Longkloof Limited. |
| 73 | Alan Isaacman; Melissa Hubbard; Hiram J. Woo; and Walter Timoshenko. |
| 74 | Alan Isaacman; Melissa Hubbard; Hiram J. Woo; Walter Timoshenko; Michael Weiner; David Nicholas; Grant Williams; and Marc Callipari. |
| 75 | Alan Isaacman; Melissa Hubbard; Hiram J. Woo; Walter Timoshenko; David Nicholas; Grant Williams; and Marc Callipari. |
| 76 | Alan Isaacman; Melissa Hubbard; Hiram J. Woo; Walter Timoshenko; Michael Weiner; Grant Williams; and Marc Callipari. |
| 77 | N/A. |
| 78 | N/A. |
| 79 | N/A. |
| 80 | Alan Isaacman; Melissa Hubbard; Hiram J. Woo; Walter Timoshenko; Michael Weiner; David Nicholas; Grant Williams; and Marc Callipari. |
| 81 | N/A. |
| 82 | N/A. |
| 83 | N/A. |
| 84 | Michael and Larry Flynt. |
| 85 | Michael Klein. |
| 86 | N/A. |
| 87 | N/A. |
| 88 | N/A. |
| 89 | N/A. |
| 90 | N/A. |
| 91 | N/A. |
| 92 | N/A. |
| 93 | N/A. |
| 94 | N/A. |
| 95 | N/A. |
| 96 | N/A. |
| 97 | N/A. |
| 98 | N/A. |
| 99 | N/A. |
| 100 | N/A |
| 101 | Alan Isaacman; Melissa Hubbard; Hiram J. Woo; Walter Timoshenko; Marc Callipari; Scott Berden of Holland & Hart, LLP; and Keith |

5

Plaintiff William Douglas Moreland's Responses to Defendants' First Set of Written Discovery Requested to Plaintiff

Exhibit 1

| Complaint Paragraph | Persons Thought to Have Knowledge |
|---|---|
| | Gottfried of Alston & Bird, LLP. |
| 102 | Alan Isaacman; Melissa Hubbard; Hiram J. Woo; Walter Timoshenko; Marc Callipari; Scott Berden of Holland & Hart, LLP; and Keith Gottfried of Alston & Bird, LLP. |
| 103 | Alan Isaacman; Melissa Hubbard; Hiram J. Woo; Walter Timoshenko; Marc Callipari; Scott Berden of Holland & Hart, LLP; and Keith Gottfried of Alston & Bird, LLP. |
| 104 | Alan Isaacman; Melissa Hubbard; Hiram J. Woo; Walter Timoshenko; Marc Callipari; Scott Berden of Holland & Hart, LLP; and Keith Gottfried of Alston & Bird, LLP. |
| 105 | N/A |
| 106 | N/A |
| 107 | N/A |
| 108 | N/A |
| 109 | N/A |
| 110 | N/A |
| 111 | N/A |
| 112 | N/A |
| 113 | N/A |
| 114 | N/A |
| 115 | N/A |
| 116 | Alan Isaacman; Melissa Hubbard; Hiram J. Woo; Walter Timoshenko; Marc Callipari; Scott Berden of Holland & Hart, LLP; and Keith Gottfried of Alston & Bird, LLP. |
| 117 | N/A |
| 118 | N/A |
| 119 | N/A |
| 120 | N/A |
| 121 | N/A |
| 122 | N/A |
| 123 | N/A |
| 124 | N/A |
| 125 | N/A |
| 126 | N/A |
| 127 | N/A |
| 128 | N/A |
| 129 | N/A |
| 130 | N/A |
| 131 | N/A |
| 132 | N/A |
| 133 | N/A |
| 134 | N/A |

Plaintiff William Douglas Moreland's Responses to Defendants' First Set of Written Discovery Requested to Plaintiff

Exhibit 1

| Complaint Paragraph | Persons Thought to Have Knowledge |
|---|---|
| 135 | N/A |
| 136 | N/A |
| 137 | N/A |
| 138 | N/A |
| 139 | N/A |
| 140 | N/A |
| 141 | N/A |

4843-0304-7450, v. 1

Plaintiff William Douglas Moreland's Responses to Defendants' First Set of Written Discovery Requests to Plaintiffs

Exhibit 2

Response to Interrogatory Nos. 11 and 12

| **Materially Misleading Statement in 14D-9** | **Reasons the Statement is Materially Misleading** |
|---|---|
| On page 48 of the 14D-9 Recommendation Statement that New Frontier filed with the SEC on October 29, 2012 ("14D-9") it states that Avondale was provided with both "Management I Forecast" and "Management II Forecast." | The 14D-9 fails to disclose the reason for which the Company provided two separate sets of financial projections to Avondale but not to potential bidders. |
| On page 48 of the 14D-9 it states that "Management III Forecast" was "provided to [LFP] (and other prospective bidders) on or about May 15, 2012 . . . ." | The 14D-9 fails to disclose the reason for which prospective bidders were given a third set of financial projections on May 16, 2012, different from what Avondale received and used in its financial analyses supporting its fairness opinion; and whether Avondale received and/or relied on the "Management III Forecast." |
| On page 48-55 of the 14D-9, New Frontier discloses management's financial projections for each of the three management cases. | The 14D-9 fails to disclose the assumptions underlying all three of management's financial forecasts. |
| On page 48-55 of the 14D-9, New Frontier discloses management's free cash flow financial projections for Management III Forecasts. | The 14D-9 fails to disclose management's free cash flows projections for fiscal years 2013 through 2017 for Management I Forecast and Management II Forecast. |
| On page 44 of the 14D-9, New Frontier discloses a summary of Avondale's *Discounted Cash Flow Analysis.* | The 14D-9 fails to disclose with respect to the *Discounted Cash Flow Analysis*: (i) the projected cash flows utilized in the analysis; (ii) the definition of cash flow utilized in the analysis; (iii) the reason for which Avondale utilized Management I and Management II Forecasts in the analysis, but declined to utilize Management III Forecast; (iv) the method by which the ranges of terminal value multiples and discount rates were determined; (v) how NOLs were accounted for; and (vi) how stock-based compensation was treated. |
| On pages 44-45 of the 14D-9, New Frontier discloses a summary of Avondale's *Precedent Transactions Analysis.* | The 14D-9 fails to disclose with respect to the *Precedent Transactions Analysis*: The criteria used to select the transactions utilized in the |

1

Plaintiff William Douglas Moreland's Responses to Defendants' First Set of Written Discovery Requests to Plaintiffs

Exhibit 2

Response to Interrogatory Nos. 11 and 12

| Materially Misleading Statement in 14D-9 | Reasons the Statement is Materially Misleading |
|---|---|
|  | analysis; the LTM EBIT multiples observed for each transaction utilized in the analysis; and the conclusions of the analysis. |
| On page 46 of the 14D-9, New Frontier discloses a summary of Avondale's *Comparable Company Analysis*. | The 14D-9 fails to disclose with respect to the *Comparable Company Analysis*: the criteria used to select the companies utilized in the analysis; and the multiples observed for each company utilized in the analysis. |
| On page 46 of the 14D-9, New Frontier discloses a summary of Avondale's *Comparable Company Analysis* and states that Avondale observed "EBIT" multiples for each comparable company that it examined. | The 14D-9 fails to disclose that there were no EBIT multiplies available for five purported comparable companies (FriendFinder, Outdoor Channel, Private Media, Rick's Cabaret and LodgeNet) and, thus, Avondale could not have looked at EBIT multiples for these five companies, contrary to the statement in the 14D-9.<br><br>The 14D-9 also fails to disclose that, contrary to New Frontier's statements, these companies were not comparable to New Frontier because, among other reasons, they were not in compliance with their debt covenants and/or financial reporting requirements where New Frontier had no debt and was in compliance. |
| On pages 46-47 of the 14D-9, New Frontier discloses a summary of Avondale's *Premiums Paid Analysis*. | The 14D-9 fails to disclose with respect to the *Premiums Paid Analysis*: The transactions utilized in the analysis as well as the criteria used to select these transactions; the dates on which these transactions occurred; the reason(s) for which Avondale excluded transactions involving financial institutions and real estate investment trusts (REITs); and the premiums observed for each transaction utilized in the analysis. |
| On pages 40-47 of the 14D-9, New Frontier | The 14D-9 fails to disclose that Avondale's |

2

Plaintiff William Douglas Moreland's Responses to Defendants' First Set of Written Discovery Requests to Plaintiffs

Exhibit 2

Response to Interrogatory Nos. 11 and 12

| Materially Misleading Statement in 14D-9 | Reasons the Statement is Materially Misleading |
| --- | --- |
| discloses a summary of Avondale's analyses supporting its fairness opinion. | analyses did not consider the impact of the Company's value as a result of its plans to expand into over-the-top technology and into South America. |
| On page 11 of the 14D-9, New Frontier discloses that "Michael Weiner, contacted an affiliate of Parent ("LFP") inquiring as to whether LFP would have an interest in exploring a potential transaction with the Company." | The 14D-9 fails to disclose the reason(s) for which Weiner contacted LFP Broadcasting on July 8, 2010, inquiring as to whether LFP Broadcasting would have an interest in a potential transaction with the Company, whether he was acting under the direction of the Board at this time, and whether the Company reached out to any other parties at this time to gauge interest in a potential transaction. |
| On page 11 of the 14D-9, New Frontier discloses that "[i]n July 2011, the Company had a number of discussions with LFP concerning a possible transaction but such discussions did not advance beyond an exploratory stage." | The 14D-9 fails to disclose the circumstances surrounding the Company's discussions with LFP Broadcasting in July 2011, including but not limited to, who initiated these discussions, and for what purpose. |
| On page 13 of the 14D-9, New Frontier discloses that "[g]iven that the Special Committee was then in the early stages of its process, at that point in time it was unclear what other potential bidders would be willing to offer." | The 14D-9 fails to disclose information regarding the Special Committee's sales process described as being in its early stages on February 22, 2012, including whether the Special Committee had identified and contacted any potential bidders at this stage. |
| On page 13 of the 14D-9, New Frontier discloses that Mr. Nicholas told Mr. Rothstein, "again," that "he could not speak with him again until after 'events are settled.'" | The 14D-9 fails to disclose the reason(s) for which on February 29, 2012 and March 1, 2012, Nicholas informed Longkloof's Adam Rothstein that he could not speak with him until "events are settled" and what events Nicholas was referring to. |
| On page 14 of the 14D-9, New Frontier discloses that on March 9, 2012, "Longkloof issued a press release to publicly announce its | The 14D-9 fails to disclose the reason(s) for which Longkloof wished to replace all members of the Board other than Weiner and |

Plaintiff William Douglas Moreland's Responses to Defendants' First Set of Written Discovery Requests to Plaintiffs

Exhibit 2

Response to Interrogatory Nos. 11 and 12

| Materially Misleading Statement in 14D-9 | Reasons the Statement is Materially Misleading |
|---|---|
| proposal. In its press release, Longkloof indicated that it was also considering a proxy contest at the Company's next annual meeting of shareholders to replace all of the members of the Board other than Messrs. Weiner and Nicholas." | Nicholas. |
| On page 15 of the 14D-9, New Frontier discloses that the Special Committee "discussed various qualifications that it was seeking for an investment banking firm to serve as its financial advisor." | The 14D-9 fails to disclose the "various qualifications" the Special Committee was seeking for an investment banking firm, as discussed on March 26, 2012, as well as the reason for which the Special Committee decided to retain Avondale as its financial advisor on March 30, 2012. |
| On page 16 of the 14D-9, New Frontier discloses that "Avondale Partners had been engaged by the Special Committee to assist it in evaluating the company's strategic alternatives . . . ." | The 14D-9 fails to disclose the strategic alternatives evaluated by Avondale, from April 3, 2012 until the signing of the Merger Agreement. |
| On page 17 of the 14D-9, New Frontier discloses that "Avondale Partners also indicated that it had requested from the Company a list of all parties that over the past year had expressed an interest in some type of a strategic transaction or business combination with the Company." | The 14D-9 fails to disclose: (i) whether Avondale received the list of "all parties that over the past year had expressed an interest in some type of a strategic transaction or business combination with the Company" it requested from the Company on April 9, 2012, and if so, how many parties the list contained; (ii) how many of those parties were ultimately asked to participate in the sales process; (iii) the criteria used to determine which parties to solicit interest from; and (iv) details concerning the communications Avondale had with interested parties. |
| On page 17 of the 14D-9, New Frontier discloses that Avondale concluded on or about April 9, 2012, "to date, none of the in-bound calls from private equity firms were | The 14D-9 fails to disclose the reason(s) for which Avondale believed on April 9, 2012, that "none of the in-bound calls from private equity firms were from parties with any |

4

Plaintiff William Douglas Moreland's Responses to Defendants' First Set of Written Discovery Requests to Plaintiffs

Exhibit 2

Response to Interrogatory Nos. 11 and 12

| Materially Misleading Statement in 14D-9 | Reasons the Statement is Materially Misleading |
|---|---|
| from parties with any serious and/or credible interest in pursuing an acquisition of the Company." | serious and/or credible interest in pursuing an acquisition of the Company," as well as the criteria Avondale used to determine credible interest. |
| On page 22 of the 14D-9, New Frontier discloses that "[o]n May 31, 2012, at the direction of the Special Committee . . . the Company filed a complaint in federal court in Colorado against Longkloof and certain affiliates and/or associated persons, including Messrs. Golding and Rothstein . . . ." | The 14D-9 fails to disclose the reason(s) the Board determined to commence a lawsuit against Longkloof on May 31, 2012. |
| On page 29 of the 14D-9, New Frontier discloses that on September 7, 2012, "LFP continued to express their concern over the Company's cash balance and indicated that . . . when it raised its proposed purchase price to $2.08 per Share it was with the understanding that the Company Net Available Cash net of Company Transaction Expenses at the closing of the Offer would be at least $12,500,000." | The 14D-9 fails to disclose the whether Longkloof, Manwin or Bidder C tied their indications of interest to the Company's Net Available Cash as did LFP Broadcasting. |
| On page 30 of the 14D-9, New Frontier discloses that "[o]n September 15, 2012, the Board met . . . and, following discussion, terminated the employment of Mr. Weiner as Chief Executive Officer of the Company. At this same meeting, the Board appointed Mr. Isaacman to succeed Mr. Weiner as the Chairman of the Board." | The 14D-9 fails to disclose the reason(s) for which Weiner's employment was terminated on September 15, 2012, and Isaacman was selected to succeed Weiner as Chairman of the Board. |
| On pages 31 and 32 of the 14D-9, New Frontier discloses that "[o]n September 29, 2012, Mr. Nicholas tendered his resignation as a director of the Company, effective immediately" and "[o]n October 10, 2012, Mr. Weiner tendered his resignation as a director of the Company, effective immediately." | The 14D-9 fails to disclose the reason(s) for which Nicholas tendered his resignation as a director of the Company on September 29, 2012, and Weiner tendered his resignation as a director of the Company on October 10, 2102. |

Plaintiff William Douglas Moreland's Responses to Defendants' First Set of Written Discovery Requests to Plaintiffs

Exhibit 2

Response to Interrogatory Nos. 11 and 12

| Materially Misleading Statement in 14D-9 | Reasons the Statement is Materially Misleading |
|---|---|
| On page B-3 of the 14D-9, New Frontier discloses that "[i]n the ordinary course of its business, Avondale (as a market maker or otherwise) may trade or otherwise effect transactions in the equity securities of the Company, for our own account or for the accounts of our customers and, accordingly, may at any time hold a long or short position in such securities and write research about such securities." | The 14D-9 fails to disclose Information regarding the conflicts of Avondale, including whether or not Avondale has worked as a "market maker (or otherwise)" in New Frontier and what "long or short position" in the Company Avondale may have held during the course of negotiations of the Merger. |
| On page 26 of the 14D-9, New Frontier discloses that "[o]n July 11, 2012, the Company entered into a settlement agreement with Longkloof . . . Longkloof also agreed, subject to the terms of the Longkloof Settlement Agreement, to comply with certain "standstill" restrictions through December 31, 2012." | The 14D-9 fails to disclose whether Longkloof was prevented from making an offer for the Company pursuant to the standstill agreement it signed in connection with the settlement of the lawsuit with the Company; and whether any potential bidders were parties to standstill agreements with the Company that prevented them from making an offer to acquire New Frontier at any time. |

4825-1234-2042, v. 1

6