## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

Civil Action No. 1:12-cv-02941-JLK

CRAIG TELKE, and
WILLIAM DOUGLAS MORELAND,
Individually and on Behalf of All Others Similarly Situated,

      Plaintiffs,

v.

NEW FRONTIER MEDIA, INC.,
ALAN ISAACMAN,
MELISSA HUBBARD,
HIRAM J. WOO, and
WALTER TIMOSHENKO,

      Defendants.

---

## SUPPLEMENTAL AFFIDAVIT OF SHANNON L. HOPKINS
## IN SUPPORT OF PLAINTIFFS' MOTION TO COMPEL

---

STATE OF CONNECTICUT     :
                         : s.s:
COUNTY OF FAIRFIELD     :

I, Shannon L. Hopkins, being duly sworn deposes and says as follows:

    1.    I am over 18 years of age and am competent to testify to the matters and facts

set forth hereinafter.

    2.    I am a member in good standing of the bars of the states of New York,

Massachusetts and Connecticut. I am a partner with the law firm of Levi & Korsinsky,

LLP.  I am submitting this Supplemental Affidavit in support of Plaintiffs' Motion to Compel Production of Documents.

3.      Attached hereto as Exhibit 1 is at true and correct copy of Defendants' First Set of Written Discovery Requests to Plaintiffs.

4.      Attached hereto as Exhibit 2 is a true and correct copy of excerpts from New Frontier Media Corp.'s Schedule 14D-9 Recommendation Statement, filed with the U.S. Securities and Exchange Commission on October 29, 2012.

I solemnly affirm under penalties of perjury that the contents of the foregoing Affidavit are true and to the best of my knowledge, information, and belief.

Date: August 22, 2014                        _____
                                                               Shannon L. Hopkins

Sworn to me this
22nd day of August 2014



_____
Notary Public

My commission expires: _____

STEPHANIE ANN BARTONE
Notary Public, State of Connecticut
My Commission Expires November 30, 2018

4833-8649-6285, v. 1

# EXHIBIT 1

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

Civil Action No.1:12-cv-02941-JLK-KLM

CRAIG TELKE, and
WILLIAM DOUGLAS MORELAND,
Individually and on Behalf of All Others Similarly Situated,

      Plaintiffs,

v.

NEW FRONTIER MEDIA, INC.,
ALAN ISAACMAN,
MELISSA HUBBARD,
HIRAM J. WOO, and
WALTER TIMOSHENKO,

      Defendants.

---

## DEFENDANTS' FIRST SET OF
## WRITTEN DISCOVERY REQUESTS TO PLAINTIFFS

---

Defendants New Frontier Media, Inc. ("New Frontier"), Alan Isaacman, Melissa Hubbard, Hiram J. Woo, and Walter Timoshenko ("Individual Defendants," and, collectively with New Frontier, "Defendants"), by and through their undersigned counsel, hereby propound pursuant to Federal Rules of Civil Procedure 26 and 33 and the Definitions and Instructions set forth below, their First Set of Interrogatories to Plaintiffs:

## I.      INSTRUCTIONS AND DEFINITIONS

1.      Each Plaintiff should answer these requests separately.

2.      In answering the following discovery requests, provide all of the requested information based upon knowledge reasonably available to Plaintiff, his employees, officers, directors, investigators, agents and all others acting on Plaintiff's behalf.  Produce all requested

documents in the possession, custody or control of Plaintiff, Plaintiff's employees, agents, and all others acting on Plaintiff's behalf.

3.      These discovery requests are ongoing.  If any information or documents come to your attention or into your possession, custody, or control after you have filed your responses, which information or documents were not included in your response, Defendants hereby request that such information and/or documents be promptly furnished to Defendants and that all previous responses be supplemented accordingly.

4.      The term "including" means including but not limited to.

5.      The term "describe" means to provide a comprehensive, fair, accurate, and detailed description of information requested in the propounded interrogatory without omitting or concealing any material information from the response.

6.      The term "document" means all manner of written, typed or handwritten, printed, recorded, digital or other graphic or photographic material of any nature, any audio or video recordings, electronically stored data including data on computer internal and external drives and disks, email, text and instant messaging, twitter, and internet files and any other compilation of data from which information can be obtained and translated, if necessary, by you through detection devices into reasonably usable form.  A draft or non-identical copy is a separate document within the meaning of this definition.

7.      The term "communication" means the transmittal of information (in the form of facts, ideas, inquiries or otherwise) whether orally or in writing, including but not limited to conversations, inquiries, replies, telephone conversations, electronic transmittals such as electronic mail, messages, text messaging, instant messaging, and memoranda or notes of oral conversations.

8.      "Identify" and "to identify" (with respect to persons) means to give, to the extent known, the person's full name, present or last known address and when referring to a natural person, additionally, the present or last known place of employment.  Once a person has been identified in accordance with this subparagraph, only the name of that person need be listed in response to subsequent discovery requesting the identification of that person.

9.      "Identify" or "to identify" (with respect to documents) means to provide the (i) title, (ii) the date of execution, (iii) the drafter, (iv) the subject matter, and (v) the authors, addressees and other recipients.

10.      "Identify" (with respect to communications) means to provide the (i) names, addresses and last known places of employment of the participants to the communication; (ii) the subject matter of the communication; (iii) the location(s) of the communication; (iv) the mode of communication (e.g. written, by telephone, meeting, etc.); and (v) the date of the communication.

11.      Claims of Privilege.  If you assert a claim of privilege concerning any information, document or communication, provide the following information:

a.      Describe the information, document or communication generally, the participants, authors and recipients thereof and the date of the document or communication;

b.      Explain fully the basis for the claimed privilege;

c.      Identify the author or maker and all signatures on any document;

d.      Identify all persons or non-persons who have, or have had, access to such matter or documents; and

e.      Identify the custodian of the original and all copies of the document.

12.     If the response to any request herein consists, in part or in whole, of an objection relating to the specific request, state with particularity the nature of the objection.

13.     The terms "you" and "your," depending on which Plaintiff is answering these requests, refer to either Plaintiff William Douglas Moreland and anyone acting on William Douglas Moreland's behalf or to Plaintiff Craig Telke and anyone acting on Craig Telke's behalf.

14.     The term "person" is defined as any natural person or business, legal or governmental entity or association.

15.     The term "concerning", "regarding", or "relating to" means consisting of, reflecting, pertaining to or in any way logically or factually connected with the matter referenced.

16.     The terms "all" and "each" shall be construed as all and each.

17.     The connectives "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside of its scope.

18.     The use of the singular form of any word includes the plural and vice versa.

19.     The term "Amended Complaint" refers to the pleading titled Amended Class Action Complaint for Breach of Fiduciary Duty and Violations of the Federal Securities Laws filed on August 19, 2013 in the above-captioned case.

20.     The capitalized terms used herein that are defined in the Amended Complaint shall have the meanings attributed to them by the Amended Complaint.

21.      The term "Merger Agreement" has the same meaning as the meaning Plaintiff ascribes to the term in paragraph 3 of the Amended Complaint and throughout the Amended Complaint.

22.      The term "Merger" has the same meaning as the meaning Plaintiff ascribes to the term in paragraph 3 of the Amended Complaint and throughout the Amended Complaint.

23.      The term "Recommendation Statement" has the same meaning as the meaning Plaintiff ascribes to the term at paragraph 15 of the Amended Complaint and as it is used in paragraphs 123 through 126 of the Amended Complaint.

24.      The term "Longkloof" has the same meaning as the meaning Plaintiff ascribes to the term at paragraph 8 of the Amended Complaint and as it is used throughout the Amended Complaint.

25.      The term "Rothstein" has the same meaning as the meaning Plaintiff ascribes to the term at paragraph 47 of the Amended Complaint and throughout the Amended Complaint.

26.      The terms "Company," "New Frontier," and "NOOF" mean and refer to New Frontier Media, Inc.

27.      The terms "14D-9" shall refer to the Recommendation Statement filed on Schedule 14D-9 by NOOF with the Securities and Exchange Commission on or about October 29, 2012 and all amendments thereto.

28.      Unless stated otherwise, the below interrogatories seek all information from the time period beginning January 2012 through the present.

29.      Answer each interrogatory fully and completely.  If for any reason you cannot answer any interrogatory or part thereof in full, answer to the extent possible and state the reasons for your inability to provide a complete answer.

30.     If you object to any interrogatory as overbroad, respond to the interrogatory as narrowed to eliminate your objection to its breadth.

31.     If you object to any interrogatory as vague or ambiguous, provide any clarification or qualification necessary to eliminate your objection and answer the interrogatory fully as modified by your clarification or qualification.

32.     When responding to each individual request for production, identify by bates-number which documents are specifically being produced in response to that individual request.

33.     These discovery requests are continuing and must be supplemented as required by Rule 26(e) of the Federal Rules of Civil Procedure.

## II.     INTERROGATORIES

1.     Identify all persons known by you to have any information to support the factual allegations of the Amended Complaint and as to each such person describe in detail all facts that each such individual possesses.

2.     Without limiting the generality of the foregoing interrogatory, as to each paragraph of the Amended Complaint, identify each person who has knowledge of the factual allegations therein and describe in detail all facts that each such individual possesses.  By way of example and not limitation, identify all persons with knowledge that the fees paid to defendant Isaacman and his law firm described in the Amended Complaint at ¶ 6, were "highly objectionable to Weiner, Nicholas, as well as the Company's shareholders" as alleged in the Amended Complaint at ¶ 7. By way of a further example, identify all persons with knowledge that the "Board's decision to sue Longkloof . . . was met with substantial criticism from shareholders" as alleged in the Amended Complaint at ¶ 10.

3.      Identify all persons, companies or other entities of which you are aware that were "potential suitors for the Company" that were deterred from submitting an offer higher than LFP Broadcasting by the litigation the Company commenced against Longkloof as alleged in the Amended Complaint at ¶ 10.

4.      Identify all persons and describe all facts of which you are aware that the LFP Broadcasting offer of $2.02 and contingent payment was a "grossly inadequate" price as alleged in the Amended Complaint at ¶10 and elsewhere in the Amended Complaint.

5.      Identify all persons, companies or entities of which you are aware that were ready, willing and able to enter into a transaction in calendar year 2012 for the purchase or acquisition of NOOF at a price in excess of LFP Broadcasting's offer and describe in detail all facts that such persons or entities were interested in such a transaction.

6.      Identify all oral or written communications you have had with any person, company or entity concerning the purchase, acquisition or other transaction involving NOOF securities or the Company and describe in detail all such communications and identify any document that memorializes the communication.

7.      Identify all oral or written communications you have had with Michael Weiner, David Nicholas or any other person concerning the purchase, acquisition or other transaction in NOOF securities or the Company at any time since January 2011 to the present and identify any document that memorializes the communication.

8.      Identify all oral or written communications you have had with Michael Weiner, David Nicholas, Ken Boenish, Ira Bahr, Mark Kreloof, Marc Callipari, Scott Piper, William Douglas Moreland, Craig Telke, Dennis Palkon, Gopal Chakravarthy, Elwood White or other

present or former employees, directors, officers or shareholders of NOOF concerning the allegations of the Amended Complaint.

      9.     Identify all oral or written communications you have had with any suitor, bidder, prospective bidder or other person or entity concerning the purchase, acquisition or other transaction in NOOF securities or with respect to the Company.  Without limiting the generality of the foregoing, identify all oral or written communications you have had with any of the following or their representatives: Longkloof, Manwin, Marcel Golding, Adam Rothstein, Hosken Consolidated Investments, Mile End Limited, Eric Doctorow, Mahomed Khalik Ismail Sherrif, Willem Deon Nel, Barbara Wall, Sabido Investments, Stuart Duncan, Charles Prast, Fabiasn Thylmann, Stephen Gans, Marc Greenberg, Robert Sanchez, Damian Park, Richard Stride, Louise Bashford, Emma Lawrence, Mark E. Chesen, Matthew P. Karlson or April Horace.

      10.     Identify all persons of whom you are aware that have knowledge, opinions, or facts concerning the value of the Company and describe in detail all such knowledge, opinions or facts known by each such person and identify any documents, including any financial model or projection, referring, relating or evidencing such knowledge or opinion.

      11.     Identify all facts of which you are aware that demonstrate that any statement made in the 14D-9 is provided materially misleading information to shareholders as alleged in the Amended Complaint at ¶ 15.  As to each such statement, describe in detail that manner in which the statement should have been made in order to make it not misleading.

      12.     Identify all facts of which you are aware that demonstrate that the 14D-9 omitted to provide shareholders with materially information as alleged in the Amended Complaint at ¶

15.  As to each such misleading statement or omitted information describe in detail all facts that should have been disclosed in order the make the statements made not misleading.

13.    Identify all facts of which you are aware that demonstrate you took any action that you would not have otherwise taken as a result of any misleading statement or omission made in the 14D-9 and describe in detail how you would have acted differently had the misleading statement or omission not been made.

14.    Describe in detail all steps you took to object to the Merger as defined in the Amended Complaint at ¶ 3, including without limitation whether you received notice of your dissenters rights under Colorado law and whether you attempted in any fashion to exercise your dissenters' rights and appraisal remedy in accordance with Colorado law.

15.    Describe in detail all facts of which you are aware that the "deal protection devices" alleged in the Amended Complaint at ¶ 14 precluded other bidders from making a successful competing offer, including without limitation all facts that demonstrate that the "deal protection devices" differ in any material respect from other such devices usually and customarily included in merger and acquisition agreements drafted by experienced and reputable lawyers engaged in the securities industry.

16.    Identify all facts of which you are aware that demonstrate the attorneys retained by the Company and the Individual Defendants were not experienced, capable and reputable attorneys upon whose advice the Company and the Individual Defendants were entitled to rely in fulfilling their duties to the Company and/or its shareholders, including without limitation all facts that were either known or should have been known by the Individual Defendants that they should not rely upon their attorney's advice.

17.     Identify all facts of which you are aware that demonstrate that the investment bankers retained by the Company and the Individual Defendants were not experienced, capable and reputable bankers upon whose advice the Company and the Individual Defendants were entitled to rely in fulfilling their duties to the Company and/or its shareholders, including without limitation all facts that were either known or should have been known by the Individual Defendants that they should not rely upon their investment banker's advice.

18.     Identify all facts of which you are aware that the Individual Defendants secured any personal benefit or preferential treatment from the Merger at the expense of or different from the benefits received by the Company's shareholders.

19.     Identify all facts of which you are aware that the LFP Broadcasting offer was not the best value reasonably available to shareholders in connection with an acquisition of the Company in 2012.

20.     Identify all facts of which you are aware that you suffered some harm, injury or breach of duty that differed from the alleged harm, injury or breach of duty suffered by shareholders of the Company generally.

21.     Identify all facts of which you are aware that the Individual Defendants preferred themselves over the interests of the Company's shareholders in recommending the Merger in accordance with the 14D-9.

22.     Identify all facts of which you are aware that the Individual Defendants enriched themselves over the Company's shareholders in recommending the Merger in accordance with the 14D-9.

23.     Identify all facts of which you are aware that the Individual Defendants knew that the 14D-9 contained misrepresentations of material facts or omissions of material facts

concerning the Merger and in particular that the Individual Defendants knew that the price offered by LFP Broadcasting was unfair to shareholders.

24.     Identify all facts of which you are aware that the Individual Defendants did not act independently in the course of the process that resulted in the Merger.

25.     Identify all facts of which you are aware that the Individual Defendants had a divided loyalties or a conflict of interest in the course of the process that resulted in the Merger.

### III.     REQUESTS FOR PRODUCTION OF DOCUMENTS

1.     Produce all documents and communications that Plaintiff identified, referred to or relied upon in providing answers to the above Interrogatories.

2.     Produce all documents and communications supporting Plaintiff's assertion in the proposed revised scheduling order that New Frontier was worth $5.80 to $9.00 per share.

3.     Produce all documents and communications which show that a bidder was willing to pay $5.80 to $9.00 per share for New Frontier's stock.

4.     Produce all documents and communications which support the allegations of paragraph 13 of the Amended Complaint.

5.     Produce all documents and communications which show that a bidder was willing to pay between $3.00 and $3.49 per share for New Frontier's stock.

6.     Produce all documents and communications which show that LFP Broadcasting's offer of $2.02 per share, plus contingent payment, was a "grossly inadequate" price as alleged in the Amended Complaint at ¶ 10 and elsewhere.

7.     Produce all documents and communications which show that a better offer than LFP Broadcasting's offer was reasonably available to shareholders in connection with an acquisition of New Frontier in 2012.

8.      Produce all documents and communications which support the allegation at the Amended Complaint at ¶ 73 that it was "strikingly clear that the only party the Isaacman-led Special Committee was interested in transacting with was LFP Broadcasting, which…would allow the Board to avoid any further inquiry into their gross mismanagement of the Company over the last few years."

9.      Produce all documents and communications which support the allegation at the Amended Complaint at ¶ 78 that New Frontier had "recent strong performance" and was positioned "for robust growth".

10.     Produce all documents and communications which support the allegations at the Amended Complaint at ¶¶ 83 through 86 that the Merger presented "significant synergies".

11.     Produce all documents and communications which support the allegation at the Amended Complaint at ¶ 90 that "Avondale should have used Revenue and EBITDA multiples" and that those calculations "are also more-widely used in fairness opinion analyses."

12.     Produce all documents and communications which support the allegations in the Amended Complaint at ¶¶ 107-108.

13.     Produce all documents and communications that support Plaintiff's claims for damages or losses as described in the Complaint and answers to the above Interrogatories.

14.     Produce all documents and communications which show that Plaintiff made a demand on New Frontier to pursue any of the claims asserted in the Amended Complaint or that any such demand would have been futile.

15.     Produce all documents and communications which show that Defendants prevented, stymied, or precluded Plaintiff's exercise of statutory appraisal rights.

16.     Produce all documents and communications which show that Plaintiff complains of an injury in the Amended Complaint that is unique from the injury suffered by any other stockholder of New Frontier due to the allegations in the Amended Complaint.

17.     Produce all documents and communications related to the dissenter's rights notice issued by New Frontier with respect to the Merger.

18.     Produce all documents and communications related to the allegations and claims as set forth in the Complaint.

19.     Produce all documents and communications which show that Plaintiff relied on the Recommendation Statement in deciding whether to tender or not tender his stock.

20.     Produce all documents and communications which show that Defendants made misstatements of fact, rather than forward-looking opinions and judgments, in any public filing or statement upon which Plaintiff relied in any way.

21.     Produce all documents and communications related to FINRA's investigation of your and your family's trading activity in New Frontier's shares, including any documents you provided to FINRA.

22.     Produce all communications between Plaintiff and (i) Michael Weiner; (ii) David Nicholas; (iii) Rothstein; and (iv) Longkloof.

23.     Produce all documents related to any other allegation concerning federal securities laws or breach of fiduciary duty that Plaintiff has made in any other case or proceeding.

24.     Produce all documents which show that the attorneys retained by New Frontier and the Individual Defendants were not experienced, capable and reputable attorneys upon whose advice New Frontier and the Individual Defendants were entitled to rely in fulfilling their

duties to New Frontier and/or its shareholders or that show New Frontier and the Individual

Defendants knew or should have known that they should not rely upon their attorney's advice.

25.     Produce all documents which show that the investment bankers retained by New

Frontier and/or the Individual Defendants were not experienced, capable and reputable

investment bankers upon whose advice New Frontier and the Individual Defendants were

entitled to rely in fulfilling their duties to New Frontier and/or its shareholders or that show New

Frontier and the Individual Defendants knew or should have known that they should not rely

upon their investment bankers' advice.


DATED:   March 3, 2014.

Respectfully submitted,


*s/   Stuart N. Bennett*
Stuart N. Bennett
Aaron D. Goldhamer
**JONES AND KELLER, P.C.**
1999 Broadway, Suite 3150
Denver, CO 80202
Telephone:          (303) 573-1600
Fax:                    (303) 573-8133
E-mail:               sbennett@joneskeller.com
                           agoldhamer@joneskeller.com

Attorneys for Defendants New Frontier Media, Inc.,
Alan Isaacman, Melissa Hubbard, Hiram J. Woo and
Walter Timoshenko

## CERTIFICATE OF SERVICE

I hereby certify that on March 3, 2014, I Emailed the forgoing to the following addresses:

| *Attorneys for Plaintiffs* | jeff@dyerberens.com<br>darby@dyerberens.com<br><br><br><br>shopkins@zlk.com | Robert J. Dyer III<br>Jeffrey A. Berens<br>Darby K. Kennedy<br>DYER & BERENS LLP<br>303 East 17th Avenue, Suite 810<br>Denver, CO   80203<br><br>Shannon L. Hopkins<br>LEVI & KORSINSKY LLP<br>30 Broad Street, 24th Floor<br>New York, NY   10004 |
|---|---|---|
| | scrane@cranedunham.com<br>jleehan@cranedunham.com | Stephen J. Crane<br>Jason T. Leehan<br>Crane Dunham PLLC<br>2121 Fifth Avenue<br>Seattle, WA 98121 |

<u>s/   Stuart N. Bennett</u>
Stuart N. Bennett
Aaron D. Goldhamer
Attorneys for Defendants New Frontier Media, Inc.,
Alan Isaacman, Melissa Hubbard, Hiram J. Woo and
Walter Timoshenko
**JONES AND KELLER, P.C.**
1999 Broadway, Suite 3150
Denver, CO 80202
Telephone:        303-573-1600
Fax:               303-573-8133
E-mail:            sbennett@joneskeller.com
                   agoldhamer@joneskeller.com

# EXHIBIT 2

SC 14D9 1 a2211565zsc14d9.htm SC 14D9

Use these links to rapidly review the document
TABLE OF CONTENTS

Table of Contents

# UNITED STATES
# SECURITIES AND EXCHANGE COMMISSION
### Washington, D.C. 20549

---

# SCHEDULE 14D-9

### (Rule 14d-101)

**Solicitation/Recommendation Statement Under Section 14(d)(4)
of the Securities Exchange Act of 1934**

# NEW FRONTIER MEDIA, INC.
(Name of Subject Company)

# NEW FRONTIER MEDIA, INC.
(Name of Person Filing Statement)

**Common Stock, par value $0.0001 per share**
(Title of Class of Securities)

**644398109**
(CUSIP Number of Class of Securities)

**Alan L. Isaacman**
**Chairman of the Board**
**6000 Spine Road, Suite 100**
**Boulder, Colorado 80301**
**(303) 444-0900**
(Name, address and telephone number of person authorized to receive
notices and communications on behalf of the person(s) filing statement)

---

**With copies to:**

| | |
|---|---|
| **Keith E. Gottfried, Esq.** | **Scott A. Berdan, Esq.** |
| **Alston & Bird LLP** | **Holland & Hart LLP** |
| **The Atlantic Building** | **One Boulder Plaza** |
| **950 F Street, N.W.** | **1800 Broadway, Suite 300** |
| **Washington, DC 20004-1404** | **Boulder, CO 80302-5234** |
| **(202) 239-3300** | **(303) 473-2700** |

☐    Check the box if the filing relates solely to preliminary communications made before the commencement of a tender offer.

Table of Contents

## TABLE OF CONTENTS

| | | Page |
|---|---|---|
| Item 1. | Subject Company Information | 1 |
| Item 2. | Identity and Background of Filing Person | 1 |
| Item 3. | Past Contacts, Transactions, Negotiations and Agreements | 2 |
| Item 4. | The Solicitation or Recommendation | 11 |
| Item 5. | Person/Assets, Retained, Employed, Compensated or Used | 58 |
| Item 6. | Interest in Securities of the Subject Company | 58 |
| Item 7. | Purposes of the Transaction and Plans or Proposals | 58 |
| Item 8. | Additional Information | 58 |
| Item 9. | Exhibits | 63 |

**SIGNATURE**

| | |
|---|---|
| **ANNEX A—INFORMATION STATEMENT** | A-1 |
| **ANNEX B—OPINION OF AVONDALE PARTNERS LLC** | B-1 |

i

Table of Contents

## Item 1.   Subject Company Information

### Name and Address

The name of the subject company is New Frontier Media, Inc., a Colorado corporation (the "*Company*"). The address of the Company's principal executive offices is 6000 Spine Road, Suite 100, Boulder, Colorado 80301, and the Company's telephone number is (303) 444-0900.

### Securities

This Solicitation/Recommendation Statement on Schedule 14d-9 (together with any exhibits and annexes hereto, the "*Schedule 14d-9*") relates to the common stock, par value $0.0001 per share, of the Company (the "*Common Stock*").

The shares of Common Stock are hereinafter referred to as the "*Shares*." As of close of business on October 26, 2012, there were (i) 16,264,213 Shares issued and outstanding and (ii) 1,370,152 Shares subject to issuance pursuant to the exercise of outstanding stock options.

## Item 2.   Identity and Background of Filing Person

### Name and Address

The Company is the person filing this Schedule 14d-9 and is the subject company. The Company's name, address and telephone number are set forth in Item 1 above.

### Tender Offer

This Schedule 14d-9 relates to the tender offer by Flynt Broadcast, Inc. ("*Merger Sub*"), a Colorado corporation and wholly-owned subsidiary of LFP Broadcasting, LLC, a Delaware limited liability company ("*Parent*"), pursuant to which Merger Sub has offered to purchase all of the outstanding Shares at a price per share equal to (1) $2.02 (the "*Offer Price*"), net to the seller in cash, without interest and subject to any required withholding taxes, and (2) one contingent right per Company Share (a "*CPR*") which shall represent the contractual right to receive a Contingent Cash Payment (as such term is defined in the Contingent Payment Rights Agreement (the "*CPR Agreement*") in the form attached to the Merger Agreement as *Exhibit A*) (the aggregate consideration referred to in (1) and (2) and any other consideration per share paid pursuant to the Offer, the "*Offer Consideration*"), upon the terms and conditions set forth in the Offer to Purchase dated October 29, 2012 (the "*Offer to Purchase*") and the related Letter of Transmittal (which, together with the Offer to Purchase, as each may be supplemented or amended from time to time, collectively, constitute the "*Offer*"). The Offer is described in a Tender Offer Statement on Schedule TO (together with any exhibits thereto, the "*Schedule TO*") filed by Parent and Merger Sub with the Securities and Exchange Commission (the "*SEC*") on October 29, 2012. Copies of the Offer to Purchase and related Letter of Transmittal are filed as *Exhibits (a)(1)* and *(a)(2)* hereto, respectively, and are incorporated herein by reference.

The Offer is being made pursuant to an Agreement and Plan of Merger, dated as of October 15, 2012 (as such agreement may be amended or supplemented from time to time, the "*Merger Agreement*"), by and among Parent, Merger Sub and the Company. The Merger Agreement provides, among other things, that following completion of the Offer and subject to the satisfaction or waiver of certain conditions, Merger Sub will be merged with and into the Company (the "*Merger*" and together with the Offer and the other transactions contemplated by the Merger Agreement, the "*Contemplated Transactions*") upon the terms and subject to the conditions set forth in the Merger Agreement and in accordance with the Colorado Business Corporation Act, as amended (the "*CBCA*"). As a result of the Merger, any Shares that are not acquired in the Offer and remain outstanding immediately prior to the effective time of the Merger (the "*Effective Time*") (other than Shares held by Parent or any subsidiary of Parent (including Merger Sub), any Shares held by the Company as treasury shares or otherwise and any Shares held by shareholders who

1

Table of Contents

## Item 4.   The Solicitation or Recommendation

### Recommendation of the Special Committee and the Board

At a meeting held on October 14, 2012, the Special Committee, acting with the advice and assistance of its legal and financial advisors, unanimously determined (i) that the form, terms and provisions of the Merger Agreement, the Contingent Payment Rights Agreement, the Escrow Agreement and the Guaranty (collectively, the "*Transaction Documents*") and the Contemplated Transactions, are fair to and in the best interests of the Company's shareholders and (ii) to recommend to the Board that the Transaction Documents and the Contemplated Transactions be approved and adopted in all respects.

After consideration, based on the unanimous recommendation of the Special Committee and the conduct of its own review and other relevant factors, the Board unanimously determined (i) to approve and adopt the Transaction Documents and to approve and authorize the consummation of the Contemplated Transactions; (ii) to authorize the execution and delivery of the Transaction Documents in the name of the Company; (iii) that the Transaction Documents and the Contemplated Transactions are fair to, and in the best interests of, the Company's shareholders; and (iv) to recommend that the shareholders of the Company accept the Offer, and tender their Shares in the Offer and, to the extent such a meeting is required under the CBCA, vote in favor of the approval of the Merger and the approval and adoption of the Merger Agreement at any meeting of shareholders of the Company called to consider the approval of the Merger and the Merger Agreement.

**Accordingly, and for the other reasons described in more detail below, the Board unanimously recommends that the Company's shareholders accept the Offer, tender their Shares pursuant to the Offer and, if approval of shareholders is required, approve the Merger and the Merger Agreement.**

A copy of the letter to the Company's shareholders, dated October 29, 2012, communicating the recommendation of the Board is included as *Exhibit (a)(14)* to this Schedule 14d-9 and is incorporated herein by reference.

### Background of the Contemplated Transactions

The following is a chronological description of the material contacts and events leading up to or relating to the Contemplated Transactions. For a more complete understanding of this description, we encourage you to read the entire Schedule 14D-9, including, but not limited to, the Merger Agreement filed herewith as *Exhibit (e)(1)* to this Schedule 14D-9.

In connection with its normal business activities and planning, the Company regularly evaluates market conditions and potential financial and strategic alternatives to enhance shareholder value and/or provide the Company with greater financial and/or operating flexibility.

On July 8, 2010, the Company's then Chairman of the Board and Chief Executive Officer, Michael Weiner, contacted an affiliate of Parent ("*LFP*") inquiring as to whether LFP would have an interest in exploring a potential transaction with the Company.

On July 27, 2010, to further discussions regarding a potential transaction, the Company and an affiliate of LFP executed a confidentiality agreement. Also on that day, representatives of LFP met with Mr. Weiner and other members of the Company's management team at the Company's corporate headquarters in Boulder, Colorado, and discussed a potential acquisition of the Company by LFP or an affiliate thereof. Subsequent to that visit, LFP reviewed the information supplied by the Company under the confidentiality agreement and determined not to make an offer to acquire the Company at that time.

In July 2011, the Company had a number of discussions with LFP concerning a possible transaction, but such discussions did not advance beyond an exploratory stage. LFP determined not engage in further discussions with the Company at the time.

11

## CERTIFICATE OF SERVICE

I hereby certify that on August 22, 2014, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send notification of such filing to the e-mail addresses denoted on the Court's Electronic Mail Notice List.

s/ Jeffrey A. Berens
Jeffrey A. Berens
Attorney for Plaintiffs
DYER & BERENS LLP
303 East 17th Avenue, Suite 810
Denver, CO 80203
Telephone: (303) 861-1764
FAX: (303) 395-0393
Email: jeff@dyerberens.com