# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

Civil Action No. 1:12-cv-02941-JLK

CRAIG TELKE, and
WILLIAM DOUGLAS MORELAND,
Individually and on Behalf of All Others Similarly Situated,

    Plaintiffs,

v.

NEW FRONTIER MEDIA, INC.,
ALAN ISAACMAN,
MELISSA HUBBARD,
HIRAM J. WOO, and
WALTER TIMOSHENKO,

    Defendants.
_____

# JOINT MOTION TO MODIFY STIPULATED
# SCHEDULING AND DISCOVERY ORDER
_____

## I. PRELIMINARY STATEMENT

Pursuant to Fed. R. Civ. P. 16(b) and D.C. COLO.LCivR. 16.1, Plaintiffs Craig Telke and William Douglas Moreland ("Plaintiffs") and Defendants New Frontier Media, Inc., Alan Isaacman, Melissa Hubbard, Hiram J. Woo, and Walter Timoshenko (the "Defendants" and, with Plaintiffs, the "Parties"), respectfully submit this Joint Motion to Modify Stipulated Scheduling and Discovery Order ("Scheduling Order") entered in this case on May 20, 2014 (Dkt. No. 44) to provide for an extension for all discovery, expert disclosure, dispositive motions and other deadlines of the Scheduling Order. This is the first extension requested by the Parties.

The current Scheduling Order provides as follows:

    a. Fact discovery is scheduled to be completed by September 12, 2014;

    b. Expert discovery is scheduled to be completed by January 19, 2015; and

    c. The deadline for filing motions for summary judgment and dispositive motions is February 16, 2015.

As discussed in further detail below, good cause exists for the Court's granting of this modification of the current schedule. The proposed Second Amended Stipulated Scheduling and Discovery Order is attached hereto as Exhibit A.

## II. ARGUMENT

### A. The Scheduling Order May Be Modified Upon a Showing of Good Cause

The Scheduling Order, Section 9, Amendments to Discovery and Scheduling Order, Federal Rule of Civil Procedure 16(b) and Local Rule 16.1 authorize the Court to amend the schedule for good cause shown. Moreover, Fed. R. Civ. P. 16(b) affords the Court discretion to extend the deadlines concerning discovery upon a motion of the parties and a showing of good cause. *See, e.g., Washington v. Arapahoe County Dep't of Soc. Serv.*, 197 F.R.D. 439, 441 (D. Colo. 2000). As noted by the court in *Washington*, "the entire schedule can be modified as necessary to assure that the case is prepared in an orderly way."

### B. Good Cause Exists for Modifying the Stipulated Scheduling and Discovery Order

Good cause justifies an extension of the present schedule for discovery, motions for summary judgment and other dispositive motions in this case. To date, the Parties have been conducting non-expert discovery and have exchanged document discovery. There is a dispute with respect to certain issues concerning document discovery, which are the subject of Plaintiffs' Motion to Compel currently pending before the Court. The Parties reasonably expect to take approximately 23 depositions between them and have not yet conducted any of those depositions as a result of efforts to try and resolve the Action and Plaintiffs' pending Motion to Compel.

In connection with the Parties' discovery efforts, they determined to engage in good faith discussions regarding a possible resolution of the Action. In this connection, counsel for the Parties attended a day long mediation session before mediator Jed D. Melnick, Esq. of JAMS, Inc. on July 1, 2014. In order to prepare for that mediation, the Parties agreed to table deposition discovery until after the mediation. While discussions regarding a possible resolution of the Action thus far have been unsuccessful, the parties are continuing their discussions.

In the event the Parties are not able to resolve the Action at this time, they respectfully request that the Court exercise its discretion to grant the requested extension due to the facts that: (1) Plaintiffs have a Motion to Compel pending, which, if granted, could result in a substantial additional production of documents; (2) there are approximately 23 depositions to be taken throughout the country, thus requiring extensive traveling, and coordination of counsel and deponents; and (3) most of the witnesses are non-parties, thus making it more difficult for the parties to control the schedule of witnesses and requiring more time by the parties to complete these non-expert depositions.

### III. CONCLUSION

For the foregoing reasons, the parties respectfully request that the Court modify the Scheduling Order in accordance with this Joint Motion, which would provide for the following:

a. Fact discovery will be completed by December 12, 2014;

b. Expert discovery will be completed by March 20, 2015;

c. The deadline for filing motions for class certification motions will be March 9, 2015;

d. The deadline for filing motions for summary judgment and other dispositive motions will be May 18, 2015.

A proposed Order is attached hereto for the Court's convenience.

DATED:  September 12, 2014          DYER & BERENS LLP


By: /s/ Jeffrey A. Berens
    Jeffrey A. Berens
    Darby K. Kennedy
    DYER & BERENS LLP
    303 East 17th Avenue, Suite 810
    Denver, CO  80203
    (303) 861-1764

*Liaison Counsel for Plaintiffs Craig Telke and William Douglas Moreland*

By: /s/ Shannon L. Hopkins
    Shannon L. Hopkins
    Stephanie Bartone
    LEVI & KORSINSKY, LLP
    30 Broad Street, 24th Floor
    New York, NY 10004
    (212) 363-7500

*Attorneys for Plaintiff Craig Telke*

By: /s/ Stephen J. Crane
    Stephen J. Crane
    Jason T. Leehan
    CRANE DUNHAM PLLC
    2121 Fifth Avenue

    Seattle, WA 98121
    (206) 292-9090

*Attorneys for Plaintiff Douglas Moreland*

By: <u>/s/ Stuart N. Bennett</u>
   Stuart N. Bennett
   Aaron D. Goldhamer
   JONES AND KELLER, P.C.
   1999 Broadway, Suite 3150
   Denver, CO 80202
   (303) 573-1600
   *Attorneys for Defendants New Frontier Media, Inc., Alan Isaacman, Melissa Hubbard, Hiram J. Woo, and Walter Timoshenko*

4816-8751-5934, v.  1

{JK00615223.2 }      6

## CERTIFICATE OF SERVICE

I hereby certify that on September 12, 2014, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send notification of such filing to the e-mail addresses denoted on the Court's Electronic Mail Notice List.

s/ Jeffrey A. Berens
Jeffrey A. Berens
Attorney for Plaintiffs
DYER & BERENS LLP
303 East 17th Avenue, Suite 810
Denver, CO 80203
Telephone: (303) 861-1764
FAX: (303) 395-0393
Email: jeff@dyerberens.com