**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**

Civil Action No. 1:12-cv-02941-JLK

CRAIG TELKE, and
WILLIAM DOUGLAS MORELAND,
Individually and on Behalf of All Others Similarly Situated,

      Plaintiffs,

v.

NEW FRONTIER MEDIA, INC.,
ALAN ISAACMAN,
MELISSA HUBBARD,
HIRAM J. WOO, and
WALTER TIMOSHENKO,

      Defendants.

_____

**[PROPOSED] ORDER PRELIMINARILY APPROVING SETTLEMENT AND**
**PROVIDING FOR NOTICE TO THE CLASS**

_____

The Parties,[1] having applied for an order seeking preliminary approval of a settlement of the above-captioned action, preliminary certification of a class for settlement purposes, approval of the form and manner of notice to be provided to the Class (as defined herein), and a determination of other matters in connection with the Court's consideration of the proposed settlement of the Action (the "Settlement"), in accordance with the Stipulation;

---

[1] Capitalized terms (other than proper nouns) that are not defined herein shall have the meanings set forth in the Stipulation of Settlement entered into by the Parties on March __, 2015("Stipulation").

NOW, upon consent of the Parties, after review and consideration of the Stipulation filed with the Court and the Exhibits annexed thereto, and after due deliberation,

IT IS HEREBY ORDERED, ADJUDGED AND DECREED THAT:

1.      Pursuant to Rules 23(a) and 23 (b)(3) of the Federal Rules of Civil Procedure ("FRCP"), the Court certifies this Action as class action for purposes of settlement, on behalf of a class consisting of all persons and/or entities who held shares of New Frontier Media, Inc. ("New Frontier") common stock at any time from and including October 15, 2012 through and including November 27, 2012 (the "Class Period"), whether beneficially or of record, including the legal representatives, heirs, successors-in-interest, transferees, and assignees of all such foregoing holders, but excluding Defendants, New Frontier, LFP, the directors and executive officers of New Frontier who served in those capacities during the Class Period, and their legal representatives, heirs, successors-in-interest, transferees, and assignees (the "Class").

2.      Plaintiffs Craig Telke and William Douglas Moreland ("Plaintiffs") are appointed as class representatives, and the law firms of Levi & Korsinsky, LLP, Crane Dunham PLLC and Dyer & Berens LLP ("Plaintiffs' Counsel") are appointed as counsel for the Class.

3.      The Court preliminarily finds that the requirements of FRCP 23(a) and 23 (b)(3) have been met in that:

(a)     The members of the Class ("Class Members") are so numerous that joinder of all Class Members is impracticable;

(b)     There are questions of law and fact common to the Class;

(c)     Plaintiffs' claims are typical of the Class;

(d)     Plaintiffs will fairly and adequately represent the Class for purposes of the Settlement;

(e)     Questions of law common to the Class Members predominate over any questions affecting only individual Class Members; and

(f)     A class action is superior to other available methods for the fair and efficient adjudication of the controversy.

4.     The Court preliminarily approves the Stipulation, including all Exhibits thereto, and the Settlement set forth therein, and preliminarily finds that the Settlement is sufficiently fair, reasonable, adequate, and in the best interests of the Class to warrant notice to the Class and scheduling a fairness hearing, at which time the Court will hear any objections (subject to the procedures described below) and consider whether to give final approval to the Settlement.

5.     A hearing (the "Settlement Hearing") shall be held on _____, at __:___ __.m. before the Honorable John L. Kane of United States District Court for the District of Colorado, Alfred A. Arraj United States Courthouse, 901 19th Street, Denver, Colorado 80294, Courtroom A802 to:

3

(a)     Determine whether the Court should grant final approval of the proposed Settlement on the terms and conditions provided for in the Stipulation as fair, reasonable, and adequate and in the best interests of the members of the Class;

(b)     Determine whether the Court should approve the Plan of Allocation of settlement proceeds as fair, reasonable, and adequate;

(c)     Determine whether judgment should be entered pursuant to the Stipulation, inter alia, dismissing the Action and the Released Claims as to the Released Persons with prejudice as against Plaintiffs and the Class, releasing the Released Claims, and barring and enjoining prosecution of any and all Released Claims;

(d)     Consider the application of Plaintiffs' Counsel for an award of attorneys' fees and expenses;

(e)     Consider the application of Plaintiffs for an incentive award;

(f)     Hear objections, if any, made to the Settlement or any of its terms or Plaintiffs' Counsel's application for an award of fees and expenses or Plaintiffs' application for an incentive award; and

(g)     Hear and determine other matters relating to the proposed Settlement.

6.     The Court reserves the right to adjourn the Settlement Hearing or any part thereof, including the consideration of the application for attorneys' fees and expenses,

without further notice of any kind other than oral announcement at the Settlement Hearing or any adjournment thereof.

7.      The Court reserves the right to approve the Settlement at or after the Settlement Hearing with such modifications as may be consented to by the parties to the Stipulation and without further notice to the Class.

8.      The Court appoints the firm _____ ("Claims Administrator") to supervise and administer the notice procedure as well as the processing of claims as more fully set forth below.

9.      The Court approves, in form and content, the Notice of Pendency and Proposed Settlement of Class Action, substantially in the form attached as Exhibit C to the Stipulation (the "Notice"), the Proof of Claim and Release form ("Proof of Claim"), substantially in the form attached as Exhibit E to the Stipulation, and the Summary Notice, substantially in the form attached as Exhibit D to the Stipulation, and finds that the mailing and distribution of the Notice, Proof of Claim form, and Summary Notice, as set forth in paragraph 11 below, will fully satisfy the requirements of FRCP 23, due process and applicable law, is the best notice practicable, and shall constitute due and sufficient notice of the Settlement and Settlement Hearing and all other matters referred to in the Notice and Summary Notice to all persons entitled to receive such notice. Plaintiffs or the Claims Administrator shall, no later than ten (10) days before the

Settlement Hearing, file with the Court proof, by affidavit or declaration, of such distribution of the Notice, Proof of Claim form and the Summary Notice.

10.     As soon as practicable following entry of this Order, Defendant shall cause a list of names and addresses of record holders of New Frontier common stock during the Class Period on the transfer agent's books to be provided to the Claims Administrator, in an electronic format acceptable to the Claims Administrator.

11.     Within fourteen (14) days following entry of this Order, Plaintiffs or the Claims Administrator shall:  (i) publish a copy of the Summary Notice once in the Denver Post, once in the *Investor's Business Daily*, and once electronically via *PR Newswire* or another suitable online newswire; (ii) cause a copy of the Notice and Proof of Claim form to be mailed by United States mail, postage pre-paid, to all members of the Class who can be identified with reasonable effort, at their last known addresses appearing in the stock transfer records maintained by or on behalf of New Frontier and (iii) post a copy of the Notice and Proof of Claim on the Claims Administrator's website. All record holders in the Class who were not also the beneficial owners of common shares of New Frontier stock ("Shares") are directed to forward the Notice and Proof of Claim form to the beneficial owners of those Shares or to provide the Claims Administrator with a list of the names and addresses of beneficial owners of such Shares within five (5) business days after receipt of the Notice.  The Claims Administrator shall use reasonable efforts to give notice to such beneficial owners of Shares by (a) making

additional copies of the Notice and Proof of Claim form available to any record holders who, prior to the Settlement Hearing, request the same for the purpose of distribution to such beneficial owners of Shares, and/or (b) mailing copies of the Notice and Proof of Claim form to beneficial owners of Shares whose addresses have been provided to the Claims Administrator by the record holders of such Shares.

12.     All members of the Class (except Persons who request exclusion pursuant to paragraph 16 below and satisfy the terms thereof) shall be bound by all determinations and judgments in the Action concerning the Settlement, including, but not limited to, the releases provided for therein, whether favorable or unfavorable to the Class, regardless of whether such Persons seek or obtain by any means, including, without limitation, by submitting a Proof of Claim form or any similar document, any distribution from the Settlement Fund or the Net Settlement Fund.

13.     Class Members who wish to participate in the Settlement shall complete and submit the Proof of Claim form in accordance with the instructions contained therein. Unless the Court orders otherwise, all Proof of Claim forms must be postmarked or submitted electronically no later than ninety (90) calendar days from the Notice Date. Any Class Member who does not submit a Proof of Claim form within the time provided shall be barred from sharing in the distribution of the proceeds of the Net Settlement Fund, unless otherwise ordered by the Court, but shall nevertheless be bound by any final judgment entered by the Court.  Notwithstanding the foregoing, Plaintiffs' Counsel shall

have the right, but not the obligation, to accept late-submitted claims for processing by the Claims Administrator so long as distribution of the Net Settlement Fund is not materially delayed thereby.  Plaintiffs' Counsel shall have no liability for rejecting late-submitted claims as untimely.

14.     The Proof of Claim form submitted by each Class Member must satisfy the following conditions, unless otherwise ordered by the Court: (i) it must be properly completed, signed and submitted in a timely manner in accordance with the provisions of the preceding subparagraph; (ii) it must be accompanied by adequate supporting documentation for the transactions reported therein, in the form of broker confirmation slips, broker account statements, an authorized statement from the broker containing the transactional information found in a broker confirmation slip, or such other documentation as is deemed adequate by Plaintiffs' Counsel; (iii) if the person executing the Proof of Claim form is acting in a representative capacity, a certification of his, her, or its current authority to act on behalf of the Class Member must be included in the Proof of Claim form; and (iv) the Proof of Claim form must be complete and contain no material deletions or modifications of any of the printed matter contained therein and must be signed under penalty of perjury.

15.     Any member of the Class may enter an appearance in the Action, at his, her, or its own expense, individually or through counsel of their own choice.  If they do not enter an appearance, they will be represented by Plaintiffs' Counsel.

16.     Any Person falling within the definition of the Class may, upon request, be excluded or "opt-out" from the Class.  Any such Person must submit to the Claims Administrator a request for exclusion ("Request for Exclusion"), by First-Class Mail, or hand-delivered such that it is received no later than twenty-one (21) calendar days before the Settlement Hearing.  A Request for Exclusion must be signed and state (a) the name, address, and telephone number of the Person requesting exclusion; (b) the Person's holdings in New Frontier common stock between October 15, 2012 and November 27, 2012, inclusive; and (c) that the Person wishes to be excluded from the Class.  All Persons who submit valid and timely Requests for Exclusion in the manner set forth in this paragraph shall have no rights under the Stipulation, shall not share in the distribution of the Net Settlement Fund, and shall not be bound by the Stipulation or any final judgment.

17.     Plaintiffs' Counsel shall cause to be provided to Defendant's counsel copies of all Requests for Exclusion, and any written revocation of Requests for Exclusion, as expeditiously as possible and in any event not less than ten (10) calendar days prior to the Settlement Hearing.

18.     Any member of the Class who objects to the proposed Settlement, the Plan of Allocation, or the application for attorneys' fees and expenses and incentive awards may appear at the Settlement Hearing in person or through counsel to show cause why the Settlement, the Plan of Allocation, or the application for attorneys' fees and expenses

or incentive award should not be approved, or otherwise request to be heard concerning the Settlement.  However no person or entity (other than the Parties and their counsel) may be heard at the Settlement Hearing, and no papers, briefs, pleadings, or other documents submitted by any person or entity shall be considered by the Court unless, not later than ten (10) business days prior to the Settlement Hearing, such person or entity files with the Court and serves upon each of the counsel listed below:  (a) a written notice of the intention to appear; (b) proof of membership in the Class; (c) a detailed summary of his, her, or its objections to any matter before the Court; (d) the grounds therefor or the reasons why he, she, or it desires to appear and to be heard; and (e) all documents and writings which he, she, or it wants the Court to consider.  The above-described papers must be (a) filed with the Court and (b) served by hand delivery or overnight mail on the following counsel of record not later than ten (10) business days prior to the Settlement Hearing:

| **Plaintiffs' Counsel:** | **Defendant's Counsel:** |
|---|---|
| LEVI & KORSINSKY, LLP | JONES AND KELLER, P.C. |
| Shannon L. Hopkins | Stuart N. Bennett |
| 733 Summer Street, Suite 304 | 1999 Broadway, Suite 3150 |
| Stamford, CT 06901 | Denver, CO 80202 |
| | |
| CRANE DUNHAM PLLC | |
| 2121 Fifth Avenue | |
| Seattle, WA 98121 | |

Any member of the Class who fails to make his, her, or its objection(s) in the manner provided herein shall be deemed to have waived such objection(s) (including any

right of appeal) and shall be forever barred from making any such objection(s), including, without limitation, any objection to the fairness or adequacy of the proposed Settlement, the Plan of Allocation or Plaintiffs' Counsel's attorneys' fees and expenses unless otherwise ordered by the Court.

19.     All funds held by the Escrow Agent shall be deemed and considered to be in *custodia legis* and shall remain subject to the jurisdiction of the Court until such time as such funds shall be distributed pursuant to the Stipulation and/or further order(s) of the Court.

20.     All papers in support of the Settlement, Plan of Allocation, and any application by Plaintiffs' Counsel for attorneys' fees, costs, expenses and incentive awards shall be filed and served no later than twenty-one (21) calendar days prior to the Settlement Hearing and any responsive papers shall be filed and served no later than seven (7) calendar days prior to the Settlement Hearing.

21.     The Released Persons shall have no responsibility for the Plan of Allocation or any application for attorneys' fees, costs, or expenses submitted by Plaintiffs' Counsel, and such matters will be considered separately from the fairness, reasonableness, and adequacy of the Settlement.

22.     At or after the Settlement Hearing, the Court shall determine whether the Plan of Allocation proposed by Plaintiffs' Counsel, and any application for attorneys' fees, costs, and expenses, should be approved.

23.     All reasonable expenses incurred in identifying and notifying Class Members as well as administering the Settlement Fund shall be paid as set forth in the Stipulation.  In the event the Court does not approve the Settlement, or it otherwise fails to become effective, neither Plaintiffs nor any of their counsel shall have any obligation to repay any amounts actually and properly incurred or disbursed pursuant to paragraphs 3.6 and 4.3 of the Stipulation.

24.     All proceedings in this Action, other than such proceedings as may be necessary to carry out the terms and conditions of the Settlement, are hereby stayed and suspended until further order of this Court.  All members of the Class are preliminarily enjoined from commencing, prosecuting, instigating, or in any way participating in the commencement or prosecution of any action or claim for relief asserting or relating to any of the Released Claims.

25.     If the Settlement, including any amendment made in accordance with the Stipulation, is not approved by the Court or the Effective Date of the Settlement fails to occur for any reason whatsoever, the Stipulation (including any modification thereof) and any actions taken or to be taken in connection therewith (including this Preliminary Approval Order and any judgment entered herein) shall be terminated and shall become null and void and of no further force and effect, and neither the Stipulation, nor any provision contained therein, nor any action undertaken pursuant thereto, nor the negotiation thereof by any Party, shall be deemed an admission or offered or received as

evidence at any proceeding in this Action or any other action or proceeding, and the Parties shall be deemed to have reverted to their respective litigation positions in the Action as of October 8, 2014.

26.     In any event, neither the Stipulation, nor any provisions contained therein, nor any negotiations, statements, or proceedings in connection therewith, shall be construed as, or deemed to be evidence of, an admission or concession on the part of any of the Parties, members of the Class, or any other person or entity of any liability or absence of liability as to any claim alleged or asserted in the Action or otherwise, and shall not be offered or received in evidence in any action or proceeding (except in an action or proceeding to enforce the terms and conditions of the Stipulation, Settlement, or Judgment), or be used in any way as an admission, concession, or evidence of the existence or absence of any liability or wrongdoing of any nature, and shall not be construed as, or deemed to be evidence of, an admission or concession that Plaintiffs, Plaintiffs' Counsel, or the members of the Class, or any present or former shareholders of New Frontier, or any other person or entity, has or has not suffered any damage.

27.     If the Settlement provided for in the Stipulation shall be approved by the Court following the Settlement Hearing, an Order and Final Judgment shall be entered substantially in the form attached as Exhibit B to the Stipulation.

28.     The Court may, for good cause, extend any of the deadlines set forth in this Order without further notice to the Class Members.   The Court may approve the

Settlement, with such modifications as may be agreed to by the Parties, if appropriate, without further notice to the Class.

29.     The Court retains exclusive jurisdiction over this Action to consider all further matters arising out of or connected with the proposed Settlement.


SO ORDERED this _____ day of _____, 2015.


_____
HON. JOHN L. KANE
U.S. DISTRICT JUDGE

4834-1487-1587, v. 1

14