Exhibit 1

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

Civil Action No. 1:12-cv-02941-JLK

CRAIG TELKE, and
WILLIAM DOUGLAS MORELAND,
Individually and on Behalf of All Others Similarly Situated,

       Plaintiffs,

v.

NEW FRONTIER MEDIA, INC.,
ALAN ISAACMAN,
MELISSA HUBBARD,
HIRAM J. WOO, and
WALTER TIMOSHENKO,

       Defendants.

_____

## STIPULATION OF SETTLEMENT
_____

This Stipulation of Settlement (the "Stipulation"), dated April 27, 2015, is entered into and among the following: (i) Plaintiffs Craig Telke and William Douglas Moreland ("Plaintiffs"); and (ii) Defendants New Frontier Media, Inc., Alan Isaacman, Melissa Hubbard, Hiram Woo and Walter Timoshenko ("Defendants"). The Stipulation sets forth each and every term of the Settlement of the above-captioned action (the "Action") and is intended by Plaintiffs and Defendants (collectively, the "Parties") to fully and finally release, resolve, compromise, settle and discharge the Released Claims upon the terms set

forth herein, subject to approval of the United States District Court for the District of Colorado (the "Court").[1]

## I.  THE LITIGATION

A.      On October 15, 2012, New Frontier Media, Inc. ("New Frontier" or the "Company") announced that it had entered into an agreement (the "Merger Agreement") to be acquired by LFP Broadcasting, LLC ("LFP") pursuant to which an affiliate of LFP would commence a cash tender offer ("Tender Offer") to acquire all of New Frontier's outstanding shares of common stock for $2.02 per share, plus additional contingent cash payments not to exceed $0.06 per common share tied to the extent which New Frontier's available cash balance at the close of the Tender Offer exceeded $11,514,000. The tender offer, if successful, was to be followed by a second-step merger in which non-tendered shares would be converted into the right to receive the same per share consideration paid to the tendering shareholders, subject to dissenters' rights under Colorado law (the "Merger"). The press release further stated that the acquisition price represented a 79% premium over the share price immediately before New Frontier's first unsolicited bid to acquire the Company.

B.      On October 29, 2012, New Frontier filed a Solicitation/Recommendation Statement on Schedule 14D-9 (the "14D-9") with the U.S. Securities and Exchange Commission ("SEC") in connection with the Tender Offer and Merger.  That same day,

---

[1] All Capitalized terms shall have the meaning ascribed to them in Section 1 of this Stipulation, unless defined elsewhere in the Stipulation.

an affiliate of LFP commenced the Tender Offer to acquire all of New Frontier's outstanding shares.

C.      On November 8, 2012, plaintiff Craig Telke ("Telke") commenced an action asserting class action claims for breach of fiduciary duty against the New Frontier Board of Directors (the "Board")[2] arising out of the Tender Offer and Merger as aided and abetted by LFP.  Telke also asserted individual claims under Sections 14(d)(4) and 14(e) of the Securities Exchange Act (the "Exchange Act") in connection with the allegedly material misrepresentations contained in the 14D-9 (the "Complaint").

D.      On November 19, 2012, Telke filed a Motion for Preliminary Injunction and Request for Expedited Proceedings, seeking to enjoin the Merger until alleged disclosure deficiencies in the 14D-9 were corrected, which the Court denied on November 27, 2012.

E.      On November 21, 2012, LFP filed a Motion to Dismiss Telke's Complaint on the grounds that the Complaint failed to make any substantive allegations of wrongdoing by the LFP Defendants.

F.      The Tender Offer was completed on November 27, 2012 at $2.06 per share with 83.1% of the outstanding shares tendered to LFP. Thereafter, New Frontier merged into an affiliate of LFP with New Frontier as the surviving entity and a wholly-owned subsidiary.  As a result of the merger, New Frontier shares ceased trading on the

---

[2] The New Frontier Board on October 15, 2012 consisted of Alan Isaacman, Melissa Hubbard, Hiram Woo and Walter Timoshenko.

NASDAQ. Non-tendering shareholders received the same $2.06 per share consideration as tendering shareholders.

G.   On December 13, 2012, Plaintiff Telke voluntarily dismissed all claims against LFP and its affiliate with which New Frontier had merged.  On December 3, 2012, Defendants filed their Answer to the Complaint in which they denied all alleged wrongdoing and asserted various affirmative defenses.

H.   On May 15, 2013, Plaintiff Telke filed a Motion for Leave to File First Amended Complaint, which the Court granted on August 19, 2013.

I.   Plaintiffs filed their Amended Class Action Complaint ("Amended Complaint") on August 19, 2013.  The Amended Complaint added Plaintiff William Douglas Moreland as a named plaintiff in the Action and claimed to assert new facts purportedly learned after the filing of Telke's initial Complaint, that allegedly supported Plaintiffs' claims. The Amended Complaint does not make any claims of wrongdoing or fault on the part of LFP, its parent LFP, Inc. or their officers, directors or shareholders

J.   Defendants filed their Answer to Plaintiffs' Amended Complaint on September 19, 2013 in which they denied all alleged wrongdoing and asserted various affirmative defenses.

K.   Thereafter, the Parties negotiated and filed on January 24, 2014, a Stipulated Scheduling and Discovery Order ("Scheduling Order") and a Stipulated Protective Order governing the disclosure of confidential information ("Protective

Order") which was entered by the court on or about May 20, 2014.  The Scheduling Order was amended by the parties on March 3, 2014 and entered by the Court on or about May 20, 2014 ("Amended Scheduling Order").

L.      Pursuant to the Amended Scheduling Order, the parties have propounded and responded to written discovery.  Defendants have produced to Plaintiffs documents comprising over 27,104 pages and Plaintiffs have produced documents to Defendants.

M.      Plaintiffs have also propounded written *Subpoenas Duces Tecum* to approximately 15 non-parties.

N.      On May 20, 2014, Plaintiffs moved to compel the production of certain documents and other discovery-related items to which Defendants objected on various grounds, including privileged matters, relating to communications with New Frontier's investment banker and its attorneys. Defendants responded to the motion on August 1, 2014.

O.      On July 2, 2014, counsel for the parties participated in a mediation session regarding a possible global resolution of the Action before Jed Melnick of JAMS. Negotiations through the offices of JAMS continued through early October 2014, when on October 2, 2014, the mediator made a double-blind mediator's proposal which both parties accepted on October 8, 2014.

P.      As contemplated by the mediator's proposal, the parties met and conferred on or about October 22, 2014 concerning the scope of additional documents to be

produced in confirmatory discovery and the depositions of Alan Isaacman and Avondale

Partners, LLC ("Avondale"), New Frontier's investment banker in the Merger.

Q.     Defendants produced more than 2,000 pages of additional documents to

counsel for Plaintiffs on December 8, 2014 and produced non-final transcripts from the

Defendants' testimony in the arbitration proceedings of Michael Weiner, New Frontier's

former Chief Executive Officer, on January 28, 2015, 2015. This additional production

brought the total of Defendants' production to more than 29,000 pages.

R.     On January 3, 2015, Plaintiffs' counsel served a *subpoena duces tecum* on

Karsten Lampka, a former employee at Avondale who played a major role in the Merger.

S.     On January 28, 2015, Avondale produced over 4,000 pages of documents

relating to the Merger to Plaintiffs' counsel.

T.     Plaintiffs' counsel took the depositions of Alan Isaacman on February 5,

2015 and of Karsten Lampka on February 19, 2015.

U.     Counsel for the parties have engaged in arm's length and substantial

negotiations concerning the terms and conditions of the settlement of this action over a

period of approximately four months which resulted in the agreement memorialized

herein.

V.     In consultation with a financial and valuation expert, Plaintiffs' counsel

have analyzed the evidence adduced through discovery and their investigation relating to

the claims and the underlying events and transactions alleged in the Action, and have

researched the applicable law with respect to the Class' claims. In negotiating and evaluating the terms of the Stipulation, Plaintiffs' Counsel considered the legal and factual defenses to Plaintiffs' claims. Plaintiffs' Counsel have received sufficient information to evaluate the merits of the Settlement. Based on their evaluation, Plaintiffs' Counsel have determined that the Settlement set forth in the Stipulation is fair, reasonable, and adequate and in the best interests of all of the Class Members and that it confers substantial benefits on the Class Members.

W.     Defendants deny that they breached their fiduciary duties to the Company or its shareholders and assert that they acted at all times in good faith and in the best interests of the Company and its shareholders. Defendants deny that they committed any violation of the federal securities laws, or any other violation of the law; deny that Plaintiffs or any of the Class Members suffered any damages; deny that they acted improperly in any way; believe that they acted properly at all times; maintain that they and the other members of the New Frontier Board and management complied with their fiduciary duties and obligations under the federal securities laws; maintain that they have complied with federal and state law; and maintain that they have committed no disclosure violations or any other breach of duty or wrongdoing in connection with the Merger

X.     Defendants enter into this Stipulation because they consider it desirable that the Action be settled and dismissed with prejudice in order to, among other things, eliminate the uncertainties, burden, and expense of further litigation, and finally put to

rest and terminate all of the claims which were or could have been asserted by Plaintiffs or the Class against Defendants or the Released Persons in the Action.  Nothing in this Stipulation shall be construed as an admission by Defendants of any wrongdoing, fault, liability or damages which, as noted above Defendants, expressly deny.

## II.   TERMS OF THE STIPULATION AND AGREEMENT OF SETTLEMENT

NOW, THEREFORE, IT IS HEREBY STIPULATED, CONSENTED TO AND AGREED by the Parties that, subject to the approval of the Court and pursuant to Federal Rule of Civil Procedure 23 and the conditions set forth in the Stipulation, for the good and valuable consideration conferred on Plaintiffs and the Class, the Action and the Released Claims shall be finally and fully compromised, settled, released, discharged, and dismissed with prejudice as set forth in this Stipulation.

### 1.   Certain Definitions

In addition to the terms defined elsewhere in the Stipulation, the following capitalized terms, used in the Stipulation, shall have the meanings specified below

(a)   "Authorized Claimants" means all Class Members who timely submit a valid Proof of Claim form to the Claims Administrator.

(b)   "Claims Administrator" means the administrator retained by Plaintiffs' Counsel on behalf of the Class with the approval of the Court to administer (i) distribution of the Printed Notice and Proof of Claim form to the Class, (ii) publication of the Summary Notice, and (iii) distribution of the Settlement Fund.

(c)      "Class" means all persons and/or entities who held shares of New Frontier common stock at any time from and including October 15, 2012 through and including November 27, 2012 (the "Class Period"), whether beneficially or of record, including the legal representatives, heirs, successors-in-interest, transferees, and assignees of all such foregoing holders, but excluding Defendants, New Frontier, LFP, the directors and executive officers of New Frontier who served in those capacities during the Class Period, and their legal representatives, heirs, successors-in-interest, transferees, and assignees.  Also excluded from the Class are those persons or entities who timely and properly request exclusion from the Class pursuant to the instructions set forth in the Notice approved through the Preliminary Approval Order, except that neither of the named Plaintiffs shall be entitled to seek exclusion from the Class.  Until such time as those persons or entities are excluded, they shall be treated as members of the Class.

(d)      "Class Member" means a member of the Class.

(e)      "Confidentiality Order" means the Stipulation and Protective Order governing the production and exchange of confidential information signed by the Court on March 3, 2014.

(f)      "Defendants" means New Frontier, Alan Isaacman, Melissa Hubbard, Walter Timoshenko and Hiram J. Woo.

(g)      "Defendants' Counsel" means the law firm of Jones & Keller, PC.

(h)     "Effective Date" means the first business day following the date the Judgment becomes Final.

(i)     "Fee and Expense Award" means an award to Plaintiffs' Counsel, approved by the Court, in full satisfaction of any and all claims for attorneys' fees and expenses that have been, could have been, or could be asserted by Plaintiffs' Counsel or counsel representing any other Class Member.

(j)     "Final" (when referring to the Judgment and/or the Settlement) means the date by which the Judgment shall have been entered by the Court and either:  (i) the time for an appeal from the Judgment has expired with no appeal taken; or (ii) if the Judgment is appealed, such appeal is dismissed or withdrawn, or the Judgment has been affirmed in all material respects and is no longer subject to further appeal or other review; provided however, that any dispute or appeal relating solely to (a) the amount, payment, or allocation among Plaintiffs' Counsel of attorneys' fees and expenses; (b) the amount, payment or allocation of any Incentive Award to Plaintiffs; or (c) the Plan of Allocation shall have no effect for purposes of determining the date on which the Judgment becomes Final and shall not otherwise prevent, limit or otherwise affect the Judgment, or prevent, hinder, limit, or delay entry of the Judgment.

(k)     "Incentive Award" means any award paid to Plaintiffs in this Action in connection with their efforts to prosecute this Action.

(l)     "Judgment" means the Order and Final Judgment to be entered by the Court in all material respects in the form attached hereto as Exhibit B.

(m)     "Net Settlement Fund" means the Settlement Fund less the Fee and Expense Award, Taxes and Tax Expenses and Plaintiffs' and the Class' share of the Notice and Administration Costs.

(n)     "Notice" means the Notice of Pendency and Proposed Settlement of Class Action attached as Exhibit C to this Stipulation (the "Printed Notice") and the Summary Notice attached as Exhibit D to this Stipulation.

(o)     "Notice and Administration Costs" means all costs and expenses associated with providing notice of the Settlement to the Class and administering the terms of the Settlement.

(p)     "Plaintiffs' Counsel" means the law firms of Levi & Korsinsky, LLP and Crane Dunham PLLC.

(q)     "Plan of Allocation" means the method by which the Net Settlement Fund shall be allocated among the Authorized Claimants as set forth in the Printed Notice, or such other allocation method as is approved by the Court.

(r)     Preliminary Approval Hearing" means the hearing that the Court may hold to decide whether to enter the Preliminary Approval Order.

(s)     "Preliminary Approval Order" means the order the Parties shall seek from the Court pursuant to Federal Rule of Civil Procedure 23, substantially in the form

attached hereto as Exhibit A, and providing for, among other things:  (i) approval of the form and method for the dissemination of the Printed Notice attached hereto as Exhibit C, together with the Proof of Claim form, attached hereto as Exhibit E; (ii) approval of the form and manner of distribution of the Summary Notice attached hereto as Exhibit D; (iii) the scheduling of the Settlement Hearing; and (iv) the setting of deadlines for filing objections, submitting requests from exclusion from the Class and submitting Proof of Claim forms.

(t)    "Proof of Claim form" means the proposed Proof of Claim and Release form to be submitted by Class Members, substantially in the form attached hereto as Exhibit E.

(u)    "Released Claims" means any and all claims which are based on, arise out of, result from, relate to, or involve, directly or indirectly, any of the actions, transactions, occurrences, statements, representations, misrepresentations, omissions, allegations, facts, practices, events, claims, or any other matters, things or causes whatsoever, that (i) were alleged, asserted, set forth, or claimed in the Action against the Released Persons; or (ii) could have been alleged, asserted, set forth, or claimed in the Action or in any other action, court (whether state or federal), tribunal, forum, or proceeding by the Releasors including, but not limited to, claims under any and all federal or state securities laws (including those within the exclusive jurisdiction of the federal courts), which arise out of the Class Members' status as former New Frontier stockholders, and which are based on,

arise out of, result from, relate in any way to, or involve, directly or indirectly:   the Tender Offer, the Merger; the New Frontier Board's recommendation of the Tender Offer and approval of the Merger; the New Frontier Board's consideration, or potential consideration, of the Merger and alternatives to the Merger; disclosures made to New Frontier stockholders in connection with the Tender Offer and Merger; the institution, prosecution, assertion, settlement, or resolution of the Action; or Class Members' ownership of New Frontier common stock during the Class Period; provided, however, that the Released Claims shall not include (i) the right of an Party to enforce the Stipulation; or (ii) any of Defendant's rights to (a) indemnification or (b) insurance coverage under applicable insurance policies.

(v)     "Released Persons" means Defendants, LFP and all their past or present directors, officers, shareholders or employees, any and all past or present direct or indirect affiliates, parents, subsidiaries, shareholders, general partners, limited partners, partnerships, members, associates, predecessors, or successors of New Frontier and LFP, and their respective officers, directors, managing directors, employees, agents, attorneys, advisors, insurers, accountants, auditors, trustees, financial advisors, lenders, investment bankers, representatives, heirs, executors, personal representatives, estates, administrators, predecessors, successors, and assigns of any of the foregoing.

(w)     "Releasors" means Plaintiffs, all other Class Members, and their respective counsel (including, without limitation, Plaintiffs' Counsel).

(x)     "Request for Exclusion Deadline" means the date by which Class Members must request to be excluded from, or opt out of, the Settlement.

(y)     "Settlement" means the settlement contemplated by and set forth in this Stipulation.

(z)     "Settlement Amount" means a total of $2,250,000.00 in cash, to be paid pursuant to Section 3.1 hereof.

(aa)    "Settlement Fund" means the Settlement Amount plus all interest earned thereon.

(bb)    "Settlement Fund Account" means the account which shall be maintained by the Settlement Fund Escrow Agent and into which the Settlement Amount shall be deposited.  The funds deposited into the Settlement Fund Account shall be invested in instruments backed by the full faith and credit of the United States Government or an agency thereof, or in an account fully insured by the United States Government or an agency thereof.

(cc)    "Settlement Fund Escrow Agent" means Levi & Korsinsky LLP or its successor(s).

(dd)    "Settlement Hearing" means the hearing that the Court shall hold to decide whether (i) the Settlement should be approved as fair, reasonable, and adequate; (ii) a Judgment approving the Settlement should be entered in accordance with the terms of the Stipulation; (iii) the Plan of Allocation should be approved as fair, reasonable, and

14

adequate; (iv) an award of attorneys' fees and expenses should be made to Plaintiffs' Counsel, and in what amount; and (v) an Incentive Award should be made to Plaintiffs.

(ee)    "Share" means a share of New Frontier common stock.

(ff)    "Unknown Claims" means any and all Released Claims that any Releasor does not know or suspect to exist in his, her, or its favor at the time of the release of the Released Claims against the Released Persons, including without limitation claims which if known by him, her, or it, might have affected his, her, or its decision(s) with respect to the Settlement.

## 2.    Notice of the Settlement Hearing

2.1    As soon as practicable after this Stipulation has been fully executed, the Parties shall apply to the Court for entry of the Preliminary Approval Order in substantially the form attached hereto as Exhibit A, providing for, among other things, (i) certification of the Class; (ii) preliminary approval of the Settlement set forth in this Stipulation; (iii) approval of the form and method of the dissemination of the Printed Notice attached hereto as Exhibit C, together with the Proof of Claim form; (iv) approval of the form and method of the publication of the Summary Notice attached hereto as Exhibit D; and (v) the scheduling of the Settlement Hearing to consider:   (A) the Settlement; (B) the joint request of the Parties that the Judgment be entered in all material respects in the form attached hereto as Exhibit B; (C) the Plan of Allocation of Settlement Proceeds; (D) Plaintiffs' Counsel's application for an award of attorneys' fees and

expenses; (E) Plaintiffs' application for an Incentive Award; (F) any objections to any of the foregoing; and (G) any other matters properly brought before the Court.

2.2     Plaintiffs' Counsel, with the assistance of the Claims Administrator and Defendants or their designee shall be responsible for providing Notice of the Settlement to the Class.   All Notice and Administration Costs shall be split equally between Defendants and the Settlement Fund, and Notice shall be provided in accordance with the Preliminary Approval Order.   Apart from funding the Settlement Amount as specified herein and their share of the Notice and Administration Costs, Defendants and the other Released Persons shall have no obligation whatsoever with respect to any expenses or costs incurred related to the notice and administration of the Settlement.

2.3     At the Settlement Hearing, the Parties shall jointly request that the Judgment be entered, and the Parties shall take all reasonable and appropriate steps to obtain entry of the Judgment in all material respects in the form attached hereto as Exhibit B.

### 3.     The Settlement Consideration

3.1     Defendants' insurers will cause the Settlement Amount to be paid into the Settlement Fund Account by check or wire payment within fourteen (14) days following the later of the date by which (i) the Court has entered the Preliminary Approval Order; and (2) Defendants' insurers have been provided with a copy of the Preliminary Approval Order, a payment address, wiring instructions, and the federal tax ID of the payee.

3.2     The Settlement Fund shall be administered by the Settlement Fund Escrow Agent and shall be used to pay Plaintiffs' and the Class' share of the Notice and Administration Costs, Taxes and Tax Expenses, and any Fee and Expense Award to Plaintiffs' Counsel and Incentive Award to Plaintiffs.

3.3     The Settlement Fund Escrow Agent shall invest the Settlement Amount deposited pursuant to Section 3.1 hereof in instruments backed by the full faith and credit of the United States Government or fully insured by the United States Government or an agency thereof, or in an account fully insured by the United States Government or an agency thereof, and shall reinvest the proceeds of these instruments as they mature in similar instruments at their then-current market rates.

3.4     The Settlement Fund Escrow Agent shall not disburse the Settlement Fund, except as provided in the Stipulation or by an order the Court.

3.5     All funds held by the Settlement Fund Escrow Agent shall be deemed and considered to be in *custodia legis* of the Court and shall remain subject to the jurisdiction of the Court, until such time as these funds are distributed pursuant to the Stipulation or any further order of the Court.

3.6     Following the later of the Effective Date or Final approval of the Plan of Allocation, the Net Settlement Fund shall be distributed by the Claims Administrator to the Authorized Claimants as follows:

(a)   The Net Settlement Fund shall be allocated on a per-Share basis in accordance with the Plan of Allocation among the Authorized Claimants who submitted to the Claims Administrator valid Proofs of Claim by the deadline provided in the Notice based on the number of Shares of New Frontier common stock held by each Authorized Claimant.  Notwithstanding the foregoing, Plaintiffs' Counsel shall have the discretion, but not the obligation, to accept late-submitted claims for processing so long as the distribution of the Net Settlement Fund is not materially delayed thereby, and Plaintiffs' Counsel shall have no liability for declining to accept any such late-submitted claims.

(b)   Each Class Member who submits a Proof of Claim shall be deemed to have submitted to the jurisdiction of the Court with respect to such Proof of Claim, and the Proof of Claim is subject to investigation and discovery provided that such investigation and discovery is limited to the Class Member's status as a Class Member and the validity and amount of the Class Member's Proof of Claim.  No discovery shall be allowed on the merits of the Action, or of the Settlement, in connection with the processing of Proofs of Claim.

(c)   Each Proof of Claim and Release form shall be submitted to and reviewed by the Claims Administrator, who shall determine in accordance with this Stipulation and the approved Plan of Allocation the extent, if any, to which each claim shall be allowed, subject to review by the Court pursuant to subparagraph 3.7(e) below;

18

(d)   Proof of Claim and Release forms that do not meet the submission requirements may be rejected.  Prior to rejection of a Proof of Claim and Release form, the Claims Administrator shall communicate with the claimant in order to remedy the curable deficiencies in the Proof of Claim and Release form submitted. The Claims Administrator shall notify, in a timely fashion and in writing, all claimants whose Proof of Claim and Release forms it proposes to reject in whole or in part, setting forth the reasons therefor, and shall indicate in such notice that the claimant whose claim is to be rejected has the right to a review by the Court if the claimant so desires and complies with the requirements of subparagraph 3.7(e) below;

(e)   If any claimant whose claim has been rejected in whole or in part desires to contest such rejection, the claimant must, within twenty (20) days after the date of mailing of the notice required in subparagraph 3.7(d) above, serve upon the Claims Administrator a notice and statement of reasons indicating the claimant's grounds for contesting the rejection, along with any supporting documentation, and requesting a review thereof by the Court.  If a dispute concerning a claim cannot be otherwise resolved, Plaintiffs' Counsel shall thereafter present the request for review to the Court; and

(f)   The Claims Administrator shall calculate the claims of Authorized Claimants in accordance with the Plan of Allocation.  Following the Effective Date, the Claims Administrator shall send to each Authorized Claimant his, her or its pro

19

rata share of the Net Settlement Fund.  No distributions will be made to Authorized Claimants who would otherwise receive a distribution of less than $10.00.

(g)   Any Class Member who does not submit a valid Proof of Claim will not be entitled to receive any distribution from the Net Settlement Fund, but otherwise will be bound by all of the terms of the Stipulation, Settlement, and Judgment, and the releases provided for in the Stipulation and the Judgment, and will be permanently barred and enjoined from bringing any action, claim, or other proceeding of any kind against the Released Persons with respect to the Released Claims.

(h)   Except as provided below in Section 6.5, Defendant shall not have a reversionary interest in the Net Settlement Fund.  If (whether by reason of tax refunds, uncashed checks, or otherwise) there is any balance remaining in the Net Settlement Fund after six (6) months from the date of the initial distribution made to Authorized Claimants (the "Initial Distribution"), Plaintiffs' Counsel shall, if feasible, distribute this balance among the Authorized Claimants who negotiated the checks sent to them in the Initial Distribution and who would receive a minimum of $10.00.   These distributions shall be repeated until the balance remaining in the Net Settlement Fund is *de minimis*.  Thereafter, any balance remaining in the Net Settlement Fund shall be donated to an appropriate non-profit organization selected by Plaintiffs' Counsel, subject to the Court's approval.

3.7     Defendant and the Released Persons shall have no input, responsibility, or liability for the Plan of Allocation or any claims, payments, or determinations by the Claims Administrator or by the Court pursuant to Section 3.7(e) hereof, in respect of Class Member claims for payment under the Settlement from the Net Settlement Fund.

3.8     The administration, distribution, and allocation of the Net Settlement Fund are matters separate and apart from the Settlement, and any decision, alteration, or modification to the administration, distribution, and allocation of the Net Settlement Fund shall not affect the validity or Finality of the Settlement, the Judgment or the Releases set forth in Section 5, hereof.

3.9     No Person shall have any claim against Plaintiffs, the Escrow Agent, Plaintiffs' Counsel, the Claims Administrator, or Defendants, Defendants' Counsel, or any of the Released Persons based on distributions made substantially in accordance with the Stipulation and the Settlement contained herein, the Plan of Allocation, or further order(s) of the Court

**4.     Taxes**

4.1     At all times, the Parties and the Settlement Fund Escrow Agent agree to treat the Settlement Fund as a "qualified settlement fund" within the meaning of Treas. Reg. §1.468B-1.  In addition, the Settlement Fund Escrow Agent shall timely make elections as necessary or advisable to carry out the provisions of Section 3 of the Stipulation, including, if necessary, the "relation-back election" (as defined in Treas. Reg.

§1.468B-1(j)(2)) back to the earliest permitted date. These elections shall be made in compliance with the procedures and requirements contained in the Treasury regulations promulgated under §1.46813 of the Internal Revenue Code of 1986, as amended (the "Code"). The Settlement Fund Escrow Agent is responsible for timely and properly preparing and delivering the necessary documentation for signature by all necessary parties and, thereafter, for causing the appropriate filing to occur.

4.2    For the purpose of §1.468B of the Code and the Treasury regulations promulgated thereunder, the Settlement Fund Escrow Agent shall be designated as the "administrator" of the Settlement Fund. The Settlement Fund Escrow Agent shall timely and properly file all informational and other tax returns necessary or advisable with respect to the Settlement Fund (including, without limitation, the returns described in Treas. Reg. §1.468B-2(k)). These returns (as well as the election described in Section 4.1 hereof) shall be consistent with Section 3 of the Stipulation and, in all events, shall reflect that all Taxes (as defined herein, including any estimated Taxes, interest, or penalties) on the income earned by the Settlement Fund shall be paid in accordance with Section 4.3 of this Stipulation.

4.3    The following shall be paid out of the Settlement Fund: (a) all Taxes (including any estimated Taxes, interest, or penalties) arising with respect to the income earned by the Settlement Fund, including any Taxes or tax detriments that may be imposed on the Released Persons with respect to any income earned by the Settlement

22

Fund for any period during which the Settlement Fund does not qualify as a "qualified settlement fund" for federal or state income tax purposes (the "Taxes"); and (b) all expenses and costs incurred in connection with the operation and implementation of this Section 4 of the Stipulation, including, without limitation, expenses incurred by tax attorneys or accountants and the mailing and distribution costs and expenses related to filing (or failing to file) the returns (the "Tax Expenses").  In no event shall the Released Persons have any responsibility for or liability with respect to the Taxes or Tax Expenses. The Settlement Fund Escrow Agent, through the Settlement Fund, shall indemnify and hold all Released Persons harmless for the Taxes and Tax Expenses (including, without limitation, Taxes payable by reason of any such indemnification).  Further, the Taxes and Tax Expenses shall be treated as, and considered to be, a cost of administration of the Settlement Fund and shall be timely paid by the Settlement Fund Escrow Agent out of the Settlement Fund without further consent from Defendant or order from the Court, but subject to a final accounting to the Court.  The Settlement Fund Escrow Agent shall be obligated (notwithstanding anything to the contrary in the Stipulation) to withhold from distribution to authorized claimants any funds necessary to pay these amounts, including the establishment of adequate reserves for the Taxes or Tax Expenses, as well as any amounts that may be required to be withheld under Treas. Reg. §1.468B-2(l)(2).  The Parties agree to cooperate with the Settlement Fund Escrow Agent, each other, and their

tax attorneys and accountants to the extent reasonably necessary to carry out the provisions of Section 4 of the Stipulation.

**5.      The Releases**

5.1      Upon entry of the Judgment, the Action shall be dismissed with prejudice, and without costs, except as provided in the Stipulation.

5.2      Upon the Effective Date, Releasors, on behalf of themselves, their legal representatives, heirs, executors, administrators, estates, predecessors, successors, predecessors-in-interest, successors-in-interest, affiliates and assigns, and any person or entity acting for or on behalf of, or claiming under, any of them, and each of them, shall be deemed to have, and by operation of the Judgment approving the Stipulation and Settlement, shall fully, finally, and forever release, settle, and discharge the Released Persons from all of the Released Claims (including, without limitation, any Unknown Claims), and shall be forever barred and enjoined from commencing, instituting, prosecuting, or continuing to prosecute any Released Claims against any of the Released Persons.

5.3      With respect to all of the Released Claims, the Parties stipulate and agree that, upon the Effective Date, Releasors waive, and shall be deemed to have, and by operation of the Judgment approving the Stipulation and Settlement, shall have expressly, waived, relinquished, and released all provisions, rights, and benefits conferred by Cal. Civ. Code §1542, which provides:

> A general release does not extend to claims which the creditor does not know or suspect to exist in his or her favor at the time of executing the release, which if known by him or her must have materially affected his or her settlement with the debtor.

And further, Releasors waive, and shall be deemed to have, and by operation of the Judgment approving the Stipulation and Settlement, shall have expressly, waived, relinquished, and released all provisions, rights, and benefits conferred by any law of any state or territory of the United States or any other jurisdiction, or principle of common or foreign law, which is similar, comparable, or equivalent to Cal. Civ. Code §1542. Releasors acknowledge, and shall be deemed to have acknowledged, that they may discover facts in addition to or different from those now known or believed to be true with respect to the Released Claims, but that it is the intention of the Parties, and by operation of law each of the Class Members, to completely, fully, finally, and forever extinguish all of the Released Claims, known or unknown, suspected or unsuspected, which now exist, or previously existed, or may in the future exist, and without regard to the subsequent discovery of additional or different facts.  The Parties acknowledge, and each of the Class Members by operation of law shall be deemed to have acknowledged, that the inclusion of "Unknown Claims" in the definition of Released Claims was separately bargained for and was a key element of the Settlement.

5.4    Upon the Effective Date, Defendants and their successors and assigns by operation of the Judgment approving the Stipulation and Settlement shall have fully, finally, and forever released, relinquished, and discharged Plaintiffs and Plaintiffs'

Counsel from all claims (including, without limitation, any Unknown Claims) arising out of, relating to, or in connection with, the institution, prosecution, assertion, settlement, or resolution of the Action.

6. **Conditions of the Settlement; Effect of Disapproval, Cancellation, or Termination**

6.1    The Settlement shall be subject to the following conditions, which the Parties shall use their best efforts to achieve:  (a) the Court enters the Preliminary Approval Order in all material respects in the form attached hereto as Exhibit A; (b) Defendants pay, or cause to be paid, the Settlement Amount to the Settlement Fund Account; (c) the Court enters the Judgment in all material respects in the form attached hereto as Exhibit B; (d) the Effective Date shall have occurred; (e) the Parties have not exercised their rights to terminate the Stipulation; and (f) the Parties have complied with their obligations set forth in the Stipulation.  For the avoidance of doubt, the scope of the Released Claims is a material term of the Stipulation and Settlement.  In the event that any action asserting a Released Claim is commenced by any Class Member or an existing action asserting a Released Claim is prosecuted by any Class Member against any of the Released Persons, Plaintiffs and Plaintiffs' Counsel shall assist Defendants in obtaining the dismissal or withdrawal of such related litigation including, where appropriate, joining in any motion to dismiss such litigation.

6.2    If, prior to the Settlement Hearing, anyone who otherwise would be a Class Member has requested exclusion from the Class on or before the Request for Exclusion

Deadline in accordance with the provisions of the Preliminary Approval Order and the Notice provided pursuant thereto, and those people held Shares in amounts greater than those specified in a Supplemental Agreement of even date herewith ("Supplemental Agreement"), Defendants shall have the option to terminate the Stipulation and Settlement.  The Supplemental Agreement and all of its terms are hereby incorporated into this Stipulation (and vice versa).  The Supplemental Agreement shall not be filed with the Court, except that the substantive content of the Supplemental Agreement may be brought to the attention of the Court, in camera, if so requested by the Court or as otherwise ordered by the Court.  The Parties shall keep the terms of the Supplemental Agreement confidential, unless they are directed by Court order to disclose them.

6.3    Class Members who wish to object to any aspect of the fairness, reasonableness, or adequacy of the Settlement and Stipulation, including, but not limited to, the award of attorneys' fees and expenses, must adhere to the requirements for objections set forth in Section 18 of the Preliminary Approval Order.  Any Class Member who fails to comply with such requirements shall waive and forfeit any and all rights he, she, or it may have to appear separately and/or object to the Settlement.  Notwithstanding the filing of any objection, and regardless of how such objection is resolved, all Class Members shall be bound by all proceedings, orders, and judgments related to the Stipulation unless they file a timely and valid request for exclusion from the Class.

6.4     The Parties each have the option to terminate the Settlement and Stipulation by providing written notice of their election to do so to the other Parties within ten (10) business days of the later of:  (a) the Court declining to enter the Preliminary Approval Order in any material respect; (b) Defendants' failure to pay or cause to be paid the Settlement Amount to the Settlement Fund Account as provided herein; (c) the Court declining to enter the Judgment in any material respect; or (d) a modification or reversal of the Judgment in any material respect on or following appellate review, remand, collateral attack, or other proceedings.  A modification or reversal on appeal of (a) the amount of fees, costs, and expenses awarded by the Court to Plaintiffs' Counsel or (b) the Plan of Allocation shall not constitute a material modification or reversal of the Judgment or the Stipulation.

6.5     If the Effective Date does not occur, the Stipulation is not approved, or it is canceled or terminated pursuant to its terms, or the Settlement and Judgment do not otherwise become Final for any reason, then the Settlement Fund deposited into the Settlement Fund Account shall be refunded (less any Notice and Administration Costs that have been incurred in accordance with this Stipulation) by the Settlement Fund Escrow Agent, at Defendants' direction, to such persons who contributed those funds on Defendants' behalf.

6.6     If the Effective Date does not occur, the Stipulation is not approved, or it is canceled or terminated pursuant to its terms, or the Settlement does not otherwise become

Final for any reason, the Parties shall revert to their respective litigation positions as of October 8, 2014.

### 7.    Attorneys' Fees and Expenses

7.1    Plaintiffs' Counsel may submit an application or applications ("Fee and Expense Application") for distributions from the Settlement Fund for: (a) an award of attorneys' fees not to exceed $750,000, plus (b) costs, charges and expenses in connection with prosecuting the Action.  Subject to the foregoing, Defendants will take no position with respect to the Fee and Expense Application.  The fees and expenses awarded shall be paid from the Settlement Fund and shall reduce the settlement consideration paid to the Authorized Claimants accordingly.  Other than funding the Settlement Amount as provided by Section 3.1 of this Stipulation and payment of one half of the cost of administering the Notice pursuant to Section 2, neither Defendants nor any of the other Released Persons will have any obligation to pay any part of the Fee and Expense Award or to pay any other fees or expenses to Plaintiffs' Counsel or counsel for any Class Member.

7.2    The attorneys' fees, expenses, charges, and costs, as awarded by the Court, shall be paid to Levi & Korsinsky LLP, as receiving agent for all Plaintiffs' Counsel, from the Settlement Fund, as ordered, immediately following the entry of orders by the Court finally approving the Settlement and awarding such fees and expenses.  This

provision shall apply notwithstanding timely objections to, potential for appeal from, or collateral attack on, the Settlement or the award of fees and expenses.

7.3     In the event (a) the Effective Date does not occur, (b) the Stipulation is disapproved, canceled, or terminated pursuant to its terms, (c) the Settlement and Judgment otherwise do not become Final for any reason, or (d) the Fee and Expense Award is disapproved, reduced, reversed, or otherwise modified as a result of any further proceedings including any successful collateral attack, then Plaintiffs' Counsel shall, within ten (10) days after Plaintiffs' Counsel receives notice of any of these events, return to the Settlement Fund Account, as applicable, either (a) the entirety of the Fee and Expense Award disbursed from the Settlement Fund, or (b) the amount by which the Fee and Expense Award has been reduced by court order.  Plaintiffs' Counsel's obligation to return funds as specified in this paragraph shall be joint and several.  Each Plaintiffs' Counsel, as a condition of receiving such fees, expenses and/or costs on behalf of itself and each partner and/or shareholder of such firm, agrees that its law firm and its partners and/or shareholders are subject to the jurisdiction of the Court for the purpose of enforcing the provision of this paragraph.  Without limitation, each Plaintiffs' Counsel agrees that the Court may, upon application of Defendant and notice to Plaintiffs' Counsel, summarily issue orders including, but not limited to, judgments and attachment orders and may make appropriate findings of or sanction for contempt, should such law firm fail timely to repay fees and expenses pursuant to this paragraph.

7.4     The disposition of the Fee and Expense Application is not a material term of the Stipulation, and it is not a condition of the Stipulation that such application be granted.   The Fee and Expense Application may be considered separately from the Stipulation.  Any disapproval or modification of the Fee and Expense Application by the Court or of the Fee and Expense Award on appeal shall not affect or delay the enforceability of the Stipulation, provide any of the Parties with the right to terminate the Settlement, or affect or delay the binding effect or Finality of the Judgment.   Final resolution of the Fee and Expense Application shall not be a condition to the dismissal, with prejudice, of the Action or the releases set forth in the Judgment.

7.5     Plaintiffs' Counsel shall allocate the Fee and Expense Award among Plaintiffs' Counsel in accordance with their agreement.  The Released Persons shall have no input on, or responsibility or liability for, the allocation by Plaintiffs' Counsel of the Fee and Expense Award.  Any attorney who receives any portion of the Fee and Expense Award before the Judgment is Final shall be subject to the Court's jurisdiction in connection with any proceeding or action concerning the return of any amounts under this Section 7 of the Stipulation.

7.6     Plaintiffs and Plaintiffs' Counsel shall not make or assist any other counsel in making any application for an award of fees or expenses from Defendants or any of the other Released Persons in any other jurisdiction.

31

7.7     Except as otherwise provided in the Stipulation, Defendants and the other Released Persons shall not be required to bear any other expenses, costs, damages, or fees alleged or incurred by Plaintiffs, any Class Member, or by any of their attorneys, experts, advisors, agents, or representatives.  Defendants and the other Released Persons shall have no responsibility for, and no liability with respect to, the allocation of fees or expenses among counsel for the Class Members and/or any other person who may assert a claim to the Fee and Expense Application.

**8.     Stay Pending Court Approval**

8.1     Pending the occurrence of the Effective Date, the Parties agree to stay the proceedings against Defendants in the Action and to stay and not initiate any other proceedings against Defendants other than those incident to the Settlement itself.

8.2     The Parties will request the Court to order (in the Preliminary Approval Order) that, pending final determination of whether the Settlement should be approved, Plaintiffs and all of the Class Members are barred and enjoined from commencing, prosecuting, instigating, or in any way participating in the commencement or prosecution of any action asserting any Released Claims, either directly, representatively, derivatively, or in any other capacity against Defendant or any of the Released Persons.

8.3     If, prior to entry of the Judgment, any action is filed or pursued in any court asserting a Released Claim against Defendants or any of the other Released Persons, the Parties agree to take all necessary action to seek a stay or dismissal of such action

32

pending entry of the Judgment, and to prevent and oppose entry of any interim or final relief in favor of any Class Member in such action.

## 9. Miscellaneous Provisions

9.1     All of the Exhibits attached to the Stipulation are material and integral parts of the Stipulation and shall be incorporated by reference as though fully set forth herein.

9.2     The Stipulation may not be amended or modified, and its provisions may not be waived, except by a written instrument signed by Plaintiffs' Counsel and Defendants' Counsel, or their respective successors-in-interest.

9.3     The headings in the Stipulation are used for the purpose of convenience only and are not intended to have any legal effect.

9.4     The Parties represent and agree that the terms of the Settlement were negotiated at arm's length and in good faith, and reflect an agreement that was reached voluntarily, based on adequate information and discovery, and after consultation with experienced legal counsel.

9.5     The Parties covenant and agree that the Stipulation, and the fact or any terms of the Settlement, or any communications relating thereto, are not evidence, admissions, or concessions by any of the Parties or their counsel, any Class Member, or any Released Party or Releasor, of any fault, liability, or wrongdoing whatsoever, as to any facts or claims alleged or asserted in the Action, or any other actions or proceedings, or as to the validity or merit of any of the claims or defenses alleged or asserted in any of

those actions or proceedings.  The Stipulation does not constitute a finding or evidence of the validity or invalidity of any claims or defenses in the Action, any wrongdoing by Plaintiffs, Defendant, any Class Member, or any Released Party or Releasor, or any damages or injury to Plaintiffs, Defendant, any Class Member, or any Released Party or Releasor.  The Stipulation and its terms and provisions, the negotiations or proceedings that took place in connection with the Stipulation, the documents or statements referred to in the Stipulation, the Settlement and the fact of it, the Settlement negotiations or proceedings, and any documents or statements exchanged in connection with the Settlement shall not (a) be argued to be, used or construed as, offered or received in evidence as, or otherwise constitute an admission, concession, presumption, proof, evidence, or a finding of any liability, fault, wrongdoing, injury or damages, or of any wrongful conduct, acts, or omissions on the part of any of the Released Persons or Releasors, or of any infirmity of any defense, or of any damage to Plaintiffs or any Class Member; (b) otherwise be used to create or give rise to any inference or presumption against any of the Released Persons or Releasors concerning any fact or any purported liability, fault, or wrongdoing of the Released Persons or Releasors or any injury or damages to any person or entity; or (c) otherwise be admissible, referred to, or used in any proceeding of any nature, for any purpose whatsoever, provided, however, that the Stipulation and Judgment may be introduced in any proceeding in this or any other court, subject to Fed. R. Evid. 408 and any law corollaries thereto, as may be necessary to (i)

argue and establish that the Stipulation and Judgment have *res judicata*, collateral estoppel, or other issue or claim preclusion effects, (ii) otherwise consummate or enforce the Settlement and Judgment, or (iii) secure any insurance rights or proceeds of any of the Released Persons or as otherwise required by law.

9.6    The consummation of the Settlement as embodied in the Stipulation shall be under the authority of the Court, and the Court shall retain jurisdiction for the purpose of entering orders providing for an award of attorneys' fees and expenses to Plaintiffs' Counsel and enforcing the terms of the Stipulation.

9.7    Without further order of the Court, the Parties may agree to reasonable extensions of time to carry out any of the provisions of the Stipulation.

9.8    To the extent permitted by law, all agreements made and orders entered during the course of the Action relating to the confidentiality of documents or information, including, without limitation, the terms of the Confidentiality Order (including, without limitation, paragraph 19 thereof), shall survive the Stipulation and dismissal of the Action.

9.9    The waiver by the Parties of any breach of the Stipulation shall not be deemed a waiver of any other previous or subsequent breach of any provision of the Stipulation.

9.10    The Stipulation, its Exhibits, and the Supplemental Agreement constitute the entire agreement among the Parties and supersede any previous agreements among

the Parties with respect to the Settlement.  No representations, warranties, or inducements have been made to or relied upon by any Party concerning the Stipulation and its Exhibits, other than the representations, warranties, and covenants expressly set forth in the Stipulation and its Exhibits.

9.11   The Stipulation may be executed in one or more counterparts, including by facsimile and electronic mail.

9.12   The Parties and their respective counsel of record agree that they will use their reasonable best efforts to obtain all necessary approvals of the Court required by the Stipulation, including, but not limited to, their reasonable best efforts to resolve any objections raised to the Settlement, and to promptly agree on and execute all of the documents that may reasonably be required to obtain the Court's final approval of the Settlement.

9.13   Plaintiffs and Plaintiffs' Counsel represent and warrant that Plaintiffs are Class Members and that none of Plaintiffs' claims or causes of action referred to in the Stipulation have been assigned, encumbered, or otherwise transferred in any manner, in whole or in part and neither of Plaintiffs shall seek to be excluded from the Class or the Settlement.

9.14   Each counsel signing the Stipulation represents and warrants that he or she has been duly empowered and authorized to sign the Stipulation on behalf of his or her client(s).

9.15    The Stipulation shall not be construed more strictly against one Party than another merely because the Stipulation, or any part of it, may have been drafted by counsel for one of the Parties.  The Parties recognize that the Stipulation is the result of arm's-length negotiations between the Parties and that all Parties have contributed substantially and materially to the preparation of the Stipulation.

9.16    The Stipulation is and shall be binding on and shall inure to the benefit of the Released Persons and the Releasors and their respective legal representatives, heirs, executors, administrators, transferees, successors, and assigns of all such foregoing persons and entities and on any corporation, partnership, or other entity into or with which any party may merge, consolidate, or reorganize.

9.17    The Stipulation, Settlement, and any disputes among the Parties arising out of or relating in any way to the Stipulation or Settlement, whether in contract, tort or otherwise, shall be governed by and construed in accordance with the laws of the State of Colorado, without regard to conflicts of law principles.  Any action or proceeding to enforce any of the terms of the Stipulation or Settlement, or any other action or proceeding among the Parties arising out of or relating in any way to the Stipulation or the Settlement (a) shall be brought, heard, and determined exclusively in the Court, which shall retain jurisdiction over the Parties and all such disputes, provided that, in the event subject matter jurisdiction is unavailable in the Court, then any such action or proceeding shall be brought, heard, and determined exclusively in any other state or federal court

sitting in Colorado; and (b) shall not be litigated or otherwise pursued in any forum or venue other than the Court, or, if subject matter jurisdiction is unavailable in the Court, then in any forum or venue other than any other state or federal court sitting in Colorado. Each Party to the Stipulation (a) consents to personal jurisdiction in any such action brought in this Court, but not in any other action; (b) consents to service of process by registered mail on such party or such party's agent; (c) waives any objection to venue in the Court and any claim that the Court or the State of Colorado is an inconvenient forum; and (d) expressly waives any right to demand a jury trial as to any dispute described in this paragraph.  In any action or proceeding brought to enforce the Settlement or the Stipulation, the prevailing party shall be entitled to recovery its reasonable attorneys' fees and expenses actually incurred in connection with such action or proceeding.

IN WITNESS WHEREOF, the parties hereto have caused the Stipulation to be executed, by their duly authorized attorneys, dated as of April 27, 2015

DATED:  April 27, 2015

By: _____
Jeffrey A. Berens
Darby K. Kennedy
DYER & BERENS LLP
303 East 17th Avenue, Suite 810
Denver, CO  80203
(303) 861-1764

*Liaison Counsel for Plaintiffs Craig Telke and William Douglas Moreland*

38

By:_____

    Shannon L. Hopkins
    Stephanie Bartone
    LEVI & KORSINSKY, LLP
    30 Broad Street, 24th Floor
    New York, NY 10004
    (212) 363-7500

*Attorneys for Plaintiff Craig Telke*


By:_____
    Stephen J. Crane
    CRANE DUNHAM PLLC
    2121 Fifth Avenue
    Seattle, WA 98121
    (206) 292-9090

*Attorneys for Plaintiff Douglas Moreland*



By: _____
    Stuart N. Bennett
    Aaron D. Goldhamer
    JONES AND KELLER, P.C.
    1999 Broadway, Suite 3150
    Denver, CO 80202
    (303) 573-1600

*Attorneys for Defendants New Frontier
Media, Inc., Alan Isaacman, Melissa
Hubbard, Hiram J. Woo, and Walter
Timoshenko*

4847-3915-7539, v. 1

By: _____
     Shannon L. Hopkins
     Stephanie Bartone
     LEVI & KORSINSKY, LLP
     30 Broad Street, 24th Floor
     New York, NY 10004
     (212) 363-7500

*Attorneys for Plaintiff Craig Telke*

By: _____
     Stephen J. Crane
     CRANE DUNHAM PLLC
     2121 Fifth Avenue
     Seattle, WA 98121
     (206) 292-9090

*Attorneys for Plaintiff Douglas Moreland*

By: _____
     Stuart N. Bennett
     Aaron D. Goldhamer
     JONES AND KELLER, P.C.
     1999 Broadway, Suite 3150
     Denver, CO 80202
     (303) 573-1600

*Attorneys for Defendants New Frontier Media, Inc., Alan Isaacman, Melissa Hubbard, Hiram J. Woo, and Walter Timoshenko*

4847-3915-7539, v. 1

# Exhibit A

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 1:12-cv-02941-JLK

CRAIG TELKE, and
WILLIAM DOUGLAS MORELAND,
Individually and on Behalf of All Others Similarly Situated,

       Plaintiffs,

v.

NEW FRONTIER MEDIA, INC.,
ALAN ISAACMAN,
MELISSA HUBBARD,
HIRAM J. WOO, and
WALTER TIMOSHENKO,

       Defendants.

_____

**[PROPOSED] ORDER PRELIMINARILY APPROVING SETTLEMENT AND
PROVIDING FOR NOTICE TO THE CLASS**

_____

The Parties,[1] having applied for an order seeking preliminary approval of a

settlement of the above-captioned action, preliminary certification of a class for

settlement purposes, approval of the form and manner of notice to be provided to the

Class (as defined herein), and a determination of other matters in connection with the

Court's consideration of the proposed settlement of the Action (the "Settlement"), in

accordance with the Stipulation;

_____

[1]    Capitalized terms (other than proper nouns) that are not defined herein shall have
the meanings set forth in the Stipulation of Settlement entered into by the Parties on
March __, 2015("Stipulation").

NOW, upon consent of the Parties, after review and consideration of the Stipulation filed with the Court and the Exhibits annexed thereto, and after due deliberation,

IT IS HEREBY ORDERED, ADJUDGED AND DECREED THAT:

1.      Pursuant to Rules 23(a) and 23 (b)(3) of the Federal Rules of Civil Procedure ("FRCP"), the Court certifies this Action as class action for purposes of settlement, on behalf of a class consisting of all persons and/or entities who held shares of New Frontier Media, Inc. ("New Frontier") common stock at any time from and including October 15, 2012 through and including November 27, 2012 (the "Class Period"), whether beneficially or of record, including the legal representatives, heirs, successors-in-interest, transferees, and assignees of all such foregoing holders, but excluding Defendants, New Frontier, LFP, the directors and executive officers of New Frontier who served in those capacities during the Class Period, and their legal representatives, heirs, successors-in-interest, transferees, and assignees (the "Class").

2.      Plaintiffs Craig Telke and William Douglas Moreland ("Plaintiffs") are appointed as class representatives, and the law firms of Levi & Korsinsky, LLP, Crane Dunham PLLC and Dyer & Berens LLP ("Plaintiffs' Counsel") are appointed as counsel for the Class.

3.      The Court preliminarily finds that the requirements of FRCP 23(a) and 23 (b)(3) have been met in that:

(a)     The members of the Class ("Class Members") are so numerous that joinder of all Class Members is impracticable;

(b)     There are questions of law and fact common to the Class;

(c)     Plaintiffs' claims are typical of the Class;

(d)     Plaintiffs will fairly and adequately represent the Class for purposes of the Settlement;

(e)     Questions of law common to the Class Members predominate over any questions affecting only individual Class Members; and

(f)     A class action is superior to other available methods for the fair and efficient adjudication of the controversy.

4.     The Court preliminarily approves the Stipulation, including all Exhibits thereto, and the Settlement set forth therein, and preliminarily finds that the Settlement is sufficiently fair, reasonable, adequate, and in the best interests of the Class to warrant notice to the Class and scheduling a fairness hearing, at which time the Court will hear any objections (subject to the procedures described below) and consider whether to give final approval to the Settlement.

5.     A hearing (the "Settlement Hearing") shall be held on _____, at __:___ __.m. before the Honorable John L. Kane of United States District Court for the District of Colorado, Alfred A. Arraj United States Courthouse, 901 19th Street, Denver, Colorado 80294, Courtroom A802 to:

3

(a)     Determine whether the Court should grant final approval of the proposed Settlement on the terms and conditions provided for in the Stipulation as fair, reasonable, and adequate and in the best interests of the members of the Class;

(b)     Determine whether the Court should approve the Plan of Allocation of settlement proceeds as fair, reasonable, and adequate;

(c)     Determine whether judgment should be entered pursuant to the Stipulation, inter alia, dismissing the Action and the Released Claims as to the Released Persons with prejudice as against Plaintiffs and the Class, releasing the Released Claims, and barring and enjoining prosecution of any and all Released Claims;

(d)     Consider the application of Plaintiffs' Counsel for an award of attorneys' fees and expenses;

(e)     Consider the application of Plaintiffs for an incentive award;

(f)     Hear objections, if any, made to the Settlement or any of its terms or Plaintiffs' Counsel's application for an award of fees and expenses or Plaintiffs' application for an incentive award; and

(g)     Hear and determine other matters relating to the proposed Settlement.

6.     The Court reserves the right to adjourn the Settlement Hearing or any part thereof, including the consideration of the application for attorneys' fees and expenses,

without further notice of any kind other than oral announcement at the Settlement Hearing or any adjournment thereof.

7.     The Court reserves the right to approve the Settlement at or after the Settlement Hearing with such modifications as may be consented to by the parties to the Stipulation and without further notice to the Class.

8.     The Court appoints the firm _____ ("Claims Administrator") to supervise and administer the notice procedure as well as the processing of claims as more fully set forth below.

9.     The Court approves, in form and content, the Notice of Pendency and Proposed Settlement of Class Action, substantially in the form attached as Exhibit C to the Stipulation (the "Notice"), the Proof of Claim and Release form ("Proof of Claim"), substantially in the form attached as Exhibit E to the Stipulation, and the Summary Notice, substantially in the form attached as Exhibit D to the Stipulation, and finds that the mailing and distribution of the Notice, Proof of Claim form, and Summary Notice, as set forth in paragraph 11 below, will fully satisfy the requirements of FRCP 23, due process and applicable law, is the best notice practicable, and shall constitute due and sufficient notice of the Settlement and Settlement Hearing and all other matters referred to in the Notice and Summary Notice to all persons entitled to receive such notice. Plaintiffs or the Claims Administrator shall, no later than ten (10) days before the

Settlement Hearing, file with the Court proof, by affidavit or declaration, of such distribution of the Notice, Proof of Claim form and the Summary Notice.

10.     As soon as practicable following entry of this Order, Defendant shall cause a list of names and addresses of record holders of New Frontier common stock during the Class Period on the transfer agent's books to be provided to the Claims Administrator, in an electronic format acceptable to the Claims Administrator.

11.     Within fourteen (14) days following entry of this Order, Plaintiffs or the Claims Administrator shall:   (i) publish a copy of the Summary Notice once in the Denver Post, once in the *Investor's Business Daily*, and once electronically via *PR Newswire* or another suitable online newswire; (ii) cause a copy of the Notice and Proof of Claim form to be mailed by United States mail, postage pre-paid, to all members of the Class who can be identified with reasonable effort, at their last known addresses appearing in the stock transfer records maintained by or on behalf of New Frontier and (iii) post a copy of the Notice and Proof of Claim on the Claims Administrator's website. All record holders in the Class who were not also the beneficial owners of common shares of New Frontier stock ("Shares") are directed to forward the Notice and Proof of Claim form to the beneficial owners of those Shares or to provide the Claims Administrator with a list of the names and addresses of beneficial owners of such Shares within five (5) business days after receipt of the Notice.  The Claims Administrator shall use reasonable efforts to give notice to such beneficial owners of Shares by (a) making

additional copies of the Notice and Proof of Claim form available to any record holders who, prior to the Settlement Hearing, request the same for the purpose of distribution to such beneficial owners of Shares, and/or (b) mailing copies of the Notice and Proof of Claim form to beneficial owners of Shares whose addresses have been provided to the Claims Administrator by the record holders of such Shares.

12.     All members of the Class (except Persons who request exclusion pursuant to paragraph 16 below and satisfy the terms thereof) shall be bound by all determinations and judgments in the Action concerning the Settlement, including, but not limited to, the releases provided for therein, whether favorable or unfavorable to the Class, regardless of whether such Persons seek or obtain by any means, including, without limitation, by submitting a Proof of Claim form or any similar document, any distribution from the Settlement Fund or the Net Settlement Fund.

13.     Class Members who wish to participate in the Settlement shall complete and submit the Proof of Claim form in accordance with the instructions contained therein. Unless the Court orders otherwise, all Proof of Claim forms must be postmarked or submitted electronically no later than ninety (90) calendar days from the Notice Date. Any Class Member who does not submit a Proof of Claim form within the time provided shall be barred from sharing in the distribution of the proceeds of the Net Settlement Fund, unless otherwise ordered by the Court, but shall nevertheless be bound by any final judgment entered by the Court.  Notwithstanding the foregoing, Plaintiffs' Counsel shall

have the right, but not the obligation, to accept late-submitted claims for processing by the Claims Administrator so long as distribution of the Net Settlement Fund is not materially delayed thereby.  Plaintiffs' Counsel shall have no liability for rejecting late-submitted claims as untimely.

14.     The Proof of Claim form submitted by each Class Member must satisfy the following conditions, unless otherwise ordered by the Court: (i) it must be properly completed, signed and submitted in a timely manner in accordance with the provisions of the preceding subparagraph; (ii) it must be accompanied by adequate supporting documentation for the transactions reported therein, in the form of broker confirmation slips, broker account statements, an authorized statement from the broker containing the transactional information found in a broker confirmation slip, or such other documentation as is deemed adequate by Plaintiffs' Counsel; (iii) if the person executing the Proof of Claim form is acting in a representative capacity, a certification of his, her, or its current authority to act on behalf of the Class Member must be included in the Proof of Claim form; and (iv) the Proof of Claim form must be complete and contain no material deletions or modifications of any of the printed matter contained therein and must be signed under penalty of perjury.

15.     Any member of the Class may enter an appearance in the Action, at his, her, or its own expense, individually or through counsel of their own choice.  If they do not enter an appearance, they will be represented by Plaintiffs' Counsel.

16.     Any Person falling within the definition of the Class may, upon request, be excluded or "opt-out" from the Class.  Any such Person must submit to the Claims Administrator a request for exclusion ("Request for Exclusion"), by First-Class Mail, or hand-delivered such that it is received no later than twenty-one (21) calendar days before the Settlement Hearing.  A Request for Exclusion must be signed and state (a) the name, address, and telephone number of the Person requesting exclusion; (b) the Person's holdings in New Frontier common stock between October 15, 2012 and November 27, 2012, inclusive; and (c) that the Person wishes to be excluded from the Class.  All Persons who submit valid and timely Requests for Exclusion in the manner set forth in this paragraph shall have no rights under the Stipulation, shall not share in the distribution of the Net Settlement Fund, and shall not be bound by the Stipulation or any final judgment.

17.     Plaintiffs' Counsel shall cause to be provided to Defendant's counsel copies of all Requests for Exclusion, and any written revocation of Requests for Exclusion, as expeditiously as possible and in any event not less than ten (10) calendar days prior to the Settlement Hearing.

18.     Any member of the Class who objects to the proposed Settlement, the Plan of Allocation, or the application for attorneys' fees and expenses and incentive awards may appear at the Settlement Hearing in person or through counsel to show cause why the Settlement, the Plan of Allocation, or the application for attorneys' fees and expenses

or incentive award should not be approved, or otherwise request to be heard concerning

the Settlement.  However no person or entity (other than the Parties and their counsel)

may be heard at the Settlement Hearing, and no papers, briefs, pleadings, or other

documents submitted by any person or entity shall be considered by the Court unless, not

later than ten (10) business days prior to the Settlement Hearing, such person or entity

files with the Court and serves upon each of the counsel listed below:  (a) a written notice

of the intention to appear; (b) proof of membership in the Class; (c) a detailed summary

of his, her, or its objections to any matter before the Court; (d) the grounds therefor or the

reasons why he, she, or it desires to appear and to be heard; and (e) all documents and

writings which he, she, or it wants the Court to consider.  The above-described papers

must be (a) filed with the Court and (b) served by hand delivery or overnight mail on the

following counsel of record not later than ten (10) business days prior to the Settlement

Hearing:

| **Plaintiffs' Counsel:** | **Defendant's Counsel:** |
|---|---|
| LEVI & KORSINSKY, LLP | JONES AND KELLER, P.C. |
| Shannon L. Hopkins | Stuart N. Bennett |
| 733 Summer Street, Suite 304 | 1999 Broadway, Suite 3150 |
| Stamford, CT 06901 | Denver, CO 80202 |
| | |
| CRANE DUNHAM PLLC | |
| 2121 Fifth Avenue | |
| Seattle, WA 98121 | |

Any member of the Class who fails to make his, her, or its objection(s) in the

manner provided herein shall be deemed to have waived such objection(s) (including any

10

right of appeal) and shall be forever barred from making any such objection(s), including, without limitation, any objection to the fairness or adequacy of the proposed Settlement, the Plan of Allocation or Plaintiffs' Counsel's attorneys' fees and expenses unless otherwise ordered by the Court.

19.     All funds held by the Escrow Agent shall be deemed and considered to be in *custodia legis* and shall remain subject to the jurisdiction of the Court until such time as such funds shall be distributed pursuant to the Stipulation and/or further order(s) of the Court.

20.     All papers in support of the Settlement, Plan of Allocation, and any application by Plaintiffs' Counsel for attorneys' fees, costs, expenses and incentive awards shall be filed and served no later than twenty-one (21) calendar days prior to the Settlement Hearing and any responsive papers shall be filed and served no later than seven (7) calendar days prior to the Settlement Hearing.

21.     The Released Persons shall have no responsibility for the Plan of Allocation or any application for attorneys' fees, costs, or expenses submitted by Plaintiffs' Counsel, and such matters will be considered separately from the fairness, reasonableness, and adequacy of the Settlement.

22.     At or after the Settlement Hearing, the Court shall determine whether the Plan of Allocation proposed by Plaintiffs' Counsel, and any application for attorneys' fees, costs, and expenses, should be approved.

23.     All reasonable expenses incurred in identifying and notifying Class Members as well as administering the Settlement Fund shall be paid as set forth in the Stipulation.  In the event the Court does not approve the Settlement, or it otherwise fails to become effective, neither Plaintiffs nor any of their counsel shall have any obligation to repay any amounts actually and properly incurred or disbursed pursuant to paragraphs 3.6 and 4.3 of the Stipulation.

24.     All proceedings in this Action, other than such proceedings as may be necessary to carry out the terms and conditions of the Settlement, are hereby stayed and suspended until further order of this Court.  All members of the Class are preliminarily enjoined from commencing, prosecuting, instigating, or in any way participating in the commencement or prosecution of any action or claim for relief asserting or relating to any of the Released Claims.

25.     If the Settlement, including any amendment made in accordance with the Stipulation, is not approved by the Court or the Effective Date of the Settlement fails to occur for any reason whatsoever, the Stipulation (including any modification thereof) and any actions taken or to be taken in connection therewith (including this Preliminary Approval Order and any judgment entered herein) shall be terminated and shall become null and void and of no further force and effect, and neither the Stipulation, nor any provision contained therein, nor any action undertaken pursuant thereto, nor the negotiation thereof by any Party, shall be deemed an admission or offered or received as

evidence at any proceeding in this Action or any other action or proceeding, and the Parties shall be deemed to have reverted to their respective litigation positions in the Action as of October 8, 2014.

26.     In any event, neither the Stipulation, nor any provisions contained therein, nor any negotiations, statements, or proceedings in connection therewith, shall be construed as, or deemed to be evidence of, an admission or concession on the part of any of the Parties, members of the Class, or any other person or entity of any liability or absence of liability as to any claim alleged or asserted in the Action or otherwise, and shall not be offered or received in evidence in any action or proceeding (except in an action or proceeding to enforce the terms and conditions of the Stipulation, Settlement, or Judgment), or be used in any way as an admission, concession, or evidence of the existence or absence of any liability or wrongdoing of any nature, and shall not be construed as, or deemed to be evidence of, an admission or concession that Plaintiffs, Plaintiffs' Counsel, or the members of the Class, or any present or former shareholders of New Frontier, or any other person or entity, has or has not suffered any damage.

27.     If the Settlement provided for in the Stipulation shall be approved by the Court following the Settlement Hearing, an Order and Final Judgment shall be entered substantially in the form attached as Exhibit B to the Stipulation.

28.     The Court may, for good cause, extend any of the deadlines set forth in this Order without further notice to the Class Members.   The Court may approve the

Settlement, with such modifications as may be agreed to by the Parties, if appropriate, without further notice to the Class.

29.    The Court retains exclusive jurisdiction over this Action to consider all further matters arising out of or connected with the proposed Settlement.

SO ORDERED this _____ day of _____, 2015.

_____
HON. JOHN L. KANE
U.S. DISTRICT JUDGE

4834-1487-1587, v.  1

14

# Exhibit B

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

Civil Action No. 1:12-cv-02941-JLK

CRAIG TELKE, and
WILLIAM DOUGLAS MORELAND,
Individually and on Behalf of All Others Similarly Situated,

      Plaintiffs,

v.

NEW FRONTIER MEDIA, INC.,
ALAN ISAACMAN,
MELISSA HUBBARD,
HIRAM J. WOO, and
WALTER TIMOSHENKO,

      Defendants.

_____

## ORDER AND FINAL JUDGMENT
_____

A hearing having been held before this Court on _____, pursuant to the Court's order dated _____, 2015 (the "Preliminary Approval Order"), upon a Stipulation of Settlement dated April 27, 2015 (the "Stipulation") filed in the above-captioned consolidated action (the "Action"), which, along with the Preliminary Approval Order, is incorporated herein by reference; it appearing that due notice of said hearing has been given in accordance with the Preliminary Approval Order; the respective parties having appeared by their attorneys of record; the Court having heard

and considered evidence in support of the proposed settlement (the "Settlement") set forth in the Stipulation; the attorneys for the respective parties having been heard; an opportunity to be heard having been given to all other persons requesting to be heard in accordance with the Preliminary Approval Order; the Court having determined that notice to the Class (as defined herein) was the best notice practicable under the circumstance and constitutes due and sufficient notice, meeting the requirements of Federal Rule of Civil Procedure 23 and due process; and the entire matter of the proposed Settlement having been heard and considered by the Court;

IT IS HEREBY ORDERED, ADJUDGED AND DECREED THAT:

1.      Except for terms defined herein, the Court adopts and incorporates the definitions of terms set forth in the Stipulation.

2.      This Court has jurisdiction over the subject matter of the Action and over all Parties to the Action, including all members of the Class.

3.      The Notice has been given to the Class pursuant to and in the manner directed by the Preliminary Approval Order.  Proof of the mailing of the Notice and Proof of Claim form and publication of the Summary Notice has been filed with the Court and full opportunity to be heard has been offered to all parties to the Action, the Class, and persons in interest.  The form and manner of the Notice, and the mailing, distribution, and publication of the Notice are hereby determined to have been the best notice practicable under the circumstances and to have been given in full compliance with each of the

2

requirements of Federal Rule of Civil Procedure 23, due process, and applicable law, and it is further determined that all members of the Class ("Class Members") are bound by the Order and Final Judgment herein.

4.     Based on the record of the Action, this Court expressly and conclusively finds, pursuant to Federal Rules of Civil Procedure 23(a) and 23(b)(3), as follows:

(a)     that the requirements of Federal Rule of Civil Procedure 23(a) have been satisfied in that:  (i) the Class is so numerous that joinder of all Class Members is impracticable; (ii) there are questions of law and fact common to the Class; (iii) the claims of Plaintiffs are typical of the Class; and (iv) Plaintiffs and their counsel have fairly and adequately protected the interests of the Class; and

(b)     that the requirements of Federal Rule of Civil Procedure 23(b)(3) have also been satisfied in that:  (i) the questions of law or fact common to the Class Members predominate over any questions affecting only individual Class Members; and (ii) a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

5.     The Action is finally certified as a class action for settlement purposes pursuant to Federal Rules of Civil Procedure 23(a) and 23(b)(3) on behalf of the Class, which is defined as:

> All persons and/or entities who held shares of New Frontier Media, Inc. ("New Frontier") common stock at any time from and including October 15, 2012 through and including November 27, 2012 (the "Class Period"), whether beneficially or of record, including the legal representatives, heirs, successors-in-interest, transferees, and assignees of all such foregoing holders, but excluding Defendants, LFP Broadcasting, LLC, the directors

3

and executive officers of New Frontier who served in those capacities during the Class Period, and their legal representatives, heirs, successors-in-interest, transferees, and assignees.  The persons and/or entities listed in Attachment 1 to this Order and Final Judgment have properly excluded themselves and are not members of the Class.

6.      Plaintiffs Craig Telke and William Douglas Moreland ("Plaintiffs") are finally appointed as class representatives, and the law firms of Levi & Korsinsky, LLP, Crane Dunham PLLC and Dyer & Berens LLP ("Plaintiffs' Counsel") are finally appointed as counsel for the Class.

7.      The Stipulation and the terms of the Settlement as described in the Stipulation and the Notice are found to be fair, reasonable, adequate, and in the best interests of the Class, and are hereby approved pursuant to Federal Rule of Civil Procedure 23(e).  The parties are hereby authorized and directed to comply with and to consummate the Settlement in accordance with the terms and provisions set forth in the Stipulation, and the Court Clerk is directed to enter and docket this Order and Final Judgment in this Action.

8.      This Order and Final Judgment shall not constitute any evidence or admission by any party herein that any acts of wrongdoing have been committed by any of the parties to the Action and should not be deemed to create any inference that there is any liability therefor.

9.      The Action is hereby dismissed with prejudice on the merits, as against Defendants and, except as provided herein, without costs.

10.     Upon the Effective Date, Plaintiffs, each and every Class Member, other than those listed on Exhibit A hereto, and their respective counsel, including, without limitation, Plaintiffs' Counsel, (the "Releasors") will have completely, fully, finally, and forever compromised, settled, released, discharged, extinguished, relinquished, and dismissed with prejudice any and all claims which are based on, arise out of, result from, relate to, or involve, directly or indirectly, any of the actions, transactions, occurrences, statements, representations, misrepresentations, omissions, allegations, facts, practices, events, claims, or any other matters, things or causes whatsoever, that (i) were alleged, asserted, set forth, or claimed in the Action against the Released Persons; or (ii) could have been alleged, asserted, set forth, or claimed in the Action or in any other action, court (whether state or federal), tribunal, forum, or proceeding by the Releasors including, but not limited to, claims under any and all federal or state securities laws (including those within the exclusive jurisdiction of the federal courts), which arise out of the Class Members' status as former New Frontier stockholders, and which are based on, arise out of, result from, relate in any way to, or involve, directly or indirectly:   the Tender Offer, the Merger; the New Frontier Board's recommendation of the Tender Offer and approval of the Merger; the New Frontier Board's consideration, or potential consideration, of the Merger and alternatives to the Merger; disclosures made to New Frontier stockholders in connection with the Tender Offer and the Merger; the institution, prosecution, assertion, settlement, or resolution of the Action; or Class Members'

ownership of New Frontier common stock during the Class Period; provided, however, that the Released Claims shall not include (i) the right of an Party to enforce the Stipulation; or (ii) any of Defendant's rights to (a) indemnification or (b) insurance coverage under applicable insurance policies.

11.     Upon the occurrence of the Effective Date, Defendants and their successors and assigns, by operation of this Order and Final Judgment approving the Stipulation and Settlement, shall have fully, finally, and forever released, relinquished, and discharged Plaintiffs and Plaintiffs' Counsel from all claims (including, without limitation, any Unknown Claims) arising out of, relating to, or in connection with, the institution, prosecution, assertion, settlement, or resolution of the Action.

12.     The releases contemplated by the Stipulation and set forth in this Order and Final Judgment shall extend to and include claims that any Releasor does not know or suspect to exist in his, her, or its favor at the time of the release of the Released Claims against the Released Parties, including without limitation claims which if known by him, her, or it, might have affected his, her, or its decision(s) with respect to the Settlement. Upon the Effective Date, Releasors waive, and shall be deemed to have waived, relinquished, and released all provisions, rights, and benefits conferred by Cal. Civ. Code §1542 (and/or any similar statutes in any state or territory of the United States or any other jurisdiction, or principle of common or foreign law), which provides:

> A general release does not extend to claims which the creditor does not know or suspect to exist in his or her favor at the time of executing the

release, which if known by him or her must have materially affected his or her settlement with the debtor.

Releasors acknowledge that they may discover facts in addition to or different from those now known or believed to be true with respect to the Released Claims, but that it is the intention of the Parties, and by operation of law each of the Class Members, to completely, fully, finally, and forever extinguish all of the Released Claims, known or unknown, suspected or unsuspected, which now exist, or previously existed, or may in the future exist, and without regard to the subsequent discovery of additional or different facts.

13.     Separate orders shall be entered regarding the proposed Plan of Allocation and Plaintiffs' Counsel's motion for attorneys' fees and payment of costs and expenses and Plaintiffs' application for an incentive award.  Any Plan of Allocation proposed by Plaintiffs' Counsel or any order entered regarding any attorneys' fee and expense application shall in no way disturb or affect this Order and Judgment and shall be considered separate from this Order and Judgment.

14.     The Plaintiffs and Class Members, and any of their respective representatives, trustees, successors, heirs, and assigns, are hereby individually and severally permanently barred and enjoined from commencing, prosecuting, instigating, or in any way participating in the commencement or prosecution of any action (including, without limitation, the Action and other actions filed in the courts of the State of

Colorado) asserting any Released Claim either directly, representatively, derivatively, or in any other capacity, against any of the Released Parties.

15.     If the Effective Date of the Settlement does not occur for any reason, this Order and Final Judgment shall be rendered null and void and shall be vacated and, in such event, all orders and releases delivered in connection herewith shall be null and void, and the Parties shall be returned, without prejudice in any way, to their respective litigation positions immediately prior to the execution of the Stipulation.

16.     The effectiveness of the provisions of this Order and Final Judgment and the obligations of Plaintiffs and Defendants under the Stipulation shall not be conditioned upon or subject to the resolution of any appeal from this Order and Final Judgment that relates solely to (a) the award of attorneys' fees and expenses set forth herein; (b) the award of an incentive to Plaintiffs; and/or (c) the Plan of Allocation.

17.     Without affecting the finality of this Order and Judgment, this Court hereby retains jurisdiction for the purposes of protecting and implementing the Settlement and the terms of this Order and Final Judgment, including the resolution of any disputes that may arise with respect to the effectuation of any of the provisions of the Stipulation, and for the entry of such further orders as may be necessary or appropriate in administering and implementing the terms and provisions of the Settlement and this Order and Final Judgment.

18.     The Court finds that during the course of the Action, the Parties and their respective counsel at all times acted professionally and in compliance with Colorado Rule of Civil Procedure 11, and all other similar statutes or court rules with respect to any claims or defenses in the Action.

19.     Without further order of the Court, the Parties may agree to reasonable extensions of time to carry out any of the provisions of the Stipulation.

[The Court has considered the objections to the Settlement made by _____ and the papers filed in support of those objections.  The Court finds those objections not to be meritorious, and they are hereby overruled.]

SO ORDERED this _____ day of _____, 2015.

_____
HON. JOHN L. KANE
U.S. DISTRICT JUDGE

4847-4073-0403, v.  1

# Exhibit C

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

Civil Action No. 1:12-cv-02941-JLK

CRAIG TELKE, and
WILLIAM DOUGLAS MORELAND,
Individually and on Behalf of All Others Similarly Situated,

      Plaintiffs,

v.

NEW FRONTIER MEDIA, INC.,
ALAN ISAACMAN,
MELISSA HUBBARD,
HIRAM J. WOO, and
WALTER TIMOSHENKO,

      Defendants.

_____

## NOTICE OF PENDENCY AND PROPOSED
## SETTLEMENT OF CLASS ACTION

_____

*The United States District Court for the District of Colorado authorized this Notice. This is not a solicitation from a lawyer.*

Please be advised that if you held the common stock of New Frontier Media, Inc. ("New Frontier" or the "Company") at any time from and including October 15, 2012 through and including November 27, 2012, your rights may be affected by the settlement of a class action lawsuit pending in this Court (the "Action").

The Parties have reached an agreement to settle the Action for $2,250,000.00 in cash, which will resolve all claims in the Action.

**This Notice explains important rights you may have, including your possible receipt of cash from the Settlement, as well as the deadlines for you to act. Your**

**legal rights will be affected whether or not you act.  Please read this Notice carefully!**

1. **Description of the Action and Class:**  This Notice relates to a proposed Settlement of a class action lawsuit pending against defendants New Frontier and the Company's former directors, Alan Isaacman, Melissa Hubbard, Walter Timoshenko and Hiram J. Woo, arising out of the sale of New Frontier to LFP Broadcasting LLC ("LFP") via tender offer for $2.08 per share (consisting of $2.02 per share in cash plus one contingent value right per share worth up to an additional $0.06 per share dependent on New Frontier's cash balance at the close of the tender offer) (the "Acquisition").  LFP completed the Acquisition on November 27, 2012.  The proposed Settlement, if approved by the Court, concerns all holders of New Frontier common stock who held such stock at any time from and including October 15, 2012 through and including November 27, 2012 (the "Class").  The period from and including October 15, 2012 through and including November 27, 2012 is the "Class Period."

2. **Statement of Recovery:**  Subject to Court approval, Plaintiffs Craig Telke and William Douglas Moreland ("Plaintiffs"), on behalf of the Class, have agreed to settle all claims relating to the Acquisition that were or could have been asserted against Defendants, any other director or officer of New Frontier, or New Frontier in the Action in exchange for a settlement payment of $2,250,000 in cash (the "Settlement Amount") to be deposited into an interest-bearing escrow account.  The Settlement Amount, and all interest earned thereon, shall constitute the "Settlement Fund."  The Net Settlement Fund (the Settlement Fund less taxes, notice and administration costs, attorneys' fees and litigation expenses awarded to counsel representing Plaintiffs and the Class and an incentive award to Plaintiffs) will be distributed in accordance with a plan of allocation (the "Plan of Allocation") that will be approved by the Court and will determine how the proceeds of the Settlement shall be allocated to the members of the Class.  The proposed Plan of Allocation is included in this Notice.

3. **Reasons for Settlement:**  The Settlement avoids the costs and risks associated with continued litigation, including the danger of no recovery.  If the case had not settled, it could have resulted in dismissal or loss at trial.  The two sides disagree about the amount of money that could have been won if Plaintiffs had prevailed at trial. The parties also disagree about the merit of Plaintiffs' allegations and the amount of damages, if any, suffered by Plaintiffs and the Class.

4. **Statement of Attorneys' Fees and Expenses Sought:**  Plaintiffs' Counsel (as defined in ¶5 below) will apply to the Court for an award of attorneys' fees from the Settlement Fund that will total no more than 33% of the Settlement Fund, plus interest on

such attorneys' fees at the same rate as earned by the Settlement Fund.  In addition, Plaintiffs' Counsel will apply for payment of litigation expenses paid or incurred by Plaintiffs' Counsel in connection with the prosecution and resolution of the Action in an amount not to exceed $750,000, plus costs, charges and expenses in connection with prosecuting the Action with interest on such expenses at the same net rate as earned by the Settlement Fund.  Plaintiffs' Counsel have not received any payment for their work investigating the facts, conducting this litigation and negotiating the Settlement on behalf of Plaintiffs and the Class.  In addition, one or more of the Plaintiffs may seek an award from the Court not to exceed $10,000 for their service to the Class.  Any such award will be paid from the fees awarded to Plaintiffs' Counsel.

      **5.**    **Identification of Attorneys' Representatives:**  Plaintiffs and the Class are being represented by Levi & Korsinsky, LLP and Crane Dunham PLLC, the Court-appointed lead counsel for the Class ("Plaintiffs' Counsel").  Any questions regarding the Settlement should be directed to Shannon L. Hopkins at Levi & Korsinsky, 733 Summer Street, Suite 304, Stamford, CT 06901, or (212) 363-7500.

### YOUR LEGAL RIGHTS AND OPTIONS IN THIS SETTLEMENT:

| | |
|---|---|
| **REMAIN A MEMBER OF THE CLASS** | This is the only way to get a payment.  If you wish to obtain a payment as a Class Member, you will need to file a Proof of Claim and Release form ("Claim Form") (which is included with this Notice) postmarked no later than _____, 2015. |
| **EXCLUDE YOURSELF FROM THE CLASS BY SUBMITTING A WRITTEN REQUEST FOR EXCLUSION SO THAT IT IS *RECEIVED* NO LATER THAN _____, 2015.** | Get no payment.  This is the only option that allows you to ever be part of any other lawsuit against the Defendants or other Released Persons about the Released Claims. |
| **OBJECT TO THE SETTLEMENT BY SUBMITTING WRITTEN OBJECTIONS FILED WITH THE COURT AND POSTMARKED NO LATER THAN _____, 2015.** | Write to the Court and explain why you do not like the Settlement, the proposed Plan of Allocation, the request for attorneys' fees and expenses or the request for an incentive award.  You cannot object to the Settlement unless you are a Class Member and do not exclude yourself. |

| | |
|---|---|
| **GO TO THE HEARING ON _____, 2015 AT __:__ _.M., AND FILE A NOTICE OF INTENTION TO APPEAR SO THAT IT IS *RECEIVED* BY THE COURT NO LATER THAN _____, 2015.** | Ask to speak in Court about the fairness of the Settlement, the proposed Plan of Allocation, the request for attorneys' fees and expenses or the incentive award. |
| **DO NOTHING** | Get no payment.  Remain a Class Member. Give up your rights to pursue further litigation against the Released Persons about the Released Claims. |

- These rights and options – ***and the deadlines to exercise them*** – are explained in this Notice.

- The Court in charge of this case must decide whether to approve the Settlement. Payments will be made if the Court approves the Settlement and, if there are any appeals, after the appeals are resolved.  Please be patient.

## BASIC INFORMATION

### 6.      Why Did I Get This Notice Package?

You or someone in your family may have held New Frontier common stock during the period between October 15, 2012 (the day before the date that the Acquisition was publicly announced) and November 27, 2012 (the closing date of the Acquisition), inclusive.

The Court ordered that you be sent this Notice because you have a right to know about a proposed Settlement of a class action lawsuit, and about all of your options, before the Court decides whether to approve the Settlement.  If the Court approves the Settlement and after any objections or appeals are resolved, the Claims Administrator appointed by the Court will make the payments that the Settlement allows.

This package explains the lawsuit, the Settlement, your legal rights, what benefits are available, who is eligible for them, and how to get them.

4

The Court in charge of the case is the United States District Court for the District of Colorado and the case is known as *Craig Telke and William Douglas Moreland v. New Frontier Media, Inc., et. al.*, Civil Action No. 1:12-cv-02941-JLK.  The people who sued are called the Plaintiffs, and the individuals and entity they sued, New Frontier, Alan Isaacman, Melissa Hubbard, Hiram J. Woo and Walter Timoshenko, are called the Defendants.

**7.     What Is This Lawsuit About?**

This case was brought as a class action alleging that Defendants' conduct in connection with the Acquisition constituted a breach of fiduciary duties by Defendants. Plaintiffs alleged that Defendants had a duty to avoid favoring their own interests over the interests of the Company's public shareholders, and breached this duty by negotiating and securing material benefits for their own personal benefit at the cost of shareholder value in connection with the Acquisition.  Defendants claim that they acted properly and in compliance with their fiduciary duties at all times, and believe that the $2.06 per share price was a fair and reasonable one which resulted in a premium of 82% over the pre-bidding market price.  Defendants also deny the allegations that Plaintiffs or any other members of the Class have suffered damages as a result of his alleged conduct.

**8.     Why Is This a Class Action?**

In a class action, one or more people called class representatives (in this case plaintiffs in the Action), sue on behalf of people who have similar claims.  Here, all these people are called a Class or Class Members.  One court will resolve the issues for all Class Members except for those who timely and properly exclude themselves from the Class.  Senior Judge John L. Kane is in charge of this class action.

**9.     Why Is There a Settlement?**

The Court did not decide in favor of Plaintiffs or Defendants.  Instead, both sides agreed to a Settlement.  That way, they avoid the cost of a trial, and eligible Class Members who make valid claims will get compensation.  Plaintiffs and their attorneys think the Settlement is in the best interests of all Class Members.

## WHO IS IN THE SETTLEMENT

To see if you are eligible to get money from the Settlement, you first have to determine if you are a Class Member.

**10.     How Do I Know if I Am A Class Member?**

You are a member of the Class unless you are excluded by virtue of the definition of the Class or you timely request to be excluded.  The Class consists of ***holders of New Frontier common stock who held such stock at any time from and including October 15, 2012 through the consummation of the sale of New Frontier to LFP at the price of***

*$2.06 per share on November 27, 2012, beneficially or of record, and the legal representatives, heirs, successors-in-interest, transferees, and assignees of all such foregoing holders, except those persons and entities that are excluded, as described below*.

### 11.     What Are the Exceptions to Being Included?

Excluded by definition from the Class are the Defendants, Defendants' immediate family, and the heirs, administrators, executors and assigns of the Defendants.  Also excluded from the Class are the directors and executive officers of New Frontier during the Class Period, LFP and its affiliates, and those persons and entities who timely and validly request exclusion in accordance with the requirements set forth in this Notice (*see* Question [17] below.).

### 12.     What if I'm Still Not Sure if I Am Included?

If you are still not sure whether you are included, you can ask for free help.  You can call Shannon L. Hopkins at (212) 363-7500 for more information or visit the Claims Administrator's website at _____.  Or you can fill out and return the Claim Form described in Question [14] below, to see if you qualify.

## THE SETTLEMENT BENEFITS – WHAT YOU GET

### 13.     How Much Will My Payment Be?

**THE PROPOSED PLAN OF ALLOCATION:  GENERAL PROVISIONS**

Defendants have agreed to pay or cause $2,250,000 in cash to be paid into escrow.

After approval of the Settlement by the Court and upon satisfaction of the other conditions to the Settlement, the Net Settlement Fund will be distributed to members of the Class who submit acceptable Claim Forms (the "Authorized Claimants") in accordance with the Plan of Allocation.  No distribution shall be made to Authorized Claimants who would otherwise receive a distribution of less than $10.00.  If any funds remain in the Net Settlement Fund because of uncashed distributions or other reasons, then, after the Claims Administrator has made reasonable and diligent efforts to have Authorized Claimants cash their distribution checks, any balance remaining in the Net Settlement Fund six (6) months after the initial distribution of such funds will be redistributed to Class Members who have cashed their initial distribution checks and who would receive at least $10.00 from such redistribution, after payment of any unpaid costs or fees incurred in administering the Net Settlement Fund for such redistribution.  If any funds remain in the Net Settlement Fund six (6) months after such redistribution, then

such balance shall be contributed to a non-sectarian not-for-profit organization designated by Plaintiffs' Counsel and approved by the Court.

The Settlement Fund will be distributed as follows:

1.      to pay all federal, state and local taxes on any income earned by the Settlement Fund and to pay the reasonable costs incurred in connection with determining the amount of, and paying, taxes owed by the Settlement Fund (including reasonable expenses of tax attorneys and accountants);

2.      to pay fifty percent (50%) of the costs and expenses in connection with providing Notice to Class Members and administering the Settlement on behalf of Class Members (the Parties have agreed to split these costs, equally);

3.      to pay Plaintiffs' Counsel for the costs and expenses that Plaintiffs' Counsel incurred in commencing and prosecuting the Action, with interest thereon, to the extent allowed by the Court;

4.      to pay Plaintiffs' Counsel's attorneys' fees to the extent allowed by the Court;

5.      to pay Plaintiffs an incentive award for prosecuting this Action on behalf of New Frontier's stockholders; and

6.      to compensate Authorized Claimants with the balance of the Net Settlement Fund in accordance with the Plan of Allocation, subject to an Order of the Court approving the Settlement and the Plan of Allocation (or such other allocation plan as the Court may approve), and subject to such Order's becoming "Final" (meaning that the time for appeal or appellate review of the Order granting final approval has expired, or, if the Order is appealed, that the appeal is either decided without causing a material change in the Order or is upheld on appeal and no longer subject to appellate review by further appeal or writ of certiorari).

The Net Settlement Fund will not be distributed until the Court has approved a plan of allocation, and the time for any petition for rehearing, appeal or review, whether by certiorari or otherwise, has expired.

Defendants are not entitled to get back any portion of the Settlement Fund once the Court's Order approving the Settlement becomes Final.  Defendants shall not have any liability, obligation or responsibility for the administration of the Settlement or disbursement of the Net Settlement Fund or the Plan of Allocation.

Approval of the Settlement is independent from approval of the Plan of Allocation. Any determination with respect to the Plan of Allocation will not affect the Settlement, if approved.

Each Class Member wishing to participate in the distribution must timely submit a valid Claim Form establishing membership in the Class and proof that he, she or it owned New Frontier common stock during the Class Period and tendered his, her or its shares for $2.06 per share or were cashed out of their New Frontier shares in the back-end merger for $2.06 per share, and proof of the number of shares tendered or cashed out pursuant to the Acquisition, and include all required documentation, postmarked no later than _____, 2015, to the address set forth in the Claim Form that accompanies this Notice.  Unless the Court otherwise orders, any Class Member who fails to submit a Claim Form postmarked by _____, 2015, shall be forever barred from receiving payments pursuant to the Settlement but will in all other respects remain a Class Member and be subject to the provisions of the Stipulation of Settlement, including the terms of any Judgment entered and releases given.  This means that each Class Member releases the Released Claims (as defined in Question [16] below) against the Released Persons (as defined in Question [16] below) and is enjoined and prohibited from filing, prosecuting, or pursuing any of the Released Claims against any of the Released Persons regardless of whether or not such Class Member submits a Claim Form.  Any Claim Form submitted to the Claims Administrator after the _____, 2015, deadline may be rejected as untimely.

The Court has reserved jurisdiction to allow, disallow, or adjust on equitable grounds the Claim of any Class Member.

The Court has also reserved the right to modify the Plan of Allocation without further notice to Class Members.  All orders regarding a modification of the Plan of Allocation will be posted on the Claims Administrator's website, _____.

Payment pursuant to the Plan of Allocation approved by the Court shall be conclusive against all Authorized Claimants.  No person shall have any claim against Plaintiffs, Plaintiffs' Counsel, or the Claims Administrator or other agent designated by Plaintiffs' Counsel arising from distributions made substantially in accordance with the Stipulation of Settlement, the Plan of Allocation, or further orders of the Court. Plaintiffs, Defendant, their respective counsel, and all other Released Persons shall have no responsibility or liability whatsoever for the investment or distribution of the Settlement Fund, the Net Settlement Fund, the Plan of Allocation, or the determination, administration, calculation, or payment of any Claim Form or nonperformance of the

Claims Administrator, the payment or withholding of taxes owed by the Settlement Fund, or any losses incurred in connection therewith.

A "Recognized Claim Amount" will be calculated for each Authorized Claimant.

**Calculation of Recognized Claim Amounts:**
Each share of New Frontier common stock  (i) which an Authorized Claimant held between October 15, 2012 and November 27, 2012; (ii) for which such Authorized Claimant received $2.06 per share in cash pursuant to the Acquisition; and (iii) for which a valid Claim Form was submitted will be allocated a pro rata share of the Net Settlement Fund.  An Authorized Claimant's Recognized Claim Amount will be allocated on a pro rata basis based on the number of shares of New Frontier common stock tendered or cashed out at $2.06 relative to the total number of shares for which valid Claim Forms are submitted.

**Additional Provisions:**

The Net Settlement Fund will be allocated among all Authorized Claimants.

The Plan of Allocation set forth herein is the plan that is being proposed by Plaintiffs and Plaintiffs' Counsel to the Court for approval.  The Court may approve this Plan of Allocation as proposed or it may modify the Plan without further notice to the Class

## HOW YOU GET A PAYMENT — SUBMITTING A CLAIM FORM

### 14.    How Will I Get a Payment?
To qualify for payment, you must be a Class Member AND you must send in a valid Claim Form.  A Claim Form is enclosed with this Notice.  You may also get a Claim Form on the Internet at _____.com.  Please read the instructions carefully, fill out the Claim Form, include all the documents the form asks for, sign it, and mail it postmarked no later than _____, 2015.

### 15.    When Will I Get My Payment?
The Court will hold a hearing on _____, 2015, to decide whether to approve the Settlement.  If the Court approves the Settlement, there still could be an appeal of that decision.  It is always uncertain how these appeals will be resolved, and resolving them can take time, perhaps more than a year.  It also takes time for all the Claim Forms to be processed.  The Net Settlement Fund cannot be distributed unless and until the Court

approves the Settlement, any appeals that may be taken are resolved, and the processing of all Claim Forms has been completed.  Please be patient.

### 16.    What Am I Giving Up to Get a Payment or Stay in the Class?

If the Settlement is approved, the Court will enter a judgment (the "Judgment"). The Judgment will dismiss with prejudice the claims against Defendants and will provide that Plaintiffs and all other Class Members, on behalf of themselves, their heirs, executors, administrators, predecessors, successors and assigns, shall have – and by operation of law shall be deemed to have – fully, finally, and forever released, waived, discharged, settled, relinquished, and dismissed any and all "Released Claims" (as defined below) including "Unknown Claims" (as defined below), against the "Released Persons, (as defined below).

"Released Claims" means any and all claims which are based on, arise out of, result from, relate to, or involve, directly or indirectly, any of the actions, transactions, occurrences, statements, representations, misrepresentations, omissions, allegations, facts, practices, events, claims, or any other matters, things or causes whatsoever, that (i) were alleged, asserted, set forth, or claimed in the Action against the Released Persons; or (ii) could have been alleged, asserted, set forth, or claimed in the Action or in any other action, court (whether state or federal), tribunal, forum, or proceeding by the Releasors including, but not limited to, claims under any and all federal or state securities laws (including those within the exclusive jurisdiction of the federal courts), which arise out of the Class Members' status as former New Frontier stockholders, and which are based on, arise out of, result from, relate in any way to, or involve, directly or indirectly:  the Tender Offer, the Merger; the New Frontier Board's recommendation of the Tender Offer and approval of the Merger; the New Frontier Board's consideration, or potential consideration, of the Merger and alternatives to the Merger; disclosures made to New Frontier stockholders in connection with the Tender Offer and Merger; the institution, prosecution, assertion, settlement, or resolution of the Action; or Class Members' ownership of New Frontier common stock during the Class Period; provided, however, that the Released Claims shall not include (i) the right of an Party to enforce the Stipulation; or (ii) any of Defendant's rights to (a) indemnification or (b) insurance coverage under applicable insurance policies.

"Released Persons" means Defendants, LFP and all their past or present directors, officers, shareholders or employees, any and all past or present direct or indirect affiliates, parents, subsidiaries, shareholders, general partners, limited partners, partnerships, members, associates, predecessors, or successors of New Frontier, and their respective officers, directors, managing directors, employees, agents, attorneys, advisors, insurers, accountants, auditors, trustees, financial advisors, lenders, investment bankers,

representatives, heirs, executors, personal representatives, estates, administrators, predecessors, successors, and assigns of any of the foregoing..

"Unknown Claims" means any and all Released Claims that any Plaintiff or Class Member does not know or suspect to exist in his, her or its favor at the time of the release of the Released Claims against the Released Persons, including, without limitation, claims which if known by him, her or it, might have affected his, her, or its decision(s) with respect to the Settlement. With respect to any and all Released Claims and any and all Released Persons' Claims, the parties stipulate and agree that upon the Effective Date, Plaintiffs and Defendant shall expressly waive, and every other Class Member and every other Released Person shall be deemed to have waived, and by operation of the Judgment shall have expressly waived, any and all provisions, rights, and benefits conferred by any law of any state or territory of the United States, or principle of common law, that is similar, comparable, or equivalent to Cal. Civ. Code § 1542, which provides:

> A general release does not extend to claims which the creditor does not know or suspect to exist in his or her favor at the time of executing the release, which if known by him or her must have materially affected his or her settlement with the debtor.

The Judgment also will provide that Defendants and/or their successors and assigns shall have — and by operation of law shall be deemed to have — fully, finally, and forever released, waived, discharged, settled, relinquished, and dismissed, any and all claims, rights or causes of action or liabilities whatsoever, whether based on federal, state, local, statutory or common law or any other law, rule or regulation, including both known claims and Unknown Claims, that have been or could have been asserted in the Action or any forum by the Defendant and/or his successors and assigns against any of the Plaintiffs or their attorneys, which arise out of or relate in any way to the institution, prosecution, or settlement of the Action (except for claims to enforce the Settlement) (the "Released Persons Claims").

### EXCLUDING YOURSELF FROM THE SETTLEMENT

If you want to keep the right to sue or continue to sue Defendant and the other Released Persons on your own about the Released Claims, then you must take steps to get out of the Class.

This is called excluding yourself or is sometimes referred to as "opting out" of the Class. If you choose to exclude yourself from the Class, you will get no money from the Settlement.

11

**17.     How Do I Get out of the Class?**

To exclude yourself from the Class, you must mail a written Request for Exclusion from the Class, addressed to *New Frontier Media, Inc. Shareholder Litigation* – EXCLUSIONS - c/o _____   The Request for Exclusion must be ***received*** no later than _____, 2015.  You will not be able to exclude yourself from the Class after that date.  Each Request for Exclusion must (i) state the name and address of the person or entity requesting exclusion; (ii) state that such person or entity "requests exclusion from the Class in "*Craig Telke and William Douglas Moreland v. New Frontier Media, Inc., et. al.*, Civil Action No. 1:12-cv-02941-JLK"; (iii) be signed by the person or entity requesting exclusion; (iv) provide a telephone number for that person or entity; and (v) provide the number of shares of New Frontier common stock that the person or entity held during the period October 15, 2012 through and including November 27, 2012.  Requests for Exclusion will not be valid if they are not received within the time stated above, unless the Court otherwise determines.

**18.     If I Do Not Exclude Myself, Can I Sue Defendant and the other Released Persons for the Same Thing Later?**

No.  Unless you exclude yourself, you give up any right to sue Defendant and the other Released Persons about the Released Claims.  If you have a pending lawsuit against the Defendant, speak to your lawyer in that case immediately. Remember, the exclusion deadline is _____, 2015.

**19.     If I Exclude Myself, Can I Get Money from This Settlement?**

No.  If you exclude yourself, do not send in a Claim Form.

**THE LAWYERS REPRESENTING YOU**

**20.     Do I Have a Lawyer in This Case?**

The law firms of Levi & Korsinsky, LLP and Crane Dunham PLLC represent you and the other Class Members in the Action.  These lawyers are called Plaintiffs' Counsel. You will not be charged for these lawyers. They will be paid from the Settlement Fund to the extent the Court approves their application for attorneys' fees and expenses. If you want to be represented by your own lawyer, you may hire one at your own expense.

**21.     How Will the Lawyers Be Paid?**

Plaintiffs' Counsel will request an award of attorneys' fees from the Settlement Fund that will total no more than 33% of the Settlement Fund, and payment of litigation expenses that will total no more than $_____.  Such sums as may be approved by the Court will be paid from the Settlement Fund.  Class Members are not personally liable for any such fees or expenses.

The attorneys' fees and expenses requested will be the only payment to Plaintiffs' Counsel for their efforts in achieving this Settlement and for their risk in undertaking this representation on a wholly contingent basis.  To date, Plaintiffs' Counsel have not been paid for their services for conducting this litigation on behalf of the Plaintiffs and the Class nor for their substantial expenses.  The fee requested will compensate Plaintiffs' Counsel for their work in achieving the Settlement Fund and is within the range of fees awarded to class counsel under similar circumstances in other cases of this type.

## OBJECTING TO THE SETTLEMENT

You can tell the Court that you don't agree with the Settlement or some part of it.

### 22.    How Do I Tell the Court that I Don't Like the Settlement?

Any Class Member who does not make a request for exclusion received no later than _____, 2015, may object to the Settlement, the Plan of Allocation, Plaintiffs' Counsel's request for an award of attorneys' fees and expenses or Plaintiffs' request for an incentive award.  Objections must be in writing, and must include your name, address, telephone number, your signature, and the number of shares of New Frontier common stock you held between October 15, 2012 and November 27, 2012.  You must file any written objection, together with copies of all other papers (including proof of shares of New Frontier common stock that you held between October 15, 2012 and November 27, 2012, and briefs, with Clerk of the Court for the U.S. District Court for the District of Colorado, at the address set forth below on or before _____, 2015.  You must also serve the papers on Plaintiffs' Counsel and Defendant's Counsel at the addresses set forth below so that the papers are received by counsel on or before _____, 2015.

*The Court:*

Clerk of the Court
ALFRED A. ARRAJ UNITED STATES COURTHOUSE
901 19th Street
Denver, Colorado 80294

| *Co-Lead Counsel:* | *Counsel for Defendants* |
|---|---|
| LEVI & KORSINSKY, LLP | JONES AND KELLER, P.C. |
| Shannon L. Hopkins | Stuart N. Bennett |
| 733 Summer Street, Suite 304 | 1999 Broadway, Suite 3150 |
| Stamford, CT 06901 | Denver, CO 80202 |

**Unless the Court orders otherwise, any Class Member who does not object in the manner described above will be deemed to have waived any objection and shall be forever foreclosed from making any objection to the proposed Settlement, the proposed Plan of Allocation, Plaintiffs' Counsel's request for an award of attorneys' fees and of expenses or Plaintiffs' request for an incentive award. Class Members do not need to appear at the hearing or take any other action to indicate their approval.**

**23.    What's the Difference Between Objecting and Excluding?**

Objecting is simply telling the Court that you don't like something about the Settlement. You can object *only if* you stay in the Class.  Excluding yourself is telling the Court that you don't want to be part of the Class.  If you exclude yourself, you have no basis to object because the case no longer affects you.

**THE COURT'S SETTLEMENT HEARING**

The Court will hold a hearing to decide whether to approve the proposed Settlement (the "Settlement Hearing").  You may attend and you may ask to speak, but you don't have to.

**24.    When and Where Will the Court Decide Whether to Approve the Settlement?**

The Court will hold a Settlement Hearing at _____ __.m., on _____ , 2015, at the Alfred A. Arraj United States Courthouse, 901 19th Street, Denver, Colorado 80294 in Courtroom A802.   At the Settlement Hearing, the Court also will consider the proposed Plan of Allocation for the proceeds of the Settlement, the application of Plaintiffs' Counsel for attorneys' fees and expenses and the application for an incentive award to Plaintiffs.  The Court will take into consideration any written objections filed in accordance with the instructions at Question 22 above. The Court also may listen to people who have properly indicated, within the deadline identified above, an intention to speak at the hearing; but decisions regarding the conduct of the hearing will be made by the Court.  *See* Question 26 below for more information about speaking at the hearing.  After the hearing, the Court will decide whether to approve the Settlement.  We do not know how long these decisions will take.

You should be aware that the Court may change the date and time of the Settlement Hearing without further notice to the Class.  Thus, if you want to come to the hearing, you should check with Plaintiffs' Counsel before coming to be sure that the date and/or time has not changed.

**25.    Do I have to Come to the Settlement Hearing?**

14

No.  Plaintiffs' Counsel will answer questions the Judge may have.  But, you are welcome to come at your own expense.  If you send an objection, you do not have to come to Court to talk about it.  As long as you mailed your written objection on time, the Court will consider it.  You may also pay your own lawyer to attend, but it is not necessary.  Class Members do not need to appear at the hearing or take any other action to indicate their approval.

**26.     May I Speak at the Hearing?**

If you object to the Settlement, you may ask the Court for permission to speak at the Settlement Hearing.  To do so, you must send a letter to the Court saying that it is your "Notice of Intention to Appear in "*Craig Telke and William Douglas Moreland v. New Frontier Media, Inc., et. al.*, Civil Action No. 1:12-cv-02941-JLK."  Be sure to include your name, address, telephone number, your signature, and the number of shares of New Frontier common stock that you held between October 15, 2012 and November 27, 2012.  Your notice of intention to appear must be received no later than _____, 2015, and be sent to the Clerk of the Court, Plaintiffs' Counsel, and Defendant's Counsel, at the addresses listed in Question 22.  You cannot speak at the Settlement Hearing if you exclude yourself from the Class.

**IF YOU DO NOTHING**

**27.     What Happens if I Do Nothing at All?**

If you do nothing, you'll get no money from the Settlement.  But, unless you exclude yourself, you won't be able to start a lawsuit, continue with a lawsuit, or be part of any other lawsuit against Defendant and the other Released Persons about the Released Claims.

**SPECIAL NOTICE TO NOMINEES**

**28.     What if I Held Shares on Someone Else's Behalf?**

If you held New Frontier common stock between October 15, 2012 and November 27, 2012 as a nominee for a beneficial owner, then, within ten (10) calendar days after you receive this Notice, you must either: (1) send a copy of this Notice and the Claim Form by first-class mail to all beneficial owners of the shares; or (2) provide a list of the names and addresses of such beneficial owners to the Claims Administrator:

*New Frontier Media, Inc. Shareholder Litigation*
Claims Administrator
[Insert]

If you choose to mail this Notice and the Claim Form yourself, you may obtain from the Claims Administrator (without cost to you) as many additional copies of these documents as you will need to complete the mailing.

Regardless of whether you choose to complete the mailing yourself or elect to have the mailing performed for you, you may obtain reimbursement for or advancement of reasonable administrative costs actually incurred in connection with forwarding the Notice and which would not have been incurred but for the obligation to forward the Notice, upon submission of appropriate documentation to the Claims Administrator.

## GETTING MORE INFORMATION

### 29.    Are There More Details About the Settlement?

This Notice summarizes the proposed Settlement.   More details are in the Stipulation of Settlement dated April 27, 2015.  You can review a copy of the Stipulation of Settlement at the Clerk's office at the Alfred A. Arraj United States Courthouse, 901 19th Street, Denver, Colorado 80294, during regular business hours or you may view it on the website maintained by the Claims Administrator at www._____.com.

### 30.    How Do I Get More Information?

You can call or write to Shannon L. Hopkins, c/o Levi & Korsinsky, LLP, 733 Summer Street, Suite 304, Stamford, CT 06903, (212) 363-7500, or visit the Claims Administrator's website at www._____.com.

## PLEASE DO NOT CONTACT THE COURT OR THE CLERK'S OFFICE REGARDING THIS NOTICE

DATED:      _____, 2015          BY ORDER OF THE U.S. DISTRICT
                                          COURT FOR THE DISTRICT OF
                                          COLORADO

4833-4894-2371, v. 1

# Exhibit D

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

Civil Action No. 1:12-cv-02941-JLK

CRAIG TELKE, and
WILLIAM DOUGLAS MORELAND,
Individually and on Behalf of All Others Similarly Situated,

      Plaintiffs,

v.

NEW FRONTIER MEDIA, INC.,
ALAN ISAACMAN,
MELISSA HUBBARD,
HIRAM J. WOO, and
WALTER TIMOSHENKO,

      Defendants.

_____

## SUMMARY NOTICE
_____

***IF YOU HELD* SHARES OF COMMON STOCK IN NEW FRONTIER MEDIA, INC. ("NEW FRONTIER") AT ANY TIME FROM AND INCLUDING OCTOBER 15, 2012 THROUGH AND INCLUDING NOVEMBER 27, 2012 (THE "CLASS PERIOD"*), YOUR RIGHTS MAY BE AFFECTED BY THE SETTLEMENT OF A CLASS ACTION***

YOU ARE HEREBY NOTIFIED, pursuant to an Order of United District Court for the District of Colorado, that a hearing will be held on _____, 2015, at_____ _.m., in Courtroom A802 of the Alfred A. Arraj United States Courthouse, 901 19th Street, Denver, Colorado 80294, for the purpose of determining: (1) whether the

proposed Settlement of the claims in the Action for the sum of $2,250,000.00 in cash plus accrued interest should be approved by the Court as fair, reasonable, and adequate; (2) whether the Court should enter a final judgment in the Action on the merits against the named Plaintiffs and the Class as set forth in the Stipulation of Settlement dated April 27, 2015 ("Stipulation")[1]; (3) whether the Plan of Allocation of settlement proceeds is fair, reasonable, and adequate and therefore should be approved;  (4) whether the application of Plaintiffs' Counsel for an award of attorneys' fees and expenses incurred in connection with this litigation should be approved; and (5) whether the application of Plaintiffs for an incentive award should be approved.

If you held New Frontier common stock at any time from and including October 15, 2012, through and including November 27, 2012, your rights may be affected by the settlement of this Action.  If you have not received a detailed Notice of Pendency and Proposed Settlement of Class Action ("Notice") and a copy of the Proof of Claim and Release form, you may obtain copies by writing to *New Frontier Media, Inc. Shareholder Litigation*, Claims Administrator, _____, or you can download a copy at www._____.com.  If you are a Class Member, in order to share in the distribution of the Net Settlement Amount, you must submit a Proof of Claim and Release form postmarked no later than _____, 2015, establishing that you are entitled to

---

[1]     All capitalized terms not otherwise defined herein shall have the same meanings as set forth in the Stipulation.

recovery.  You will be bound by any judgment rendered in the Action whether or not you make a claim.

Any objection to the Settlement, the Plan of Allocation or Lead Counsel's request for an award of attorneys' fees and expenses must be filed with the Court at the address below and served by hand or first class mail on counsel listed below such that it is postmarked no later than _____, 2015:

*The Court:*

Clerk of the Court
ALFRED A. ARRAJ UNITED STATES
COURTHOUSE
901 19th Street
Denver, Colorado 80294

| *Co-Lead Counsel:* | *Counsel for Defendants* |
|---|---|
| LEVI & KORSINSKY, LLP | JONES AND KELLER, P.C. |
| Shannon L. Hopkins | Stuart N. Bennett |
| 733 Summer Street, | 1999 Broadway, Suite 3150 |
| Suite 304 | Denver, CO 80202 |
| Stamford, CT 06901 | |

If you held New Frontier common stock at any time from and including October 15, 2012 through and including November 27, 2012 (the "Class Period") and you do not take the required steps to appear in this action, object to the proposed Settlement, or exclude yourself from the Class, and the Settlement is approved, you will be barred from raising an objection to the Settlement in this or any other action or proceeding, bound by

the Settlement and the Court's judgment, and certain claims that you might have may be released.

**PLEASE DO NOT CONTACT THE COURT OR THE CLERK'S OFFICE REGARDING THIS NOTICE**

DATED:        _____, 2015          BY ORDER OF THE U.S. DISTRICT COURT FOR THE DISTRICT OF COLORADO

4828-7944-2467, v. 1

4

# Exhibit E

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**

Civil Action No. 1:12-cv-02941-JLK

CRAIG TELKE, and
WILLIAM DOUGLAS MORELAND,
Individually and on Behalf of All Others Similarly Situated,

       Plaintiffs,

v.

NEW FRONTIER MEDIA, INC.,
ALAN ISAACMAN,
MELISSA HUBBARD,
HIRAM J. WOO, and
WALTER TIMOSHENKO,

       Defendants.

_____

**PROOF OF CLAIM AND RELEASE**

_____

## I.    GENERAL INSTRUCTIONS

    1.    All capitalized terms not otherwise defined shall have the same meanings as set forth in the Stipulation of Settlement dated April 27, 2015 ("Stipulation"), which can be downloaded at www._____.com.

    2.    To recover as a member of the Class based on your claims in the action entitled *Craig Telke and William Douglas Moreland v. New Frontier Media, Inc., et. al.*, Civil Action No. 1:12-cv-02941-JLK (the "Action"), you must complete and, on page ___ hereof, sign this Proof of Claim and Release.  If you fail to file a properly addressed

(as set forth in paragraph 4 below) Proof of Claim and Release, your claim may be rejected and you may be precluded from any recovery from the Net Settlement Amount created in connection with the proposed settlement of the Action.

3.      Submission of this Proof of Claim and Release, however, does not assure that you will share in the proceeds of the settlement of the Action.

4.      TO PARTICIPATE IN THE SETTLEMENT, YOU MUST MAIL YOUR COMPLETED AND SIGNED PROOF OF CLAIM AND RELEASE POSTMARKED ON OR BEFORE _____, 2015, ADDRESSED AS FOLLOWS:

> *New Frontier Shareholder Litigation*
> Claims Administrator
> [insert]

If you are NOT a member of the Class (as defined below and in the Notice of Pendency and Proposed Settlement of Class Action ("Notice")) DO NOT submit a Proof of Claim and Release.

5.      If you are a member of the Class and you do not timely request exclusion from the Class, you are bound by the terms of any judgment entered in the litigation, including the releases provided therein, WHETHER OR NOT YOU SUBMIT A PROOF OF CLAIM AND RELEASE FORM.

## II.   DEFINITIONS

1.      "Class" means, as certified by the Court, all persons and/or entities who held shares of New Frontier common stock at any time from and including October 15, 2012 through and including November 27, 2012 (the "Class Period"), whether

beneficially or of record, including the legal representatives, heirs, successors-in-interest, transferees, and assignees of all such foregoing holders, but excluding Defendants, New Frontier, LFP, the directors and executive officers of New Frontier who served in those capacities during the Class Period, and their legal representatives, heirs, successors-in-interest, transferees, and assignees.  Also excluded from the Class are those persons or entities who timely and properly request exclusion from the Class pursuant to the instructions set forth in the Notice approved through the Preliminary Approval Order.

2.      "Defendants" means New Frontier, Alan Isaacman, Melissa Hubbard, Walter Timoshenko and Hiram J. Woo.

3.      "Released Persons" means (i) Defendants and all past or present directors, officers, shareholders or employees of New Frontier; (ii) LFP and all past or present directors, officers, shareholders or employees of LFP; (iii) any and all past or present direct or indirect affiliates, parents, subsidiaries, shareholders, general partners, limited partners, partnerships, members, associates, predecessors, or successors of New Frontier and LFP and the respective officers, directors, managing directors, employees, agents, attorneys, advisors, insurers, accountants, auditors, trustees, financial advisors, lenders, investment bankers, representatives, heirs, executors, personal representatives, estates, administrators, predecessors, successors, and assigns of any of the foregoing.

3

### III.    CLAIMANT IDENTIFICATION

If you held New Frontier common stock at any time from and including October 15, 2012 through and including November 27, 2012, and held the certificate(s) in your name, you are the beneficial holder as well as the record holder.  If, however, you held New Frontier common stock and the certificate(s) were registered in the name of a third party, such as a nominee or brokerage firm, you are the beneficial holder and the third party is the record holder.

Use Part I of this form entitled "Claimant Identification" to identify each holder of record ("nominee"), if different from the beneficial holder of New Frontier common stock which forms the basis of this claim.  THIS CLAIM MUST BE FILED BY THE ACTUAL BENEFICIAL HOLDER(S) OR THE LEGAL REPRESENTATIVE OF SUCH HOLDER(S) OF THE NEW FRONTIER COMMON STOCK UPON WHICH THIS CLAIM IS BASED.

All joint holders must sign this claim.  Executors, administrators, guardians, conservators and trustees must complete and sign this claim on behalf of Persons represented by them and their authority must accompany this claim and their titles or capacities must be stated.  The Social Security (or taxpayer identification) number and telephone number of the beneficial owner may be used in verifying the claim.  Failure to provide the foregoing information could delay verification of your claim or result in rejection of the claim.

## IV.    CLAIM FORM

Use Part II of this form entitled "Schedule of Shares of New Frontier Common Stock Tendered in the Acquisition for $2.06 in Cash Per Share or Cashed Out in the Back-End Merger for $2.06 Per Share" to supply the number of shares of New Frontier common stock you held during the Class Period and for which you received $2.06 per share.

Broker confirmations or other documents verifying that you held New Frontier common stock during the Class Period and tendered it in the acquisition of New Frontier by LFP at the price of $2.06 per share or were cashed out of your shares for $2.06 per share, should be attached to your claim.  Failure to do so could delay verification of your claim or result in rejection of your claim.

NOTICE REGARDING ELECTRONIC FILES: Certain claimants with large holdings in New Frontier common stock may request, or may be requested, to submit information regarding their transactions in electronic format.  All claimants MUST submit a manually signed paper Proof of Claim and Release form whether or not they also submit electronic copies.  If you wish to file your claim electronically, you must contact the Claims Administrator at _____ to obtain the required file layout.  No electronic files will be considered to have been properly submitted unless the Claims Administrator issues to the claimant a written acknowledgment of receipt and acceptance of electronically submitted data.

5

UNITED STATES DISTRICT COURT
DISTRICT OF COLORADO

*Craig Telke and William Douglas Moreland v. New Frontier Media, Inc., et. al.*,
Civil Action No. 1:12-CV-02941-JLK

**PROOF OF CLAIM AND RELEASE**

Must Be Postmarked No Later Than:

_____, 2015

Please Type or Print

**PART I:      CLAIMANT IDENTIFICATION**

_____
Beneficial Owner's Name (First, Middle, Last)

_____
Street Address

_____   _____
City                                                                State or Province

_____   _____
Zip Code or Postal Code                               Country

_____
Social Security Number or
Taxpayer Identification Number

_____   _____
Area Code                  Telephone Number (work)

_____   _____
Area Code                  Telephone Number (home)

_____
Record Owner's Name (if different from beneficial owner listed above)

**PART II:   SCHEDULE OF SHARES OF NEW FRONTIER COMMON STOCK TENDERED IN THE ACQUISITION FOR $2.06 IN CASH PER SHARE OR CASHED OUT IN THE BACK-END MERGER FOR $2.06 PER SHARE**

Number of shares of New Frontier common stock you held and tendered in the acquisition of New Frontier by LFP at the price of $2.06 per share or were cashed out of in the back-end Merger for $2.06 per share: _____  (Be sure to attach the required documentation)

**YOU MUST ALSO READ AND SIGN THE RELEASE ON PAGE __.**

**V.   SUBMISSION TO JURISDICTION OF COURT AND ACKNOWLEDGMENTS**

I (We) submit this Proof of Claim and Release under the terms of the Stipulation of Settlement (the "Stipulation") described in the Notice.  I (We) also submit to the jurisdiction of the U.S. District Court for the District of Colorado, with respect to my (our) claim as a Class Member and for purposes of enforcing the release set forth herein. I (We) further acknowledge that I am (we are) bound by and subject to the terms of any judgment that may be entered in the litigation.  I (We) agree to furnish additional information to the Claims Administrator to support this claim if requested to do so.  I (We) have not submitted any other claim covering the New Frontier common stock I (we) held between October 15, 2012 and November 27, 2012 for which we received $2.06 per share, and know of no other person having done so on my (our) behalf.

**VI.   RELEASE**

1.      I (We) hereby acknowledge full and complete satisfaction of, and do hereby fully, finally and forever settle, release and discharge from and covenant not to sue with respect to, the Released Claims each and all of the Released Parties.

2.      "Released Claims" means any and all claims which are based on, arise out of, result from, relate to, or involve, directly or indirectly, any of the actions, transactions, occurrences, statements, representations, misrepresentations, omissions, allegations, facts, practices, events, claims, or any other matters, things or causes whatsoever, that (i) were alleged, asserted, set forth, or claimed in the Action against the Released Persons; or (ii) could have been alleged, asserted, set forth, or claimed in the Action or in any other action, court (whether state or federal), tribunal, forum, or proceeding by the Releasors including, but not limited to, claims under any and all federal or state securities laws (including those within the exclusive jurisdiction of the federal courts), which arise out of the Class Members' status as former New Frontier stockholders, and which are based on, arise out of, result from, relate in any way to, or involve, directly or indirectly:  the Tender Offer, the Merger; the New Frontier Board's recommendation of the Tender Offer and approval of the Merger; the New Frontier Board's consideration, or potential consideration, of the Merger and alternatives to the Merger; disclosures made to New Frontier stockholders in connection with the Tender Offer and Merger; the institution, prosecution, assertion, settlement, or resolution of the Action; or Class Members' ownership of New Frontier common stock during the Class Period; provided, however, that the Released Claims shall not include (i) the right of an Party to enforce the Stipulation; or (ii) any of Defendant's rights to (a) indemnification or (b) insurance coverage under applicable insurance policies.

3. This release shall be of no force or effect unless and until the Court approves the Stipulation and the Stipulation becomes effective on the Effective Date (as defined in the Stipulation).

4. I (We) hereby warrant and represent that I (we) have not assigned or transferred or purported to assign or transfer, voluntarily or involuntarily, any matter released pursuant to this release or any other part or portion thereof.

5. I (We) hereby warrant and represent that I (we) have included information about all of my (our) holdings in New Frontier common stock requested in this Proof of Claim and Release form.

6. I (We) certify that I am (we are) not subject to backup withholding under the provisions of Section 3406(a)(1)(C) of the Internal Revenue Code.

I declare under penalty of perjury under the laws of the State of Colorado and of the United States of America that the foregoing information supplied by the undersigned is true and correct.

Executed this_____ day
of_____ (Month/Year) in
_____(City)   (State/Country)

(Sign your name here)

_____

(Type or print your name here)

_____

(Capacity of person(s) signing,
*e.g.*, Beneficial Purchaser,
Executor or Administrator)

**ACCURATE CLAIMS PROCESSING TAKES A
SIGNIFICANT AMOUNT OF TIME.
THANK YOU FOR YOUR PATIENCE.**

Reminder Checklist:

1. Please sign the above release and declaration.

2. Remember to attach supporting documentation, if available.

3. Do not send original stock certificates.

4. Keep a copy of your claim form and all supporting documentation for your records.

5. If you desire an acknowledgment of receipt of your claim form, please send it Certified Mail, Return Receipt Requested.

6. If you move, please send the Claims Administrator your new address.

7. 

8. 4823-0934-4803, v. 1