Exhibit 2

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 1:12-cv-02941-JLK

CRAIG TELKE, and
WILLIAM DOUGLAS MORELAND,
Individually and on Behalf of All Others Similarly Situated,

    Plaintiffs,

v.

NEW FRONTIER MEDIA, INC.,
ALAN ISAACMAN,
MELISSA HUBBARD,
HIRAM J. WOO, and
WALTER TIMOSHENKO,

    Defendants.

---

## DECLARATION OF WILLIAM DOUGLAS MORELAND

I, William Douglas Moreland, being sworn, declare as follows:

1. I am one of the plaintiffs in in the above captioned action. I am over the age of twenty-one years of age, and am fully competent to make the statements contained in this declaration.

2. I respectfully submit this declaration in support of Plaintiffs' motion for final approval of the $2,250.000 settlement, the Plan of Allocation, an award of 33% of the Settlement in attorneys' fees to Plaintiffs' Counsel, plus expenses incurred by counsel in litigating this case, and a $10,000 incentive to award to each of the Plaintiffs.

3. I have personal knowledge of the statements herein, and if called as a witness, could and would testify competently thereto.

4. I held stock in New Frontier Media, Inc. ("New Frontier") prior to the October 15, 2012 announcement of the sale of New Frontier to LFP Broadcasting, LLC (the "Merger") through November 27, 2012, the completion of the Merger.

5. I made the decision to participate in the above-captioned Litigation after determining it was a matter of importance to New Frontier shareholders and investors.

6. In acting as a Plaintiff, I understood my responsibility to serve the best interests of the Settlement Class Members. In fulfilling my responsibilities as a named Plaintiff and class representative on behalf of proposed Settlement Class members, I spent more than 50 hours, and I: (i) kept fully informed regarding case status, (ii) reviewed documents filed in this action; (iii) consulted with counsel during litigation and settlement strategy; and (iv) monitored and was kept informed about settlement negotiations.

7. I spent more than 50 hours pursuing and monitoring this Action. My involvement has required me to confer with counsel in person, telephonically and by email on more than 30 occasions regarding this Action, including with respect to, without limitation: (a) engaging in conferences and otherwise communicating with lawyers from Crane Dunham PLLC on a regular basis, (b) keeping fully informed regarding the status and progress of the litigation; (c) monitoring the development of the record supporting the claims asserted in the case; (d) learning the material

issues in the case, including defendants; defenses to the claims asserted; (e) revising proposed and actual Court filings in this action, including those related to class certification and the First Amended Complaint; (f) working with counsel to respond to the extensive written discovery served by the Defendants; (g) obtaining and producing requested documents in my possession or under my control related to my investments in New Frontier, i.e. trading records; (h) keeping informed of and providing input concerning litigation and settlement strategy; and (i) keeping advised of the progress of settlement negotiations.

8. As a consequence of an informed and deliberate process, I authorized Co-Lead Counsel to settle this Action for $2,250,000. I believe that in light of the liability, causation and damage issues presented by this case, as I understand them, this settlement represents an outstanding recovery on behalf of the Settlement Class Members, and an excellent resolution of the litigation that is fair, reasonable and adequate and in the best interest of each Settlement Class Member.

9. While I understand that the determination of attorney's fees is left to the Court, I support and approve an award of attorneys' fees in this action of one-third, plus expenses. In determining that Plaintiffs' Co-Lead Counsel fee is reasonable, I took into account my attorney's high quality representation and diligence in prosecuting this Action.

10. I have not received, been promised or offered, and will not accept any form of compensation, directly or indirectly, for prosecuting or serving as a representative party in this Action except for: (i) such damages or other relief as the Court may

award to me as a member of the Class; such fees, costs and other payments as the Court expressly approves to be paid to or on my behalf as an incentive award, (iii) reimbursement, paid by my attorneys, of actual and reasonable out of pocket expenses incurred directly in connection with prosecution of this Action.

11. I have never had any social or business relationship with any of the defendants (other than as an investor in New Frontier), and I have no claim or interest that is adverse to New Frontier (other than the claims in this Action) or its public stockholders.

12. Throughout the course of this litigation, I expended significant time and energy to represent the Class in this action. Below is a summary of at least the amount of estimated time that I expended in this action:

| Task | Hours |
|---|---|
| • Work with counsel in understanding claims & defenses | 15 hours |
| • Search for documents requested by Defendants in discovery in the case, undertake to obtain responsive documents from my investment advisors | 8 hours |
| • Review of periodic correspondence from counsel concerning the status of the litigation | 10 hours |
| • Review various case filings in the litigation | 7 hours |
| • Participate in settlement discussions and mediation | <u>13 hours</u> |
| Total: | 50 hours |

13. Based upon the value of my time as a successful businessman at a conservative hourly rate of $200, I seek recovery of $10,000 as reimbursement for my time spent on this case.

14. Any changes to this declaration were made by me in my own handwriting and initialed by me.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed this 30th day of July, 2015, at Denver, Colorado.

_____
William Douglas Moreland