Exhibit 3

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

Civil Action No. 1:12-cv-02941-JLK

CRAIG TELKE, and
WILLIAM DOUGLAS MORELAND,
Individually and on Behalf of All Others Similarly Situated,

    Plaintiffs,

v.

NEW FRONTIER MEDIA, INC.,
ALAN ISAACMAN,
MELISSA HUBBARD,
HIRAM J. WOO, and
WALTER TIMOSHENKO,

    Defendants.

## DECLARATION OF CRAIG TELKE

{JK00615223.2 }

Craig Telke, being duly sworn, deposes and states:

1. I am one of the plaintiffs in the above-captioned Action. I am over twenty-one years of age, and am fully competent to make the statements contained in this declaration.

2. I respectfully submit this declaration in support of Plaintiffs' motion for final approval of the $2,250,000 settlement, the Plan of Allocation, an award of 33% of the Settlement in attorneys' fees to Plaintiffs' Counsel, plus expenses incurred by counsel in litigating this case, and a $10,000 incentive to award to each of the Plaintiffs.

3. I have personal knowledge of the statements herein, and, if called as a witness, could and would testify competently thereto.

4. I held stock in New Frontier Media, Inc.. ("New Frontier") prior to the October 15, 2012 announcement of the sale of New Frontier to LFP Broadcasting, LLC (the "Merger") through November 27, 2012, the completion of the Merger.

5. I made the decision to participate in the Litigation after determining it was a matter of importance to New Frontier shareholders and investors.

6. In acting as a Plaintiff, I understood my responsibilities to serve in the best interests of Settlement Class members. In fulfillment of my responsibilities as a named Plaintiff and class representative on behalf of proposed Settlement Class members, I: (i) kept fully informed regarding case status; (ii) reviewed documents filed in this action; (iii) consulted with counsel concerning litigation and settlement strategy; and (iv) monitored and was kept informed about settlement negotiations.

7. I authorized Lead Counsel to settle this case for $2,250,000. In making my determination that $2,250,000 represents a fair, reasonable, and adequate result for the proposed Settlement Class, I considered the benefits to the proposed Settlement Class versus the risks and

2

substantial uncertainties of continued litigation. After doing so, I believe that the Settlement represents an excellent recovery due to the diligent efforts of my counsel. I believe that approval of the Settlement is in the best interest of the proposed Settlement Class.

8. While I understand that the determination of attorneys' fees is left to the Court, I approve the request for a 33% attorneys' fee award, plus expenses. In determining that Plaintiffs' Counsel's fee is reasonable, I took into account my counsel's high quality representation and diligence in prosecuting this Litigation.

9. I have not received, been promised or offered, and will not accept any form of compensation, directly or indirectly, for prosecuting or serving as a representative party in this Action except for: (i) such damages or other relief as the Court may award to me as a member of the Class, (ii) such fees, costs or other payments as the Court expressly approves to be paid to or on my behalf as an incentive award, (iii) reimbursement, paid by my attorneys, of actual and reasonable out-of-pocket expenses incurred directly in connection with prosecution of this Action..

10. I have never had any social or business relationship with any of the defendants (other than as an investor in New Frontier), and I have no claim or interest that is adverse to New Frontier (other than the claims in this Action) or its public stockholders.

11. I have expended at least 40 hours pursuing and monitoring this Action. My involvement has required me to confer with counsel telephonically and via e-mail on more than 20 occasions regarding this Action, including with respect to, *inter alia*: (i) reviewing pleadings and motions; (ii) collecting trading records and other material related to New Frontier and the Merger as part of the case initiation and discovery process; (iii) reviewing news releases, filings

and other information relating to New Frontier, LFP and the Merger; (iv) discussing strategy with my counsel; (v) responding to discovery requests served on me by counsel for the Defendants and producing documents responsive to Defendants' written discovery requests; (vi) (vii) discussing and considering a settlement of the Action; and (viii) participating telephonically in the mediation that led to the settlement. *Notarized: by David J. Bermeo*

Dated: August 3, 2015

_____
Craig Telke

DAVID J. BERMEO
NOTARY PUBLIC
Wake County
North Carolina
My Commission Expires June 23, 2020

4834-2625-3606, v. 1

4