Exhibit 7

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**

Civil Action No. 1:12-cv-02941-JLK

CRAIG TELKE, and
WILLIAM DOUGAS MORELAND,
Individually and on Behalf of All Others Similarly Situated,

      Plaintiffs,

v.

NEW FRONTIER MEDIA, INC.,
ALAN ISAACMAN,
MELISSA HUBBARD,
HIRAM J. WOO, and
WALTER TIMOSHENKO,

      Defendants.

_____

DECLARATION OF MELISSA E. BALDWIN
REGARDING DISSEMINATION OF NOTICE TO THE CLASS

_____

**I, MELISSA E. BALDWIN, HEREBY DECLARE AND STATE AS FOLLOWS:**

    1.      I am the Director of Claims Administration for RG/2 Claims Administration LLC ("RG/2 Claims"), whose address is 30 South 17th Street, Philadelphia, PA 19103.  I am over the age of 18, have personal knowledge of the matters set forth herein, and if called upon to do so, could testify competently to them.

    2.      RG/2 Claims is a full service class action settlement administrator offering notice, claims processing, allocation, distribution, tax reporting, and class action settlement consulting services.  RG/2 Claims' experience includes the provision of notice and administration services for settlements arising from antitrust, consumer fraud, civil rights, employment, negligent

1

disclosure, and securities fraud allegations.  Since 2000, RG/2 Claims has administered and distributed in excess of $850,000,000 in class action settlement proceeds.

3.      On June 2, 2015, RG/2 Claims received a file from counsel for the Defendant which included the names, addresses and number of shares for 77 certificate holders of New Frontier Media, Inc. as of November 27, 2012.

### *Notice Dissemination*

4.      On June 1, 2015, the Notice was mailed to 554 brokers or potential nominees. This mailing included a personalized letter instructing Nominees to review their files and notify RG/2 of the number of potential Class Members they had on record.  Nominees were able to request Notices in bulk so they could perform their own mailing to their clients or could provide RG/2 with the names and addresses of their clients so RG/2 could mail the Notice.  A true and correct copy of the Nominee Letter is attached hereto as Exhibit "A".

5.      On June 4, 2015, RG/2 Claims caused to be mailed, by First-Class mail, the Notice of Pendency and Proposed Settlement of Class Action along with the Proof of Claim and Release (together the "Notice"). A true and correct copy of the Notice is attached hereto as Exhibit "B".  Prior to mailing the 77 Notices, RG/2 Claim processed the names and addresses through the U.S. Postal Service National Change of Address database ("NCOA") to verify, standardize and correct the mailing addresses to obtain the best mailing address practicable.

6.      On June 1, 2015, RG/2 Claims caused the Notice to be posted to the Depository Trust & Clearing Corporation Legal Notice System ("DTCC LENS").  A copy of the email submission to DTCC LENS is attached hereto as Exhibit "C".

7.      Subsequent to June 1, 2015, and as a result of the responses from Nominees, RG/2 has mailed an additional 1,775 Notices to potential class members.

8.      As a reminder, RG/2 Claims mailed follow up letters to Nominees who did not respond to the initial request and advised them that we have not received a response and that the deadlines were approaching.

### *Summary Publication Notice*

9.      The Summary Notice was published in the following publications:

a.      The Summary Notice was published in the national edition of *Investor's Business Daily* on Friday, May 29, 2015.   The *Investor's Business Daily* Verification of Publication is attached hereto as Exhibit "D".

b.      The Summary Notice was published in *The Denver Post* on Monday, June 1, 2015.  Verification of Publication is attached hereto as Exhibit "E".

c.      The Summary Notice was released on *PRNewswire* on Monday June 1, 2015.  A copy of the *PRNewswire* release is attached hereto as Exhibit "F".

### *Settlement Website*

10.      The Settlement website, www.rg2claims.com/NewFrontier.html was created by RG/2 Claims and went live on May 29, 2015.  The website enables potential Class Members to obtain information about the Settlement.   The Settlement website consists of a Homepage, a Notice page, a Case Documents page, and a Contact Information Page.  A copy of the Homepage is attached hereto as Exhibit "G."

### *Opt-Outs & Objections*

11.      As of August 3, 2015, RG/2 Claims has received no Requests for Exclusion from the Settlement Class.

12.      As of August 3, 2015, RG/2 Claims has received no objections to the Settlement.

**I DECLARE UNDER PENALTY OF PERJURY UNDER THE LAWS OF THE UNITED STATES THAT TO THE BEST OF MY KNOWLEDGE THE FOREGOING IS TRUE AND CORRECT.**

Executed on August 4, 2015 at Philadelphia, Pennsylvania.

By: _____
Melissa E. Baldwin, Declarant

4

# EXHIBIT A



June 1, 2015

«BarCode»
«MailCode»
«Company»
Attn:  «Attn»
«Street» «Street2»
«City», «State»  «Zip»

Re:     *Telke, et al. v. New Frontier Media, Inc., et al.* – Civil Action No. 1:12-cv-02941-JLK

Dear Madam or Sir –

We are the Court-appointed Claims Administrator for the New Frontier Media, Inc. Shareholder Litigation. Enclosed, please find the *Notice of Pendency and Proposed Settlement of Class Action* and the *Proof of Claim and Release* (the "Notice" and "Claim Form") for the Action.

The Class for this Action is defined as "All record and beneficial shareholders of common stock in New Frontier Media, Inc. ("New Frontier") at any time from and including October 15, 2012 through and including November 27, 2012 (the "Class Period").

If you held New Frontier common stock during the Class Period as a nominee for a beneficial owner, then, within ten (10) calendar days after you receive this Notice, you must either: (1) send a copy of this Notice and the Claim Form by first-class mail to all beneficial owners of shares; or (2) provide a list of the names and addresses of such beneficial owners to the Claims Administrator.  If you choose to mail the Notice and Claim Form yourself, you may obtain from the Claims Administrator (without cost to you) as many additional copies of these documents as you will need to complete the mailing.  You may seek reimbursement of reasonable administrative costs incurred in connection with Notification of the beneficial owners.

Please complete below and return a copy of this letter to the Claims Administrator by June 11, 2015.

Should you have any questions or wish to make other arrangements, please feel free to contact us.  We look forward to hearing from you soon.

Sincerely,

Claims Administrator
RG/2 Claims Administration LLC

**Please complete and return a copy of this letter.**

_____ We have mailed the Notice and Claim Form to our beneficial holders on _____, 2015.

_____ We would like to request _____ additional copies of the Notice and Claim Form to be sent to us to mail to our beneficial holders.

_____ We would like to request that the Claims Administrator mail the Notice and Claim Form to our beneficial holders, and we have provided the Claims Administrator with a list of the names and addresses of these beneficial holders.

_____ We have no eligible holders of the common stock of New Frontier Media, Inc. during the Class Period.

_____        _____        _____
Name of Contact Person (Please print)            Phone Number                    Email Address

# EXHIBIT B

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 1:12-cv-02941-JLK

CRAIG TELKE, and
WILLIAM DOUGLAS MORELAND,
Individually and on Behalf of All Others Similarly Situated,

        Plaintiffs,

v.

NEW FRONTIER MEDIA, INC.,
ALAN ISAACMAN,
MELISSA HUBBARD,
HIRAM J. WOO, and
WALTER TIMOSHENKO,

        Defendants.

---

**NOTICE OF PENDENCY AND PROPOSED
SETTLEMENT OF CLASS ACTION**

---

*The United States District Court for the District of Colorado authorized this Notice.  This is not a solicitation from a lawyer.*

Please be advised that if you held the common stock of New Frontier Media, Inc. ("New Frontier" or the "Company") at any time from and including October 15, 2012 through and including November 27, 2012, your rights may be affected by the settlement of a class action lawsuit pending in this Court (the "Action").

The Parties have reached an agreement to settle the Action for $2,250,000.00 in cash, which will resolve all claims in the Action.

**This Notice explains important rights you may have, including your possible receipt of cash from the Settlement, as well as the deadlines for you to act.  Your legal rights will be affected whether or not you act.  Please read this Notice carefully!**

    **1.**    **Description of the Action and Class:**  This Notice relates to a proposed Settlement of a class action lawsuit pending against Defendants New Frontier and the Company's former directors, Alan Isaacman, Melissa Hubbard, Walter Timoshenko and Hiram J. Woo, arising out of the sale of New Frontier to LFP Broadcasting LLC ("LFP") via tender offer for $2.08 per share (consisting of $2.02 per share in cash plus one contingent value right per share worth up to an additional $0.06 per share dependent on New Frontier's cash balance at the close of the tender offer) (the "Acquisition").  LFP completed the Acquisition on November 27, 2012.  The proposed Settlement, if approved by the Court, concerns all holders of New Frontier common stock who held such stock at any time from and including October 15, 2012 through and including November 27, 2012 (the "Class").  The period from and including October 15, 2012 through and including November 27, 2012 is the "Class Period."

    **2.**    **Statement of Recovery:**  Subject to Court approval, Plaintiffs Craig Telke and William Douglas Moreland ("Plaintiffs"), on behalf of the Class, have agreed to settle all claims relating to the Acquisition that were or could have been asserted against Defendants, any other director or officer of New Frontier, or New Frontier in the Action in exchange for a settlement payment of $2,250,000 in cash (the "Settlement Amount") to be deposited into an interest-bearing escrow account.  The Settlement Amount, and all interest earned thereon, shall constitute the "Settlement Fund."  The Net Settlement Fund (the Settlement Fund less taxes, notice and administration costs, attorneys' fees and litigation expenses awarded to counsel representing Plaintiffs and the Class and an incentive award to Plaintiffs) will be distributed in accordance with a plan of allocation (the "Plan of Allocation") that will be approved by the Court and will determine how the proceeds of the Settlement shall be allocated to the members of the Class.  The proposed Plan of Allocation is included in this Notice.

    **3.**    **Reasons for Settlement:**  The Settlement avoids the costs and risks associated with continued litigation, including the danger of no recovery.  If the case had not settled, it could have resulted in dismissal or loss at trial.  The two sides disagree about the amount of money that could have been won if Plaintiffs had prevailed at trial.  The parties also disagree about the merit of Plaintiffs' allegations and the amount of damages, if any, suffered by Plaintiffs and the Class.

    **4.**    **Statement of Attorneys' Fees and Expenses Sought:**  Plaintiffs' Counsel (as defined in ¶5 below) will apply to the Court for an award of attorneys' fees from the Settlement Fund that will total no more than 33% of the Settlement Fund, plus interest

on such attorneys' fees at the same rate as earned by the Settlement Fund.  In addition, Plaintiffs' Counsel will apply for payment of litigation expenses paid or incurred by Plaintiffs' Counsel in connection with the prosecution and resolution of the Action in an amount not to exceed $750,000, plus costs, charges and expenses in connection with prosecuting the Action with interest on such expenses at the same net rate as earned by the Settlement Fund.  Plaintiffs' Counsel have not received any payment for their work investigating the facts, conducting this litigation and negotiating the Settlement on behalf of Plaintiffs and the Class.  In addition, one or more of the Plaintiffs may seek an award from the Court not to exceed $10,000 for their service to the Class.  Any such award will be paid from the fees awarded to Plaintiffs' Counsel.

5.      **Identification of Attorneys' Representatives:**  Plaintiffs and the Class are being represented by Levi & Korsinsky, LLP and Crane Dunham PLLC, the Court-appointed lead counsel for the Class ("Plaintiffs' Counsel").  Any questions regarding the Settlement should be directed to Shannon L. Hopkins at Levi & Korsinsky, 733 Summer Street, Suite 304, Stamford, CT 06901, or (212) 363-7500.

| YOUR LEGAL RIGHTS AND OPTIONS IN THIS SETTLEMENT: | |
|---|---|
| **REMAIN A MEMBER OF THE CLASS** | This is the only way to get a payment.  If you wish to obtain a payment as a Class Member, you will need to file a Proof of Claim and Release form ("Claim Form") (which is included with this Notice) postmarked or submitted electronically no later than August 31, 2015. |
| **EXCLUDE YOURSELF FROM THE CLASS BY SUBMITTING A WRITTEN REQUEST FOR EXCLUSION SO THAT IT IS *RECEIVED* NO LATER THAN AUGUST 4, 2015.** | Get no payment.  This is the only option that allows you to ever be part of any other lawsuit against the Defendants or other Released Persons about the Released Claims. |
| **OBJECT TO THE SETTLEMENT BY SUBMITTING WRITTEN OBJECTIONS FILED WITH THE COURT AND POSTMARKED NO LATER THAN AUGUST 11, 2015.** | Write to the Court and explain why you do not like the Settlement, the proposed Plan of Allocation, the request for attorneys' fees and expenses or the request for an incentive award.  You cannot object to the Settlement unless you are a Class Member and do not exclude yourself. |
| **GO TO THE HEARING ON AUGUST 25, 2015 AT 10:00 A.M., AND FILE A NOTICE OF INTENTION TO APPEAR SO THAT IT IS *RECEIVED* BY THE COURT NO LATER THAN AUGUST 11, 2015.** | Ask to speak in Court about the fairness of the Settlement, the proposed Plan of Allocation, the request for attorneys' fees and expenses or the incentive award. |
| **DO NOTHING** | Get no payment.  Remain a Class Member.  Give up your rights to pursue further litigation against the Released Persons about the Released Claims. |

- These rights and options – *and the deadlines to exercise them* – are explained in this Notice.

- The Court in charge of this case must decide whether to approve the Settlement.  Payments will be made if the Court approves the Settlement and, if there are any appeals, after the appeals are resolved.  Please be patient.

## BASIC INFORMATION

6.      **Why Did I Get This Notice Package?**

You or someone in your family may have held New Frontier common stock during the period between October 15, 2012 (the day before the date that the Acquisition was publicly announced) and November 27, 2012 (the closing date of the Acquisition), inclusive.

The Court ordered that you be sent this Notice because you have a right to know about a proposed Settlement of a class action lawsuit, and about all of your options, before the Court decides whether to approve the Settlement.  If the Court approves the Settlement and after any objections or appeals are resolved, the Claims Administrator appointed by the Court will make the payments that the Settlement allows.

This package explains the lawsuit, the Settlement, your legal rights, what benefits are available, who is eligible for them, and how to get them.

The Court in charge of the case is the United States District Court for the District of Colorado and the case is known as *Craig Telke and William Douglas Moreland v. New Frontier Media, Inc., et. al.*, Civil Action No. 1:12-cv-02941-JLK.  The people who sued are called the Plaintiffs, and the individuals and entity they sued, New Frontier, Alan Isaacman, Melissa Hubbard, Hiram J. Woo and Walter Timoshenko, are called the Defendants.

### 7.      What Is This Lawsuit About?

This case was brought as a class action alleging that Defendants' conduct in connection with the Acquisition constituted a breach of fiduciary duties by Defendants.  Plaintiffs alleged that Defendants had a duty to avoid favoring their own interests over the interests of the Company's public shareholders, and breached this duty by negotiating and securing material benefits for their own personal benefit at the cost of shareholder value in connection with the Acquisition.  Defendants claim that they acted properly and in compliance with their fiduciary duties at all times, and believe that the $2.06 per share price was a fair and reasonable one which resulted in a premium of 82% over the pre-bidding market price.  Defendants also deny the allegations that Plaintiffs or any other members of the Class have suffered damages as a result of his alleged conduct.

### 8.      Why Is This a Class Action?

In a class action, one or more people called class representatives (in this case plaintiffs in the Action), sue on behalf of people who have similar claims.  Here, all these people are called a Class or Class Members.  One court will resolve the issues for all Class Members except for those who timely and properly exclude themselves from the Class.  Senior Judge John L. Kane is in charge of this class action.

### 9.      Why Is There a Settlement?

The Court did not decide in favor of Plaintiffs or Defendants.  Instead, both sides agreed to a Settlement.  That way, they avoid the cost of a trial, and eligible Class Members who make valid claims will get compensation.  Plaintiffs and their attorneys think the Settlement is in the best interests of all Class Members.

## WHO IS IN THE SETTLEMENT

To see if you are eligible to get money from the Settlement, you first have to determine if you are a Class Member.

### 10.      How Do I Know if I Am A Class Member?

You are a member of the Class unless you are excluded by virtue of the definition of the Class or you timely request to be excluded.  The Class consists of *holders of New Frontier common stock who held such stock at any time from and including October 15, 2012 through the consummation of the sale of New Frontier to LFP at the price of $2.06 per share on November 27, 2012, beneficially or of record, and the legal representatives, heirs, successors-in-interest, transferees, and assignees of all such foregoing holders, except those persons and entities that are excluded, as described below*.

### 11.      What Are the Exceptions to Being Included?

Excluded by definition from the Class are the Defendants, Defendants' immediate family, and the heirs, administrators, executors and assigns of the Defendants.  Also excluded from the Class are the directors and executive officers of New Frontier during the Class Period, LFP and its affiliates, and those persons and entities who timely and validly request exclusion in accordance with the requirements set forth in this Notice (*see* Question 17 below.).

### 12.      What if I'm Still Not Sure if I Am Included?

If you are still not sure whether you are included, you can ask for free help.  You can call Shannon L. Hopkins at (212) 363-7500 for more information or visit the Claims Administrator's website at www.rg2claims.com/NewFrontier.html.  Or you can fill out and return the Claim Form described in Question 14 below, to see if you qualify.

## THE SETTLEMENT BENEFITS – WHAT YOU GET

### 13.      How Much Will My Payment Be?

### THE PROPOSED PLAN OF ALLOCATION:  GENERAL PROVISIONS

Defendants have agreed to pay or cause $2,250,000 in cash to be paid into escrow.

After approval of the Settlement by the Court and upon satisfaction of the other conditions to the Settlement, the Net Settlement Fund will be distributed to members of the Class who submit acceptable Claim Forms (the "Authorized Claimants") in accordance with the Plan of Allocation.  No distribution shall be made to Authorized Claimants who would otherwise receive a distribution of less than $10.00.  If any funds remain in the Net Settlement Fund because of uncashed distributions or other reasons, then, after the Claims Administrator has made reasonable and diligent efforts to have Authorized Claimants cash their distribution checks, any balance remaining in the Net Settlement Fund six (6) months after the initial distribution of such funds will be redistributed to Class Members who have cashed their initial distribution checks and who would receive at least $10.00 from such redistribution, after payment of any unpaid costs or fees incurred in administering the Net Settlement Fund for such redistribution.  If any funds remain in the Net Settlement Fund six (6) months after such redistribution, then such balance shall be contributed to a non-sectarian not-for-profit organization designated by Plaintiffs' Counsel and approved by the Court.

The Settlement Fund will be distributed as follows:

1.       to pay all federal, state and local taxes on any income earned by the Settlement Fund and to pay the reasonable costs incurred in connection with determining the amount of, and paying, taxes owed by the Settlement Fund (including reasonable expenses of tax attorneys and accountants);

2.       to pay fifty percent (50%) of the costs and expenses in connection with providing Notice to Class Members and administering the Settlement on behalf of Class Members (the Parties have agreed to split these costs, equally);

3.       to pay Plaintiffs' Counsel for the costs and expenses that Plaintiffs' Counsel incurred in commencing and prosecuting the Action, with interest thereon, to the extent allowed by the Court;

4.       to pay Plaintiffs' Counsel's attorneys' fees to the extent allowed by the Court;

5.       to pay Plaintiffs an incentive award for prosecuting this Action on behalf of New Frontier's stockholders; and

6.       to compensate Authorized Claimants with the balance of the Net Settlement Fund in accordance with the Plan of Allocation, subject to an Order of the Court approving the Settlement and the Plan of Allocation (or such other allocation plan as the Court may approve), and subject to such Order's becoming "Final" (meaning that the time for appeal or appellate review of the Order granting final approval has expired, or, if the Order is appealed, that the appeal is either decided without causing a material change in the Order or is upheld on appeal and no longer subject to appellate review by further appeal or writ of certiorari).

The Net Settlement Fund will not be distributed until the Court has approved a plan of allocation, and the time for any petition for rehearing, appeal or review, whether by certiorari or otherwise, has expired.

Defendants are not entitled to get back any portion of the Settlement Fund once the Court's Order approving the Settlement becomes Final.  Defendants shall not have any liability, obligation or responsibility for the administration of the Settlement or disbursement of the Net Settlement Fund or the Plan of Allocation.

Approval of the Settlement is independent from approval of the Plan of Allocation. Any determination with respect to the Plan of Allocation will not affect the Settlement, if approved.

Each Class Member wishing to participate in the distribution must timely submit a valid Claim Form establishing membership in the Class and proof that he, she or it owned New Frontier common stock during the Class Period and tendered his, her or its shares for $2.06 per share or were cashed out of their New Frontier shares in the back-end merger for $2.06 per share, and proof of the number of shares tendered or cashed out pursuant to the Acquisition, and include all required documentation, postmarked or submitted electronically no later than August 31, 2015, to the address set forth in the Claim Form that accompanies this Notice. Unless the Court otherwise orders, any Class Member who fails to submit a Claim Form postmarked or submitted electronically by August 31, 2015, shall be forever barred from receiving payments pursuant to the Settlement but will in all other respects remain a Class Member and be subject to the provisions of the Stipulation of Settlement, including the terms of any Judgment entered and releases given.  This means that each Class Member releases the Released Claims (as defined in Question 16 below) against the Released Persons (as defined in Question 16 below) and is enjoined and prohibited from filing, prosecuting, or pursuing any of the Released Claims against any of the Released Persons regardless of whether or not such Class Member submits a Claim Form.  Any Claim Form submitted to the Claims Administrator after the August 31, 2015, deadline may be rejected as untimely.

The Court has reserved jurisdiction to allow, disallow, or adjust on equitable grounds the Claim of any Class Member.

The Court has also reserved the right to modify the Plan of Allocation without further notice to Class Members.  All orders regarding a modification of the Plan of Allocation will be posted on the Claims Administrator's website, www.rg2claims.com/NewFrontier.html.

Payment pursuant to the Plan of Allocation approved by the Court shall be conclusive against all Authorized Claimants.  No person shall have any claim against Plaintiffs, Plaintiffs' Counsel, or the Claims Administrator or other agent designated by Plaintiffs' Counsel arising from distributions made substantially in accordance with the Stipulation of Settlement, the Plan of Allocation, or further orders of the Court.  Plaintiffs, Defendants, their respective counsel, and all other Released Persons shall have no responsibility or liability whatsoever for the investment or distribution of the Settlement Fund, the Net Settlement Fund, the Plan of Allocation, or the determination, administration, calculation, or payment of any Claim Form or nonperformance of the Claims Administrator, the payment or withholding of taxes owed by the Settlement Fund, or any losses incurred in connection therewith.

A "Recognized Claim Amount" will be calculated for each Authorized Claimant.

**Calculation of Recognized Claim Amounts:**

Each share of New Frontier common stock  (i) which an Authorized Claimant held between October 15, 2012 and November 27, 2012; (ii) for which such Authorized Claimant received $2.06 per share in cash pursuant to the Acquisition; and (iii) for which a valid Claim Form was submitted will be allocated a pro rata share of the Net Settlement Fund.  An Authorized Claimant's Recognized Claim Amount will be allocated on a pro rata basis based on the number of shares of New Frontier common stock tendered or cashed out at $2.06 relative to the total number of shares for which valid Claim Forms are submitted.

4

**Additional Provisions:**

The Net Settlement Fund will be allocated among all Authorized Claimants.

The Plan of Allocation set forth herein is the plan that is being proposed by Plaintiffs and Plaintiffs' Counsel to the Court for approval. The Court may approve this Plan of Allocation as proposed or it may modify the Plan without further notice to the Class

## HOW YOU GET A PAYMENT — SUBMITTING A CLAIM FORM

### 14.     How Will I Get a Payment?

To qualify for payment, you must be a Class Member AND you must send in a valid Claim Form. A Claim Form is enclosed with this Notice. You may also get a Claim Form on the Internet at www.rg2claims.com/NewFrontier.html. Please read the instructions carefully, fill out the Claim Form, include all the documents the form asks for, sign it, and mail it postmarked or submitted electronically no later than August 31, 2015.

### 15.     When Will I Get My Payment?

The Court will hold a hearing on August 25, 2015 at 10:00 a.m., to decide whether to approve the Settlement. If the Court approves the Settlement, there still could be an appeal of that decision. It is always uncertain how these appeals will be resolved, and resolving them can take time, perhaps more than a year. It also takes time for all the Claim Forms to be processed. The Net Settlement Fund cannot be distributed unless and until the Court approves the Settlement, any appeals that may be taken are resolved, and the processing of all Claim Forms has been completed. Please be patient.

### 16.     What Am I Giving Up to Get a Payment or Stay in the Class?

If the Settlement is approved, the Court will enter a judgment (the "Judgment"). The Judgment will dismiss with prejudice the claims against Defendants and will provide that Plaintiffs and all other Class Members, on behalf of themselves, their heirs, executors, administrators, predecessors, successors and assigns, shall have – and by operation of law shall be deemed to have – fully, finally, and forever released, waived, discharged, settled, relinquished, and dismissed any and all "Released Claims" (as defined below) including "Unknown Claims" (as defined below), against the "Released Persons, (as defined below).

"Released Claims" means any and all claims which are based on, arise out of, result from, relate to, or involve, directly or indirectly, any of the actions, transactions, occurrences, statements, representations, misrepresentations, omissions, allegations, facts, practices, events, claims, or any other matters, things or causes whatsoever, that (i) were alleged, asserted, set forth, or claimed in the Action against the Released Persons; or (ii) could have been alleged, asserted, set forth, or claimed in the Action or in any other action, court (whether state or federal), tribunal, forum, or proceeding by the Releasors including, but not limited to, claims under any and all federal or state securities laws (including those within the exclusive jurisdiction of the federal courts), which arise out of the Class Members' status as former New Frontier stockholders, and which are based on, arise out of, result from, relate in any way to, or involve, directly or indirectly: the Tender Offer, the Merger; the New Frontier Board's recommendation of the Tender Offer and approval of the Merger; the New Frontier Board's consideration, or potential consideration, of the Merger and alternatives to the Merger; disclosures made to New Frontier stockholders in connection with the Tender Offer and Merger; the institution, prosecution, assertion, settlement, or resolution of the Action; or Class Members' ownership of New Frontier common stock during the Class Period; provided, however, that the Released Claims shall not include (i) the right of an Party to enforce the Stipulation; or (ii) any of Defendants' rights to (a) indemnification or (b) insurance coverage under applicable insurance policies.

"Released Persons" means Defendants, LFP and all their past or present directors, officers, shareholders or employees, any and all past or present direct or indirect affiliates, parents, subsidiaries, shareholders, general partners, limited partners, partnerships, members, associates, predecessors, or successors of New Frontier, and their respective officers, directors, managing directors, employees, agents, attorneys, advisors, insurers, accountants, auditors, trustees, financial advisors, lenders, investment bankers, representatives, heirs, executors, personal representatives, estates, administrators, predecessors, successors, and assigns of any of the foregoing.

"Unknown Claims" means any and all Released Claims that any Plaintiff or Class Member does not know or suspect to exist in his, her or its favor at the time of the release of the Released Claims against the Released Persons, including, without limitation, claims which if known by him, her or it, might have affected his, her, or its decision(s) with respect to the Settlement. With respect to any and all Released Claims and any and all Released Persons' Claims, the parties stipulate and agree that upon the Effective Date, Plaintiffs and Defendants shall expressly waive, and every other Class Member and every other Released Person shall be deemed to have waived, and by operation of the Judgment shall have expressly waived, any and all provisions, rights, and benefits conferred by any law of any state or territory of the United States, or principle of common law, that is similar, comparable, or equivalent to Cal. Civ. Code § 1542, which provides:

A general release does not extend to claims which the creditor does not know or suspect to exist in his or her favor at the time of executing the release, which if known by him or her must have materially affected his or her settlement with the debtor.

5

The Judgment also will provide that Defendants and/or their successors and assigns shall have — and by operation of law shall be deemed to have — fully, finally, and forever released, waived, discharged, settled, relinquished, and dismissed, any and all claims, rights or causes of action or liabilities whatsoever, whether based on federal, state, local, statutory or common law or any other law, rule or regulation, including both known claims and Unknown Claims, that have been or could have been asserted in the Action or any forum by the Defendants and/or their successors and assigns against any of the Plaintiffs or their attorneys, which arise out of or relate in any way to the institution, prosecution, or settlement of the Action (except for claims to enforce the Settlement) (the "Released Persons Claims").

## EXCLUDING YOURSELF FROM THE SETTLEMENT

If you want to keep the right to sue or continue to sue Defendant and the other Released Persons on your own about the Released Claims, then you must take steps to get out of the Class.

This is called excluding yourself or is sometimes referred to as "opting out" of the Class. If you choose to exclude yourself from the Class, you will get no money from the Settlement.

### 17. How Do I Get out of the Class?

To exclude yourself from the Class, you must mail a written Request for Exclusion from the Class, addressed to *New Frontier Media, Inc. Shareholder Litigation* – EXCLUSIONS - c/o RG/2 Claims Administration LLC, P.O. Box 59479, Philadelphia, PA 19102-9479 or you may hand-deliver a written such request to the Claims Administrator at RG/2 Claims Administration, LLC, 30 S. 17th Street, 5th Floor, Philadelphia, PA 19103. The Request for Exclusion must be *received* no later than August 4, 2015. You will not be able to exclude yourself from the Class after that date. Each Request for Exclusion must (i) state the name and address of the person or entity requesting exclusion; (ii) state that such person or entity "requests exclusion from the Class in "*Craig Telke and William Douglas Moreland v. New Frontier Media, Inc., et. al.*, Civil Action No. 1:12-cv-02941-JLK"; (iii) be signed by the person or entity requesting exclusion; (iv) provide a telephone number for that person or entity; and (v) provide the number of shares of New Frontier common stock that the person or entity held during the period October 15, 2012 through and including November 27, 2012. Requests for Exclusion will not be valid if they are not received within the time stated above, unless the Court otherwise determines.

### 18. If I Do Not Exclude Myself, Can I Sue Defendants and the other Released Persons for the Same Thing Later?

No. Unless you exclude yourself, you give up any right to sue Defendants and the other Released Persons about the Released Claims. If you have a pending lawsuit against the Defendants, speak to your lawyer in that case immediately. Remember, the exclusion deadline is August 4, 2015.

### 19. If I Exclude Myself, Can I Get Money from This Settlement?

No. If you exclude yourself, do not send in a Claim Form.

## THE LAWYERS REPRESENTING YOU

### 20. Do I Have a Lawyer in This Case?

The law firms of Levi & Korsinsky, LLP and Crane Dunham PLLC represent you and the other Class Members in the Action. These lawyers are called Plaintiffs' Counsel. You will not be charged for these lawyers. They will be paid from the Settlement Fund to the extent the Court approves their application for attorneys' fees and expenses. If you want to be represented by your own lawyer, you may hire one at your own expense.

### 21. How Will the Lawyers Be Paid?

Plaintiffs' Counsel will request an award of attorneys' fees from the Settlement Fund that will total no more than 33% of the Settlement Fund, and payment of litigation expenses that will total no more than $100,000.00. Such sums as may be approved by the Court will be paid from the Settlement Fund. Class Members are not personally liable for any such fees or expenses.

The attorneys' fees and expenses requested will be the only payment to Plaintiffs' Counsel for their efforts in achieving this Settlement and for their risk in undertaking this representation on a wholly contingent basis. To date, Plaintiffs' Counsel have not been paid for their services for conducting this litigation on behalf of the Plaintiffs and the Class nor for their substantial expenses. The fee requested will compensate Plaintiffs' Counsel for their work in achieving the Settlement Fund and is within the range of fees awarded to class counsel under similar circumstances in other cases of this type.

## OBJECTING TO THE SETTLEMENT

You can tell the Court that you don't agree with the Settlement or some part of it.

### 22. How Do I Tell the Court that I Don't Like the Settlement?

Any Class Member who does not make a request for exclusion received no later than August 4, 2015, may object to the Settlement, the Plan of Allocation, Plaintiffs' Counsel's request for an award of attorneys' fees and expenses or Plaintiffs' request for

an incentive award.  Objections must be in writing, and must include your name, address, telephone number, your signature, and the number of shares of New Frontier common stock you held between October 15, 2012 and November 27, 2012.  You must file any written objection, together with copies of all other papers (including proof of shares of New Frontier common stock that you held between October 15, 2012 and November 27, 2012, and briefs, with Clerk of the Court for the U.S. District Court for the District of Colorado, at the address set forth below on or before August 11, 2015.  You must also serve the papers on Plaintiffs' Counsel and Defendants' Counsel at the addresses set forth below so that the papers are received by counsel on or before August 11, 2015.

> *The Court:*
>
> Clerk of the Court
> ALFRED A. ARRAJ UNITED STATES COURTHOUSE
> 901 19th Street
> Denver, Colorado 80294

> *Co-Lead Counsel:*                                  *Counsel for Defendants*

> LEVI & KORSINSKY, LLP                    JONES AND KELLER, P.C.
> Shannon L. Hopkins                              Stuart N. Bennett
> 733 Summer Street,                               1999 Broadway, Suite 3150
> Suite 304                                               Denver, CO 80202
> Stamford, CT 06901

**Unless the Court orders otherwise, any Class Member who does not object in the manner described above will be deemed to have waived any objection and shall be forever foreclosed from making any objection to the proposed Settlement, the proposed Plan of Allocation, Plaintiffs' Counsel's request for an award of attorneys' fees and of expenses or Plaintiffs' request for an incentive award. Class Members do not need to appear at the hearing or take any other action to indicate their approval.**

### 23. What's the Difference Between Objecting and Excluding?

Objecting is simply telling the Court that you don't like something about the Settlement. You can object ***only if*** you stay in the Class.  Excluding yourself is telling the Court that you don't want to be part of the Class.  If you exclude yourself, you have no basis to object because the case no longer affects you.

## THE COURT'S SETTLEMENT HEARING

The Court will hold a hearing to decide whether to approve the proposed Settlement (the "Settlement Hearing").  You may attend and you may ask to speak, but you don't have to.

### 24. When and Where Will the Court Decide Whether to Approve the Settlement?

The Court will hold a Settlement Hearing at 10:00 a.m., on August 25, 2015, at the Alfred A. Arraj United States Courthouse, 901 19th Street, Denver, Colorado 80294 in Courtroom A802.  At the Settlement Hearing, the Court also will consider the proposed Plan of Allocation for the proceeds of the Settlement, the application of Plaintiffs' Counsel's fees and expenses and the application for an incentive award to Plaintiffs.  The Court will take into consideration any written objections filed in accordance with the instructions at Question 22 above. The Court also may listen to people who have properly indicated, within the deadline identified above, an intention to speak at the hearing; but decisions regarding the conduct of the hearing will be made by the Court.  *See* Question 26 below for more information about speaking at the hearing.  After the hearing, the Court will decide whether to approve the Settlement.  We do not know how long these decisions will take.

You should be aware that the Court may change the date and time of the Settlement Hearing without further notice to the Class.  Thus, if you want to come to the hearing, you should check with Plaintiffs' Counsel before coming to be sure that the date and/or time has not changed.

### 25. Do I have to Come to the Settlement Hearing?

No.  Plaintiffs' Counsel will answer questions the Judge may have.  But, you are welcome to come at your own expense.  If you send an objection, you do not have to come to Court to talk about it.  As long as you mailed your written objection on time, the Court will consider it.  You may also pay your own lawyer to attend, but it is not necessary.  Class Members do not need to appear at the hearing or take any other action to indicate their approval.

### 26. May I Speak at the Hearing?

If you object to the Settlement, you may ask the Court for permission to speak at the Settlement Hearing.  To do so, you must send a letter to the Court saying that it is your "Notice of Intention to Appear in "*Craig Telke and William Douglas Moreland v. New Frontier Media, Inc., et. al.*, Civil Action No. 1:12-cv-02941-JLK."  Be sure to include your name, address, telephone number, your signature, and the number of shares of New Frontier common stock that you held between October 15, 2012 and November 27, 2012.  Your notice of intention to appear must be received no later than August 11, 2015, and be sent to the Clerk of the Court, Plaintiffs'

Counsel, and Defendants' Counsel, at the addresses listed in Question 22.  You cannot speak at the Settlement Hearing if you exclude yourself from the Class.

## IF YOU DO NOTHING

**27.    What Happens if I Do Nothing at All?**

If you do nothing, you'll get no money from the Settlement.  But, unless you exclude yourself, you won't be able to start a lawsuit, continue with a lawsuit, or be part of any other lawsuit against Defendants and the other Released Persons about the Released Claims.

## SPECIAL NOTICE TO NOMINEES

**28.    What if I Held Shares on Someone Else's Behalf?**

If you held New Frontier common stock between October 15, 2012 and November 27, 2012 as a nominee for a beneficial owner, then, within ten (10) calendar days after you receive this Notice, you must either: (1) send a copy of this Notice and the Claim Form by first-class mail to all beneficial owners of the shares; or (2) provide a list of the names and addresses of such beneficial owners to the Claims Administrator:

> *New Frontier Media, Inc. Shareholder Litigation*
> RG/2 Claims Administration LLC
> PO Box 59479
> Philadelphia, PA 19102-9479
> Telephone:  (866) 742-4955
> www.rg2claims.com/NewFrontier.html

If you choose to mail this Notice and the Claim Form yourself, you may obtain from the Claims Administrator (without cost to you) as many additional copies of these documents as you will need to complete the mailing.

Regardless of whether you choose to complete the mailing yourself or elect to have the mailing performed for you, you may obtain reimbursement for or advancement of reasonable administrative costs actually incurred in connection with forwarding the Notice and which would not have been incurred but for the obligation to forward the Notice, upon submission of appropriate documentation to the Claims Administrator.

## GETTING MORE INFORMATION

**29.    Are There More Details About the Settlement?**

This Notice summarizes the proposed Settlement.  More details are in the Stipulation of Settlement dated April 27, 2015. You can review a copy of the Stipulation of Settlement at the Clerk's office at the Alfred A. Arraj United States Courthouse, 901 19th Street, Denver, Colorado 80294, during regular business hours or you may view it on the website maintained by the Claims Administrator at www.rg2claims.com/NewFrontier.html.

**30.    How Do I Get More Information?**

You can call or write to Shannon L. Hopkins, c/o Levi & Korsinsky, LLP, 733 Summer Street, Suite 304, Stamford, CT 06903, (212) 363-7500, or visit the Claims Administrator's website at www.rg2claims.com/NewFrontier.html.

### PLEASE DO NOT CONTACT THE COURT OR THE CLERK'S OFFICE REGARDING THIS NOTICE

DATED:          May 18, 2015                              BY ORDER OF THE U.S. DISTRICT COURT FOR THE
                                                                         DISTRICT OF COLORADO

**This Page Intentionally Left Blank**

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**

Civil Action No. 1:12-cv-02941-JLK

CRAIG TELKE, and
WILLIAM DOUGLAS MORELAND,
Individually and on Behalf of All Others Similarly Situated,

        Plaintiffs,

v.

NEW FRONTIER MEDIA, INC.,
ALAN ISAACMAN,
MELISSA HUBBARD,
HIRAM J. WOO, and
WALTER TIMOSHENKO,

        Defendants.

---

**PROOF OF CLAIM AND RELEASE**

---

I.        **GENERAL INSTRUCTIONS**

        1.        All capitalized terms not otherwise defined shall have the same meanings as set forth in the Stipulation of Settlement dated April 27, 2015 ("Stipulation"), which can be downloaded at www.rg2claims.com/newfrontier.html.

        2.        To recover as a member of the Class based on your claims in the action entitled *Craig Telke and William Douglas Moreland v. New Frontier Media, Inc., et. al.*, Civil Action No. 1:12-cv-02941-JLK (the "Action"), you must complete and, on page 5 hereof, sign this Proof of Claim and Release.  If you fail to file a properly addressed (as set forth in paragraph 4 below) Proof of Claim and Release, your claim may be rejected and you may be precluded from any recovery from the Net Settlement Amount created in connection with the proposed settlement of the Action.

        3.        Submission of this Proof of Claim and Release, however, does not assure that you will share in the proceeds of the settlement of the Action.

        4.        TO PARTICIPATE IN THE SETTLEMENT, YOU MUST MAIL YOUR COMPLETED AND SIGNED PROOF OF CLAIM AND RELEASE POSTMARKED OR SUBMITTED ELECTRONICALLY ON OR BEFORE AUGUST 31, 2015, ADDRESSED AS FOLLOWS:

        *New Frontier Shareholder Litigation*
        Claims Administrator
        RG/2 Claims Administration LLC
        P.O. Box 59479
        Philadelphia, PA  19102-9479
        Email:  info@rg2claims.com

If you are NOT a member of the Class (as defined below and in the Notice of Pendency and Proposed Settlement of Class Action ("Notice")) DO NOT submit a Proof of Claim and Release.

        5.        If you are a member of the Class and you do not timely request exclusion from the Class, you are bound by the terms of any judgment entered in the litigation, including the releases provided therein, WHETHER OR NOT YOU SUBMIT A PROOF OF CLAIM AND RELEASE FORM.

## II.      DEFINITIONS

1.      "Class" means, as certified by the Court, all persons and/or entities who held shares of New Frontier common stock at any time from and including October 15, 2012 through and including November 27, 2012 (the "Class Period"), whether beneficially or of record, including the legal representatives, heirs, successors-in-interest, transferees, and assignees of all such foregoing holders, but excluding Defendants, New Frontier, LFP, the directors and executive officers of New Frontier who served in those capacities during the Class Period, and their legal representatives, heirs, successors-in-interest, transferees, and assignees.  Also excluded from the Class are those persons or entities who timely and properly request exclusion from the Class pursuant to the instructions set forth in the Notice approved through the Preliminary Approval Order.

2.      "Defendants" means New Frontier, Alan Isaacman, Melissa Hubbard, Walter Timoshenko and Hiram J. Woo.

3.      "Released Persons" means (i) Defendants and all past or present directors, officers, shareholders or employees of New Frontier; (ii) LFP and all past or present directors, officers, shareholders or employees of LFP; (iii) any and all past or present direct or indirect affiliates, parents, subsidiaries, shareholders, general partners, limited partners, partnerships, members, associates, predecessors, or successors of New Frontier and LFP and the respective officers, directors, managing directors, employees, agents, attorneys, advisors, insurers, accountants, auditors, trustees, financial advisors, lenders, investment bankers, representatives, heirs, executors, personal representatives, estates, administrators, predecessors, successors, and assigns of any of the foregoing.

## III.      CLAIMANT IDENTIFICATION

If you held New Frontier common stock at any time from and including October 15, 2012 through and including November 27, 2012, and held the certificate(s) in your name, you are the beneficial holder as well as the record holder.  If, however, you held New Frontier common stock and the certificate(s) were registered in the name of a third party, such as a nominee or brokerage firm, you are the beneficial holder and the third party is the record holder.

Use Part I of this form entitled "Claimant Identification" to identify each holder of record ("nominee"), if different from the beneficial holder of New Frontier common stock which forms the basis of this claim.  THIS CLAIM MUST BE FILED BY THE ACTUAL BENEFICIAL HOLDER(S) OR THE LEGAL REPRESENTATIVE OF SUCH HOLDER(S) OF THE NEW FRONTIER COMMON STOCK UPON WHICH THIS CLAIM IS BASED.

All joint holders must sign this claim.  Executors, administrators, guardians, conservators and trustees must complete and sign this claim on behalf of Persons represented by them and their authority must accompany this claim and their titles or capacities must be stated.  The Social Security (or taxpayer identification) number and telephone number of the beneficial owner may be used in verifying the claim.  Failure to provide the foregoing information could delay verification of your claim or result in rejection of the claim.

## IV.      CLAIM FORM

Use Part II of this form entitled "Schedule of Shares of New Frontier Common Stock Tendered in the Acquisition for $2.06 in Cash Per Share or Cashed Out in the Back-End Merger for $2.06 Per Share" to supply the number of shares of New Frontier common stock you held during the Class Period and for which you received $2.06 per share.

Broker confirmations or other documents verifying that you held New Frontier common stock during the Class Period and tendered it in the acquisition of New Frontier by LFP at the price of $2.06 per share or were cashed out of your shares for $2.06 per share, should be attached to your claim.  Failure to do so could delay verification of your claim or result in rejection of your claim.

NOTICE REGARDING ELECTRONIC FILES: Certain claimants with large holdings in New Frontier common stock may request, or may be requested, to submit information regarding their transactions in electronic format.  All claimants MUST submit a manually signed paper Proof of Claim and Release form whether or not they also submit electronic copies.  If you wish to file your claim electronically, you must contact the Claims Administrator at info@rg2claims.com to obtain the required file layout.  No electronic files will be considered to have been properly submitted unless the Claims Administrator issues to the claimant a written acknowledgment of receipt and acceptance of electronically submitted data.

## UNITED STATES DISTRICT COURT
### DISTRICT OF COLORADO

Craig Telke and William Douglas Moreland v. New Frontier Media, Inc., et al.,
Civil Action No. 1:12-CV-02941-JLK

### PROOF OF CLAIM AND RELEASE

Must be Postmarked or Submitted Electronically No Later Than:
AUGUST 31, 2015

Please Type or Print Clearly

## PART I:  CLAIMANT  IDENTIFICATION

**OWNER INFORMATION**

(Beneficial Owner) Claimant's First Name          Middle   Last

(Joint Beneficial Owner) Claimant's First Name          Middle   Last

(If Claimant Not An Individual) Company/Entity Beneficial Owner

Record Owner's Name (If Different From Beneficial Owner Listed Above)

If Filing On Behalf of Claimant, Check One and Enter Name Below:     ☐Trustee     ☐Custodian     ☐Nominee     ☐Other

Claimant(s) Street Address

City                                         State     Zip Code

Foreign Province                             Foreign Country

**MAILING INFORMATION** (Indicate "Same" if same as above)

Street Address

City                                         State     Zip Code

Foreign Province                             Foreign Country

Social Security Number          -OR-     Employer Identification Number

Work Telephone Number (beginning with Area Code)

Home Telephone Number (beginning with Area Code)

CHECK ONE:
☐ Individual          ☐ Trust
☐ Joint               ☐ IRA Account
☐ Partnership         ☐ Keogh
☐ Estate              ☐ Other Pension _____(specify)
☐ Corporation         ☐ Other _____(specify)

E-Mail

3

**PART II:   SCHEDULE OF SHARES OF NEW FRONTIER COMMON STOCK TENDERED IN THE ACQUISITION FOR $2.06 IN CASH PER SHARE OR CASHED OUT IN THE BACK-END MERGER FOR $2.06 PER SHARE**

A.      Number of shares of New Frontier common stock you held and tendered in the acquisition of New Frontier by LFP at the price of $2.06 per share or were cashed out of in the back-end Merger for $2.06 per share *(Be sure to attach the required documentation)*:

☐,☐☐☐,☐☐☐        Proof Enclosed:        ☐ Yes
                                                                              ☐ No

**YOU MUST ALSO READ AND SIGN THE RELEASE ON PAGE 5.**

4

**V.        SUBMISSION TO JURISDICTION OF COURT AND ACKNOWLEDGMENTS**

I (We) submit this Proof of Claim and Release under the terms of the Stipulation of Settlement (the "Stipulation") described in the Notice.  I (We) also submit to the jurisdiction of the U.S. District Court for the District of Colorado, with respect to my (our) claim as a Class Member and for purposes of enforcing the release set forth herein.  I (We) further acknowledge that I am (we are) bound by and subject to the terms of any judgment that may be entered in the litigation.  I (We) agree to furnish additional information to the Claims Administrator to support this claim if requested to do so.  I (We) have not submitted any other claim covering the New Frontier common stock I (we) held between October 15, 2012 and November 27, 2012 for which we received $2.06 per share, and know of no other person having done so on my (our) behalf.

**VI.       RELEASE**

1.        I (We) hereby acknowledge full and complete satisfaction of, and do hereby fully, finally and forever settle, release and discharge from and covenant not to sue with respect to, the Released Claims each and all of the Released Parties.

2.        "Released Claims" means any and all claims which are based on, arise out of, result from, relate to, or involve, directly or indirectly, any of the actions, transactions, occurrences, statements, representations, misrepresentations, omissions, allegations, facts, practices, events, claims, or any other matters, things or causes whatsoever, that (i) were alleged, asserted, set forth, or claimed in the Action against the Released Persons; or (ii) could have been alleged, asserted, set forth, or claimed in the Action or in any other action, court (whether state or federal), tribunal, forum, or proceeding by the Releasors including, but not limited to, claims under any and all federal or state securities laws (including those within the exclusive jurisdiction of the federal courts), which arise out of the Class Members' status as former New Frontier stockholders, and which are based on, arise out of, result from, relate in any way to, or involve, directly or indirectly:  the Tender Offer, the Merger; the New Frontier Board's recommendation of the Tender Offer and approval of the Merger; the New Frontier Board's consideration, or potential consideration, of the Merger and alternatives to the Merger; disclosures made to New Frontier stockholders in connection with the Tender Offer and Merger; the institution, prosecution, assertion, settlement, or resolution of the Action; or Class Members' ownership of New Frontier common stock during the Class Period; provided, however, that the Released Claims shall not include (i) the right of an Party to enforce the Stipulation; or (ii) any of Defendants' rights to (a) indemnification or (b) insurance coverage under applicable insurance policies.

3.        This release shall be of no force or effect unless and until the Court approves the Stipulation and the Stipulation becomes effective on the Effective Date (as defined in the Stipulation).

4.        I (We) hereby warrant and represent that I (we) have not assigned or transferred or purported to assign or transfer, voluntarily or involuntarily, any matter released pursuant to this release or any other part or portion thereof.

5.        I (We) hereby warrant and represent that I (we) have included information about all of my (our) holdings in New Frontier common stock requested in this Proof of Claim and Release form.

6.        I (We) certify that I am (we are) not subject to backup withholding under the provisions of Section 3406(a)(1)(C) of the Internal Revenue Code.

I declare under penalty of perjury under the laws of the State of Colorado and of the United States of America that the foregoing information supplied by the undersigned is true and correct.

Executed this_____ day of_____ (Month/Year) in _____ (City) _____(State/Country)

_____
(Sign your name here)

_____
(Type or print your name here)

_____
(Capacity of person(s) signing,
*e.g.*, Beneficial Purchaser,
Executor or Administrator)

**ACCURATE CLAIMS PROCESSING TAKES A**
**SIGNIFICANT AMOUNT OF TIME.**
**THANK YOU FOR YOUR PATIENCE.**

Reminder Checklist:

1. Please sign the above release and declaration.

2. Remember to attach supporting documentation, if available.

3. Do not send original stock certificates.

4. Keep a copy of your claim form and all supporting documentation for your records.

5. If you desire an acknowledgment of receipt of your claim form, please send it Certified Mail, Return Receipt Requested.

6. If you move, please send the Claims Administrator your new address.

*New Frontier Media, Inc. Shareholder Litigation*
RG/2 Claims Administration LLC
PO Box 59479
Philadelphia, PA 19102-9479

# EXHIBIT C

**Baldwin, Melissa E**

| | |
|---|---|
| **Subject:** | LG20150602 - 029 |
| **Attachments:** | notice06012.pdf; ATT00002.txt |

**PcgForwardedMessage:**           0

**From:** Peter Debney [mailto:PDebney@dtcc.com] **On Behalf Of** Lens Notices
**Sent:** Monday, June 01, 2015 6:18 AM
**To:** Baldwin, Melissa E; mandatoryreorgannouncements@dtcc.com; voluntaryreorgannouncements@dtcc.com
**Subject:** LG20150602 - 029

DOCUMENT NUMBER:  LG20150602 - 029       TOTAL PAGES:  0014       CATEGORY:  C
IMAGE BARCODE  :  LG PDFDOC
ISSUER'S NAME:   NEW FRONTIER MEDIA, INC.
CUSIP/ISSUER ID:  644398109


TITLE:
    NOTICE TO HOLDERS DATED 6/1/15. NOTICE OF PENDENCY AND PROPOSED SETTLEME
    NT OF CLASS ACTION.
    NEW FRONTIER MEDIA, INC.
    644398109.



**"Baldwin, Melissa E" <MBaldwin@rg2claims.com>**

05/29/2015 05:09 PM

To "'lensnotices@dtcc.com'" <lensnotices@dtcc.com>

cc

Subject LENS Posting for 06/01/2015 - NOTICE OF PENDENCY OF CLASS ACTION - New
Frontier Media, Inc. Shareholder Litigation



Hello:

We are class action claims administrators responsible for various securities class action settlements.  We have attached a copy of a
document regarding the below case to be posted on the LENs system starting _**June 1, 2015**_.  Please confirm receipt of this email and
that the notice will be posted to the system on June 1, 2015.

NOTICE OF PENDENCY  AND PROPOSED SETTLEMENT OF CLASS ACTION

UNITED STATES DISTRICT COURT
DISTRICT OF COLORADO

NEW FRONTIER MEDIA, INC. SHAREHOLDER LITIGATION

Civil Action No. 1:12-cv-02941-JLK

CUSIP:  New Frontier Media, Inc. - 644398109

TO: ALL RECORD AND BENEFICIAL SHAREHOLDERS OF COMMON STOCK IN NEW FRONTIER MEDIA, INC. ("NEW FRONTIER") AT ANY
TIME FROM AND INCLUDING OCTOBER 15, 2012 THROUGH AND INCLUDING NOVEMBER 27, 2012 (THE "CLASS PERIOD").  YOUR

RIGHTS MAY BE AFFECTED BY THE SETTLEMENT OF THIS ACTION.

Thank you!

**Melissa Baldwin**
**Assistant Director of Claims Administration**

**30 South 17th Street, 4th Floor**
**Philadelphia, PA  19103**
**Phone: 215.979.1611**
**Fax: 215.979.1695**

**mbaldwin@rg2claims.com**
**www.rg2claims.com**



[attachment "FINAL_New Frontier Notice.pdf" deleted by Peter Debney/DTCC] [attachment "FINAL_New Frontier Claim Form.pdf" deleted by Peter Debney/DTCC]

# EXHIBIT D

Case No. 1:12-cv-02941-JLK Document 69-7 filed 08/04/15 USDC Colorado pg 29 of 39

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**

Civil Action No. 1:12-cv-02941-JLK

CRAIG TELKE, and WILLIAM DOUGLAS MORELAND,
Individually and on Behalf of All Others Similarly Situated,
Plaintiffs,
v.
NEW FRONTIER MEDIA, INC., ALAN ISAACMAN, MELISSA HUBBARD, HIRAM J. WOO, and WALTER TIMOSHENKO,
Defendants.

**SUMMARY NOTICE**

***IF YOU HELD* SHARES OF COMMON STOCK IN NEW FRONTIER MEDIA, INC. ("NEW FRONTIER") AT ANY TIME FROM AND INCLUDING OCTOBER 15, 2012 THROUGH AND INCLUDING NOVEMBER 27, 2012 (THE "CLASS PERIOD"), *YOUR RIGHTS MAY BE AFFECTED BY THE SETTLEMENT OF A CLASS ACTION***

YOU ARE HEREBY NOTIFIED, pursuant to an Order of United District Court for the District of Colorado, that a hearing will be held on August 25, 2015, at 10:00 a.m., in Courtroom A802 of the Alfred A. Arraj United States Courthouse, 901 19th Street, Denver, Colorado 80294, for the purpose of determining: (1) whether the proposed Settlement of the claims in the Action for the sum of $2,250,000.00 in cash plus accrued interest should be approved by the Court as fair, reasonable, and adequate; (2) whether the Court should enter a final judgment in the Action on the merits against the named Plaintiffs and the Class as set forth in the Stipulation of Settlement dated April 27, 2015 ("Stipulation")[1]; (3) whether the Plan of Allocation of settlement proceeds is fair, reasonable, and adequate and therefore should be approved; (4) whether the application of Plaintiffs' Counsel for an award of attorneys' fees and expenses incurred in connection with this litigation should be approved; and (5) whether the application of Plaintiffs for an incentive award should be approved.

If you held New Frontier common stock at any time from and including October 15, 2012, through and including November 27, 2012, your rights may be affected by the settlement of this Action. If you have not received a detailed Notice of Pendency and Proposed Settlement of Class Action ("Notice") and a copy of the Proof of Claim and Release form, you may obtain copies by writing to *New Frontier Media, Inc. Shareholder Litigation*, Claims Administrator, RG/2 Claims Administration LLC, P.O. Box 59479, Philadelphia, PA 19102-9479, or you can download a copy at www.rg2claims.com/NewFrontier.html. If you are a Class Member, in order to share in the distribution of the Net Settlement Amount, you must submit a Proof of Claim and Release form postmarked or submitted electronically no later than August 31, 2015, establishing that you are entitled to recovery. You will be bound by any judgment rendered in the Action whether or not you make a claim.

Any objection to the Settlement, the Plan of Allocation or Lead Counsel's request for an award of attorneys' fees and expenses must be filed with the Court at the address below and served by hand or first class mail on counsel listed below such that it is postmarked no later than August 11, 2015:

*The Court:*
Clerk of the Court
ALFRED A. ARRAJ UNITED STATES COURTHOUSE
901 19th Street
Denver, Colorado 80294

*Co-Lead Counsel:*
LEVI & KORSINSKY, LLP
Shannon L. Hopkins
733 Summer Street,
Suite 304
Stamford, CT 06901

*Counsel for Defendants*
JONES AND KELLER, P.C.
Stuart N. Bennett
1999 Broadway, Suite 3150
Denver, CO 80202

If you held New Frontier common stock at any time from and including October 15, 2012 through and including November 27, 2012 (the "Class Period") and you do not take the required steps to appear in this action, object to the proposed Settlement, or exclude yourself from the Class, and the Settlement is approved, you will be barred from raising an objection to the Settlement in this or any other action or proceeding, bound by the Settlement and the Court's judgment, and certain claims that you might have may be released.

**PLEASE DO NOT CONTACT THE COURT OR THE CLERK'S OFFICE REGARDING THIS NOTICE**

DATED: May 18, 2015

BY ORDER OF THE U.S. DISTRICT COURT
FOR THE DISTRICT OF COLORADO

[1] All capitalized terms not otherwise defined herein shall have the same meanings as set forth in the Stipulation.

## SMALL-CAP GROWTH FUNDS VS. BIG-CAP GROWTH FUNDS

| Funds in Small-Cap Index: | Largest positions of funds in Small-Cap Index: | | | |
|---|---|---|---|---|
| Federated Kaufmann R | AffilMangers | CommtyHlth | Express | Microsemi |
| Fidelity Adv Small Cap T | Akorn | DexCom | Fortinet | Office Depot |
| Franklin Small Mid Cap Gr A | AmerIntlGrp | Dyax | GlobalPaymt | Perrigo |
| Lkcm Small Cap Equity Instl | Ametek | Euronet | Illumina | Plantronics |
| Nuveen Small Cap Gr Opps I | BOFIHldgs | ExactSci | ImpaxLabs | SyngvBioPh |

325
315
305
295
When the line is heading up, Small-Cap Growth Funds are outperforming Big-Cap.
JUL
OCT
JAN 2015
APR

## VALUE FUNDS VS. GROWTH FUNDS

| Funds in Value Index: | Largest positions of funds in Value Index: | | | |
|---|---|---|---|---|
| Amer Century Inc & Gr Inv | Amazon | BkNYMellon | Fastenal | OReillyAuto |
| Clearbridge Value Trust Cl C | AmerEx- | Cimarex | GeneralElec | RosettaRsrc |
| Davis New York Venture A | Apple | Cisco | JohnsonJn | RowanCos |
| Fpa Capital | Arris | Citi | JPMorganCh | TJX Cos |
| Sequoia Fund | BerkHthwyB | ExxonMobil | Microsoft | WellsFargo |

240
230
220
When the line is heading up, Value Funds are outperforming Growth Funds.
JUL
OCT
JAN 2015
APR

# Top Industry & Sector Funds

Best % chan.ge in last 4, 8 & 12 weeks on a total return basis. ★ indicates fund is on 3 different weeks' lists.

| Mutual Fund | | % Change | $ Net Assets |
|---|---|---|---|
| **Best % Change Last 4 Weeks:** | | | |
| Fidelity Sel Biotechnlgy | ★ | + 11 | 9.165 bil |
| Fidelity Adv A Biotech | ★ | + 11 | 2.76 bil |
| ProFunds InvBiotechUltraSector | ★ | + 10 | 811 mil |
| Prudential A HealthSci | ★ | + 9 | 3.473 bil |
| Frank/Tmp Fr A Biotch Dsc | ★ | + 9 | 1.754 bil |
| Columbia A SelCom&Inf | ★ | + 9 | 4.3 bil |
| **Best % Change Last 8 Weeks:** | | | |
| ProFunds InvBiotechUltraSector | ★ | + 10 | 811 mil |
| Columbia A SeligGlbTch | ★ | + 9 | 503 mil |
| Columbia A SelCom&Inf | ★ | + 9 | 4.3 bil |
| Price Global Tech | | + 8 | 1.608 bil |
| Fidelity Sel Electronics | | + 7 | 1.892 bil |
| Fidelity Sel Energy Svcs | | + 7 | 1.026 bil |
| **Best % Change Last 12 Weeks:** | | | |
| Fidelity Sel Pharm | | + 8 | 1.583 bil |
| Prudential A Finl Svcs | | + 7 | 392 mil |
| Frank/Tmp Mutual A&B Finl Svcs A | | + 6 | 453 mil |
| Columbia A SeligGlbTch | ★ | + 6 | 503 mil |
| Columbia A SelCom&Inf | ★ | + 6 | 4.3 bil |
| Janus T Shrs GlbLifeSci | ★ | + 6 | 7.691 bil |

# Top Industry & Sector Funds

Best % change in last 16 & 39 weeks on a total return basis. ★ indicates fund is on 3 different weeks' lists.

| Mutual Fund | | % Change | $ Net Assets |
|---|---|---|---|
| **Best % Change Last 16 Weeks:** | | | |
| Fidelity Sel Biotechnlgy | ★ | + 16 | 9.165 bil |
| Fidelity Adv A Biotech | ★ | + 14 | 2.76 bil |
| Fidelity Sel Pharm | | + 14 | 1.583 bil |
| Prudential A HealthSci | ★ | + 13 | 3.473 bil |
| Price Health Sci | | + 13 | 11.768 bil |
| Janus T Shrs GlbLifeSci | ★ | + 13 | 7.691 bil |
| Allianz D RCMWellness | | + 13 | 179 mil |
| Frank/Tmp Fr A Biotch Dsc | ★ | + 13 | 1.754 bil |
| ProFunds InvBiotechUltraSector | ★ | + 13 | 811 mil |
| Columbia A SeligGlbTch | ★ | + 12 | 503 mil |
| Columbia A SelCom&Inf | ★ | + 12 | 4.3 bil |
| BlackRock A HealthSciOp | | + 12 | 4.204 bil |
| **Best % Change Last 39 Weeks:** | | | |
| Fidelity Sel Biotechnlgy | ★ | + 38 | 9.165 bil |
| Prudential A HealthSci | ★ | + 37 | 3.473 bil |
| Fidelity Adv A Biotech | ★ | + 35 | 2.76 bil |
| Price Health Sci | | + 33 | 11.768 bil |
| Janus T Shrs GlbLifeSci | ★ | + 31 | 7.691 bil |
| Frank/Tmp Fr A Biotch Dsc | ★ | + 30 | 1.754 bil |
| ProFunds InvBiotechUltraSector | ★ | + 29 | 811 mil |
| Hartford HLS IA Health | | + 27 | 369 mil |
| BlackRock A HealthSciOp | | + 27 | 4.204 bil |
| Hartford A Health | | + 27 | 983 mil |
| Fidelity Sel Health Care | | + 26 | 7.33 bil |
| FidltyAdvFoc A Health Care | | + 26 | 2.213 bil |

**U.S. Stock Fund Cash Position**
**High (11/00) 6.2% Low (4/15) 2.9%**

| | | | | | | | | |
|---|---|---|---|---|---|---|---|---|
| NOV | 13 | 3.5% | MAY | 14 | 3.2% | NOV | 14 | 3.3% |
| DEC | 13 | 3.2% | JUN | 14 | 3.0% | DEC | 14 | 3.1% |
| JAN | 14 | 3.3% | JUL | 14 | 3.1% | JAN | 15 | 3.3% |
| FEB | 14 | 3.3% | Aug | 14 | 3.1% | FEB | 15 | 3.2% |
| MAR | 14 | 3.2% | SEP | 14 | 3.1% | MAR | 15 | 3.1% |
| APR | 14 | 3.2% | OCT | 14 | 3.2% | **APR** | **15** | **2.9%** |

Copyright 2015 Investor's Business Daily Inc.

# EXHIBIT E

Case No. 1:12-cv-02941-JLK Document 69-7 filed 08/04/15 USDC Colorado pg 31 of 39

# NSA

« FROM 1A

an about-face Sunday evening. With most senators opposed to extending current law unchanged, even for a short time, McConnell said the House bill was the only option left other than letting the program die off entirely. The Senate voted 77-17 to move ahead on the House-passed bill.

But no final action was expected before Sunday's midnight deadline after McConnell's fellow Kentucky Republican, Sen. Rand Paul, served notice that he would assert his prerogatives under Senate rules to delay a final vote for several days.

"This is what we fought the revolution over. Are we going to so blithely give up our freedom? ... I'm not going to take it anymore," Paul declared on the Senate floor.

McConnell countered: "We shouldn't be disarming unilaterally as our enemies grow more sophisticated and aggressive, and we certainly should not be doing so based on a campaign of demagoguery and disinformation launched in the wake of the unlawful actions of Edward Snowden."

Paul's moves infuriated fellow Republicans, and they exited the chamber en masse when he stood up to speak after the Senate's vote on the House bill.

Sen. John McCain, R-Ariz. complained to reporters that Paul places "a higher priority on his fundraising and his ambitions than on the security of the nation."

CIA Director John Brennan was among those warning that letting the authorities lapse, even for a time, will make America less safe.

Terrorists "are looking for the seams to operate within," Brennan said on CBS's "Face the Nation." "This is something that we can't afford to do right now." He bemoaned "too much political grandstanding and crusading for ideological causes that have skewed the debate on this issue" and said the terrorism-fighting tools are important to American lives.

The NSA already has begun winding down the phone collection program in anticipation that it will not be renewed. To ensure the program has ceased by the time authority for it expires at midnight, the agency planned to begin shutting down the servers that carry it out at 3:59 p.m. Sunday. That step was reversible for four hours, but after that, rebooting would take a day.

## About the three provisions

*A look at the post-Sept. 11 surveillance provisions that are set to expire:*

**Section 215 of the USA Patriot Act:** This has been used to authorize the National Security Agency's bulk collection of domestic telephone records, although an appeals court ruled recently that the law could not fairly be read to support that program. The ruling was put on hold pending the debate on Congress. Section 215 is also used by the FBI about 200 times a year to obtain all manner of business records, including hotel bills, travel vouchers and Internet data relevant to a terrorism investigation. The FBI says that collection is extremely useful, although a recent Justice Department report said the bureau, from 2007 to 2009, could not point to any terrorism cases cracked because of the program. If the program lapses, the FBI will have to go back to pre-Sept. 11 language that is much more restrictive.

**Section 206 of the Patriot Act:** This authorizes "roving wiretaps" in national security cases. Commonly used in drug cases, such wiretaps allow the FBI to target a suspect rather than a device, to account for a suspect who discards phones to dodge surveillance. In the national security context, they are more often used in spy cases than terrorism ones, officials say. If this provision expires, the FBI would have to get a separate order for each communications device it wants to intercept.

**Section 6001 of the 2004 Intelligence Reform and Terrorism Prevention Act:** The "lone wolf" provision has never been used. It is designed to allow the FBI to eavesdrop on a non-U.S. person who is not affiliated with any foreign power, including a terrorist group.

*The Associated Press*

# CANCER

« FROM 1A

treatment options. Just weeks ago, the same team published similar results in a smaller trial that examined fewer aspects of the same treatment.

Instead of attacking tumors with chemicals or radiation, the new drugs work by taking the brakes off patients' immune cells, helping those cells to find and fight cancers.

In this case, researchers tested the use of two of the three government-approved drugs — nivolumab and ipilimumab — together in melanoma patients who had received no prior treatment. Each drug targets a different path to unleashing the body's immune cells.

In a test of 945 patients, the researchers found that the two medications, working together, allowed patients to survive for a median of 11.5 months without their cancer progressing. Nivolumab alone gave patients 6.9 months, and ipilimumab provided 2.9 months. More than 70 percent of the patients given both drugs had some kind of positive response to the combination therapy.

"The story of this trial is really the potency of the combination," said Jedd D. Wolchok, associate director of the Ludwig Center for Cancer Immunotherapy at Memorial Sloan Kettering Cancer Center in New York. "We now can have a very thoughtful discussion with patients and their families of the risk-benefit profile" of their various immunotherapeutic options, he said.

Wolchok presented his team's findings at the annual meeting of the American Society of Clinical Oncology. More than 35,000 people in the field are gathered for the conference.

DENTAL IMPLANT OPTIONS
...without spending a fortune
FREE 2nd Opinions
303.757.2080
Dr. Robert Couchman, DMD MS • drcouchman.com

The right one.

2014 Chrysler 200 LX
$14,400
EQUIPMENT INCLUDES:
iPod/MP3 Input, CD Player, Head Airbag, Flex Fuel, MP3 Player, Steering Wheel Controls, Child Safety Locks, Heated Mirrors and much more.
SUSS
BUICK GMC
Corporate Fleet & Lease Return Center
1301 S. Havana Street, Aurora
(303) 306-4001 www.suss.net
Pre-owned #F4374. ©Suss 2015

Put the Spring back in your love life!

ERECTILE DYSFUNCTION
• ED Treatment by licensed Colorado Physicians and Medical Providers
• Our prescription medications work when the pills & herbals fail
• Works for just about every medical condition including diabetes, prostate problems, heart surgery, etc.
PREMATURE EJACULATION
• You choose how long your last 30 min, 1 hour or up to 90 min
• Stay in control and satisfy your partner with confidence
OUR MEDICAL PROVIDERS OFFER PERSONALIZED SOLUTIONS TO FIT YOUR NEEDS
• No surgery, pills or herbals
• Private and discreet
OFFICE VISIT & ALL TESTING
ONLY
~~$199~~
$99
(LIMITED TIME OFFER)
For more information and to schedule your private exam with our doctors, call 720-440-7900 now!
ROCKY MOUNTAIN MEN'S CLINIC
1780 South Bellaire Street #355
Denver, Colorado 80222
WWW.ROCKYMOUNTAINMENSCLINIC.COM
WALK-INS WELCOME

## Legal/Public Notice

### NOTICE OF PUBLIC HEARING CONCERNING THE ISSUANCE OF BONDS ON BEHALF OF THE EVANGELICAL LUTHERAN GOOD SAMARITAN SOCIETY

**NOTICE IS HEREBY GIVEN** that the Colorado Health Facilities Authority (the "Authority") will conduct a public hearing concerning the approval of the issuance by the Authority of its Health Facilities Revenue and Revenue Refunding Bonds (**The Evangelical Lutheran Good Samaritan Society Projec**t), Series 2015 (the "Bonds") on behalf of The Evangelical Lutheran Good Samaritan Society (the "Society"), in one or more series, in an aggregate principal amount not to exceed approximately $300,000,000, and the approval of the plan of finance to be effectuated thereby. Proceeds of the Bonds will be used by the Society for the purposes of (i) financing or reimbursing the costs of the acquisition, construction, improvement and equipping of certain skilled nursing facilities and other health care facilities of the Society (the "Project"), (ii) refunding certain outstanding bonds of the Society which financed capital projects in 2004, 2005, 2006 and 2009 (the "Refunding Project"), (iii) establishing a reserve fund for the Bonds, and (iv) paying certain costs of issuing the Bonds, and of financing the Project and the Refunding Project.

Portions of the Project are expected to be located at Good Samaritan Society-Kissimmee Village, 1550 Aldersgate Drive, Kissimmee, Florida; Good Samaritan Society-Jeffersontown, 3500 Good Samaritan Way, Jeffersontown, Kentucky; Good Samaritan Society-Pine River, 518 Jefferson Avenue, Pine River, Minnesota; Good Samaritan Society-Waconia, 333 W. 5th Street, Waconia, Minnesota; Good Samaritan Society-Grand Island Village, 4075 Timberline Street, Grand Island, Nebraska; Good Samaritan Society-Prairie Creek 4400 Creekside Drive, Sioux Falls, South Dakota; Good Samaritan Society-National Campus, 4800 W. 57th Street, Sioux Falls, South Dakota; ARC Home Healthcare, 2277 Masch Branch Road, Denton, Texas; Heritage Home Healthcare, 700 N. Town East Blvd., Suite 159, Mesquite, Texas; Heritage Hospice of Texas, 1315 Brookside Drive, Hurst, Texas; Choice Home Healthcare, 5858 Gateway East Blvd., El Paso, Texas; Choice Hospice of Texas, 5858 Gateway East Blvd., El Paso, Texas; and Good Samaritan Society-Fairfield Glade, 100 Samaritan Way, Crossville, Tennessee, all owned and operated by the Society.

Portions of the Refunding Project are located at Good Samaritan Society facilities located in Good Samaritan Society-Bonnell Community, 708 22nd Street, Greeley, Colorado; Good Samaritan Society-Fox Run Senior Living, 1720 60th Avenue, Greeley, Colorado; Good Samaritan Society-Loveland Village, 2101 S. Garfield Avenue, Loveland, Colorado; Good Samaritan Society-Water Valley, 805 Compassion Drive, Windsor, Colorado; Good Samaritan Society-Quiburi Mission, 850 S. State Hwy 80, Benson, Arizona; Good Samaritan Society-Prescott Village, 1030 Scott Drive, Prescott, Arizona; Good Samaritan Society-Willow Wind Residence, 3191 Aster Drive, Prescott, Arizona; Good Samaritan Society-Prescott Valley, 3380 N. Windsong Drive, Prescott Valley, Arizona; Good Samaritan Society-Windsong Villas, 3386 N. Windsong Drive, Prescott Valley, Arizona; Good Samaritan Society-Hot Springs Village, 121 Cortez Road, Hot Springs Village, Arkansas; Good Samaritan Society-Mountain Home, 300 Good Samaritan Drive, Mountain Home, Arkansas; Good Samaritan Society-Florida Lutheran, 450 N. McDonald Avenue, DeLand, Florida; Good Samaritan Society-Kissimmee Village, 1550 Aldersgate Drive, Kissimmee, Florida; Good Samaritan Society-Algona, 412 W. Kennedy Street, Algona, Iowa; Good Samaritan Society-Heritage Court, 3401 Schuetzen Lane, Davenport, Iowa; Good Samaritan Society-Indianola, 708 and 712 S. Jefferson Way, Indianola, Iowa; Good Samaritan Society-Ottumwa, 2035 Chester Avenue, Ottumwa, Iowa; Good Samaritan Society-Waukon, 21 E. Main Street, Waukon, Iowa; Good Samaritan Society-Hutchinson Village, 810 E. 30th Avenue, Hutchinson, Kansas; Good Samaritan Society-Albert Lea, 75507 240th Street, Albert Lea, Minnesota; Good Samaritan Society-Arlington, 411 Seventh Avenue NW, Arlington, Minnesota; Good Samaritan Society-Battle Lake, 105 Glenhaven Drive, Battle Lake, Minnesota; Good Samaritan Society-Blackduck, 172 Summit Avenue W, Blackduck, Minnesota; Good Samaritan Society-Bethany, 804 Wright Street, Brainerd, Minnesota; Good Samaritan Society-Brainerd Samaritan Houses, 2501, 2509 and 2517 Greenwood Street, Brainerd, Minnesota; Good Samaritan Society-Woodland, 100 Buffalo Hills Lane E, Brainerd, Minnesota; Good Samaritan Village-Heritage Oaks, 2230 River Road NW, Apt. 210, East Grand Forks, Minnesota; Good Samaritan Society-The Oaks, 201 and 203 Oak Drive, Luverne, Minnesota; Good Samaritan Society-Ambassador, 8100 Medicine Lake Road, New Hope, Minnesota; Good Samaritan Society-Maplewood, 550 Roselawn Avenue E, Maplewood, Minnesota; Good Samaritan Center-Whispering Pines, 518 Jefferson Avenue, Pine River, Minnesota; Good Samaritan Society-Pipestone, 1311 N. Hiawatha Avenue Pipestone, Minnesota; Good Samaritan Society-Redwood Falls, 200 S. Dekalb Street, Redwood Falls, Minnesota; Roseville Good Samaritan Center, 1415 W. County Road B, Roseville, Minnesota; Good Samaritan Society-Specialty Care Community, 3815 W. Broadway Avenue, Robbinsdale, Minnesota; Good Samaritan Society-Stillwater, 1119 Owens Street N, Stillwater, Minnesota; Good Samaritan Society-Waconia, 333 W. 5th Street, Waconia, Minnesota; Good Samaritan Society-Warren, 410 S. McKinley Street, Warren, Minnesota; Good Samaritan Society-Winthrop, 506 High Street W, Winthrop, Minnesota; Good Samaritan Society-Albion, 1222 S. Seventh Street, Albion, Nebraska; Good Samaritan Society-Alliance, 1016 E. 6th Street, Alliance, Nebraska; Good Samaritan Society-Arapahoe, 601 Main Street, Arapahoe, Nebraska; Good Samaritan Society-Grand Island Village, 4075 Timberline Street, Grand Island, Nebraska; Good Samaritan Society-Prairie View Gardens, 1705 Prairie View Place, Kearney, Nebraska; Good Samaritan Society-St. John's, 3410 Central Avenue, Kearney, Nebraska; Good Samaritan Society-St. Luke's, 2201 E. 32nd Street, Kearney, Nebraska; Good Samaritan Society-Elkhorn Valley Villa, 150 and 180 Poppe Drive, Scribner, Nebraska; Good Samaritan Society-Superior, 1710 Idaho Street, Superior, Nebraska; Good Samaritan Society-Manzano del Sol Village, 5201 Roma Avenue NE, Albuquerque, New Mexico; Good Samaritan Society-Grants, 840 Lobo Canyon Road, Grants, New Mexico; Good Samaritan Society-Bottineau, 725 E. 10th Street, Bottineau, North Dakota; Good Samaritan Society-Bismarck, 316 Versailles Avenue, Bismarck, North Dakota and 301 Lorrain Drive, Bismarck, North Dakota; Good Samaritan Society-Devils Lake, 302 7th Avenue NE, Devils Lake, North Dakota; Good Samaritan Society-Lake Country Manor, 1332 10th Street NE, Devils Lake, North Dakota; Good Samaritan Society-Fargo, 4502 37th Avenue S, Fargo, North Dakota; Good Samaritan Society-Larimore, 501 E. Front Street, Larimore, North Dakota; Good Samaritan Society-Mohall, 602 Main Street E, Mohall, North Dakota; Good Samaritan Society-Oakes, 213 N. 9th Street, Oakes, North Dakota; Good Samaritan Society-Echo Ridge, 821 and 931 Fox Run Drive, Rapid City, South Dakota; Good Samaritan Society-National Campus, 4800 W. 57th Street, Sioux Falls, South Dakota; Good Samaritan Society-Prairie Creek, 4400 Creekside Drive, Sioux Falls, South Dakota; Good Samaritan Society-Luther Manor, 2900 S. Lake Avenue, Sioux Falls, South Dakota; Good Samaritan Society-Sioux Falls Village, 3901 S. Marion Road, Sioux Falls, South Dakota; Good Samaritan Society-Lodi, 700 Clark Street, Lodi, Wisconsin; Good Samaritan Society-St. Croix Valley, 750 E. Louisiana Street, St. Croix Falls, Wisconsin; Good Samaritan Society-Capeside Cove, 23926 Fourth Avenue S, Siren Wisconsin; and Good Samaritan Society-Scandia Village, 10560 Applewood Road, Sister Bay, Wisconsin.

The Bonds constitute special, limited obligations of the Authority, payable solely from amounts received by the Authority pursuant to a Loan Agreement between the Society and the Authority.

All interested parties are invited to present comments at the public hearing regarding the issuance of the Bonds, the plan of finance and the use of the proceeds therefrom. Written comments to be presented at the hearing may be submitted to the Colorado Health Facilities Authority at 3033 East 1st Avenue, Suite 301, Denver, Colorado 80206. **The public hearing will be held at 10:00 a.m., June 15, 2015 at the Colorado Health Facilities Authority at 3033 East 1st Avenue, Suite 301, Denver, Colorado 80206.**

## Legal/Public Notice DenverPost.com

**IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLORADO**

Civil Action No. 1:12-cv-02941-JLK

CRAIG TELKE, and WILLIAM DOUGLAS MORELAND,
Individually and on Behalf of All Others Similarly Situated,
Plaintiffs,
v.
NEW FRONTIER MEDIA, INC., ALAN ISAACMAN, MELISSA HUBBARD, HIRAM J. WOO, and WALTER TIMOSHENKO,
Defendants.

**SUMMARY NOTICE**

***IF YOU HELD* SHARES OF COMMON STOCK IN NEW FRONTIER MEDIA, INC. ("NEW FRONTIER") AT ANY TIME FROM AND INCLUDING OCTOBER 15, 2012 THROUGH AND INCLUDING NOVEMBER 27, 2012 (THE "CLASS PERIOD")*, YOUR RIGHTS MAY BE AFFECTED BY THE SETTLEMENT OF A CLASS ACTION***

YOU ARE HEREBY NOTIFIED, pursuant to an Order of United District Court for the District of Colorado, that a hearing will be held on August 25, 2015, at 10:00 a.m., in Courtroom A802 of the Alfred A. Arraj United States Courthouse, 901 19th Street, Denver, Colorado 80294, for the purpose of determining: (1) whether the proposed Settlement of the claims in the Action for the sum of $2,250,000.00 in cash plus accrued interest should be approved by the Court as fair, reasonable, and adequate; (2) whether the Court should enter a final judgment in the Action on the merits against the named Plaintiffs and the Class as set forth in the Stipulation of Settlement dated April 27, 2015 ("Stipulation")[1]; (3) whether the Plan of Allocation of settlement proceeds is fair, reasonable, and adequate and therefore should be approved; (4) whether the application of Plaintiffs' Counsel for an award of attorneys' fees and expenses incurred in connection with this litigation should be approved; and (5) whether the application of Plaintiffs for an incentive award should be approved.

If you held New Frontier common stock at any time from and including October 15, 2012, through and including November 27, 2012, your rights may be affected by the settlement of this Action. If you have not received a detailed Notice of Pendency and Proposed Settlement of Class Action ("Notice") and a copy of the Proof of Claim and Release form, you may obtain copies by writing to *New Frontier Media, Inc. Shareholder Litigation*, Claims Administrator, RG/2 Claims Administration LLC, P.O. Box 59479, Philadelphia, PA 19102-9479, or you can download a copy at www.rg2claims.com/NewFrontier.html. If you are a Class Member, in order to share in the distribution of the Net Settlement Amount, you must submit a Proof of Claim and Release form postmarked or submitted electronically no later than August 31, 2015, establishing that you are entitled to recovery. You will be bound by any judgment rendered in the Action whether or not you make a claim.

Any objection to the Settlement, the Plan of Allocation or Lead Counsel's request for an award of attorneys' fees and expenses must be filed with the Court at the address below and served by hand or first class mail on counsel listed below such that it is postmarked no later than August 11, 2015:

| *The Court:* | *Co-Lead Counsel:* | *Counsel for Defendants* |
|---|---|---|
| Clerk of the Court | LEVI & KORSINSKY, LLP | JONES AND KELLER, P.C. |
| ALFRED A. ARRAJ UNITED STATES COURTHOUSE | Shannon L. Hopkins | Stuart N. Bennett |
| 901 19th Street | 733 Summer Street, Suite 304 | 1999 Broadway, Suite 3150 |
| Denver, Colorado 80294 | Stamford, CT 06901 | Denver, CO 80202 |

If you held New Frontier common stock at any time from and including October 15, 2012 through and including November 27, 2012 (the "Class Period") and you do not take the required steps to appear in this action, object to the proposed Settlement, or exclude yourself from the Class, and the Settlement is approved, you will be barred from raising an objection to the Settlement in this or any other action or proceeding, bound by the Settlement and the Court's judgment, and certain claims that you might have may be released.

**PLEASE DO NOT CONTACT THE COURT OR THE CLERK'S OFFICE REGARDING THIS NOTICE**

DATED: May 18, 2015 BY ORDER OF THE U.S. DISTRICT COURT FOR THE DISTRICT OF COLORADO

[1] All capitalized terms not otherwise defined herein shall have the same meanings as set forth in the Stipulation.

**Invitation for Bid** (IFB) **ELG Development** (ELG) Invitation for Bid (IFB) 2015elg002 ELG is seeking bids from qualified contractors to provide construction of utility, curb, and street improvements for the Talon View Subdivsion located in Thornton Colorado near Quebec and Highway 7. Documents are available to view and download upon request to Darrel Pennington darrel@equinoxland.com .
For assistance contact ELG darrel@equinoxland.com 303-659-1400.
**THIS IS NOT A PUBLIC bid - bids will be received informally by mail or delivery from June 9 until 2:00 pm time on June 16, 2015.**

**LEGAL NOTICE**

NOTICE of "Draft Report of Expenditures to be made under Title XX of the Social Security Act" for the period July 1, 2015 to June 30, 2016. The above indicated draft report will be made available for review at any county department of social services or the State Department of Human Services. For information, contact Beulah Messick at (303) 866-3082 or check your telephone directory for local county departments of social services.

**NOTICE OF COLORADO BOARD OF HEALTH PUBLIC RULE-MAKING HEARING**

The Colorado Board of Health will conduct a public rule-making hearing on **July 15, 2015 at 10 a.m.** in the Sabin-Cleere Conference Room of the Colorado Department of Public Health and Environment, Bldg. A, First Floor, 4300 Cherry Creek Drive, South, Denver, CO 80246 to consider amendments to 5 CCR 1006-2, Medical Use of Marijuana. The opportunity for oral testimony may be limited. **Written testimony is due by 5:00 p.m., Thursday, July 9, 2015.** Written testimony can be provided via email to cdphe.bohrequests@state.co.us or via mail to: Colorado Board of Health, ATTN: Jamie L. Thornton, Colorado Department of Public Health and Environment, 4300 Cherry Creek Drive South EDO-A5, Denver, Colorado 80246-1530.

**Public Notice:**
Effective June 1, 2015- Brothers Redevelopment OPENED the wait list for their HUD-subsidized housing community, East Bay at Hidden Lake in Westminster. The list is open to SENIORS ONLY. Call 303-427-6275 or visit www.BrothersRedevelopment.org for more information.

The Petition requests that the name of Kenneth Wayne Conley be changed to Lillian Katherine Fey, case# 15C02163.

The Petition requests that the name of Nicole Jean Jensen be changed to Nicole Kaiser Jensen, case# 15C02156.

**Selling Your Home?** DenverPost.com/realestate | **More stuff at** DenverPost.com/classifieds | **The best deals on anything with wheels.** ColoradoDrives.com | **Having a Garage Sale?** Advertise it here!

# EXHIBIT F

# Notice Of Proposed Settlement Of Class Action, Of Fairness Hearing, Of Right To Appear, And Of Right To Opt Out Or Object

 ()  

DENVER, June 1, 2015 /PRNewswire/ -- The following release was issued by RG/2 Claims Administration LLC, as Claims Administrator, on behalf of Levi & Korsinsky, LLP and Jones and Keller, P.C.

**Telke and Moreland, et al. v. New Frontier Media, Inc., et al –**
**Civil Action NO. 1:12-cv-02941-JLK**
**In the United States District Court for the District of Colorado**

**SUMMARY NOTICE**

***IF YOU HELD* SHARES OF COMMON STOCK IN NEW FRONTIER MEDIA, INC. ("NEW FRONTIER") AT ANY TIME FROM AND INCLUDING OCTOBER 15, 2012 THROUGH AND INCLUDING NOVEMBER 27, 2012 (THE "CLASS PERIOD")*, YOUR RIGHTS MAY BE AFFECTED BY THE SETTLEMENT OF A CLASS ACTION***

YOU ARE HEREBY NOTIFIED, pursuant to an Order of United District Court for the District of Colorado, that a hearing will be held on August 25, 2015, at 10:00 a.m., in Courtroom A802 of the Alfred A. Arraj United States Courthouse, 901 19th Street, Denver, Colorado 80294, for the purpose of determining: (1) whether the proposed Settlement of the claims in the Action for the sum of $2,250,000.00 in cash plus accrued interest should be approved by the Court as fair, reasonable, and adequate; (2) whether the Court should enter a final judgment in the Action on the merits against the named Plaintiffs and the Class as set forth in the Stipulation of Settlement dated April 27, 2015 ("Stipulation"); (3) whether the Plan of Allocation of settlement proceeds is fair, reasonable, and adequate and therefore should be approved;  (4) whether the application of Plaintiffs' Counsel for an award of attorneys' fees and expenses incurred in connection with this litigation should be approved; and (5) whether the application of Plaintiffs for an incentive award should be approved.

If you held New Frontier common stock at any time from and including October 15, 2012, through and including November 27, 2012, your rights may be affected by the settlement of this Action.  If you have not received a detailed Notice of Pendency and Proposed Settlement of Class Action ("Notice") and a copy of the Proof of Claim and Release form, you may obtain copies by writing to *New Frontier Media, Inc. Shareholder Litigation*, Claims Administrator, RG/2 Claims Administration LLC, PO Box 59479, Philadelphia, PA 19102-9479, or you can download a copy at www.rg2claims.com/NewFrontier.html (http://www.rg2claims.com/NewFrontier.html).  If you are a Class Member, in order to share in the distribution of the Net Settlement Amount, you must submit a Proof of Claim and Release form postmarked or submitted electronically no later than August 31, 2015, establishing that you are entitled to recovery.  You will be bound by any judgment rendered in the Action whether or not you make a claim.

Any objection to the Settlement, the Plan of Allocation or Lead Counsel's request for an award of attorneys' fees and expenses must be filed with the Court at the address below and served by hand or first class mail on counsel listed below such that it is postmarked no later than August 11, 2015:

**The Court:**

Clerk of the Court
Alfred A. Arraj United States Courthouse
901 19th Street
Denver, Colorado 80294

**Co-Lead Counsel:**

LEVI & KORSINSKY, LLP
Shannon L. Hopkins
733 Summer Street
Suite 304
Stamford, CT 06901

**Counsel for Defendants:**

JONES AND KELLER, P.C.
Stuart N. Bennett
1999 Broadway, Suite 3150
Denver, CO 80202

If you held New Frontier common stock at any time from and including October 15, 2012 through and including November 27, 2012 (the "Class Period") and you do not take the required steps to appear in this action, object to the proposed Settlement, or exclude yourself from the Class, and the Settlement is approved, you will be barred from raising an objection to the Settlement in this or any other action or proceeding, bound by the Settlement and the Court's judgment, and certain claims that you might have may be released.

**PLEASE DO NOT CONTACT THE COURT OR THE CLERK'S OFFICE REGARDING THIS NOTICE**

**SOURCE:  Shannon L. Hopkins, Esq., Levi & Korsinsky, LLP, 733 Summer Street, Suite 304, Stamford, CT  06901, Telephone:  212-363-7500, Facsimile: 212-363-7171; Stuart N. Bennett, Esq., Jones and Keller, P.C., 1999 Broadway, Suite 1350, Denver, CO  80202, Telephone: 303-**

**573-1600, Facsimile: 303-573-8133; and Melissa Baldwin, RG/2 Claims Administration LLC, 30 South 17th Street, Suite 400, Philadelphia, PA  19103, Telephone: 1-866-742-4955, Facsimile 1-215-979-1695, mbaldwin@rg2claims.com (mailto:mbaldwin@rg2claims.com)**

SOURCE RG/2 Claims Administration LLC

RELATED LINKS
http://www.rg2claims.com (http://www.rg2claims.com)



Chat Live
Member Benefits
Help & FAQs
My Details

**Melissa Baldwin**
My Support Contacts ⌄

Working on Behalf of:
RG/2 CLAIMS ADMINISTRATION LLC
Request Login | Logout

| My Dashboard | Send a News Release | Browse Products | View Reports | View Invoices | Media Studio |

News Release    Multimedia    Fax & E-mail Lists    EDGAR    Approvals (0)    Drafts

# Online Member Center Order Confirmation

Thank you for submitting your release.

Your order No. is 29784471

You will receive a confirmation from our Customer Content Services Department and a call from a Customer Content Specialist within 10 to 15 minutes. Your order cannot be processed without verbal confirmation. If you do not receive this call, please contact PR Newswire Customer Content Services at 866-732-1382.

**Next Step:** Maximize Your Results with Multimedia

**Releases containing images, logos, videos, infographics and other multimedia content can achieve up to 552% more visibility than text-only releases.**

Adding a logo, photo, infographic or video catches attention and drives increased engagement.

 Print Your Order

 View Visibility Report

 Browse our Newslines

 View Pricing Guide

 Get a News Plaque

 Help Desk



Make Your Story Stand Out ▸

News & Information | PR Newswire Services | For Journalists | ProfNet[SM]
Terms of Use | Privacy Statement | Contact Us | Supported Browsers
Copyright © 2015 PR Newswire Association LLC. All Rights Reserved.
A UBM plc company.

# EXHIBIT G



Home

Case Documents

Notice / Claim Form

Contact Information

# New Frontier Media, Inc. Shareholder Litigation

## TELKE, ET AL. V. NEW FRONTIER MEDIA, INC., ET AL.
## CIVIL ACTION NO. 1:12-CV-02941-JLK
## UNITED STATES DISTRICT COURT
## DISTRICT OF COLORADO

**IF YOU HELD SHARES OF COMMON STOCK IN NEW FRONTIER MEDIA, INC. ("NEW FRONTIER") AT ANY TIME FROM AND INCLUDING OCTOBER 15, 2012 THROUGH AND INCLUDING NOVEMBER 27, 2012 (THE "CLASS PERIOD"), YOUR RIGHTS MAY BE AFFECTED BY THE SETTLEMENT OF A CLASS ACTION**

If you held New Frontier common stock at any time from and including October 15, 2012, through and including November 27, 2012, your rights may be affected by the settlement of this Action.  If you have not received a detailed Notice of Pendency and Proposed Settlement of Class Action ("Notice") and a copy of the Proof of Claim and Release form, you may obtain copies by writing to *New Frontier Media, Inc. Shareholder Litigation*, Claims Administration, RG/2 Claims Administration LLC, PO Box 59479, Philadelphia, PA 19102-9479, or you can download a copy by clicking **here**. If you are a Class Member, in order to share in the distribution of the Net Settlement Amount, you must submit a Proof of Claim and Release form postmarked or submitted electronically no later than August 31, 2015, establishing that you are entitled to recovery.  You will be bound by any judgment rendered in the Action whether or not you make a claim.

Pursuant to an Order of United District Court for the District of Colorado, a hearing will be held on August 25, 2015, at 10:00 a.m., in Courtroom A802 of the Alfred A. Arraj United States Courthouse, 901 19th Street, Denver, Colorado 80294, for the purpose of determining: (1) whether the proposed Settlement of the claims in the Action for the sum of $2,250,000.00 in cash plus accrued interest should be approved by the Court as fair, reasonable, and adequate; (2) whether the Court should enter a final judgment in the Action on the merits against the named Plaintiffs and the Class as set forth in the Stipulation of Settlement dated April 27, 2015 ("Stipulation"); (3) whether the Plan of Allocation of settlement proceeds is fair, reasonable, and adequate and therefore should be approved; (4) whether the application of Plaintiffs' Counsel for an award of attorneys' fees and expenses incurred in connection with this litigation should be approved; and (5) whether the application of Plaintiffs for an incentive award should be approved.

Any objection to the Settlement, the Plan of Allocation or Lead Counsel's request for an award of attorneys' fees and expenses must be filed with the Court at the address below and served by hand or first class mail on counsel listed below such that it is postmarked no later than August 11, 2015:

*The Court:*
Clerk of the Court
Alfred A. Arraj United States Courthouse
901 19th Street
Denver, Colorado 80294

| | |
|---|---|
| *Co-Lead Counsel:* | *Counsel for Defendants* |
| LEVI & KORSINSKY, LLP | Jones and Keller, P.C. |
| Shannon L. Hopkins | Stuart N. Bennett |
| 733 Summer Street, | 1999 Broadway, Suite 3150 |
| Suite 304 | Denver, CO 80202 |
| Stamford, CT 06901 | |

If you held New Frontier common stock at any time from and including October 15, 2012 through and including November 27, 2012 (the "Class Period") and you do not take the required steps to appear in this action, object to the proposed Settlement, or

exclude yourself from the Class, and the Settlement is approved, you will be barred from raising an objection to the Settlement in this or any other action or proceeding, bound by the Settlement and the Court's judgment, and certain claims that you might have may be released.

To exclude yourself from the Class, you must mail a written Request for Exclusion from the Class, addressed to *New Frontier Media, Inc. Shareholder Litigation* – EXCLUSIONS - c/o RG/2 Claims Administration LLC, P.O. Box 59479, Philadelphia, PA 19102-9479 or you may hand-deliver a written such a request to the Claims Administrator at RG/2 Claims Administration LLC, 30 S. 17th Street, 5th Floor, Philadelphia, PA 19103. The Request for Exclusion must be **received** no later than August 4, 2015. You will not be able to exclude yourself from the Class after that date. Each Request for Exclusion must (i) state the name and address of the person or entity requesting exclusion; (ii) state that such person or entity "requests exclusion from the Class in "*Craig Telke and William Douglas Moreland v. New Frontier Media, Inc., et. al.*, Civil Action No. 1:12-cv-02941-JLK"; (iii) be signed by the person or entity requesting exclusion; (iv) provide a telephone number for that person or entity; and (v) provide the number of shares of New Frontier common stock that the person or entity held during the period October 15, 2012 through and including November 27, 2012. Requests for Exclusion will not be valid if they are not received within the time stated above, unless the Court otherwise determines.

`

This is a summary the proposed Settlement. More details are in the Stipulation of Settlement dated April 27, 2015. You can review a copy of the Stipulation of Settlement at the Clerk's office at the Alfred A. Arraj United States Courthouse, 901 19th Street, Denver, Colorado 80294, during regular business hours or you may view it by clicking **here**.


**PLEASE DO NOT CONTACT THE COURT OR THE CLERK'S OFFICE REGARDING THIS ACTION.**

Home - Case Documents - Notice / Claim Form - Contact Information



© 2015

Dreamweaver Web Templates