Exhibit 10

UNITED STATES DISTRICT COURT
DISTRICT OF COLORADO

F I L E D
United States District Court
Denver, Colorado

APR 25 2000

. AJES R. MANSPEAKER, CLERK

Civil Action No. 95-K-1045 (D. Colo)
Class Action

ARTHUR M. SCHWARTZ and MARNETTE RITTER, on behalf of themselves and all others
similarly situated,

        Plaintiffs,

    v.

CELESTIAL SEASONINGS, INC., PAINEWEBBER, INC., SHEARSON/LEHMAN
BROTHERS, INC., MO SIEGEL, RONALD V. DAVIS, PHILIP B. LIVINGSTON,
VESTAR/CELESTIAL INVESTMENT LIMITED PARTNERSHIP, JOHN D. HOWARD,
JAMES P. KELLEY, ARTHUR J. NAGLE, DANIEL S. O'CONNELL, ROBERT L. ROSNER,
and BARNET M. FEINBLUM,

        Defendants.

## FINAL JUDGMENT AND ORDER

On January 21, 2000, plaintiffs, acting on behalf of themselves and the class in the

above-captioned action, entered into a Stipulation and Agreement of Settlement (the "Settlement

Stipulation") in settlement of all claims in the Action (the "Settlement") with defendants Celestial

Seasonings, Inc., PaineWebber, Inc., Shearson/Lehman Brothers, Inc., Mo Siegel, Ronald V. Davis,

Philip B. Livingston, Vestar/Celestial Investment Limited Partnership, John D. Howard, James P.

Kelley, Arthur J. Nagle, Daniel S. O'Connell, Robert L. Rosner and Barnet M. Feinblum (colle-

ctively "the defendants"), and thereafter applied to this Court for approval of the Settlement pursuant

to Rule 23(e) of the Federal Rules of Civil Procedure.

By Order dated January 26, 2000 (the "Notice Order"), this Court, pursuant to Rule 23 of the Federal Rules of Civil Procedure, preliminarily approved the Settlement and scheduled a Class Settlement Hearing for April 25, 2000, at 9:00 a.m. to determine, among other things, whether the proposed Settlement and compromise set forth in the Settlement Stipulation should be approved by the Court as being fair, reasonable and adequate and whether final judgment should be entered thereon, and to consider whether to approve the applications of All Class Counsel (as defined in the Settlement Stipulation) for awards of attorneys' fees, reimbursement of costs and expenses and awards to the named plaintiffs. This Court ordered that the Notice of Settlement, substantially in the form attached to the Settlement Stipulation as Exhibit "B," be mailed by first-class mail, postage prepaid, within ten days after the entry of the Notice Order, to each member of the Class who could be identified, and that a Summary Notice, substantially in the form attached to the Settlement Stipulation as Exhibit "C," be published in *The Wall Street Journal* and *The Denver Post* for one weekday within twenty days after the entry of the Notice Order.

As attested by the affidavit of Valley Forge Administrative Services filed with this Court on or about April 19, 2000, the provisions of said Notice Order as to notice were complied with. Moreover, the Class Settlement Hearing on the proposed Settlement was duly held before this Court on April 25, 2000 at which time all interested persons were afforded the opportunity to be heard. This Court has duly considered all of the submissions and arguments presented with respect to the proposed Settlement.

NOW THEREFORE, after due deliberation, this Court hereby FINDS, CONCLUDES, ORDERS, ADJUDGES AND DECREES that:

1.     This Final Judgment and Order (the "Judgment") is binding on all persons or entities who purchased Celestial Seasonings, Inc. common stock during the period July 12, 1993 through and including May 18, 1994, excluding defendants, members of their immediate families, their heirs, successors and assigns, any subsidiary or affiliate of any defendant and further excluding all persons who timely filed a request to be excluded from the Class, pursuant to Rule 23(c)(2) of the Federal Rules of Civil Procedure, who are not bound by any of the terms of this Judgment. A list of those people or entities which excluded themselves from the Class is annexed hereto.

2.     The proposed Settlement of the Action on the terms and conditions set forth in the Settlement Stipulation is fair, reasonable and adequate, is in the best interests of the named plaintiffs and the Class and is hereby approved in all respects.

3.     The notification provided for and given to the Class constitutes the best notice practicable under the circumstances and is in full compliance with the notice requirements of due process and Rule 23 of the Federal Rules of Civil Procedure.

4.     There is no just reason for delay in the entry of judgment as agreed upon in the Settlement Stipulation, pursuant to Rule 54(b) of the Federal Rules of Civil Procedure.

5.     Entry of final judgment and final approval of the proposed Settlement settles all claims alleged in the Action between plaintiffs and the Class on the one hand and the defendants on the other.

6.     This Order and Final Judgment is final for purposes of appeal and may be appealed notwithstanding other matters presently pending, and the Clerk is hereby directed to enter judgment thereon.

3

7.     Certification under Rule 54(b) will not result in unnecessary appellate review nor will review of the adjudicated claims moot any further developments in this Action  Even if subsequent appeals are filed, the nature of these claims are such that the appellate court would not have to decide the same issues more than once. The reservation of jurisdiction by the Court in this matter does not affect in any way the finality of this Order and Final Judgment.

It is further ORDERED, ADJUDGED AND DECREED as follows:

1.     The parties to the Settlement Stipulation shall consummate the Settlement in accordance with the terms and provisions thereof.

2.     This Action, including all claims alleged in this Action, is hereby dismissed in its entirety, on the merits, with prejudice and without costs to any party.

3.     The named plaintiffs and each member of the Class for good and sufficient consideration, dismiss the Action, as against each of the defendants therein, with prejudice, on the merits and without costs, and discharge and release all defendants, their present and former partners, principals, officers, directors, employees, assigns, agents, attorneys, insurers, co-insurers, and any of their reinsurers, as well as the predecessors and successors, affiliates and subsidiaries of the foregoing (collectively, the "Releasees"), from any and all claims, demands, causes of action, obligations, controversies, debts, damages, losses and liabilities of any kind or nature whatsoever, whether known or unknown, suspected or unsuspected that were or could have been asserted in the Action,  or which in any way related to the allegations set forth in the Action,  or which arise out of or in any way relate to the sale or purchase of Celestial securities during the Class Period approved by the Court in the Action (collectively, the "Released Claims"). "Unknown claims" means claims that the Class Members do not know or suspect to exist in their favor at the time of giving the

4

foregoing release which, if known by them, might have affected their decision as to the Settlement and the release, as well as other possible action including, but not limited to, the decision not to object to the Settlement. Plaintiffs expressly waive on behalf of themselves and the Class Members any and all rights that they may have under any statute or common-law principle that would limit the effect of the foregoing releases to those claims actually known or suspected to exist at the time of execution of this Stipulation, including, but not limited to the provision of Section 1542 of the California Civil Code, to the extent deemed applicable (notwithstanding that this Stipulation does not provide for the application of California law), which provides as follows:

> A general release does not extend to claims which the creditor does not know or suspect to exist in his favor at the time of executing the release, which if known by him must have materially affected his settlement with the debtor.

4.      All members of the Class (including its, his, hers or their heirs, executors, administrators, predecessors, successors, affiliates and assigns) are permanently barred and enjoined from asserting, either individually or on behalf of a class, any and all Released Claims (as defined above) against the Releasees (as defined above) or any of them.

5.      The Releasees, and each of them, for good and sufficient consideration, release, remise and forever discharge on the merits and with prejudice, plaintiffs and their agents, including their counsel and experts, of and from all claims whether known or unknown, under federal or state law, that could have been or could be brought by the Releasees arising from the filing, litigation or settlement of this action.

6.      The Releasees are permanently barred and enjoined from asserting any and all claims referenced in the preceding paragraph.

7.     This Judgment, the Settlement Stipulation, and all papers related to it are not, and shall not be construed to be, an admission by any of the defendants of any liability or wrongdoing whatsoever, and shall not be offered as evidence of any such liability or wrongdoing in this or any future proceeding.

8.     All Class Counsel (as defined in the Settlement Stipulation) are hereby awarded (i) 33⅓% of the  Settlement Fund, or $1,465,000, as their fee for services rendered to the Class, which sum the Court finds to be fair and reasonable; and (ii) $99,411.90 in reimbursement of reasonable expenses.  Such award for fees and expenses shall be paid to All Class Counsel from the  Settlement Fund, along with a pro rata share of the interest earned on the Settlement Fund from the date the Settlement Fund was created until the date said attorneys' fees and expenses are paid. The award of attorneys' fees shall be allocated among All Class Counsel in a fashion which, in the opinion of Class Counsel (as defined in the Settlement Stipulation) fairly compensates such counsel for their respective contributions in the prosecution in the prosecution of the litigation.

9.     In recognition of their contributions to the litigation and the creation of the Settlement Fund, the two named plaintiffs, Arthur Schwartz and Marnette Ritter, are ~~each~~ awarded
$15,000 for Mr. Schwartz and $7,500.00 for Mr. Ritter
an enhancement award of $_____.  This award shall be in addition to the named plaintiffs' pro rata portion of the settlement fund, as defined in ¶23 of the Settlement Agreement.

10.     Without affecting the finality of the Judgment, the Court reserves jurisdiction over:  (a) implementation of the Settlement and any award or distribution of the Settlement Fund (as defined in the Settlement Stipulation) including interest earned/ accrued thereon; (b) disposition of the Settlement Fund; (c) determining applications for awards of attorneys' fees, reimbursement of costs and expenses (including fees, costs and expenses of consultants incurred during the

administration of the Settlement) in the Action and any interest thereon and an award to the plaintiffs; (d) disposition of any residual proceeds remaining in the Settlement Fund, after the payment of approved claims and any monies awarded pursuant to subparagraph (c) above, pursuant to Court approval and in accordance with the *cy pres* doctrine; (e) enforcing and administering the Settlement Stipulation; and (f) other matters related or ancillary to the foregoing.

APPROVED AND SO ORDERED:

Dated: April 25, 2000

The Honorable John L. Kane, Jr.
U.S. Senior District Court Judge

EOD
UNITED STATES DISTRICT COURT
DENVER, COLORADO

APR 25 2000

JAMES R. MANSPEAKER
CLERK

7