Exhibit 11

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

FILED
UNITED STATES DISTRICT
DENVER COLORADO

MAR 4 1997

JAMES R. MANSPEAKER
CLERK

Civil Action No. 95-D-1166

In Re: INTELCOM GROUP, INC. SECURITIES LITIGATION

ORDER

ORDER ENTERED BY MAGISTRATE JUDGE O. EDWARD SCHLATTER
Shawn Schroeder, Secretary

District Judge Wiley Y. Daniel has by Special Order of Reference directed that I act as a Special Master in this case for the purpose of determining whether counsel for plaintiffs (counsel) are entitled to their attorney's fees, and, if so, whether the fee which has been requested is reasonable. Judge Daniel has stated that I "may conduct a hearing, take evidence, and/or make such factual and legal findings" as are deemed necessary to dispose of the request for fees.

I find that a hearing on the request for fees is not necessary. First, I acted as a mediator during the several settlement conferences which were conducted, and I became closely familiar with the facts and legal issues which are presented by this litigation. Second, counsel have sent notices to all members of the class in this case, and have informed them that a request would be made for 1/3 of the proceeds of the settlement. No member of the class has lodged any objection to the fee which would be requested, and the time for filing objections has passed. Third, no objection has been forwarded by anyone on behalf of the defendant, Intelcom Group. Thus, all appropriate persons have been notified of the fee which counsel has requested, and

no one has objected.

Counsel for plaintiffs obtained a settlement for the class of $2,500,000. It is not disputed that they are entitled to an award of fees and costs.

I am generally familiar with this litigation, and with the efforts which were expended by both sides in the prosecution and defense of the various claims. I have also examined the affidavits which were submitted by counsel as exhibits to the Joint Petition of Plaintiffs' Counsel for an Award of Attorneys' Fees and Reimbursement of Litigation Costs and Expenses. Having examined those materials, I find no reason to doubt that counsel actually contributed the numbers of hours of work which are recited in the respective affidavits, and incurred the expenses which are listed.

Plaintiffs were persons who had purchased stock in Intelcom during the specified class period. Plaintiffs claimed that defendants had issued materially false and misleading statements in press releases, public reports, and in filings with the Securities and Exchange Commission. As such, plaintiffs asserted that defendants had caused plaintiffs to purchase stocks through the release of false information, thereby resulting in loss to the plaintiffs. Defendants denied the allegations which were made, and a great deal of discovery was conducted by both sides during the litigation.

I find that this was a difficult and complex case for any lawyer to undertake, and I find that the undertaking was fraught with a high degree of risk. In light of the complexity and risk, I find that the recovery of $2,500,000 on behalf of the class plaintiffs was a satisfactory result.

Counsel are requesting that I award as fees the sum of $833,333.33, which is 1/3 of the sum which was obtained in settlement of the claims. In considering an award of fees, I may enter an award based either upon a percentage basis, or upon a lodestar finding which is calculated by multiplying the number of hours worked against a reasonable hourly rate. <u>Gottlieb v. Barry</u>, 43 F.3d 474, 483 (10th Cir. 1995). Counsel have demonstrated in their petition for fees that a lodestar calculation would yield a fee of $913,940.00. This would result in a fee which is appreciably higher than the percentage fee which is being requested.

Under either method, percentage or lodestar, any fee which is awarded to counsel must be reasonable. Reasonableness is determined by weighing and considering the types of factors which are outlined in the case of <u>Johnson v. Georgia Highway Express, Inc.</u>, 488 F.2d 714 (5th Cir. 1974), and adopted by our Circuit in <u>Brown v. Phillips Petroleum Company</u>, 838 F.2d 451, 454-55 (10th Cir. 1988). Those factors include the following:

> (1) the time and labor involved; (2) the novelty and difficulty of the questions; (3) the skill requisite to perform the legal services properly; (4) the preclusion of other employment by the attorney due to acceptance of the case; (5) the customary fee; (6) any prearranged fee--this is helpful but not determinative; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the undesirability of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases.

<u>Id</u> at 454-55.

I have considered the "Johnson factors," and I find that a percentage award of 1/3 the result obtained is warranted in this case. In addition to the Johnson factors,

I note that it is customary in this jurisdiction for attorneys to request a 1/3 contingency fee in high risk cases such as this one. Finally, I note that counsel informed the members of the class that this is the percentage of fee which would be requested from the court by counsel.

Counsel have asked that I award to them, from the settlement proceeds, the costs which were expended by them in furtherance of this litigation, $132,725.59, and that I grant "incentive awards" of $2,500.00 each to the four named plaintiffs, Marc Manoff, Isabel M. Sperber, Lyon Investment Partnership and Forrest S. Williams. I find that the request for these costs and incentive awards are reasonable and appropriate.

It is therefore ORDERED as follows:

1. Counsel for plaintiffs are awarded as attorneys' fees a 1/3 percentage of the amount which was recovered as a result of the litigation. One-third of the total recovery is $833,333.33, and counsel are awarded this sum as their fees.

2. Counsel shall be reimbursed the sums which were expended by them as costs for this litigation, and they are awarded from the proceeds of the settlement the sum of $132,715.59.

3. The named plaintiffs, Marc Manoff, Isabel M. Sperber, Lyon Investment

4

Partnership and forrest S. Williams, shall each receive an incentive award of $2,500.00.

DATED at Denver, Colorado on: March 4, 1997

BY THE COURT:

O. Edward Schlatter
United States Magistrate Judge

I certify that I have duly mailed a copy of the foregoing Order to the following:

Richard Bemporad, Esq.
David C. Harrison, Esq.
Sherrie Brown, Esq.
Lowey Dannenberg Bemporad
 & Selinger, P.C.
747 Third Avenue
New York, NY  10017-2877

Robert Hoffman, Esq.
Barrack, Rodos, & Bacine
3300 Two Commerce Square
2001 Market Street
Philadelphia, PA  19103

Robert J. Dyer, III, Esq.
F. James Donnelly, Esq.
Charles W. Lilley, Esq.
Dyer, Donnelly & Lilley
DC Box 17

Gerald L. Bader, Jr., Esq.
Jeffrey M. Villanueva, Esq.
Bader & Villanueva, P.C.
1660 Wynkoop Street, Suite 1100
Denver, CO  80202-1160

5

Lee Squitieri, Esq.
Mark C. Gardy, Esq.
Joshua M. Lifshitz, Esq.
Abbey & Ellis
212 East 39th Street
New York NY 10016

Jonathan Siegfried, Esq.
Pamela C. Tames, Esq.
Reid & Priest LLP
40 West 57th Street
New York, NY 10019

Albert B. Wolf, Esq.
Raymond P. Micklewright, Esq.
Wolf & Slatkin
3773 Cherry Creek N. Dr. #745
Denver, CO 80209-3827

William S. Lerach, Esq.
Alan Schulman, Esq.
Darren J. Robbins, Esq.
Milberg Weiss Bershad
Hynes & Lerach
600 West Broadway, Suite 1800
San Diego, CA 92101

Alfred G. Yates, Jr., Esq.
519 Allegheny Building
429 Forbes Avenue
Pittsburgh, PA 15219

Dated: March 4, 1997

Secretary to Magistrate Judge Schlatter