Exhibit 12

12/8

UNITED STATES DISTRICT COURT
DISTRICT OF COLORADO

Civil Action No. 95-Z-468

BONNIE SONNENFELD, Individually And On Behalf of All Those Similarly Situated,
    Plaintiff,
v.

THE CITY AND COUNTY OF DENVER, COLORADO,
    Defendant.
and

Civil Action No. 95-Z-492

KARL NICOLETTI, Individually and on Behalf of All Those Similarly Situated,
    Plaintiff,
v.

THE CITY AND COUNTY OF DENVER, COLORADO; LAZARD FRERES; MERRILL LYNCH, PIERCE, FENNER & SMITH, INC.; PRYOR, MCCLENDON, COUNTS & CO.; GOLDMAN, SACHS & CO.; KPMG PEAT MARWICK,
    Defendants.

and

Civil Action No. 95-Z-548

HILDA EBLING STOLLER TRUST, BY HILDA STOLLER, a/k/a HILDA STOLLER MILSTEIN, TRUSTEE,
    Plaintiff,
v.

THE CITY AND COUNTY OF DENVER, COLORADO,
    Defendant.

---

### FINAL JUDGMENT AND ORDER OF DISMISSAL WITH PREJUDICE

---

*[Stamp: UNITED STATES DISTRICT COURT, DENVER, COLORADO, DEC - 8 1997, MANSPEAR, CLERK]*

A:\FEES.OR1

The Plaintiffs and the Defendants (as those terms are defined in the Stipulation of Settlement dated September 4, 1997) (the "Stipulation"), by and through their attorneys, having executed and filed the Stipulation; the Court having entered its Order thereon dated September 12, 1997, directing that notice of the proposed Settlement of the Litigation be mailed to the Class and scheduling a Hearing to be held to determine whether the proposed Settlement should be approved as fair, reasonable and adequate; to approve the allocation of the Settlement Fund; to award Plaintiffs' Counsel Attorneys' Fees and Expenses and to award incentive payments to the named Plaintiffs; said notice having been given; a Hearing having been held on December 8, 1997 at which time all interested persons were given an opportunity to be heard; and the Court having read and considered all submissions in connection with the proposed Settlement, and having reviewed and considered the files and records herein, the Court finds and concludes that:

The Provisional Class is defined for purposes of the Litigation, the Settlement and this Final Judgment and Order of Dismissal With Prejudice (the "Final Judgment"), as follows:

> [A]ll Persons who purchased Airport Bonds during the period from May 1, 1990 through and including May 3, 1994 excluding (i) the Defendants, (ii) any entity in which any Defendant has a controlling interest, (iii) the partners, corporate officers and directors of any of the Defendants, and (iv) the legal representatives, heirs, successors or assigns of any such excluded party.

In accordance with the Stipulation, and an Order of Preliminary Approval of Settlement with Notice of Settlement to the Class ("Preliminary Order") which the Court entered on September 12, 1997, Plaintiffs' Counsel caused to be mailed to the Provisional Class, a notice (the "Notice") dated October 10, 1997 and caused to be published once in the national edition of The Wall Street Journal and once in the Bond Buyer, a summary notice (the "Summary Notice") of the proposed Settlement of the Litigation.

The Notice and Summary Notice provided to potential members of the Provisional Class constituted the best and most practicable notice under the circumstances and included individual notice to all members of the Provisional Class identified by reasonable effort. The affidavit of mailing filed with this Court on December 1, 1997 demonstrated that this Court's Preliminary Order has been complied with and further, that the best notice practicable under the circumstances was in fact given and constituted valid, due and sufficient notice to members of the Provisional Class, complying fully with due process and Rule 23 of the Federal Rules of Civil Procedure.

Approval of the Settlement will result in substantial savings in time and money to the Court and the litigants and will further the interests of justice.

The Stipulation is the product of good faith arm's length negotiations by the Parties thereto.

NOW, THEREFORE, GOOD CAUSE APPEARING, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that:

1. The terms defined in the Stipulation are incorporated herein.

2. The Court has jurisdiction over the subject matter of this Litigation and all Parties in this Litigation, including all Class members.

3. The Stipulation and Settlement are fair, reasonable and adequate as to the Class, and are approved in all respects.

4. The Provisional Class members who have filed valid and timely requests for exclusion are not bound by the Judgment. A listing of those persons and their respective excluded aggregate principal amount of bond holdings is attached hereto as Exhibit A. Members of the Provisional Class who are excluded may pursue their own individual remedies, if any.

5. This Litigation and any and all claims, actions or causes of action alleged by the Plaintiffs, individually and on behalf of the Class members against the Defendants, are dismissed on the merits, with prejudice as to the Defendants and without costs to any Party as against any other, and the Plaintiffs and Class members, on behalf of themselves and each of their predecessors, successors, parents, subsidiaries, affiliates, custodians, agents, assigns, representatives, heirs, executors, trustees, administrators and any other person or entity having any legal or beneficial interest in the Denver Airport System Revenue Bonds purchased by any member of the Class, are forever barred and enjoined from commencing, instituting or prosecuting the Released Claims or any action or other proceeding against any of the Defendants or the other Released Parties with respect to, based on, arising from, or for any and all Released Claims. "Released Claims" is defined in the Stipulation to mean, collectively, any and all claims, demands, rights, liabilities and causes of action of every nature and description whatsoever, in law or equity (whether individual or class in nature, known or unknown, which have been asserted or could have been asserted), by any Plaintiff or Class member against any of the Defendants or the other Released Parties arising out of, relating to, or in connection with any purchase or sale of Denver Airport System Revenue Bonds during the Class Period or arising out of, related to or in connection with any of the acts, omissions, misrepresentations, facts, events, matters, transactions or occurrences that were or could have been referred to in any of the complaints or other pleadings filed in the Litigation or in connection with the State Court Complaint or otherwise alleged, asserted or contended in the Litigation or the State Court Complaint.

6. Upon the Effective Date, the Plaintiffs and Class members, on behalf of themselves and each of their predecessors, successors, parents, subsidiaries, affiliates, custodians, agents,

assigns, representatives, heirs, executors, trustees, administrators and any other person or entity having any legal or beneficial interest in the Denver Airport System Revenue Bonds purchased or received by any member of the Class, shall be deemed conclusively to have fully, finally, unconditionally and forever released, settled and discharged the Defendants and the other Released Parties from and with respect to the Released Claims. Notwithstanding that the Plaintiffs or Class members may hereafter discover facts in addition to or different from those which the Plaintiffs or Class Members now know or believe to be true with respect to the Litigation and the Released Claims or to the subject matter of the release, each such Plaintiff and Class member on behalf of themselves and each of their predecessors, successors, parents, subsidiaries, affiliates, custodians, agents, assigns, representatives, heirs, executors, trustees, administrators and any other person or entity having any legal or beneficial interest in the Denver Airport System Revenue Bonds purchased by any member of the Class, shall be deemed conclusively, upon the Effective Date, to have fully, finally, unconditionally and forever released, settled and discharged the Defendants and the other Released Parties from and with respect to all Released Claims.

7. Neither this Final Judgment, the Stipulation nor any document referred to herein nor any action taken pursuant to or to carry out this Stipulation may be used as an admission by or against any of the Defendants of any fact, claim, assertion, matter, contention, fault, culpability, obligation, wrongdoing or liability whatsoever. The Stipulation and its Exhibits may be filed in this Litigation or related litigation as evidence of the Settlement, or in any subsequent action against or by the Defendants or other Released Parties by the Defendants to support a defense of res judicata, collateral estoppel, release, or other theory of claim or issue preclusion or similar defense.

8. Upon the Effective Date, Class members shall be deemed unconditionally and forever to have released and discharged Plaintiffs and Plaintiffs' Counsel from all claims, liabilities, and causes of action in connection with Plaintiffs' institution, prosecution, assertion or resolution of the Litigation or the Released Claims.

9. Upon the Effective Date, Defendants shall be deemed to have released the Plaintiffs and Plaintiffs' Counsel from those claims or potential claims against Plaintiffs and Plaintiffs' Counsel with are based upon or arise out of the institution, assertion or prosecution of the Litigation or the Released Claims.

10. The law firms representing Plaintiffs and the Class are hereby awarded, all from the Settlement Fund, attorneys' fees in the amount of $1,500,000.00, representing 33 1/3% of the Settlement Fund, and reimbursement of their expenses in the amount of $316,118.00, for a total award of $1,816,118.00, plus a proportionate share of the interest earned by the Settlement Fund on those amounts. Plaintiffs' Lead Counsel are further authorized to incur and pay reasonable Notice and Administrative Expenses in giving Notice, processing claims, paying taxes, and other expenses of settlement administration out of the settlement fund. These amounts are to be paid pursuant to the procedure set forth in the Stipulation of Settlement.

11. The court reserves jurisdiction, without affecting the finality of this judgment, over (a) implementing, administering and enforcing this Settlement and the Stipulation and any award or distribution of the Settlement Fund; (b) disposition of the Settlement Fund; and (c) other matters related or ancillary to the foregoing. Plaintiffs' Lead Counsel shall file a status report

with the Court on the progress of the Settlement Fund disposition in 90 days, and every 90 days thereafter until the Settlement Fund is fully distributed.

DATED at Denver, Colorado, this __8__ day of December, 1997.

BY THE COURT:

_____
ZITA L. WEINSHIENK, Judge
United States District Court

ENTERED
ON THE DOCKET

|by|

JAMES R. MANSFIELD
     CLERK
BY_____