Exhibit 14

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**

Civil Action No. **02-cv-35-JLK-CBS** (consolidated with 02-K-46, 02-K-64, 02-K-78, 02-K-137, 02-K-145, 02-K-146, 02-K-152, 02-K-161, 02-K-168, 02-K-304, and 02-K-351)

**IN RE RHYTHMS SECURITIES LITIGATION**

This Document Relates to: All Actions
_____

**ORDER AND FINAL JUDGMENT**
_____

On this **3d** day of **April, 2009**, a hearing having been held before this Court to determine: whether the terms and conditions of the Stipulation and Agreement of Settlement dated November 26, 2008 (the "Stipulation") are fair, reasonable, and adequate for the settlement of all claims asserted by the Class against the Defendants in the Complaint now pending in this Court under the above caption, including the release of the Defendants and the Released Parties, and should be approved; whether judgment should be entered dismissing the Complaint in its entirety, on the merits and with prejudice; whether to approve the Plan of Allocation as a fair and reasonable method to allocate the settlement proceeds among the members of the Class; and whether and in what amount to award Plaintiffs' Counsel fees and reimbursement of expenses and to reimburse Class Representative John Brown's reasonable costs and expenses (including lost wages) directly related to his representation of the Class.

The Court having considered all matters submitted to it at the hearing and otherwise; and it appearing that a notice of the hearing substantially in the form approved by the Court was mailed to all persons or entities reasonably identifiable, who purchased the common stock of Rhythms NetConnections, Inc. ("Rhythms") between January 6, 2000 and April 2, 2001, inclusive (the "Class Period"), as shown by the records of Rhythms' transfer agent and the

records compiled by the Claims Administrator in connection with its previous mailing of a Notice of Pendency of Class Action, at the respective addresses set forth in such records, except those persons or entities excluded from the definition of the Class or who previously excluded themselves from the Class, and that a summary notice of the hearing substantially in the form approved by the Court was published in the national edition of *The Wall Street Journal* and transmitted over *Business Wire* pursuant to the specifications of the Court; and the Court having considered and determined the fairness and reasonableness of the award of attorneys' fees and expenses requested; and all capitalized terms used herein having the meanings as set forth and defined in the Stipulation,

IT IS NOW, THEREFORE, ORDERED THAT:

1. The Court has jurisdiction over the subject matter of the Action, the Class Representative, all Class Members, and the Defendants.

2. The Court, having previously found that this Action meets the requirements of Rule 23(a) and 23(b)(3) of the Federal Rules of Civil Procedure for certification as a class action, and having previously directed notice of the pendency of this Action as a class action be given to the members of the Class and such notice having been given, now finds again and finally confirms that the prerequisites for a class action under Federal Rules of Civil Procedure 23 (a) and (b)(3) have been satisfied in that: i) the number of Class Members is so numerous that joinder of all members thereof is impracticable; ii) there are questions of law and fact common to the Class; iii) the claims of the Class Representative are typical of the claims of the Class he seeks to represent; iv) the Class Representative and Plaintiffs' Co-Lead Counsel have and will fairly and adequately represent the interests of the Class; v) the questions of law and fact

common to the members of the Class predominate over any questions affecting only individual members of the Class; and vi) a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

3. Pursuant to Rule 23 of the Federal Rules of Civil Procedure, this Court hereby finally certifies this action as a class action on behalf of all persons who purchased the common stock of Rhythms NetConnections, Inc. between January 6, 2000 and April 2, 2001, inclusive. Excluded from the Class are Defendants, the officers and directors of Rhythms at all relevant times, members of their immediate families and their legal representatives, heirs, successors or assigns, and any entity in which any excluded person has or had a controlling interest. Also excluded from the Class are the persons and/or entities who previously excluded themselves from the Class by filing a request for exclusion in response to the Notice of Pendency, as listed on Exhibit 1 annexed hereto.

4. Pursuant to Rule 23 of the Federal Rules of Civil Procedure, this Court hereby finally certifies John Brown as Class Representative.

5. Notice of the proposed Settlement of this Action was given to all Class Members who could be identified with reasonable effort. The form and method of notifying the Class of the pendency of the action as a class action and of the terms and conditions of the proposed Settlement met the requirements of Rule 23 of the Federal Rules of Civil Procedure, Section 21D(a)(7) of the Securities Exchange Act of 1934, 15 U.S.C. § 78u-4(a)(7) as amended by the Private Securities Litigation Reform Act of 1995, due process, and any other applicable law, constituted the best notice practicable under the circumstances, and constituted due and

sufficient notice to all persons and entities entitled thereto.  Plaintiffs' Co-Lead Counsel has filed with the Court proof of mailing of the Notice and Proof of Claim and proof of publication of the Publication Notice.

6. The Settlement is approved as fair, reasonable, and adequate, and the Class Members and the parties are directed to consummate the Settlement in accordance with the terms and provisions of the Stipulation.

7. The Complaint, which the Court finds was filed on a good faith basis in accordance with the Private Securities Litigation Reform Act and Rule 11 of the Federal Rules of Civil Procedure based upon all publicly available information, is hereby dismissed with prejudice in its entirety and without costs, except those costs provided for in the Stipulation.

8. The Lead Plaintiff and all the other Class Members on behalf of themselves, their heirs, executors, administrators, predecessors, successors and assigns, and any other person claiming (now or in the future) to have acted through or on behalf of them, shall hereby be deemed to have, and by operation of this order shall have, fully, finally, and forever, released, relinquished, settled and discharged the Released Parties from the Settled Claims, and are forever enjoined from instituting, commencing, or prosecuting any Settled Claim against any of the Released Parties directly, indirectly or in any other capacity, whether or not such Class Members execute and deliver a Proof of Claim and Release.  The Lead Plaintiff has expressly waived, and all other Class Members are deemed to have waived, any and all provisions, rights and benefits conferred by any law of any state or territory of the United States, or principle of common law, which is similar, comparable, or equivalent to California Civil Code Section 1542.

9. The Defendants, on behalf of themselves, their heirs, executors, administrators, predecessors, successors and assigns, and the other Released Parties, shall hereby be deemed to have, and by operation of this order shall have, released and forever discharged each and every of the Settled Defendants' Claims, and shall forever be enjoined from prosecuting the Settled Defendants' Claims against Lead Plaintiff, all other Class Members and their counsel.  The Defendants have expressly waived, and all other Released Parties are deemed to have waived, any and all provisions, rights and benefits conferred by any law of any state or territory of the United States, or principle of common law, which is similar, comparable, or equivalent to California Civil Code Section 1542.

10. All persons and/or entities whose names appear on Exhibit 1 hereto are hereby excluded from the Class, not bound by this Order and Final Judgment, and may not make any claim or receive any benefit from the Settlement.  Said excluded persons and entities may not pursue any Settled Claims on behalf of those who are bound by this Order and Final Judgment.

11. Neither this Order and Final Judgment, the Stipulation, nor any of its terms and provisions, nor any of the negotiations or proceedings connected with it, nor any of the documents or statements referred to therein shall be:

(a) offered or received against any of the Defendants as evidence of or construed as or deemed to be evidence of any presumption, concession, or admission by any of the Defendants with respect to the truth of any fact alleged by any of the plaintiffs or the validity of any claim that has been or could have been asserted in the Action or in any litigation, or the

5

deficiency of any defense that has been or could have been asserted in the Action or in any litigation, or of any liability, negligence, fault, or wrongdoing of any of the Defendants;

      (b)    offered or received against any of the Defendants as evidence of a presumption, concession or admission of any fault, misrepresentation or omission with respect to any statement or written document approved or made by any of the Defendant;

      (c)    offered or received against any of the Defendants as evidence of a presumption, concession or admission with respect to any liability, negligence, fault or wrongdoing, or in any way referred to for any other reason as against any of the Defendants, in any other civil, criminal or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of the Stipulation; provided, however, that any of the Defendants may refer to it to effectuate the liability protection granted them hereunder;

      (d)    construed against any of the Defendants as an admission or concession that the consideration to be given hereunder represents the amount which could be or would have been recovered after trial; or

      (e)    construed as or received in evidence as an admission, concession or presumption against the Class Representative or any of the other Class Members that any of their claims are without merit, or that any defenses asserted by any of the Defendants have any merit, or that damages recoverable under the Complaint would not have exceeded the Gross Settlement Fund.

12.     The Plan of Allocation is approved as fair and reasonable, and Plaintiffs' Counsel and the Claims Administrator are directed to administer the Stipulation in accordance with its terms and provisions.  The Court further declares that any appeal of the approval of the Plan of Allocation, award of attorneys' fees, or awards of costs to Plaintiffs' Counsel and/or the Class Representative shall not prevent the Settlement from becoming effective.

13.     The provisions of this Order and Final Judgment constitute a full and complete adjudication of the matters considered and adjudged herein, and the Court determines that there is no just reason for delay in the entry of judgment.  The Clerk is hereby directed to immediately enter this Order and Final Judgment.

14.     The Court finds that all parties and their counsel have complied with each requirement of Rule 11 of the Federal Rules of Civil Procedure as to all proceedings herein.

15.     Plaintiffs' Counsel are hereby awarded **30 %** of the Gross Settlement Fund, which sum the Court finds to be fair and reasonable, and **$ 2,000,772.15** in reimbursement of expenses, which expenses shall be paid to Plaintiffs' Co-Lead Counsel from the Gross Settlement Fund with interest from the date such Settlement Fund was funded to the date of payment at the same net rate that the Settlement Fund earns.  The award of attorneys' fees shall be allocated among Plaintiffs' Counsel in a fashion which, in the opinion of Plaintiffs' Co-Lead Counsel, fairly compensates Plaintiffs' Counsel for their respective contributions in the prosecution of the Action.

16. Class Representative John Brown is hereby awarded **$ 135,084.00.** This award is for reimbursement of the Class Representative's reasonable costs and expenses (including lost wages) directly related to his representation of the Class. Such payment shall come from the Gross Settlement Fund.

17. In making this award of attorneys' fees and reimbursement of expenses to be paid from the Gross Settlement Fund, the Court has considered and found that:

(a) the settlement has created a fund of $17.5 million in cash that is already on deposit, plus interest thereon, and that numerous Class Members who submit acceptable Proofs of Claim will benefit from the Settlement created by Plaintiffs' Counsel;

(b) Over 81,500 copies of the Notice were disseminated to putative Class Members indicating that Plaintiffs' Counsel were moving for attorneys' fees in the amount of up to 30% of the Gross Settlement Fund and for reimbursement of expenses in an amount of approximately $2.6 million. No objections were filed against the terms of the proposed Settlement or the ceiling on the fees and expenses requested by Plaintiffs' Counsel and the reimbursement of Class Representative John Brown's reasonable costs and expenses (including lost wages) directly related to his representation of the Class, as described in the Notice;

(c) Plaintiffs' Counsel have conducted the litigation with diligence and achieved the Settlement after years of hard-fought litigation and protracted, arms-length negotiations and with the assistance of a mediator;

(d) The action involves complex factual and legal issues and was actively prosecuted over six years and, in the absence of a settlement, would involve further lengthy proceedings with uncertain resolution of the complex factual and legal issues;

(e) Had Plaintiffs' Counsel not achieved the Settlement there would remain a significant risk that the Class may have recovered less or nothing from the Defendants;

(f) Plaintiffs' Counsel have devoted over 27,700 hours, with a lodestar value of $13,352,568.55, to achieve the Settlement; and

(g) The amount of attorneys' fees awarded and expenses reimbursed from the Settlement Fund are fair and reasonable and consistent with awards in similar cases.

18. Exclusive jurisdiction is hereby retained over the parties and the Class Members for all matters relating to this Action, including the administration, interpretation, effectuation or enforcement of the Stipulation and this Order and Final Judgment, and including any application for fees and expenses incurred in connection with administering and distributing the settlement proceeds to the members of the Class.

19. Without further order of the Court, the parties may agree to reasonable extensions of time to carry out any of the provisions of the Stipulation.

Dated:     April 3, 2009

                                                **s/John L. Kane**  
                                                SENIOR U.S. DISTRICT JUDGE

EXHIBIT 1

List of Persons and Entities Excluded from the Class in the
*In re Rhythms Securities Litigation*

The following persons and entities have properly excluded themselves from the Class in the *In re Rhythms Securities Litigation*:

| (1) Elliot K. Fishman, M.D. | (2) Teresa Green |
|---|---|
| (3) Michael A. Cantrell | (4) Martin Eder |
| (5) Richard V. Caulfield | (6) Joseph A. Wheelock Jr. |
| (7) Louie-Chan Associates LLC Larry Lowe, Trustee | |

447171v4

10