Exhibit 15

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge John L. Kane**

Civil Action No. **09-cv-386-JLK-KMT** (consolidated with **09-cv-525-JLK-KMT**)

IN RE OPPENHEIMER CHAMPION INCOME FUND
SECURITIES FRAUD CLASS ACTIONS

---

**ORDER APPROVING CLASS COUNSEL'S MOTION FOR
AN AWARD OF ATTORNEYS' FEES AND REIMBURSEMENT OF EXPENSES**

---

THIS MATTER having come before the Court for a hearing on September 30, 2011, on the Motion for Final Approval of Proposed Class Settlement, Approval of Distribution Plan, and Award of Attorneys' Fees and Expenses; Lead Counsel Labaton Sucharow LLP and Hagens Berman Sobol Shapiro LLP ("Class Counsel") having requested an award of attorneys' fees and reimbursement of expenses, including reimbursement of Lead Plaintiffs' lost wages and expenses; and the Court, having considered all papers filed and proceedings conducted herein, and otherwise being fully informed in the premises and good cause appearing therefor;

IT IS HEREBY ORDERED, ADJUDGED AND DECREED that:

1.     All of the capitalized terms used herein shall have the same meanings as set forth in the Amended and Restated Stipulation and Agreement of Settlement, dated August 11, 2011 (the "Stipulation").

2.      This Court has jurisdiction to enter this Order awarding attorneys' fees and litigation expenses and over the subject matter of the Consolidated Class Action Complaint and all Parties to the consolidated Action including all Class Members.

3.      Class Counsel, on behalf of all plaintiffs' counsel, are entitled to a fee paid out of the common fund created for the benefit of the Class. *Boeing Co. v. Van Gemert*, 444 U.S. 472, 478-79 (1980). In class action suits where a fund is recovered and fees are awarded therefrom by the court, the Supreme Court has indicated that computing fees as a percentage of the common fund recovered is the proper approach. *Blum v. Stenson*, 465 U.S. 886, 900 n.16 (1984). The Tenth Circuit recognizes the propriety of the percentage-of-the fund method when awarding fees. *See Gottlieb v. Barry*, 43 F.3d 474, 484 (10th Cir. 1994).

4.      Notice of Class Counsel's request for attorneys' fees and reimbursement of expenses was given to all Class Members who could be identified with reasonable effort. The form and method of notifying the Class of the request for attorneys' fees and litigation expenses met the requirements of due process, Rule 23 of the Federal Rules of Civil Procedure and Section 27 of the Securities Exchange Act of 1933, 15 U.S.C. § 77z-1(a)(7), as amended by the Private Securities Litigation Reform Act of 1995 ("PSLRA"), and constituted the best notice practicable under the circumstances, and constituted due and sufficient notice to all persons and entities entitled thereto.

5.      Class Counsel have moved for an award of attorneys' fees of 18.5% of the Settlement Fund, or $9,712,500, plus interest at the same rate as that earned by the Settlement Fund. Class Counsel's fee and expense application has the support of Lead Plaintiffs.

6.      This Court concludes that the percentage-of-recovery method is appropriate for awarding attorneys' fees in this Action and hereby adopts said method for purposes of this Action.

7.      The Court finds that a fee award of 18.5% of the Settlement Fund is consistent with awards made within this District and in similar cases. *See, e.g., In re Spectranetics Corp. Sec. Litig.*, No. 08-02048 (D. Colo. April 4, 2011) (Blackburn, J.) (fee equal to 28% of recovery); *In re Rhythms Sec. Litig.*, No. 02-35 (D. Colo. April 3, 2009) (Kane, J.) (fee equal to 30% of settlement fund).

8.      Accordingly, the Court hereby awards attorneys' fees of 18.5% of the Settlement Fund, or $9,712,500, plus interest at the same rate as that earned by the Settlement Fund. The Court finds the fee award to be fair and reasonable. Said fees shall be allocated among plaintiffs' counsel in a manner in which Class Counsel believe reflects each counsel's contribution to the prosecution and resolution of the Action.

9.      In making this award of attorneys' fees and expenses, the Court has analyzed the factors considered within the Tenth Circuit as set forth in *Brown v. Phillips Petroleum Co.*, 838 F.2d 451, 454-455 (10th Cir. 1988) *(citing Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714, 717-19 (5th Cir. 1974). In evaluating these factors, the Court finds that:

a)      Class Counsel have conferred a substantial benefit to the Class.

b)      Class Counsel faced several novel and difficult legal and factual issues relating, in part, to the inherent complexities of a mutual-fund case as well as legal hurdles posed by Defendants' defenses of truthful disclosures to the factual intricacies of the investments at issue. Furthermore, Class Counsel faced the considerable risk of no

- 3 -

recovery given the possibility that the claims would be dismissed in whole or in part for failure to adequately plead loss causation pursuant to the recent ruling in *In re State Street Bank*, 2011 U.S. Dist. LEXIS 35857, at *35, 2011 WL 1206070, at *10. Despite the novelty and difficulty of the issues raised, Class Counsel secured an excellent result for the Class.

 c) Class Counsel are very experienced and skilled practitioners in the securities litigation field, and have considerable experience and capabilities as class action specialists and with claims involving mutual funds. Their efforts in efficiently and expeditiously bringing the Action to a successful conclusion against the Defendants conferred a substantial benefit to the Class.

 d) Class Counsel have expended considerable time and labor over the course of the Action investigating, analyzing and prosecuting the claims. This is evidenced by the Class Counsel's practice before the Court and Class Counsel's representations that they have: thoroughly investigated the claims asserted, including a review of all relevant public information, and engaged in extensive research of the applicable law with respect to the claims and defenses asserted by Defendants; filed a detailed and particularized consolidated class action complaint; pursued a Freedom of Information Act request with the Oregon Department of Justice and the Oregon Treasurer; requested, reviewed and analyzed almost 80,000 pages of key documents produced by Defendants, despite the PSLRA stay of discovery; retained and consulted with portfolio experts concerning a complete forensic analysis of the Fund portfolio as well as analysis of key documents produced by Defendants; vigorously defended motions to dismiss; retained and consulted

- 4 -

with damages experts in order to analyze Fund transaction data and documents produced by Defendants; engaged in extensive settlement negotiations with Defendants, including three formal in-person mediation sessions before Judge Phillips; worked with wholly independent counsel to resolve the allocation issues between the Actions, culminating in an allocation mediation session before Judge Phillips; and advocated for a substantial settlement for the Class. Counsel's total lodestar is reported to be $2,109,323.45 based upon 4,466.81 hours of work. Additional work was done in preparation for the hearing and Counsel anticipates that more work will be done with respect to the administration and distribution of the Settlement.

e)    The services provided by Class Counsel appear to have been successful and efficient, resulting in a very significant recovery for the Class without the substantial expense, risk and delay of continued litigation and trial. Such efficiency and effectiveness supports the requested fee percentage.

f)    Although there have been objections to the fee and expense application, none of the objections raise an issue about the actual fee application, why it is not supported by existing law, or why the request for reimbursement of expenses is not reasonable, and they are rejected.

10.    Class Counsel have also requested reimbursement of litigation expenses in the amount of $382,143.39, plus interest at the same rate as that earned by the Settlement Fund, and awards of $9,000 and $7,500, respectively, to Lead Plaintiffs Thomas H. Goodman and Errol G. O'Steen for reimbursement of lost wages and expenses pursuant to the PSLRA related to their active participation in this Action. Such a request for lost wages is reasonable under the

- 5 -

circumstances of this case. *See e.g., In re Marsh & McLennan Co. Inc. Sec. Litig.*, 2009 U.S. Dist. LEXIS 120953, at \*61, 2009 WL 5178546, at \*21 (S.D.N.Y. Dec. 23, 2009).

11.     Having reviewed the expense information submitted by Class Counsel, the Court hereby approves the requested amount of litigation expenses and awards Class Counsel expenses of $382,143.39, plus interest at the same rate as that earned by the Settlement Fund.

12.     The Court hereby awards Lead Plaintiff Thomas H. Goodman the amount of $9,000 in lost wages and expenses and Lead Plaintiff Errol G. O'Steen the amount of $7,500 in lost wages and expenses, to be paid on entry of this Order.

13.     The awarded attorneys' fees and expenses of Class Counsel shall be paid within ten (10) calendar days of entry of this Order and entry of the Final Judgment, subject to the terms, conditions and obligations of the Stipulation, which terms, conditions and obligations are incorporated herein.

14.     Exclusive jurisdiction is hereby retained over the Parties and the Class Members for all matters relating to this Action, including the administration, interpretation, effectuation or enforcement of the Stipulation and this Order.

15.     Any appeal or any challenge affecting this Court's approval of the attorneys' fees and expense application shall in no way disturb or affect the finality of the Judgment.

16.     In the event that the Settlement is terminated or does not become Final in accordance with the terms of the Stipulation, this Order shall be rendered null and void to the extent provided by the Stipulation and shall be vacated in accordance with the Stipulation.

17.     There is no just reason for delay in the entry of this Order, and immediate entry by the Clerk of the Court is expressly directed.

IT IS SO ORDERED.

DATED: September 30, 2011

John L. Kane
THE HONORABLE JOHN L. KANE
UNITED STATES DISTRICT JUDGE