# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

Civil Action No. 1:12-cv-02941-JLK

CRAIG TELKE, and
WILLIAM DOUGLAS MORELAND,
Individually and on Behalf of All Others Similarly Situated,

    Plaintiffs,

v.

NEW FRONTIER MEDIA, INC.,
ALAN ISAACMAN,
MELISSA HUBBARD,
HIRAM J. WOO, and
WALTER TIMOSHENKO,

    Defendants.
_____

**ORDER AND FINAL JUDGMENT**
_____

A hearing having been held before this Court on August 25, 2015, pursuant to the Court's order (Doc. 66) dated May 18, 2015 (the "Preliminary Approval Order"), upon a Stipulation of Settlement (Doc. 62) dated April 27, 2015 (the "Stipulation") filed in the above-captioned action (the "Action"), which, along with the Preliminary Approval Order, is incorporated herein by reference; it appearing that due notice of said hearing has been given in accordance with the Preliminary Approval Order; the respective parties having appeared by their attorneys of record; the Court having heard and considered evidence in support of the proposed settlement (the "Settlement") set forth in the

Stipulation; the attorneys for the respective parties having been heard; an opportunity to be heard having been given to all other persons requesting to be heard in accordance with the Preliminary Approval Order; the Court having determined that notice to the Class (as defined herein) was the best notice practicable under the circumstance and constitutes due and sufficient notice, meeting the requirements of Federal Rule of Civil Procedure 23 and due process; and the entire matter of the proposed Settlement having been heard and considered by the Court;

IT IS HEREBY ORDERED, ADJUDGED AND DECREED THAT:

1. Except for terms defined herein, the Court adopts and incorporates the definitions of terms set forth in the Stipulation.

2. This Court has jurisdiction over the subject matter of the Action and over all Parties to the Action, including all members of the Class.

3. The Notice has been given to the Class pursuant to and in the manner directed by the Preliminary Approval Order. Proof of the mailing of the Notice and Proof of Claim form and publication of the Summary Notice has been filed with the Court and full opportunity to be heard has been offered to all parties to the Action, the Class, and persons in interest. The form and manner of the Notice, and the mailing, distribution, and publication of the Notice are hereby determined to have been the best notice practicable under the circumstances and to have been given in full compliance with each of the requirements of Federal Rule of Civil Procedure 23, due process, and applicable law, and

it is further determined that all members of the Class ("Class Members") are bound by the Order and Final Judgment herein.

4.  Based on the record of the Action, this Court expressly and conclusively finds, pursuant to Federal Rules of Civil Procedure 23(a) and 23(b)(3), as follows:

(a)  that the requirements of Federal Rule of Civil Procedure 23(a) have been satisfied in that: (i) the Class is so numerous that joinder of all Class Members is impracticable; (ii) there are questions of law and fact common to the Class; (iii) the claims of Plaintiffs are typical of the Class; and (iv) Plaintiffs and their counsel have fairly and adequately protected the interests of the Class; and

(b)  that the requirements of Federal Rule of Civil Procedure 23(b)(3) have also been satisfied in that: (i) the questions of law or fact common to the Class Members predominate over any questions affecting only individual Class Members; and (ii) a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

5.  The Action is finally certified as a class action for settlement purposes pursuant to Federal Rules of Civil Procedure 23(a) and 23(b)(3) on behalf of the Class, which is defined as:

> All persons and/or entities who held shares of New Frontier Media, Inc. ("New Frontier") common stock at any time from and including October 15, 2012 through and including November 27, 2012 (the "Class Period"), whether beneficially or of record, including the legal representatives, heirs, successors-in-interest, transferees, and assignees of all such foregoing holders, but excluding Defendants, LFP Broadcasting, LLC, the directors and executive officers of New Frontier who served in those capacities during the Class Period, and their legal representatives, heirs, successors-in-

interest, transferees, and assignees. The persons and/or entities listed in Attachment 1 to this Order and Final Judgment have properly excluded themselves and are not members of the Class.

6. Plaintiffs Craig Telke and William Douglas Moreland ("Plaintiffs") are finally appointed as class representatives, and the law firms of Levi & Korsinsky, LLP, Crane Dunham PLLC and Dyer & Berens LLP ("Plaintiffs' Counsel") are finally appointed as counsel for the Class.

7. The Stipulation and the terms of the Settlement as described in the Stipulation and the Notice are found to be fair, reasonable, adequate, and in the best interests of the Class, and are hereby approved pursuant to Federal Rule of Civil Procedure 23(e). The parties are hereby authorized and directed to comply with and to consummate the Settlement in accordance with the terms and provisions set forth in the Stipulation, and the Court Clerk is directed to enter and docket this Order and Final Judgment in this Action.

8. This Order and Final Judgment shall not constitute any evidence or admission by any party herein that any acts of wrongdoing have been committed by any of the parties to the Action and should not be deemed to create any inference that there is any liability therefor.

9. The Action is hereby dismissed with prejudice on the merits, as against Defendants and, except as provided herein, without costs.

10. Upon the Effective Date, Plaintiffs, each and every Class Member, other than those listed on Exhibit A hereto, and their respective counsel, including, without

limitation, Plaintiffs' Counsel, (the "Releasors"), on behalf of themselves, their legal representatives, heirs, executors, administrators, estates, predecessors, successors, predecessors-in-interest, successors-in-interest, affiliates and assigns, and any person or entity acting for or on behalf of, or claiming under, any of them and each of them will have completely, fully, finally, and forever compromised, settled, released, discharged, extinguished, relinquished, and dismissed with prejudice any and all claims which are based on, arise out of, result from, relate to, or involve, directly or indirectly, any of the actions, transactions, occurrences, statements, representations, misrepresentations, omissions, allegations, facts, practices, events, claims, or any other matters, things or causes whatsoever, that (i) were alleged, asserted, set forth, or claimed in the Action against the Released Persons; or (ii) could have been alleged, asserted, set forth, or claimed in the Action or in any other action, court (whether state or federal), tribunal, forum, or proceeding by the Releasors including, but not limited to, claims under any and all federal or state securities laws (including those within the exclusive jurisdiction of the federal courts), which arise out of the Class Members' status as former New Frontier stockholders, and which are based on, arise out of, result from, relate in any way to, or involve, directly or indirectly: the Tender Offer, the Merger; the New Frontier Board's recommendation of the Tender Offer and approval of the Merger; the New Frontier Board's consideration, or potential consideration, of the Merger and alternatives to the Merger; disclosures made to New Frontier stockholders in connection with the Tender

Offer and the Merger; the institution, prosecution, assertion, settlement, or resolution of the Action; or Class Members' ownership of New Frontier common stock during the Class Period ("Released Claims"); provided, however, that the Released Claims shall not include (i) the right of any Party to enforce the Stipulation; or (ii) any of Defendants' rights to (a) indemnification or (b) insurance coverage under applicable insurance policies.

11. Upon the occurrence of the Effective Date, Defendants and their successors and assigns, by operation of this Order and Final Judgment approving the Stipulation and Settlement, shall have fully, finally, and forever released, relinquished, and discharged Plaintiffs and Plaintiffs' Counsel from all claims (including, without limitation, any Unknown Claims) arising out of, relating to, or in connection with, the institution, prosecution, assertion, settlement, or resolution of the Action.

12. The releases contemplated by the Stipulation and set forth in this Order and Final Judgment shall extend to and include claims that any Releasor does not know or suspect to exist in his, her, or its favor at the time of the release of the Released Claims against the Released Parties, including without limitation claims which if known by him, her, or it, might have affected his, her, or its decision(s) with respect to the Settlement. Upon the Effective Date, Releasors waive, and shall be deemed to have waived, relinquished, and released all provisions, rights, and benefits conferred by Cal. Civ. Code

§1542 (and/or any similar statutes in any state or territory of the United States or any other jurisdiction, or principle of common or foreign law), which provides:

> A general release does not extend to claims which the creditor does not know or suspect to exist in his or her favor at the time of executing the release, which if known by him or her must have materially affected his or her settlement with the debtor.

Releasors acknowledge that they may discover facts in addition to or different from those now known or believed to be true with respect to the Released Claims, but that it is the intention of the Parties, and by operation of law each of the Class Members, to completely, fully, finally, and forever extinguish all of the Released Claims, known or unknown, suspected or unsuspected, which now exist, or previously existed, or may in the future exist, and without regard to the subsequent discovery of additional or different facts.

13. Separate orders shall be entered regarding the proposed Plan of Allocation and Plaintiffs' Counsels' motion for attorneys' fees and payment of costs and expenses and Plaintiffs' application for an incentive award. Any Plan of Allocation proposed by Plaintiffs' Counsel or any order entered regarding any attorneys' fee and expense application shall in no way disturb or affect this Order and Judgment and shall be considered separate from this Order and Judgment.

14. Upon the Effective Date, the Plaintiffs and Class Members, and any of their respective representatives, trustees, successors, heirs, and assigns, shall be individually and severally permanently barred and enjoined from commencing, prosecuting,

instigating, or in any way participating in the commencement or prosecution of any action (including, without limitation, the Action and other actions filed in the courts of the State of Colorado) asserting any Released Claim either directly, representatively, derivatively, or in any other capacity, against any of the Released Parties.

15. If the Effective Date of the Settlement does not occur for any reason, this Order and Final Judgment shall be rendered null and void and shall be vacated and, in such event, all orders and releases delivered in connection herewith shall be null and void, and the Parties shall be returned, without prejudice in any way, to their respective litigation positions immediately prior to the execution of the Stipulation and the Settlement Fund shall be refunded as provided in the Stipulation.

16. The effectiveness of the provisions of this Order and Final Judgment and the obligations of Plaintiffs and Defendants under the Stipulation shall not be conditioned upon or subject to the resolution of any appeal from this Order and Final Judgment or from any other order that relates solely to (a) the award of attorneys' fees and expenses set forth herein; (b) the award of an incentive to Plaintiffs; and/or (c) the Plan of Allocation.

17. Without affecting the finality of this Order and Judgment, this Court hereby retains jurisdiction for the purposes of protecting and implementing the Settlement and the terms of this Order and Final Judgment, including the resolution of any disputes that may arise with respect to the effectuation of any of the provisions of the Stipulation, and

for the entry of such further orders as may be necessary or appropriate in administering and implementing the terms and provisions of the Settlement and this Order and Final Judgment.

18.     The Court finds that during the course of the Action, the Parties and their respective counsel at all times acted professionally and in compliance with Colorado Rule of Civil Procedure 11, and all other similar statutes or court rules with respect to any claims or defenses in the Action.

19.     Without further order of the Court, the Parties may agree to reasonable extensions of time to carry out any of the provisions of the Stipulation.

SO ORDERED this 25th day of August, 2015.

*John L. Kane*

JOHN L. KANE
SENIOR U.S. DISTRICT JUDGE

<u>Exhibit A</u>

None.